IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AVOCENT REDMOND CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-69C |
| v. | ) | |
| | ) | Judge Lawrence S. Margolis |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION TO NOTICE ROSE ELECTRONICS AS A THIRD PARTY

Pursuant to the provisions of RCFC 14(b)(2) and 41 U.S.C. § 114(b), defendant, the United States (the Government), moves this Court to issue a notice to Rose Electronics (a partnership of Peter Macourek and Darioush Rahvar) to appear, if it so desires, as a party and assert whatever interest it may have in this action:

Rose Electronics
10707 Stancliff Road
Houston, Texas 77099

Defendant has contacted plaintiff regarding this motion, and plaintiff does not oppose the motion.

Statement in Support of Motion

In this lawsuit, plaintiff is seeking compensation for the alleged unauthorized use or manufacture by or for the United States of certain Keyboard Video Mouse (KVM) switching devices. KVM switching devices allow one computer workstation to control multiple computers. These uses and manufactures allegedly infringe several claims in plaintiffs' United States Patent Nos. 5,884,096 (the '096 patent); 6,112,264 (the '264 patent); 6,345,323 (the '323 patent); and 7,113,978 (the '978 patent). Each successive patent resulted from a continuing

application from the preceding patent. All four patents rely on substantially the same specification, and all claim the identical effective filing date.

Plaintiff asserts that unnamed federal agencies have ordered accused KVM switches against GSA Supply Schedule Contract GS-35F-0345J, March 30, 1999, issued to Rose Electronics. Clause C.1(h), page 22, of the contract is a patent indemnity clause, which states that "[t]he Contractor shall indemnify the Government and its officers, employees and agents against liability, including costs, for actual or alleged direct or contributory infringement of, or inducement to infringe, any United States or foreign patent, trademerk or copyright, arising out of the performance of this contract, provided the Contractor is reasonably notified of such claims and proceedings." (Exh. 1, Clause C.1[h]) Paragraph 6 of the Complaint identifies the accused Rose KVM product lines. In addition to the accused products, the GSA Supply Schedule Contract contains for sale non-accused Rose products as well.

As stated in Paras. 5 and 6 of the Complaint, the present case is a spinoff of *Avocent Redmond Corp. v. Rose Electronics*, No. C06-1711-MJP (W.D. Washington). A copy of the docket sheet is appended. (Exh. 2) Interim opinions in that case have been reported at 242 F.R.D. 574 (2007) (Exh. 2, Docket No. 99), 491 F.Supp. 2d 1000 (2007) (Exh. 2, Docket No. 107), and 516 F.Supp. 2d 1199 (2007) (Exh. 2, Docket No. 152).

All of the accused product lines in the present case have been accused in the Washington case. Rose raised 28 U.S.C. § 1498(a) in the Washington case as a defense for those accused items that were sold to the Government. The present action seeks compensation for those accused sales which have been excluded from the Washington case under section 1498(a). In the

Washington case, Rose asserted only the ‘096 patent, the ‘264 patent, and the 978 patent. The ‘323 patent is asserted only in the present case.

Rose raised a number of defenses in the Washington case, including invalididity. In connection with the invalidity defenses, Rose was granted a reexamination request by the United States Patent and Trademark Office. On October 30, 2007, the Washington case was stayed pending the outcome of the reexamination requests. (Exh. 2, Docket No. 177)

Based on the patent indemnity clause in the GSA Supply Schedule Contract, Rose may have an interest within the meaning of RCFC 14(a)(2), because a judgment against the Government might affect Rose as an indemnitor. This provision of notice will fulfill any obligation that the Government might have to provide notice and an opportunity to participate to an indemnitor. Rose may have further interest because many of the liability issues in the present case are substantially the same as the liability issues that Rose is litigating in the Washington case.

In addition, Rose may have additional interest because, should settlement of this case be possible, it is likely to be part of a global settlement, which would include the claims set forth in both the present case and the Washington case. The requested notice will provide early formal notice of this action and afford Rose an opportunity to appear in the action and assert any interest that it might have in the subject matter of this action.

The issuance of the requested notice for both parties conforms to the established practice of the United States Court of Federal Claims, as exemplified by *Rockwell International Corp. v. United States,* 31 Fed. Cl. 536 (1994); *Myrtle Beach Pipeline Co. v. United States*, 6 Cl. Ct. 363

(1984); *Carrier Corp. v. United States*, 534 F.2d 250 (Ct. Cl. 1976); and *Bowser, Inc. v. United States,* 420 F.2d 1057 (Ct. Cl. 1970).

Conclusion

For the reasons stated above, defendant respectfully requests that this motion be granted and the requested notice be issued.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN FARGO
Director

/s/

ROBERT G. HILTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0346
Telefax: (202) 307-0345

March 7, 2008