IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AVOCENT REDMOND CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-69C |
| v. | ) | |
| | ) | Judge Lawrence S. Margolis |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

ANSWER TO PLAINTIFF'S COMPLAINT

Defendant hereby answers Plaintiff's Complaint of January 31, 2008. Each of the paragraphs numbered 1 to 23, and 2nd 19 to 2nd 23, responds to the corresponding paragraph in the Complaint. (In the Complaint, 2nd 19 to 2nd 23 should be 24 to 28.) Upon current information and belief, all averments in the Complaint are denied except for those expressly admitted below.

1. Defendant lacks knowledge sufficient to form a belief as to the truth of the averments in Paragraph 1 and, for that reason, denies the same.

2. Defendant admits, on information and belief, that the products sold, offered for sale, and marketed by Plaintiff include Keyboard Video Mouse (KVM) switches. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining averments in Paragraph 2 and, for that reason, denies the same.

3. Defendant admits that Rose Electronics is a Texas general partnership that has two general partners, peter Macourek and Darioush Rahvar, and has a principal place of business in Houston, Texas. Defendant denies that Plaintiff's Complaint consistently uses "Rose" to refer to "Rose Electronics *and* the two partners of Rose Electronics." (emphasis added) For example,

Paragraph 5 makes an allegation which includes the phrase "Rose *and* its two general partners." (emphasis added) Therefore, it is not clear what "Rose" means throughout Plaintiff's Complaint. In addition, Defendant lacks knowledge sufficient to form a belief as to the truth of each allegation made against "Rose" because Defendant has no knowledge regarding the collective or individual acts of Rose Electronics, Peter Macourek, and Darioush Rahvar.

4. Defendant admits that the products sold, offered for sale, and marketed by Rose Electronics include Keyboard Video Mouse (KVM) switches. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining averments in Paragraph 4 and, for that reason, denies the same.

5. Admitted.

6. Defendant admits that Rose Electronics has a General Services Administration supply schedule contract, No. GS-35F-0345J. Defendant also admits that certain of the Rose Electronics Keyboard Video Mouse (KVM) switches that are accused in the Seattle action have been offered for sale to Defendant under the terms of this contract. Defendant further admits that Rose Electronics asserted 28 U.S.C. § 1498(a) as a defense in the Seattle action for any accused KVM switches which may have been obtained pursuant to purchase orders placed by Defendant under this contract. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining averments in Paragraph 6 and, for that reason, denies the same.

7. Defendant admits that Plaintiff sued Raritan Computer, Inc. in the United States District Court for the Southern District of New York, case number 01-CV-4435, and that the *Raritan Computer* case was appealed to the United States Court of Appeals for the Federal Circuit, reported at 325 F.3d 1364 (Fed. Cir. 2003). Defendant admits that a copy of *Avocent Redmond Corp. v.*

*Raritan Computer, Inc.*, 2005 U.S. Dist. LEXIS 4017 (S.D. N.Y. 2005), is attached to the Complaint. Defendant lacks knowledge sufficient to form a belief as to any settlement of the *Raritan Computer* case and, for that reason, denies the same. As for the remaining averments of Paragraph 7, they are Plaintiff's characterizations of the determinations made in the *Raritan Computer* case, and Defendant objects to admitting or denying such characterizations. Notwithstanding the objection, Defendant denies those remaining averments.

8. Admitted.

9. Defendant incorporates by reference and re-asserts its responses to Paragraphs 1 to 8 above, as if more fully set out herein.

10. Defendant admits that the United States Patent and Trademark Office (USPTO) issued United States Patent 5,884,096 (the '096 Patent) on March 16, 1999. Defendant denies that the patent was "duly" issued. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining averments in Paragraph 10 and, for that reason, denies the same.

11. Defendant admits that Plaintiff attached a claim chart as Exhibit 3 to the Complaint. Defendant denies the remaining averments of Paragraph 11.

12. Defendant denies the averments of Paragraph 12.

13. Defendant denies the averments of Paragraph 13.

14. Defendant incorporates by reference and re-asserts its responses to Paragraphs 1 to 8 above, as if more fully set out herein.

15. Defendant admits that the United States Patent and Trademark Office (USPTO) issued United States Patent 6,112,264 (the '264 Patent) on August 29, 2000. Defendant denies that

the patent was "duly" issued. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining averments in Paragraph 15 and, for that reason, denies the same.

16. Defendant admits that Plaintiff attached a claim chart as Exhibit 4 to the Complaint. Defendant denies the remaining averments of Paragraph 16.

17. Defendant denies the averments of Paragraph 17.

18. Defendant denies the averments of Paragraph 18.

19. Defendant incorporates by reference and re-asserts its responses to Paragraphs 1 to 8 above, as if more fully set out herein.

20. Defendant admits that the United States Patent and Trademark Office (USPTO) issued United States Patent 7,113,978 (the '978 Patent) on September 26, 2006. Defendant denies that the patent was "duly" issued. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining averments in Paragraph 20 and, for that reason, denies the same.

21. Defendant admits that Plaintiff attached a claim chart as Exhibit 5 to the Complaint. Defendant denies the remaining averments of Paragraph 21.

22. Defendant denies the averments of Paragraph 22.

23. Defendant denies the averments of Paragraph 23.

2nd 19 [*sic*, should be 24]. Defendant incorporates by reference and re-asserts its responses to Paragraphs 1 to 8 above, as if more fully set out herein.

2nd 20 [*sic*, should be 25]. Defendant admits that the United States Patent and Trademark Office (USPTO) issued United States Patent 6,345,323 (the '323 Patent) on February 5, 2002. Defendant denies that the patent was "duly" issued. Defendant lacks knowledge sufficient to form

a belief as to the truth of the remaining averments in 2nd Paragraph 20 and, for that reason, denies the same.

2nd 21 [*sic*, should be 26]. Defendant denies the averments of 2nd Paragraph 21.

2nd 22 [*sic*, should be 27]. Defendant denies the averments of 2nd Paragraph 22.

2nd 23 [*sic*, should be 28]. Defendant denies the averments of 2nd Paragraph 23.

29. Defendant denies that Plaintiff is entitled to any of its prayers for relief.

Defendant further avers:

30. Defendant has not infringed and does not infringe any of the asserted claims of the patents in suit either directly, indirectly, literally, or under the doctrine of equivalents.

31. All of the asserted claims of the four patents in suit are invalid for failure to comply with provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112. In support of the allegation that the asserted claims are invalid, Defendant refers to the prior art cited in Appendix A, attached hereto, and to other patents, publications, use, sales, prior inventors, reports and contracts, the names, dates, numbers and other particulars of which are currently unknown to Defendant and which, when ascertained, Defendant prays leave to add to this answer or otherwise give notice to Plaintiff.

32. Plaintiff's claim is barred in whole or in part by operation of 28 U.S.C. § 2501 and 35 U.S.C. § 286.

33. Plaintiff's claims are unenforceable, limited, or barred by the doctrines of laches, estoppel, waiver, acquiescence, and/or unclean hands.

34. Answering further, Defendant asserts any and all other defenses which are presently unknown to Defendant by which, when ascertained, Defendant prays leave to add to this Answer or otherwise give notice to Plaintiff.

Conclusion

WHEREFORE, defendant prays that this court:

(A) adjudge that the Defendant does not use the device or method covered by any of the patents-in-suit;

(B) grant no relief to the plaintiff;

(C) adjudge every asserted claim of the patents-in-suit to be invalid, not infringed by or for defendant with its authorization and consent, or unenforceable; and

(D) grant defendant judgment for its costs, attorney's fees and such other and further relief as the court deems proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN FARGO
Director

s/Robert G. Hilton
ROBERT G. HILTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0346
Telefax: (202) 307-0345

March 31, 2008

Appendix A

United States Patents

| Number | Inventor | Issue Date |
| --- | --- | --- |
| 3,541,541 | Engelbart | Nov. 17, 1970 |
| 3,634,830 | Baskin | Jan. 11, 1972 |
| 3,774,158 | Clark | Nov. 20, 1973 |
| 3,955,188 | Viswanathan | May 4, 1976 |
| 4,078,249 | Lelke et. al. | Mar. 7, 1978 |
| 4,081,797 | Olson | Mar. 28, 1978 |
| 4,150,429 | Ying | Apr. 17, 1979 |
| 4,243,984 | Ackley et. al. | Jan. 6, 1981 |
| 4,313,176 | Cecil | Jan. 26, 1982 |
| 4,479,122 | Redman et. al. | Oct. 23, 1984 |
| 4,550,386 | Hirosawa et. al. | Oct. 29, 1985 |
| 4,580,165 | Patton et. al. | Apr. 1, 1986 |
| 4,599,611 | Bowker et. al. | July 8, 1986 |
| 4,622,589 | Bell | Nov. 11, 1986 |
| 4,630,284 | Cooperman | Dec. 16, 1986 |
| 4,633,297 | Skerlos et. al. | Dec. 30, 1986 |
| 4,639,765 | D'Hont | Jan. 27, 1987 |
| 4,641,262 | Bryan et. al. | Feb. 3, 1987 |
| 4,665,501 | Saldin et. al. | May 12, 1987 |
| 4,677,488 | Zato | June 30, 1987 |
| 4,680,622 | Barnes et. al. | July 14, 1987 |
| 4,709,267 | Sendelweck | Nov. 24, 1987 |
| 4,710,917 | Tompkins et. al. | Dec. 1, 1987 |
| 4,736,250 | Blazzo | Apr. 5, 1988 |
| 4,768,083 | Romesburg | Aug. 30, 1988 |
| 4,800,429 | Perkins | Jan. 24, 1989 |
| 4,807,104 | Floyd et. al. | Feb. 21, 1989 |
| 4,823,256 | Bashop et. al. | Apr. 18, 1989 |
| 4,879,716 | McNally et. al. | Nov. 7, 1989 |
| 4,893,175 | Fukada | Jan. 9, 1990 |

| Number | Inventor | Issue Date |
|---|---|---|
| 4,907,079 | Turner et. al. | Mar. 6, 1990 |
| 4,907,146 | Caporali | Mar. 6, 1990 |
| 4,939,507 | Beard et. al. | July 3, 1990 |
| 4,941,087 | Kap | July 10, 1990 |
| 4,949,169 | Lumelsky et. al. | Aug. 14, 1990 |
| 4,949,248 | Caro | Aug. 14, 1990 |
| 4,953,027 | Tong et. al. | Aug. 28, 1990 |
| 4,953,159 | Hayden et. al. | Aug. 28, 1990 |
| 4,962,427 | Lunn et. al. | Oct. 9, 1990 |
| 5,029,111 | Mansell | July 2, 1991 |
| 5,036,315 | Gurley | July 30, 1991 |
| 5,036,484 | McCoy et. al. | July 30, 1991 |
| 5,043,866 | Myre, Jr. et. al. | Aug. 27, 1991 |
| 5,051,720 | Kittirutsunetorn | Sep. 24, 2991 |
| 5,117,225 | Wang | May 26, 1992 |
| 5,121,486 | Kurihara et. al. | June 9, 1992 |
| 5,128,766 | Choi | July 7, 1992 |
| 5,166,674 | Baum et. al. | Nov. 24, 1992 |
| 5,214,785 | Fairweather | May 25, 1993 |
| 5,220,380 | Hirata et. al. | June 15, 1993 |
| 5,222,212 | Johary et. al. | June 22, 1993 |
| 5,229,850 | Toyoshima | July 20, 1993 |
| 5,230,066 | Morimi | July 20, 1993 |
| 5,247,364 | Banker et. al. | Sep. 21, 1993 |
| 5,247,615 | Mori et. al. | Sep. 21, 1993 |
| 5,257,390 | Asprey | Oct. 26, 1993 |
| 5,260,788 | Tokano et. al. | Nov. 9, 1993 |
| 5,261,079 | Celi., Jr. | Nov. 9, 1993 |
| 5,268,676 | Asprey et. al. | Dec. 7, 1993 |
| 5,280,583 | Nakayama et. al. | Jan. 18, 1994 |

| Number | Inventor | Issue Date |
|---|---|---|
| 5,283,639 | Esch et. al. | Feb. 1, 1994 |
| 5,287,461 | Moore | Feb. 15, 1994 |
| 5,301,028 | Banker et. al. | Apr. 5, 1994 |
| 5,309,564 | Bradley et. al. | May 3, 1994 |
| 5,317,391 | Banker et. al. | May 31, 1994 |
| 5,323,420 | Asprey (Cybex) | June 21, 1994 |
| 5,327,156 | Masukane et. al. | July 5, 1994 |
| 5,347,646 | Hirosawa et. al. | Sep. 13, 1994 (filed Sep. 26, 1989) |
| 5,349,675 | Fitzgerald et. al. | Sep. 20, 1994 (filed Sep. 4, 1990) |
| 5,357,276 | Banker et. al. | Oct. 18, 1994 (filed Dec. 1, 1992) |
| 5,357,420 | Gohi | Oct. 18, 1994 (filed Sep. 24, 1992) |
| 5,367,571 | Bowen et. al. | Nov. 22, 1994 (filed Dec. 2, 1990) |
| 5,379,409 | Ishikawa | Jan. 3, 1995 (filed Mar. 7, 1991) |
| 5,381,477 | Beyers, II et. al. | Jan. 10, 1995 (filed Feb. 16, 1993) |
| 5,386,247 | Shafer et. al. | Jan. 31, 1995 (filed Jan. 2, 1993) |
| 5,388,032 | Gill et. al. | Feb. 7, 1995 (filed May 4, 1993) |
| 5,392,400 | Berkowitz et. al. | Feb. 21, 1995 (filed July 2, 1992) |
| 5,396,593 | Mori et. al. | Mar. 7, 1995 (effective filing date Nov. 8, 1990) |
| 5,428,806 | Pocrass | June 27, 1995 |
| 5,440,618 | Riegel et. al. | Aug. 8, 1995 (effective filing date Sep. 8, 1992) |
| 5,440,632 | Bacon et. al. | Aug. 8, 1995 (effective filing date Dec. 2, 1992) |
| 5,448,697 | Parks et. al. | Sep. 5, 1995 (filed Sep. 10, 1993) |
| 5,465,105 | Shatas et. al. | Nov. 7, 1995 (filed sep. 10, 1993) |
| 5,477,262 | Banker et. al. | Dec. 19, 1995 (filed Nov. 29, 1991) |
| 5,485,221 | Banker et. al. | Jan. 16, 1996 (filed Apr. 19, 1994) |
| 5,486,868 | Shyu et. al. | Jan. 23, 1996 (filed May 19, 1995) |
| 5,486,869 | Cooper | Jan. 23, 1996 (filed Dec. 13, 1993) |
| 5,489,947 | Cooper | Feb. 6, 1996 (effective filing date June 17, 1994) |
| 5,499,377 | Lee | Mar. 12, 1996 (filed May 3, 1993) |
| 5,502,499 | Birch et. al. | Mar. 26, 1996 (effective filing date Dec. 3, 1993) |

| Number | Inventor | Issue Date |
|---|---|---|
| 5,504,522 | Setogawa | Apr. 2, 1996 (filed June 28, 1995) |
| 5,519,874 | Yamagishi et. al. | May 21, 1996 (filed Mar. 12, 1991) |
| 5,526,024 | Gaglianello et. al. | June 11, 1996 (filed Aug. 12, 1994) |
| 5,534,942 | Beyers, Jr. et. al. | July 9, 1996 (effective filing date June 17, 1994) |
| 5,537,548 | Fin et. al. | July 16, 1996 (effective filing date Aug. 7, 1992) |
| 5,539,822 | Lett | July 23, 1996 (filed apr. 19, 1994) |
| 5,541,666 | Zeidler et. al. | July 30, 1996 (filed July 6, 1994) |
| 5,557,302 | Lvinthal et. al. | Sep. 17, 1996 (effective filing date Sep. 10, 1990) |
| 5,566,339 | Perholtz et. al. | Oct. 15, 1996 (filed Oct. 23, 1992) |
| 5,577,210 | Abdous et. al. | Nov. 19, 1996 (effective filing date June 16, 1993) |
| 5,579,057 | Banker et. al. | Nov. 26, 1996 (filed Jan. 5, 1995) |
| 5,579,087 | Salgado | Nov. 26, 1996 (effective filing date Aug. 9, 1994) |
| 5,581,303 | Djabbari et. al. | Dec. 3, 1996 (filed Jan. 18, 1995) |
| 5,583,993 | Foster et. al. | Dec. 10, 1996 (filed Jan. 31, 1994) |
| 5,592,551 | Lett et. al. | Jan. 7, 1997 (filed Apr. 19, 1994) |
| 5,603,060 | Weinberger et. al. | Feb. 11, 1997 (effective filing date Aug. 4, 1990) |
| 5,604,509 | Moore et. al. | Feb. 18, 1997 (filed Apr. 14, 1995) |
| 5,604,544 | Bertram | Feb. 18, 1997 (filed May 31, 1995) |
| 5,606,604 | Rosenblatt et. al. | Feb. 25, 1997 (filed Dec. 13, 1993) |
| 5,608,872 | Schwartz et. al. | Mar. 4, 1997 (filed Mar. 19, 1993) |
| 5,617,547 | Feeney et. al. | Apr. 1, 1997 (effective filing date Oct. 28, 1993) |
| 5,642,153 | Chaney et. al. | June 24, 1997 (filed Dec. 23, 1994) |
| 5,657,414 | Lett et. al. | Aug. 12, 1997 (filed Dec. 1, 1992) |
| 5,673,087 | Choi et. al. | Sep. 30, 1997 (effective filing date Nov. 25, 1994) |
| 5,674,003 | Andersen et. al. | Oct. 7, 1997 (filed Apr. 28, 1995) |
| 5,689,671 | Stromberg | Nov. 18, 1997 (effective filing date Nov. 27, 1992) |
| 5,701,161 | Williams et. al. | Dec. 23, 1997 (filed dec. 14, 1994) |
| 5,708,961 | Hylton et. al. | Jan. 13, 1998 (filed Aug.18, 1995) |
| 5,715,515 | Atkins, III et. al. | Feb. 3, 1998 (filed Sep. 19, 1994) |
| 5,724,525 | Beyers, II et. al. | Mar. 3, 1998 (filed Mar. 28, 1995) |
| 5,732,212 | Perholtz et. al. | Mar. 24, 1998 (filed Jan. 13, 1994) |
| 5,742,677 | Pinder et. al. | Apr. 21, 1998 (filed apr. 3, 1995) |
| 5,768,224 | Tanaka et. al. | June 16, 1998 (effective filing date Jan. 25, 1995) |
| 5,774,859 | Houser et. al. | June 30, 1998 (filed June 3, 1995) |
| 6,519,540 | Salandro | Feb. 11, 2003 (filed oct. 4, 1994) |

Publications

"Add Text Overlay to Any Video Display," Houghton, 1992.

Apex View point Brochure, http://www.apex.com/products/viewpoint.htm .

ATEN Master View User Manual.

ATEN product catalogs, 1993, 1994.

Central Control of Multiple PC's Without Massive Cabling.

DeKerf, T. And Davis, Gary D., "The Keyboard/Video Switch White Paper: A Close Look At Modern Keyboard/Video Switching," Tron International Inc. and the WorkCenter Corporation, 1995.

"Goldstar Unveils 5 Upgraded VCRs"

Guttag, Karl M., "Video Display Processor," IEEE Transactions on Consumer Electronics, Feb. 1981, pp. 27-34, Vol. CE-27, IEEE.

Morganstern, D., "Boxes extend reach of peripherals, CPUs," MacWEEK, v. 9, n. 31, p. 14 (Cybex AutoBoot Commander 4XP).

Motorola Semiconductor Technical Data, MC141543 Product Preview, Advanced Monitor On-Screen Display, Rev. 0.

NEC Electron Device Data Sheet for MOS Integrated Circuit uPD6451A, Document No. IC-2337A, September 1990.

NEC Electron Device Data Sheet for MOS Integrated Circuit uPD6453, Document No. IC-2712, November 1990.

Nguyen, H. N., "Switch lets IS span platforms," PC Week, August 7, 1995, p. 15 (Cybex AutoBoot Commander 4XP).

Philips Semiconductor Microcontroller Products, Product Specification 87C054, Microcontroller for Television and Video, January 26, 1993.

PolyCon Console Switching and Management System.

PolyCon Data Systems-Polygon Management System.

PolyCon GmbH Data Systems, "One For All and All On One" Product brochures, 1994.

"The PolyCon Management System Ordering System," PolyCon GmbH Data Systems, 1994.

ServeView Keyboard Controlled switch, Installation and Operation Manual, Part No. MAN-SVX2.1.

"Sony Makes Bold Design Statement With the Launch Of the Trinitron XBR2 Line Of Consumer Televisions."

"Video Display Processor," Guttag, 1981.

## Products Offered for Sale, Publicy Used, and/or Made Known

ATEN Master View product (Aten, 1994).
Motorola 141543 Advanced Monitor On-Screen Display (Motorola, NLT January 1995).
ServeView Keyboard Controlled Switch (Rose Electronics, 1991).

## Other Prior Art

European Patent 0 174 099 A2, Mar., 1986.
Germany Patent 93 03 716.3, Nov. 1993.
Japan Patent 406284118, Oct. 1994.
Japan Patent 407075088, Mar. 1995.
WIPO Patent WO 87/00317, Jan. 1987.
WIPO Patent WO 94/19749, Sep. 1994.
WIPO Patent WO 95/01055, Mullett et. al. (Amulet Electronics Ltd.), Jan. 5, 1995.
Rose Electronics schematic, Part No. VMCON4, Revision F.