**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP.<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant,<br>and<br>ROSE ELECTRONICS,<br>Proposed Defendant-Intervenor. | No. 08-69C<br>Judge Lawrence S. Margolis |

**ROSE ELECTRONICS' ANSWER AND DEFENSES**

Proposed Defendant-Intervenor Rose Electronics ("Rose") hereby answers the Complaint for Unauthorized Use of Patented Inventions ("complaint") filed on January 31, 2008 by Plaintiff Avocent Redmond Corp. against Defendant The United States. Rose also hereby asserts defenses to the complaint. Except as expressly admitted herein, Rose denies each averment in the complaint, as follows:

**ANSWER**

1. Rose lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 1 of the complaint, and therefore denies the same.

2. Rose lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 2 of the complaint, and therefore denies the same, except to admit that Plaintiff markets KVM switches.

3. Rose admits the allegations in paragraph 3 of the complaint, but it denies that Plaintiff consistently uses "Rose" to refer to "Rose Electronics and the two partners of Rose

Electronics". For example, paragraph 5 of the complaint makes an allegation which includes the phrase "Rose and its two general partners". Therefore, it is not clear what "Rose" means throughout Plaintiff's complaint, and for that reason Rose objects to all subsequent references to "Rose" in plaintiff's complaint as vague and ambiguous. Rose's partners are not parties to this case and all references to "Rose" in this pleading shall refer only to Rose Electronics.

4. Rose denies the allegations in paragraph 4 of the complaint, except to admit that its products include KVM switches.

5. Rose admits the allegations in paragraph 5 of the complaint.

6. Rose denies the allegations of paragraph 6 of the complaint, except to admit that it has a GSA supply schedule contract, No. GS-35F-0345J, that it has offered certain KVM switches to defendant United States, and that it asserted 28 U.S.C. § 1498 as a defense in the Seattle action.

7. Rose lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 7 of the complaint, and therefore denies the same, except to admit that Apex Inc. asserted the '264 and '096 patents against Raritan in the S.D.N.Y. action, that the district court's and the Federal Circuit's decisions in the case are attached to the complaint, and that the citations identifying where published copies of the courts' decisions may be found are correct. Rose objects to and denies plaintiff's characterizations of the district court's decision in that case.

8. Rose denies the allegations in paragraph 8 of the complaint, except to admit that this purports to be an action for patent infringement under 28 U.S.C. § 1498.

9. Rose re-alleges and incorporates by reference its answer to paragraphs 1-8 above.

10. Rose denies the allegations of paragraph 10, except to state that it lacks

knowledge and information sufficient to form a belief about the truth of the allegation in paragraph 10 of the complaint concerning Avocent's interest in the '096 patent, and except to admit that the term of the '096 patent commenced on March 16, 1999.

11. Rose denies the allegations of paragraph 11 of the complaint, except to admit that the plaintiff attached its purported claim charts to its complaint.

12. Rose denies the allegations of paragraph 12 of the complaint.

13. Rose denies the allegations of paragraph 13 of the complaint.

14. Rose re-alleges and incorporates by reference its answer to paragraphs 1-13 above.

15. Rose denies the allegations of paragraph 15, except to state that it lacks knowledge and information sufficient to form a belief about the truth of the allegation concerning Avocent's interest in the '264 patent, and except to admit that the term of the '264 patent commenced on August 29, 2000.

16. Rose denies the allegations of paragraph 16 of the complaint, except to admit that the plaintiff attached its purported claim charts to its complaint.

17. Rose denies the allegations of paragraph 17 of the complaint.

18. Rose denies the allegations of paragraph 18 of the complaint.

19. Rose re-alleges and incorporates by reference its answer to paragraphs 1-18 above.

20. Rose denies the allegations of paragraph 20, except to state that it lacks knowledge and information sufficient to form a belief about the truth of the allegation concerning Avocent's interest in the '978 patent, and except to admit that the term of the '978

patent commenced on September 26, 2006.

21. Rose denies the allegations of paragraph 21 of the complaint, except to admit that the plaintiff attached its purported claim charts to its complaint.

22. Rose denies the allegations of paragraph 22 of the complaint.

23. Rose denies the allegations of paragraph 23 of the complaint.

2nd 19 (*sic*, should be 24). Rose re-alleges and incorporates by reference its answer to paragraphs 1-23 above.

2nd 20 (*sic*, should be 25). Rose denies the allegations of this paragraph, except to state that it lacks knowledge and information sufficient to form a belief about the truth of the allegation concerning Avocent's interest in the '323 patent, and except to admit that the term of the '323 patent commenced on February 5, 2002.

2nd 21 (*sic*, should be 26). Rose denies the allegations of this paragraph of the complaint.

2nd 22 (*sic*, should be 27). Rose denies the allegations of this paragraph of the complaint.

2nd 23 (*sic*, should be 28). Rose denies the allegations of this paragraph of the complaint.

## ADDITIONAL DEFENSES

For its additional defenses to the claims set forth the complaint, Rose alleges as follows:

**First Additional Defense**

Neither the accused products nor Rose have infringed or infringe any of the asserted claims of the patents-in-suit, either directly, indirectly, literally, or under the doctrine of equivalents.

**Second Additional Defense**

Each of the asserted claims of the patents-in-suit is invalid and/or unenforceable for failing to comply with the conditions and requirements of patentability as set forth in the United States Patent Law, Title 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 120, and the rules, regulations and laws pertaining thereto. The averments of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**Third Additional Defense**

Plaintiff is barred in whole or in part from recovering damages by operation of 35 U.S.C. § 287. The averments of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**Fourth Additional Defense**

Plaintiff is barred in whole or in part from recovering damages by operation of 35 U.S.C. § 286.

**Fifth Additional Defense**

Plaintiff's claims of infringement are limited or barred by the doctrines of laches (including without limitation both litigation laches and prosecution laches), estoppel, waiver, and/or acquiescence.

**Sixth Additional Defense**

Plaintiff's claims of infringement are limited or barred by the doctrine of unclean hands. The averments of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**Seventh Additional Defense**

This court is without subject matter jurisdiction to adjudicate plaintiff's claims due to the provisions of 28 U.S.C. § 1500.

**Eighth Additional Defense**

This court is without subject matter jurisdiction to adjudicate plaintiff's claims to the extent they fall outside the period set forth in 28 U.S.C. § 2501.

## RESERVATION OF RIGHTS

Discovery in this case has yet to begin, and Rose's investigation of its defenses is continuing. Therefore, Rose reserves the right to rely upon such other additional defenses as may become available or apparent during discovery and reserve the right to supplement or amend its answer and/or its defenses, and to assert counterclaims.

## PRAYER FOR RELIEF

**WHEREFORE,** Rose requests a judgment in its favor providing the following relief:

A. That plaintiff take nothing by way of its complaint and that its claims be dismissed with prejudice;

B. Judgment in favor of Rose that the claims of the '096, '264, '323, and '978 patents are invalid and unenforceable and that Rose has not infringed, contributed to the infringement of, or induced infringement of the '096, '264, '323, and '978 patents and is not currently infringing, contributing to the infringement of, or inducing infringement of the '096, '264, '323, and '978 patents;

C. That the Court find this to be an exceptional case and that Rose be awarded its costs and reasonable attorneys' fees incurred in having to defend against this action pursuant to 35 U.S.C. § 285 and as otherwise allowed; and

D. That Rose be granted all other relief to which it is justly entitled.

Dated: May 12, 2008

Respectfully submitted,

Bert C. Reiser, Esq.
HOWREY LLP
1299 Pennsylvania Ave NW
Washington, DC 20004
Ph.: 202.783.0800
Fax: 202.383.6610
reiserb@howrey.com

*Attorney for Proposed Defendant-Intervenor*
Rose Electronics
10707 Stancliff Road
Houston, TX 77099

OF COUNSEL:

Michael S. Dowler, Esq.
Thomas L. Casagrande, Esq.
Jeffrey J. Phillips, Esq.
HOWREY LLP
1111 Louisiana, 25th floor
Houston, TX 77002-5242
713.787.1400 (phone)
713.787.1440 (fax)
dowlerm@howrey.com
casagrandet@howrey.com
phillipsj@howrey.com
(*applications for pro hac vice admission pending*)

Brian L. Jackson, Esq.
LAW OFFICE OF BRIAN L. JACKSON
1302 Waugh Drive, # 582
Houston, TX 77019-3908
713.522.5766 (phone)
713.583.5785 (fax)
brian@brianjacksonlaw.com
(*applications for pro hac vice admission pending*)

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing *Rose Electronics' Answer and Defenses* was served by first class mail on May 12, 2008, on all counsel of record, as follows:

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace Obermann
DAVIDSON, BERQUIST JACKSON & GOWDEY LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203

Jeffrey S. Bucholtz
Acting Assistant Attorney General
John Fargo
Director
Robert G. Hilton
Attorney
Commercial Litigation Branch
Civil Division
DEPARTMENT OF JUSTICE
Washington, D.C. 20530