IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AVOCENT REDMOND CORP.<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant<br>and<br>ROSE ELECTRONICS,<br>Proposed Defendant-Intervenor. | No. 08-69C<br>Judge Lawrence S. Margolis |

**ROSE ELECTRONICS' MOTION TO INTERVENE**

Rose Electronics ("Rose") respectfully submits this motion to intervene as a defendant/intervenor pursuant to 41 U.S.C. § 114(b), Rules 14 and 24 of the Rules of the United States Court of Federal Claims, and this Court's Notice dated March 25, 2008. Avocent Redmond Corp. ("Avocent") brought this action against the United States for infringement of U.S. Patents No. 5,884,096, No. 6,112,264, No. 6,345, 323, and No. 7,113,978 (collectively, the "patents-in-suit").

In its complaint, Avocent alleges that the United States infringes the patents-in-suit because it uses certain Rose keyboard-video-mouse ("KVM") switches. (Complaint ¶¶ 6, 9-23.) In its "Motion to Notice Rose Electronics as a Third Party," defendant United States asserts that its contract with Rose concerning certain accused KVM switches contains an indemnity clause whereby Rose is alleged to indemnify defendant United States against liability for patent infringement. (Dkt. No. 7, at p.2.) Accordingly, Rose Electronics has an interest in the outcome of this action.

The United States' and Rose's defenses will substantially overlap as well, as each will, among other things, assert that Rose's products do not infringe and that Avocent's four patents

are invalid and/or unenforceable.

Because, as explained in more detail in the accompanying memorandum of law, Rose Electronics has an interest in the outcome in this matter and its defenses substantially overlap with those of the United States, Rose Electronics respectfully requests that the Court grant this motion to intervene. A proposed order is attached.

Respectfully submitted,

Dated: May 12, 2008

Bert C. Reiser, Esq.
HOWREY LLP
1299 Pennsylvania Ave NW
Washington, DC 20004
Ph.: 202.783.0800
Fax: 202.383.6610
reiserb@howrey.com

*Attorney for Proposed Defendant-Intervenor*
Rose Electronics
10707 Stancliff Road
Houston, TX 77099

OF COUNSEL:

Michael S. Dowler, Esq.
Thomas L. Casagrande, Esq.
Jeffrey J. Phillips, Esq.
HOWREY LLP
1111 Louisiana, 25th floor
Houston, TX 77002-5242
713.787.1400 (phone)
713.787.1440 (fax)
dowlerm@howrey.com
casagrandet@howrey.com
phillipsj@howrey.com
(*applications for pro hac vice admission pending*)

Bert C. Reiser, Esq.
HOWREY LLP

1299 Pennsylvania Ave NW
Washington, DC 20004
United States of America
202.783.0800 (phone)
202.383.6610 (fax)
reiserb@howrey.com

Brian L. Jackson, Esq.
LAW OFFICE OF BRIAN L. JACKSON
1302 Waugh Drive, # 582
Houston, TX 77019-3908
713.522.5766 (phone)
713.583.5785 (fax)
brian@brianjacksonlaw.com
(*application for pro hac vice admission pending*)

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing *Rose Electronics' Motion to Intervene* was served by first class mail on May 12, 2008, on all counsel of record, as follows:

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace Obermann
DAVIDSON, BERQUIST JACKSON & GOWDEY LLP
4300 Wilson Blvd, Suite 700
Arlington, VA 22203

Jeffrey S. Bucholtz
Acting Assistant Attorney General
John Fargo
Director
Robert G. Hilton
Attorney
Commercial Litigation Branch
Civil Division
DEPARTMENT OF JUSTICE
Washington, DC 20530

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP.<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant,<br>and<br>ROSE ELECTRONICS,<br>Proposed Defendant-Intervenor. | No. 08-69C<br>Judge Lawrence S. Margolis |

**ROSE ELECTRONICS' MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE**

Rose Electronics ("Rose") respectfully submits this memorandum in support of its motion to intervene as a defendant/intervenor pursuant to 41 U.S.C. § 114(b), Rules 14 and 24 of the Rules of the United States Court of Federal Claims, and this Court's Notice dated March 25, 2008.

## I. INTRODUCTION

Avocent Redmond Corp. brought this action against the United States for infringement of U.S. Patents No. 5,884,096, (the " '096 patent"), No. 6,112,264 (the " '264 patent"), No. 6,345, 323 (the " '323 patent"), and No. 7,113,978 (the " '978 patent") (collectively, the "patents-in-suit"). In its complaint, Avocent Redmond alleges that the United States is liable for infringement of the patents-in-suit because of its acceptance of certain Rose keyboard-video-mouse ("KVM") switches used in connection with computer systems. (Complaint ¶¶ 6, 9-23.) In its "Motion to Notice Rose Electronics as a Third Party," defendant United States asserts that its contract with Rose concerning certain accused KVM switches contains an indemnity clause whereby Rose is alleged to indemnify defendant United States against liability for patent

infringement. (Dkt. No. 7, at p.2.)

The United States moved to notice Rose as a third party (Dkt. No. 7) on the ground that Rose supplied the United States with the accused KVM switches pursuant to a GSA Supply Schedule Contract that contains a clause in which Rose agreed to indemnify the United States if the United States was found liable for patent infringement based on its acquisition of the accused KVM switches. The Court issued the requested notice on March 25, 2008, and the United States served the notice upon Rose by mail in March 31, 2008.

In response to the Court's notice, Rose now seeks to intervene as a defendant in this action and, concurrently herewith, has answered the complaint and interposed additional defenses.

## II. ROSE SATISFIES THE STANDARDS FOR INTERVENTION

Rose satisfies the standard for intervention as of right under RCFC 24(a)(2) and permissive intervention under RCFC 24(b)(2).

### *A. Intervention as of Right*

Rose satisfies the standard for intervention as of right under RCFC 24(a)(2), which provides for intervention: "when [1] the applicant claims an interest relating to the property or transaction which is the subject of the action and [2] the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." (brackets added).

In *Honeywell Int'l Inc. v. United States*, 71 Fed. Cl. 759 (2006), the Court held that a party situated similarly to Rose satisfied the requirements for intervention as of right. Like Rose, the party requesting to intervene in *Honeywell*, L-3 Communications, manufactured and supplied the accused product to a defendant in the case (Lockheed Martin). *Id.* at 764. As is alleged in

this case, L-3 Communications was contractually obligated to indemnify the defendant for any infringement. *Id.* The Court found that "L-3 Communications' indemnification obligation and position as a potential defendant in a separate proceeding where the issue of the potential infringement of the [patent at issue] will be an issue more than satisfies a direct and immediate interest" in the action. *Id.* at 765. The Court further found that "[t]here is no question that if the court determines that the [patent at issue] has been infringed L-3 Communications' business could be impaired." *Id.* at 764; *see also id.* at 765 (finding that, in addition to impairment of L-3 Communications' business, a finding of infringement could also cause impairment because it "would have a persuasive, if not collateral effect, on future litigation" involving that patent). Finally, the Court noted that the existing parties may not adequately protect L-3 Communications' interests because they may not, for strategic reasons, assert the same defense that L-3 would, and because they may not be as vigilant as L-3 in protecting L-3's confidential data, which was going to be evidence in the trial. *Id.* at 766-67.

All of the factors that required intervention in the *Honeywell* case apply here. Indeed, this case presents an even stronger case for intervention because while L-3 Communications was concerned only about impairment of its ability to defend *potential* future infringement litigation, in this case Avocent Redmond *has already sued Rose* on three of the four patents-in-suit in federal court in Seattle. (Complaint ¶¶ 5-6.) In addition, the United States may not, for tactical or strategic reasons, pursue the issue of the patents' invalidity a fully as Rose. The United States is a purchaser of the accused products, and may simply seek, at some point in this litigation, to avoid future allegations of infringement by not purchasing Rose's accused products in the future. Rose's business, however, will be directly affected by its ability to continue to sell not only the products accused in this case, but other and future products. That ability is placed in jeopardy by Avocent Redmond's accusations of infringement, and so Rose has a more critical need to pursue its patent invalidity defenses and remove this threat to its future business. Accordingly, Rose's interests may not be adequately represented by the existing parties.

For these reasons, it is clear that intervention as of right is warranted.

### *B. Permissive Intervention*

Rose also satisfies the standard for permissive intervention, an alternative basis to permit Rose to appear and defend in this case. Under RCFC 24(b)(2), a third party "may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Avocent Redmond's complaint alleges that the United States is liable for infringement of the patents-in-suit because of its acceptance of certain KVM switches made by Rose used in connection with computer systems. (Complaint ¶¶ 6, 9-23.) Consistent with this allegation, Avocent Redmond's complaint notes that it has already sued Rose on three of the four patents-in-suit in federal court in Seattle. (*Id.* ¶¶ 5-6.) In addition, Rose's answer (filed concurrently herewith) asserts many of the same defenses as the government's answer, including lack of jurisdiction under 28 U.S.C. § 2501, laches, estoppel, acquiescence, unclean hands, invalidity of all four patents, and that the products Rose supplied to the United States do not infringe. Thus, as in *Honeywell*, 71 Fed. Cl. at 768, the requirement of a common question of law or fact is met.

There is no undue delay—indeed, no delay whatsoever—in Rose's request to intervene. This motion is being filed at the outset of the case, before a scheduling order has been issued, before any discovery has taken place, and at the first opportunity for filing. Neither can there be any argument of prejudice. Avocent Redmond will have to prove that the accused Rose products infringe, and will have to defeat the defense that their patents are invalid and/or unenforceable and should never have issued, regardless of whether Rose is in the case or not.

Accordingly, there can be no question that permissive intervention is appropriate in this case.

## III. CONCLUSION

Rose Electronics respectfully request that the Court grant its motion to intervene under RCFC 14(c), 24(a)(2), and 24(b)(2).

Respectfully submitted,

Dated: May 12, 2008

Bert C. Reiser, Esq.
HOWREY LLP
1299 Pennsylvania Ave NW
Washington, DC 20004
Ph.: 202.783.0800
Fax: 202.383.6610
reiserb@howrey.com

*Attorney for Proposed Defendant-Intervenor*
Rose Electronics
10707 Stancliff Road
Houston, TX 77099

OF COUNSEL:

Michael S. Dowler, Esq.
Thomas L. Casagrande, Esq.
Jeffrey J. Phillips, Esq.
HOWREY LLP
1111 Louisiana, 25th floor
Houston, TX 77002-5242
713.787.1400 (phone)
713.787.1440 (fax)
dowlerm@howrey.com
casagrandet@howrey.com
phillipsj@howrey.com
(*applications for pro hac vice admission pending*)

Bert C. Reiser, Esq.
HOWREY LLP
1299 Pennsylvania Ave NW
Washington, DC 20004
United States of America
202.783.0800 (phone)
202.383.6610 (fax)
reiserb@howrey.com

Brian L. Jackson, Esq.
LAW OFFICE OF BRIAN L. JACKSON
1302 Waugh Drive, # 582
Houston, TX 77019-3908
713.522.5766 (phone)
713.583.5785 (fax)
brian@brianjacksonlaw.com
(*application for pro hac vice admission pending*)

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing *Rose Electronics' Memorandum in Support of Its Motion to Intervene* was served by first class mail on May 12, 2008, on all counsel of record, as follows:

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace Obermann
DAVIDSON, BERQUIST JACKSON & GOWDEY LLP
4300 Wilson Blvd, Suite 700
Arlington, VA 22203

Jeffrey S. Bucholtz
Acting Assistant Attorney General
John Fargo
Director
Robert G. Hilton
Attorney
Commercial Litigation Branch
Civil Division
DEPARTMENT OF JUSTICE
Washington, DC 20530