IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AVOCENT REDMOND CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-69C |
| v. | ) | |
| | ) | Judge Lawrence S. Margolis |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF AVOCENT REDMOND CORP.'S OPPOSITION
TO ROSE ELECTRONICS' MOTION TO INTERVENE

Because Rose's initial pleadings demonstrate that Rose seeks to intervene in this case in order to compound costs and to delay resolution of Avocent's claims, Avocent opposes Rose's motion to intervene.

Avocent initiated an action against Rose in the Western District of Washington on November 27, 2006, In that action, Avocent accused Rose of infringing three of the four patents at issue in this action. In its responsive pleadings, Rose alleged, among other things, that Avocent's damages were limited by operation of 28 U.S.C. § 1498. By pleading that affirmative defense, Rose required Avocent to initiate the present action against the United States for compensation associated with Rose's sales to the United States.

Pursuant to the language of the authorizing statute, the only proper defendant is the United States. Title 28, United States Code, Section 1498 provides (in part):

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, *the owner's remedy shall be by action against the United States in the United States Court of Federal Claims.*

28 U.S.C. § 1498 (emphasis added). By the language of the statute itself, the Court of Federal Claims has jurisdiction over Avocent's patent claims against the Government under Section 1498. The United States has not filed a claim for indemnification against Rose, and Avocent cannot sue Rose in this Court. Rose purports to seek intervention for its interests in this litigation, but Rose has no interests in this case.

### A. <u>Rose's Interests Will Not Be Impaired By A Decision In This Action</u>

Intervention as a matter of right is proper only to protect interests that are "of such *direct* and *immediate* character that the intervenor will either gain or lose by the *direct* legal operation and effect of the judgment." *American Maritime Transport, Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989). The alleged interest of the third party intervenor may *not* be either indirect or contingent. *Id.*

Rose's alleged interest is both indirect and contingent. Even if this Court were to find against the United States on Avocent's claims, no legal right of Rose would be directly effected by that judgment. The government could keep buying the same products from Rose, and Rose could keep selling those products to the United States. Avocent cannot obtain an injunction against those sales. Rose's suggestion that the Government "may seek, at some point in this litigation, to avoid future allegations of infringement by not purchasing Rose's accused products," Rose Memorandum, p. 3, represents the kind of indirect, speculative interest that does not warrant intervention. The United States always had, and still has, the right to stop purchasing Rose's products, regardless of Avocent's infringement allegations.

Should the United States want indemnification from Rose, it must first file a claim against Rose. No such claim has been filed, and no such claim may ever be filed. Moreover, should such a claim be filed, Rose would not be precluded from challenging any assertion that it

is liable for patent infringement, by asserting non-infringement, patent invalidity, patent unenforceability, or other defense to such infringement allegation, and by challenging the United States' indemnity claim. Thus, judgment in this action, even if adverse to the United States, would not directly and immediately impact any lawful interest of Rose.

Nor would a judgment against the United States impair or impede Rose's ability to defend itself in the Seattle litigation against Avocent. A judgment against the United States by the Court of Federal Claims cannot support an assertion of issue preclusion against Rose. *Penda Corp. v. United States*, 44 F.3d 967, 972-72 (Fed. Cir. 1994). The Federal Circuit has made clear that patent owners cannot use a judgment against the United States to preclude the supplier of that product to the Government from re-litigating the same issue.

As support for its contrary conclusion, Rose relies upon *Honeywell Int'l Inc. v. United States*, 71 Fed. Cl. 759 (2006). At page 3 of its Memorandum in Support, Rose notes that the *Honeywell* court found that a finding of infringement by the government "would have a persuasive, if not collateral effect, on future litigation." But with all due respect, the *Honeywell* court just got it wrong. The Federal Circuit law on the subject is clear. L-3, the intervenor in that case, confused the issue by focusing on the fact that, in *Penda*, the Federal Circuit refused to allow a third party to appeal a judgment entered against the Government. But that is a difference without distinction to the importance of that holding. In *Penda*, the Federal Circuit refused to allow intervention for the purpose of filing an appeal on the grounds that the decision against the Government would not have collateral effect on the intervenor.

If anything, the differences between the facts in *Penda* and the present case make the case against intervention here even stronger. In *Penda*, the question of the Government's liability was

not merely possible or theoretical, it was already established. Yet the Federal Circuit still refused to allow the third party to prosecute an appeal.

Moreover, unlike the situation in *Honeywell*, Avocent did not choose to avoid Rose by suing only the United States. Although some may employ a trial strategy of suing only customers, or those with less interest to defend the action than the manufacturer, that was not Avocent's strategy. Indeed, Avocent sued Rose first. It was Rose who forced Avocent to sue the United States by pleading § 1498 as an affirmative defense in that action.

### B. <u>Rose's Interests Are Being Adequately Represented by The United States</u>

The present case is also distinguishable from the decision in *Honeywell* based on the fact that in *Honeywell*, counsel for the Government advised that it may decide to not raise or assert all of the potential defenses. Here, the Government, with one exception discussed below, has pled the same defenses as Rose (acknowledging that those defenses were the same as those Rose pled in the Seattle litigation). Thus, even if Rose had the direct interests necessary to support intervention, those interests are adequately protected by the United States, the actual party-in-interest in every § 1498 claim.[1] Because a judgment against the United States will have no collateral effect against Rose, Rose and the Government have exactly the same interest.

Although broken out in different paragraphs, Rose's pleadings essentially mirror those of the Government, with one notable exception. Rose's "Seventh Additional Defense" asserts that

---

[1] In addition to asserting patent invalidity under §§ 101, 102 103, and 112, Rose pled that the claims of the Avocent patents are also invalid under §§ 115, 116 and 120. But these three later sections of the Patent Act do not provide a basis to invalidate a patent claim, that is the work of four sections pled by both Rose and the United States. Rose also provisionally pled that Avocent's damages are limited by § 287 (marking), an allegation not pled by the Government, but Rose concedes that, "[t]he averments of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery." *See* Dkt. No. 12, Rose "Third Additional Defense." In other words, Rose has no basis for this averment at this point in the case.

"[t]his court is without subject matter jurisdiction to adjudicate plaintiff's claims due to the provisions of 28 U.S.C. § 1500." Section 1500, however, has no application here. Rose was not sued in the Seattle action in a representational capacity for the United States government. Nor can Avocent obtain damages from Rose relating to the sale of the accused products to the United States, either in this Court or in the Seattle court. By virtue of pleading Section 1498 in the Seattle action, it was Rose itself who excluded sales to the United States government from that action, and thus necessitated the filing of the present action. Rose benefited by asserting § 1498 in the Seattle action, and therefore, is estopped from asserting a right to defend against Avocent's claims in this action.

Under Rose's novel, inconsistent approach, Avocent cannot be compensated for the Government's use of Avocent's patented technology in the Seattle action by operation of 28 U.S.C. § 1498, but no compensation is available in this action by operation of 28 U.S.C. § 1500. Both conclusions cannot be right.

Moreover, by asserting § 1498 in the Seattle action, Rose removed the issue of its infringing sales to the United States from that action. Thus, Rose's infringing sales to the United States are *not* at issue in any court other than the Court of Federal Claims. Section 1500 requires, as a prerequisite, that the same claim be before a court other than the Court of Federal Claims. *See Frantz Equipment Co. v. United States*, 120 Ct. Cl. 312 (Ct. Cl. 1951) ("The purpose of Sec. 1500, supra, was to prohibit the filing and prosecution of the same claims against the United States in two courts at the same time.").

### C. <u>Rose's Participation In This Action Will Prejudice Avocent</u>

Rose's submission of such a baseless affirmative defense presents a telling glimpse into the future should this Court grant Rose's motion to intervene. Even before this Court has

allowed it to intervene, Rose is generating unnecessary conflict by raising inapplicable defenses. Title 28, Section 1500, has no application to this case and it should never have been pled.

Rose's participation in this case has already generated other unnecessary conflict and delay. On May 7, 2008, Avocent forwarded a copy of the Protective Order entered by Judge Pechman in the Seattle action with the suggestion that the parties simply present a version of that Order for entry by this Court. *See* Declaration of Donald L. Jackson filed herewith ("Jackson Decl."), Exhibit 1. Avocent sent a reminder asking for the Government's input a week later. *See* Jackson Decl., Exh. 2. On May 16, 2008, the Government sent back its comments and requested changes, noting that it had also forwarded a copy of the draft Protective Order to Rose a few days earlier. *See* Jackson Decl., Exh. 3. On May 23, 2008, having heard nothing further on the issue, Avocent advised that the changes proposed by the Government were acceptable, and Avocent offered to file a joint motion to have that Protective Order entered. *See* Jackson Decl., Exh. 4. On May 27, 2008, the Government advised that Rose's lawyers were not happy with that Protective Order, and the Government would not agree to a joint motion at this point. *See* Jackson Decl., Exh. 5.

Prior to Judge Pechman's entry of this version of the Protective Order, the parties in the Seattle litigation worked for weeks to reach agreement on the content of the Order. Because no agreement could be reached as to several of the Order's terms, the parties were required to brief the issue to the Washington District Court, and Judge Pechman was forced to decide between the competing versions. Judge Pechman ultimately decided that the provisions sought by Rose were too onerous and entered the present form of that Order. Apparently dissatisfied with that result, and despite its non-party status in this action, Rose has delayed submission of that proposed Order for this Court's consideration.

Rose's intervention will prejudice Avocent by compounding costs and delaying resolution of this action. As even a non-party, Rose has already succeeded in compounding costs, creating disputes where none previously existed, and delaying case progression. Intervention will undoubtedly result in more of the same.

**D. <u>Conclusion</u>**

Rose is not a necessary party to this action. By statute, the only claim Avocent can make is against the United States, and that claim is limited to the sales made by Rose to the United States. The United States, which shares the same interest as Rose in defending against Avocent's claim, has apparently opted against bringing an indemnity claim against Rose in this action. Critically, neither the Government nor Avocent can use a judgment by this Court against the United States to preclude Rose from re-litigating any issue decided in this action. Rose seeks to intervene simply to prevent any resolution of Avocent's patent infringement claims, and if its conduct thus far provides a clue, to see what kind of mischief it can raise along the way. Rose cannot intervene as a matter of right, and Avocent implores this Court to exercise its discretion to deny Rose's motion to intervene. Based on the information available at present, the amount in controversy is relatively small and the existing adverse parties will be able to resolve the disputed issues with far greater efficiency without Rose's discretionary participation.

DATED this 29th day of May, 2008.

PLAINTIFF AVOCENT REDMOND CORP.,
by and through its Attorneys

/s/James D. Berquist
James D. Berquist
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

*Of Counsel:*

J. Scott Davidson
Donald L. Jackson
Grace K. Obermann
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Donald L. Jackson________________
Donald L. Jackson