IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AVOCENT REDMOND CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-69C |
| v. | ) | |
| | ) | Judge Lawrence S. Margolis |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF DONALD L. JACKSON IN SUPPORT OF AVOCENT'S OPPOSITION TO ROSE'S MOTION TO INTERVENE

I, Donald L. Jackson, hereby declare as follows:

1. I am a member of Davidson Berquist Jackson & Gowdey, LLP, counsel to plaintiff Avocent Redmond Corp. in the above-captioned litigation. I am a member in good standing of the bar of this Court and of the Supreme Court of Virginia.

2. Attached hereto as Exhibit 1 is a true and correct copy of an email dated May 7, 2008 from Don Jackson to Robert Hilton enclosing a proposed protective order and the protective order from the Seattle action.

3. Attached hereto as Exhibit 2 is a true and correct copy of a May 16, 2008 email from Don Jackson to Robert Hilton.

4. Attached hereto as Exhibit 3 is a true and correct copy of a May 16, 2008 email from Robert Hilton to Don Jackson enclosing a modified version of the proposed protective order.

5. Attached hereto as Exhibit 4 is a true and correct copy of a May 23, 2008 email from Don Jackson to Robert Hilton accepting Mr. Hilton's version of the proposed protective order.

6. Attached hereto as Exhibit 5 is a true and correct copy of a May 27, 2008 email from Robert Hilton to Don Jackson regarding the proposed protective order.

7. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 29th day of May, 2008.

Donald L. Jackson

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Donald L. Jackson________________
Donald L. Jackson

# Exhibit 1

## Don Jackson

**From:** Don Jackson
**Sent:** Wednesday, May 07, 2008 9:43 AM
**To:** Robert G. Hilton (robert.hilton@usdoj.gov)
**Cc:** Jay Berquist
**Subject:** Avocent v. US -- proposed protective order

Avocent's Proposed Protective ... Protective rder.2007-06-05.pd.

Bob,

This is the proposed protective order. I've also included a copy of the protective order in the Seattle case, for comparison purposes.

Don

Donald L. Jackson
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Blvd., 7th Floor
Arlington, Virginia 22203
703.894.6400 general
703.894.6403 direct
703.894.6430 fax

---

CONFIDENTIALITY NOTICE: This e-mail transmission contains information which may be confidential and/or legally privileged. This information is only intended for the use of individual or entity named above. If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Any unauthorized review, use, disclosure or distribution is prohibited.

**EXHIBIT A**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

**JOINT PROPOSED PROTECTIVE ORDER**

THIS MATTER having come before the Court on the parties' Joint Motion for Entry of a Protective Order, and the Court having determined that there is good cause under Rule of the United States Court of Federal Claims 26(c) for entry of a protective order to limit disclosure of confidential research, development, and commercial information as those terms are used in RCFC 26(c)(7), and information that the party is under a legal duty to maintain in confidence, THEREFORE, IT IS HEREBY ORDERED that:

**1.** **Scope**. This Protective Order shall govern any information produced or disclosed in this action by any party or by any third party.

**2.** **Proprietary Information.** "Proprietary Information" means any information, document, electronically stored information, or thing that contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Rule of the United States Court of Federal Claims 26(c)(7), and information that the party is under a legal duty to maintain in confidence, provided that such information, document, electronically stored information, or thing is designated as set forth herein. Any Proprietary Information may be designated as CONFIDENTIAL. Proprietary Information relating to highly sensitive

financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development materials relating to products not yet for sale or released to the public, source code, or other highly sensitive, trade secret technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

Any party to this action and any third party may designate as CONFIDENTIAL or ATTORNEYS EYES ONLY all or part of the following material: (a) answers to interrogatories or requests for admission; (b) deposition testimony; (c) documents produced by it or made available for inspection; and (d) any other materials or information produced or disclosed during the course of this litigation.

**3. Designation of Documentary Material.** Documentary material may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by stamping or otherwise marking each page with the appropriate confidentiality designation and with the identity of the classifying party unless it is indicated as part of the production number (*e.g.*, "Plaintiff P00001") contained on the document. Except with respect to documents produced by any party prior to the execution by the parties of this Stipulated Protective Order, the identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the document is provided to the requesting party.

Unless otherwise designated or agreed by the parties, all documents made available for inspection prior to copying and production shall be presumed to have been marked ATTORNEYS EYES ONLY. No documents of the party or third party producing documents

shall be removed from the site of the inspection or copied until such producing party or third party has had an opportunity to review and designate such documents in the manner previously explained.

With regard to non-written material, such as recordings, magnetic media, photographs and things, the designation of any information as CONFIDENTIAL or ATTORNEYS EYES ONLY for purposes of this Protective Order shall be made by affixing a CONFIDENTIAL or ATTORNEYS EYES ONLY designation to the material, or a container for the material, in any suitable manner at the time of copying (if any).

4. **Designation of Depositions.** Deposition or other oral testimony given in this case may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by any party or third party either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within five (5) days of receipt, either by mail or email, of the deposition transcript. Unless otherwise ordered by the Court, pending the expiration of this five (5) day period, all parties and persons shall treat the testimony as if it has been designated ATTORNEYS EYES ONLY. Unless otherwise ordered by the Court, the designating party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the designating party's Proprietary Information pursuant to this Protective Order, excluded from a deposition or proceeding, or any portion thereof, before the taking therein of testimony that has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as either CONFIDENTIAL or ATTORNEYS EYES ONLY with the appropriate legend.

**5. Belated Designation.** Notwithstanding the obligations to timely designate Proprietary Information under the foregoing paragraphs 3 and 4, nothing contained herein shall preclude a party or a third party from later changing that designation and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation of such information prior to receipt of such notice. A party receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order and to avoid any further unauthorized disclosure. Any party that changes the designation of any materials under this Order shall timely provide the other parties to this action with new copies of the materials with the new designation(s).

**6. Non-use.** All Proprietary Information shall be used only for purposes of this litigation.

**7. Access to CONFIDENTIAL and ATTORNEYS EYES ONLY Materials.** Materials designated CONFIDENTIAL shall not be disclosed to any person except:

a. the Court and its officers and staff;

b. outside counsel of record in this action for each party (*i.e.*, counsel of record for a party who is not an employee of the party or its affiliates) and employees of such outside counsel;

c. outside experts who are not regularly employed by a party and who have been expressly retained to assist a party's counsel in the prosecution or defense of the litigation, and the secretarial, technical and clerical staff of such experts, provided that such experts have been approved pursuant to paragraph 8 hereof;

d. current or former employees of the disclosing party during the deposition of such employees or during examination of such employees at trial;

e. any party or non-party who authored, received, or reviewed the material prior to its production in the litigation;

f. two representatives of Avocent and two representatives of each of the defendants that are identified to opposing counsel, and necessary secretarial personnel of those individuals, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel;

g. court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

h. independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation;

i. trial consultants, jury consultants, and mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial; provided that such persons have executed a confidentiality agreement in the form of Exhibit A and such agreement shall be kept by counsel for reference; and

j. other persons as ordered by the Court or agreed to in writing or on the record by the parties, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel.

Proprietary Information designated as ATTORNEYS EYES ONLY can be disclosed to those persons designated in ¶¶ 7(a)-7(e) and 7(g)-7(j).

This Protective Order has no effect upon and shall not apply to (1) any party's use of its own Proprietary Information for any purpose, or (2) any party's use of documents or other information developed or obtained independently of discovery in this action for any purpose.

Nothing herein shall bar or otherwise restrict an attorney, who is a qualified recipient under the terms of paragraph 7(b) of this Protective Order, from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Proprietary Information. In rendering such advice or in other communications with the client, the attorney shall not disclose any Proprietary Information of another party or third party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

**8. Approval of Experts.** A party seeking to disclose another party's Proprietary Information to an outside expert shall serve such other party with a copy of the Undertaking attached hereto as "Exhibit A" signed by the expert, along with the expert's current resume, identifying (by employer and position) all past and current employment relating to his or her field of expertise, including employment as a consultant. The party receiving such Undertaking and resume shall have ten (10) calendar days after such service within which to object to such disclosure. Failure to object within this period shall be deemed approval. If the parties are unable to reach agreement within ten (10) days after service of an objection, the party objecting to disclosure to an expert shall raise its objection with the Court within fifteen (15) calendar days of such service of the objection. Failure to raise such objection with the Court within this period shall be deemed approval. Any party objecting to disclosure to an expert under this Protective

Order shall bear the burden of proving that it will be harmed by such disclosure and that the protections of this Order are insufficient to reasonably protect such parties' proprietary interests.

**9. Filing Proprietary Information.** All papers, documents and transcripts containing or revealing the substance of Proprietary Information shall be filed under seal through the Court's CM/ECF system. Without prior written order of this Court, the Clerk of the Court shall not permit access to materials filed under seal to anyone other than counsel for the parties.

**10. Inadvertent Disclosure of Privileged or Immune Materials.** RCFC 26(b)(5)(B) governs the inadvertent or mistaken production of information that is subject to a claim of privilege or of protection as trial-preparation material. The inadvertent disclosure of information that is privileged or otherwise immune from discovery shall not, by itself, constitute a waiver of the privilege or immunity.

**11. Disclosure of Proprietary Information to Unauthorized Person(s).** If Proprietary Information is disclosed to any person other than those authorized to receive such information by this Order, the party responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every reasonable effort to prevent disclosure by each unauthorized person who received such information and to obtain the return of such information.

**12. Conclusion of the Litigation.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, counsel for the parties and all other persons having possession, custody or control of another party's or third party's Proprietary Information shall: (a) destroy all Proprietary Information and any copies thereof, or (b) if requested by the producing party, return all Proprietary Information and any copies thereof to the producing party.

Notwithstanding paragraph 12(b), a receiving party shall destroy all Proprietary Information of another party or third party containing or contained in any notes, summaries, digest, synopses or other documents created by or on behalf of the receiving party. Counsel for each party shall give a written certification to counsel for all other parties that all of the producing party's Proprietary Information has either been destroyed or returned pursuant to this paragraph. If requested, counsel shall also provide the opposing party with the originals of all Undertaking forms executed by experts pursuant to paragraph 8.

Notwithstanding the foregoing paragraph, outside counsel may retain (a) copies of the pleadings and other Court filings, (b) copies of the deposition, hearing, and trial transcripts and any related exhibits, and (c) one file copy of all materials produced in this litigation that are specifically referred to in an expert report, a motion, pleading or other paper filed with the Court.

**13. Contested Designations.** The parties shall use reasonable care to avoid designating as CONFIDENTIAL or ATTORNEYS EYES ONLY any documents or information that has been published or otherwise entered the public domain. A party shall not be obligated to challenge the propriety of any other party's designation of materials or information as Proprietary Information at the time such designation is made, and failure promptly to challenge the designation shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation of any information as CONFIDENTIAL or ATTORNEYS EYES ONLY, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The party asserting that the material is entitled to confidential treatment shall have the burden of proof. All Proprietary Information shall remain under the protection of this Order until otherwise ordered by the Court.

**14. Trial Procedures.** A party may request that the Court implement appropriate procedures to protect Proprietary Information that may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

**15. Modification.** Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

**16. Effect.** This Protective Order shall continue in effect until further order of this Court.

DATED this _______ day of May, 2008.

__________________________________

LAWRENCE S. MARGOLIS
Judge

**EXHIBIT A**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, ________________________________, hereby declare as follows:

1. My address is ________________________________________. My current employer is ________________________________. My current occupation is ______________________________________.

2. I have received a copy of the Protective Order entered in the above-captioned action (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Proprietary Information that is disclosed to me.

4. Promptly upon termination of this action, I will return all Proprietary Information that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that this Undertaking and the Protective Order are enforceable after the termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________

______________________________
(Signature)

______________________________
(Printed Name)

Case 2:06-cv-01711-MJP Document 112 Filed 06/04/2007 Page 1 of 12

FILED ENTERED
LODGED RECEIVED
JUN - 5 2007
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AVOCENT REDMOND CORP., a Washington corporation,

Plaintiff,

v.

ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN INTERNATIONAL, INC., a Delaware corporation, and BELKIN, INC., a Delaware corporation,

Defendants.

NO. C06-1711-MJP

REVISED ~~PROPOSED~~ PROTECTIVE ORDER

06-CV-01711-ORD

THIS MATTER having come before the Court on Plaintiff Avocent Redmond Corp.'s ("Avocent's") motion for entry of a protective order and the defendants' cross-motion, and the Court having determined that there is good cause under Federal Rule of Civil Procedure 26(c) for entry of a protective order to limit disclosure of confidential research, development, and commercial information as those terms are used in Federal Rule of Civil Procedure 26(c)(7), and information that the party is under a legal duty to maintain in confidence, and the Court having



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1997247.3

ruled on the parties' motions by Order dated May 24 (Docket No. 99) and having directed the parties to file a revised proposed Protective Order consistent with the May 24 Order, now, THEREFORE, IT IS HEREBY ORDERED that:

1. **Scope.** This Protective Order shall govern any information produced or disclosed in this action by any party or by any third party.

2. ***Proprietary Information.*** "*Proprietary Information*" means any information, document, electronically stored information, or thing that contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26(c)(7), and information that the party is under a legal duty to maintain in confidence, provided that such information, document, electronically stored information, or thing is designated as set forth herein. Any Proprietary Information may be designated as CONFIDENTIAL. Proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development materials relating to products not yet for sale or released to the public, source code, or other highly sensitive, trade secret technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

Any party to this action and any third party may designate as CONFIDENTIAL or ATTORNEYS EYES ONLY all or part of the following material: (a) answers to interrogatories or requests for admission; (b) deposition testimony; (c) documents produced by it or made available for inspection; and (d) any other materials or information produced or disclosed during the course of this litigation.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
*Seattle, Washington 98111-3926*
(206) 628-6600

3. **Designation of Documentary Material.** Documentary material may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by stamping or otherwise marking each page with the appropriate confidentiality designation and with the identity of the classifying party unless it is indicated as part of the production number (*e.g.*, "Plaintiff P00001") contained on the document. Except with respect to documents produced by any party prior to the execution by the parties of this Stipulated Protective Order, the identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the document is provided to the requesting party.

Unless otherwise designated or agreed by the parties, all documents made available for inspection prior to copying and production shall be presumed to have been marked ATTORNEYS EYES ONLY. No documents of the party or third party producing documents shall be removed from the site of the inspection or copied until such producing party or third party has had an opportunity to review and designate such documents in the manner previously explained.

With regard to non-written material, such as recordings, magnetic media, photographs and things, the designation of any information as CONFIDENTIAL or ATTORNEYS EYES ONLY for purposes of this Protective Order shall be made by affixing a CONFIDENTIAL or ATTORNEYS EYES ONLY designation to the material, or a container for the material, in any suitable manner at the time of copying (if any).

4. **Designation of Depositions.** Deposition or other oral testimony given in this case may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by any party or third party either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within five (5) days of



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

receipt, either by mail or email, of the deposition transcript. Unless otherwise ordered by the Court, pending the expiration of this five (5) day period, all parties and persons shall treat the testimony as if it has been designated ATTORNEYS EYES ONLY. Unless otherwise ordered by the Court, the designating party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the designating party's Proprietary Information pursuant to this Protective Order, excluded from a deposition or proceeding, or any portion thereof, before the taking therein of testimony that has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as either CONFIDENTIAL or ATTORNEYS EYES ONLY with the appropriate legend.

5. **Belated Designation.** Notwithstanding the obligations to timely designate Proprietary Information under the foregoing paragraphs 3 and 4, nothing contained herein shall preclude a party or a third party from later changing that designation and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation of such information prior to receipt of such notice. A party receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order and to avoid any further unauthorized disclosure. Any party that changes the designation of any materials under this Order shall timely provide the other parties to this action with new copies of the materials with the new designation(s).

6. **Non-use.** All Proprietary Information shall be used only for purposes of this litigation.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

7. **Access to CONFIDENTIAL and ATTORNEYS EYES ONLY Materials.** Materials designated CONFIDENTIAL shall not be disclosed to any person except:

a. the Court and its officers and staff;

b. *outside counsel of record in this action for each party (i.e., counsel of record for a* party who is not an employee of the party or its affiliates) and employees of such outside counsel;

c. outside experts who are not regularly employed by a party and who have been expressly retained to assist a party's counsel in the prosecution or defense of the litigation, and the secretarial, technical and clerical staff of such experts, provided that such experts have been approved pursuant to paragraph 8 hereof;

d. current or former employees of the disclosing party during the deposition of such employees or during examination of such employees at trial;

e. any party or non-party who authored, received, or reviewed the material prior to its production in the litigation;

f. two representatives of Avocent and two representatives of each of the defendants that are identified to opposing counsel, and necessary secretarial personnel of those individuals, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel;

g. court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

h. independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation;



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

i. trial consultants, jury consultants, and mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial; provided that such persons have executed a confidentiality agreement in the form of Exhibit A and such agreement shall be kept by counsel for reference; and

j. other persons as ordered by the Court or agreed to in writing or on the record by the parties, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel.

Proprietary Information designated as ATTORNEYS EYES ONLY can be disclosed to those persons designated in ¶¶ 7(a)-7(e) and 7(g)-7(j).

This Protective Order has no effect upon and shall not apply to (1) any party's use of its own Proprietary Information for any purpose, or (2) any party's use of documents or other information developed or obtained independently of discovery in this action for any purpose.

Nothing herein shall bar or otherwise restrict an attorney, who is a qualified recipient under the terms of paragraph 7(b) of this Protective Order, from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Proprietary Information. In rendering such advice or in other communications with the client, the attorney shall not disclose any Proprietary Information of another party or third party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

8. **Approval of Experts.** A party seeking to disclose another party's Proprietary Information to an outside expert shall serve such other party with a copy of the Undertaking attached hereto as "Exhibit A" signed by the expert, along with the expert's current resume, identifying (by employer and position) all past and current employment relating to his or her



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

field of expertise, including employment as a consultant. The party receiving such Undertaking and resume shall have ten (10) calendar days after such service within which to object to such disclosure. Failure to object within this period shall be deemed approval. If the parties are unable to reach agreement within ten (10) days after service of an objection, the party objecting to disclosure to an expert shall raise its objection with the Court within fifteen (15) calendar days of such service of the objection. Failure to raise such objection with the Court within this period shall be deemed approval. Any party objecting to disclosure to an expert under this Protective Order shall bear the burden of proving that it will be harmed by such disclosure and that the protections of this Order are insufficient to reasonably protect such parties' proprietary interests.

9. **Filing Proprietary Information.** All papers, documents and transcripts containing or revealing the substance of Proprietary Information shall be filed under seal through the Court's CM/ECF system. Without prior written order of this Court, the Clerk of the Court shall not permit access to materials filed under seal to anyone other than counsel for the parties.

10. **Inadvertent Disclosure of Privileged or Immune Materials.** Federal Rule of Civil Procedure 26(b)(5)(B) governs the inadvertent or mistaken production of information that is subject to a claim of privilege or of protection as trial-preparation material. The inadvertent disclosure of information that is privileged or otherwise immune from discovery shall not, by itself, constitute a waiver of the privilege or immunity.

11. **Disclosure of Proprietary Information to Unauthorized Person(s).** If Proprietary Information is disclosed to any person other than those authorized to receive such information by this Order, the party responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every reasonable effort to prevent disclosure by each unauthorized person who received such information and to obtain the return of such information.



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

Case 2:06-cv-01711-MJP Document 112 Filed 06/04/2007 Page 8 of 12

**12. Conclusion of the Litigation.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, counsel for the parties and all other persons having possession, custody or control of another party's or third party's Proprietary Information shall: (a) destroy all Proprietary Information and any copies thereof, or (b) if requested by the producing party, return all Proprietary Information and any copies thereof to the producing party. Notwithstanding paragraph 12(b), a receiving party shall destroy all Proprietary Information of another party or third party containing or contained in any notes, summaries, digest, synopses or other documents created by or on behalf of the receiving party. Counsel for each party shall give a written certification to counsel for all other parties that all of the producing party's Proprietary Information has either been destroyed or returned pursuant to this paragraph. If requested, counsel shall also provide the opposing party with the originals of all Undertaking forms executed by experts pursuant to paragraph 8.

Notwithstanding the foregoing paragraph, outside counsel may retain (a) copies of the pleadings and other Court filings, (b) copies of the deposition, hearing, and trial transcripts and any related exhibits, and (c) one file copy of all materials produced in this litigation that are specifically referred to in an expert report, a motion, pleading or other paper filed with the Court.

**13. Contested Designations.** The parties shall use reasonable care to avoid designating as CONFIDENTIAL or ATTORNEYS EYES ONLY any documents or information that has been published or otherwise entered the public domain. A party shall not be obligated to challenge the propriety of any other party's designation of materials or information as Proprietary Information at the time such designation is made, and failure promptly to challenge the designation shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation of any information as



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

CONFIDENTIAL or ATTORNEYS EYES ONLY, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The party asserting that the material is entitled to confidential treatment shall have the burden of proof. All Proprietary Information shall remain under the protection of this Order until otherwise ordered by the Court.

**14. Trial Procedures.** A party may request that the Court implement appropriate procedures to protect Proprietary Information that may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

**15. Modification.** Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

**16. Effect.** This Protective Order shall continue in effect until further order of this Court.

The clerk is directed to send a copy of this order to all counsel of record.

DATED this 5 day of June, 2007.

Marsha J. Pechman
UNITED STATES DISTRICT JUDGE



*Williams, Kastner & Gibbs PLLC*
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

PRESENTED BY:

s/John A. Knox, WSBA #12707
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: jknox@wkg.com

*Of Counsel:*
James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

Attorneys for Plaintiff Avocent Redmond Corp.

Michael S. Dowler
Brian L. Jackson
Jeffrey J. Phillips
Thomas L. Casagrande
HOWREY L.L.P.
1111 Louisiana, 25th Floor
Houston, TX 77002

Attorneys for Rose Electronics, Peter Macourek, and Darioush "David" Rahvar

Thomas F. Ahearne
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299

Richard J. Codding
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3012

Attorneys for Aten Technology, Inc. and Aten International Co., Ltd.

Michael A. Moore
CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 4th Ave Ste 3900
Seattle, WA 98154-1051

David P. Enzminger
Brian M. Berliner
Ryan K. Yagura
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

Attorneys for Belkin International, Inc. and Belkin, Inc.



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

**EXHIBIT A**

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN INTERNATIONAL, INC., a Delaware corporation, and BELKIN, INC., a Delaware corporation,<br><br>Defendants. | NO. C06-1711-MJP<br><br>UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER |

I, ______________________________, hereby declare as follows:

1. My address is ______________________________. My current employer is ______________________________. My current occupation is ______________________________.



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2. I have received a copy of the Protective Order entered in the above-captioned action (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Proprietary Information that is disclosed to me.

4. Promptly upon termination of this action, I will return all Proprietary Information that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that this Undertaking and the Protective Order are enforceable after the termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________

____________________
(Signature)

____________________
(Printed Name)



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

# Exhibit 2

## Don Jackson

**From:** Don Jackson
**Sent:** Friday, May 16, 2008 10:30 AM
**To:** Robert G. Hilton (robert.hilton@usdoj.gov)
**Subject:** Avocent v. US -- protective order

Bob,

Do you have any comments on the protective order?

Don

Donald L. Jackson
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Blvd., 7th Floor
Arlington, Virginia 22203
703.894.6400 general
703.894.6403 direct
703.894.6430 fax

---

CONFIDENTIALITY NOTICE: This e-mail transmission contains information which may be confidential and/or legally privileged. This information is only intended for the use of individual or entity named above. If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Any unauthorized review, use, disclosure or distribution is prohibited.

# Exhibit 3

**Don Jackson**

**From:** Hilton, Robert G. (CIV) [Robert.Hilton@usdoj.gov]
**Sent:** Friday, May 16, 2008 12:14 PM
**To:** Don Jackson
**Subject:** RE: Avocent v. US -- protective order

Avocent's Proposed Protective ...

Don,

I have some preliminary changes, which I have underlined in the attached. That being said, I forwarded a copy to Rose a few days ago and don't yet know what differences Rose may propose. The trade secrets belong to Rose, and I can't presume to speak for Rose's interests in them. That being the case, I want to reserve the option of deciding on any differences between your proposal and theirs until after I see the differences.

Bob

-----Original Message-----
From: Don Jackson [mailto:dlj@dbjg.com]
Sent: Friday, May 16, 2008 10:30 AM
To: Hilton, Robert G. (CIV)
Subject: Avocent v. US -- protective order

Bob,

Do you have any comments on the protective order?

Don

Donald L. Jackson
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Blvd., 7th Floor
Arlington, Virginia 22203
703.894.6400 general
703.894.6403 direct
703.894.6430 fax

---

CONFIDENTIALITY NOTICE: This e-mail transmission contains information which may be confidential and/or legally privileged. This information is only intended for the use of individual or entity named above. If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Any unauthorized review, use, disclosure or distribution is prohibited.

**EXHIBIT A**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>ROSE ELECTRONICS,<br><br>Proposed Defendant-Intervenor. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

**JOINT PROPOSED PROTECTIVE ORDER**

THIS MATTER having come before the Court on the parties' Joint Motion for Entry of a Protective Order, and the Court having determined that there is good cause under RCFC 26(c) for entry of a protective order to limit disclosure of confidential research, development, and commercial information as those terms are used in RCFC 26(c)(7), and information that the party is under a legal duty to maintain in confidence,

THEREFORE, IT IS HEREBY ORDERED that:

1. **Scope**. This Protective Order shall govern any information produced or disclosed in this action by any party or by any third party.

2. **Proprietary Information.** "Proprietary Information" means any information, document, electronically stored information, or thing that contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in RCFC 26(c)(7), and information that the party is under a legal duty to maintain in confidence, provided

that such information, document, electronically stored information, or thing is designated as set forth herein. Any Proprietary Information may be designated as PROTECTED. Proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development materials relating to products not yet for sale or released to the public, source code, or other highly sensitive, trade secret technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

Any party to this action and any third party may designate as PROTECTED or ATTORNEYS EYES ONLY all or part of the following material: (a) answers to interrogatories or requests for admission; (b) deposition testimony; (c) documents produced by it or made available for inspection; and (d) any other materials or information produced or disclosed during the course of this litigation.

3. **Designation of Documentary Material.** Documentary material may be designated as PROTECTED or ATTORNEYS EYES ONLY by stamping or otherwise marking each page with the appropriate confidentiality designation and with the identity of the classifying party unless it is indicated as part of the production number (*e.g.*, "Plaintiff P00001") contained on the document. Except with respect to documents produced by any party prior to the execution by the parties of this Stipulated Protective Order, the identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the document is provided to the requesting party.

Unless otherwise designated or agreed by the parties, all documents made available for inspection prior to copying and production shall be presumed to have been marked ATTORNEYS EYES ONLY. No documents of the party or third party producing documents shall be removed from the site of the inspection or copied until such producing party or third party has had an opportunity to review and designate such documents in the manner previously explained.

With regard to non-written material, such as recordings, magnetic media, photographs and things, the designation of any information as PROTECTED or ATTORNEYS EYES ONLY for purposes of this Protective Order shall be made by affixing a PROTECTED or ATTORNEYS EYES ONLY designation to the material, or a container for the material, in any suitable manner at the time of copying (if any).

4. **Designation of Depositions.** Deposition or other oral testimony given in this case may be designated as PROTECTED or ATTORNEYS EYES ONLY by any party or third party either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within five (5) days of receipt, either by mail or email, of the deposition transcript. Unless otherwise ordered by the Court, pending the expiration of this five (5) day period, all parties and persons shall treat the testimony as if it has been designated ATTORNEYS EYES ONLY. Unless otherwise ordered by the Court, the designating party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the designating party's Proprietary Information pursuant to this Protective Order, excluded from a deposition or proceeding, or any portion thereof, before the taking therein of testimony that has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript

or the portion of the transcript containing testimony designated as either PROTECTED or ATTORNEYS EYES ONLY with the appropriate legend.

5. **Belated Designation.** Notwithstanding the obligations to timely designate Proprietary Information under the foregoing paragraphs 3 and 4, nothing contained herein shall preclude a party or a third party from later changing that designation and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation of such information prior to receipt of such notice. A party receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order and to avoid any further unauthorized disclosure. Any party that changes the designation of any materials under this Order shall timely provide the other parties to this action with new copies of the materials with the new designation(s).

6. **Non-use.** All Proprietary Information shall be used only for purposes of this litigation.

7. **Access to PROTECTED and ATTORNEYS EYES ONLY Materials.** Materials designated PROTECTED shall not be disclosed to any person except:

a. the Court and its officers and staff;

b. outside counsel of record in this action for each party (*i.e.*, counsel of record for a party who is not an employee of the party or its affiliates) and employees of such outside counsel;

c. outside experts who are not regularly employed by a party and who have been expressly retained to assist a party's counsel in the prosecution or defense of the litigation, and

the secretarial, technical and clerical staff of such experts, provided that such experts have been approved pursuant to paragraph 8 hereof;

d. current or former employees of the disclosing party during the deposition of such employees or during examination of such employees at trial;

e. any party or non-party who authored, received, or reviewed the material prior to its production in the litigation;

f. two representatives of Avocent and two representatives of each of the defendants that are identified to opposing counsel, and necessary secretarial personnel of those individuals, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel;

g. court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

h. independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation;

i. trial consultants, jury consultants, and mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial; provided that such persons have executed a confidentiality agreement in the form of Exhibit A and such agreement shall be kept by counsel for reference;

j. other persons as ordered by the Court or agreed to in writing or on the record by the parties, provided that each such person has first signed a written statement under oath in the

form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel; and

k. attorneys within the Department of Justice involved in this litigation, including, but not limited to, attorneys of record and attorneys of counsel for the Government, and any attorney employed by the Government who is assisting the attorney of record in this litigation and the staff of such attorneys to whom it is necessary that the information be shown for purposes of this litigation.

Proprietary Information designated as ATTORNEYS EYES ONLY can be disclosed to those persons designated in ¶¶ 7(a)-7(e) and 7(g)-7(j).

This Protective Order has no effect upon and shall not apply to (1) any party's use of its own Proprietary Information for any purpose, or (2) any party's use of documents or other information developed or obtained independently of discovery in this action for any purpose.

Nothing herein shall bar or otherwise restrict an attorney, who is a qualified recipient under the terms of paragraph 7(b) of this Protective Order, from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Proprietary Information. In rendering such advice or in other communications with the client, the attorney shall not disclose any Proprietary Information of another party or third party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

**8. Approval of Experts.** A party seeking to disclose another party's Proprietary Information to an outside expert shall serve such other party with a copy of the Undertaking attached hereto as "Exhibit A" signed by the expert, along with the expert's current resume, identifying (by employer and position) all past and current employment relating to his or her

field of expertise, including employment as a consultant. The party receiving such Undertaking and resume shall have ten (10) calendar days after such service within which to object to such disclosure. Failure to object within this period shall be deemed approval. If the parties are unable to reach agreement within ten (10) days after service of an objection, the party objecting to disclosure to an expert shall raise its objection with the Court within fifteen (15) calendar days of such service of the objection. Failure to raise such objection with the Court within this period shall be deemed approval. Any party objecting to disclosure to an expert under this Protective Order shall bear the burden of proving that it will be harmed by such disclosure and that the protections of this Order are insufficient to reasonably protect such parties' proprietary interests.

9. **Filing Proprietary Information.** All papers, documents and transcripts containing or revealing the substance of Proprietary Information shall be filed under seal through the Court's CM/ECF system. Without prior written order of this Court, the Clerk of the Court shall not permit access to materials filed under seal to anyone other than counsel for the parties.

10. **Inadvertent Disclosure of Privileged or Immune Materials.** RCFC 26(b)(5)(B) governs the inadvertent or mistaken production of information that is subject to a claim of privilege or of protection as trial-preparation material. The inadvertent disclosure of information that is privileged or otherwise immune from discovery shall not, by itself, constitute a waiver of the privilege or immunity.

11. **Disclosure of Proprietary Information to Unauthorized Person(s).** If Proprietary Information is disclosed to any person other than those authorized to receive such information by this Order, the party responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every

reasonable effort to prevent disclosure by each unauthorized person who received such information and to obtain the return of such information.

12. **Conclusion of the Litigation.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, counsel for the parties and all other persons having possession, custody or control of another party's or third party's Proprietary Information shall: (a) destroy all Proprietary Information and any copies thereof, or (b) if requested by the producing party, return all Proprietary Information and any copies thereof to the producing party. Notwithstanding paragraph 12(b), a receiving party shall destroy all Proprietary Information of another party or third party containing or contained in any notes, summaries, digest, synopses or other documents created by or on behalf of the receiving party. Counsel for each party shall give a written certification to counsel for all other parties that all of the producing party's Proprietary Information has either been destroyed or returned pursuant to this paragraph. If requested, counsel shall also provide the opposing party with the originals of all Undertaking forms executed by experts pursuant to paragraph 8.

Notwithstanding the foregoing paragraph, outside counsel may retain (a) copies of the pleadings and other Court filings, (b) copies of the deposition, hearing, and trial transcripts and any related exhibits, and (c) one file copy of all materials produced in this litigation that are specifically referred to in an expert report, a motion, pleading or other paper filed with the Court.

In addition, the Government may retain an archival copy of each of (a) the pleadings and other Court filings, (b) the depositions, hearings, and trial transcripts and any related exhibits, and (c) all materials produced in this litigation that are specifically referred to in an expert report, a motion, pleading or other paper filed with the Court.

13. **Contested Designations.** The parties shall use reasonable care to avoid designating as PROTECTED or ATTORNEYS EYES ONLY any documents or information that has been published or otherwise entered the public domain. A party shall not be obligated to challenge the propriety of any other party's designation of materials or information as Proprietary Information at the time such designation is made, and failure promptly to challenge the designation shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation of any information as PROTECTED or ATTORNEYS EYES ONLY, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The party asserting that the material is entitled to protected treatment shall have the burden of proof. All Proprietary Information shall remain under the protection of this Order until otherwise ordered by the Court.

14. **Trial Procedures.** A party may request that the Court implement appropriate procedures to protect Proprietary Information that may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

15. **Modification.** Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

16. **Effect.** This Protective Order shall continue in effect until further order of this Court.

DATED this _______ day of May, 2008.

_________________________________
LAWRENCE S. MARGOLIS
Judge

**EXHIBIT A**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, ______________________________, hereby declare as follows:

1. My address is ________________________________________. My current employer is ________________________________. My current occupation is ____________________________________.

2. I have received a copy of the Protective Order entered in the above-captioned action (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Proprietary Information that is disclosed to me.

4. Promptly upon termination of this action, I will return all Proprietary Information that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that this Undertaking and the Protective Order are enforceable after the termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________ ________________________________

(Signature)

________________________________

(Printed Name)

# Exhibit 4

**Don Jackson**

**From:** Don Jackson
**Sent:** Friday, May 23, 2008 3:16 PM
**To:** 'Hilton, Robert G. (CIV)'
**Cc:** Jay Berquist
**Subject:** RE: Avocent v. US -- protective order

Bob,

It's been a week. Avocent is fine with the changes you made to the protective order. Can we file a motion to have it entered?

Don

Donald L. Jackson
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Blvd., 7th Floor
Arlington, Virginia 22203
703.894.6400 general
703.894.6403 direct
703.894.6430 fax

---

CONFIDENTIALITY NOTICE: This e-mail transmission contains information which may be confidential and/or legally privileged. This information is only intended for the use of individual or entity named above. If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Any unauthorized review, use, disclosure or distribution is prohibited.

-----Original Message-----
From: Hilton, Robert G. (CIV) [mailto:Robert.Hilton@usdoj.gov]
Sent: Friday, May 16, 2008 12:14 PM
To: Don Jackson
Subject: RE: Avocent v. US -- protective order

Don,

I have some preliminary changes, which I have underlined in the attached. That being said, I forwarded a copy to Rose a few days ago and don't yet know what differences Rose may propose. The trade secrets belong to Rose, and I can't presume to speak for Rose's interests in them. That being the case, I want to reserve the option of deciding on any differences between your proposal and theirs until after I see the differences.

Bob

-----Original Message-----
From: Don Jackson [mailto:dlj@dbjg.com]
Sent: Friday, May 16, 2008 10:30 AM
To: Hilton, Robert G. (CIV)
Subject: Avocent v. US -- protective order

Bob,

Do you have any comments on the protective order?

Don

Donald L. Jackson
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Blvd., 7th Floor
Arlington, Virginia 22203
703.894.6400 general

703.894.6403 direct
703.894.6430 fax

---

CONFIDENTIALITY NOTICE: This e-mail transmission contains information which may be confidential and/or legally privileged. This information is only intended for the use of individual or entity named above. If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Any unauthorized review, use, disclosure or distribution is prohibited.

# Exhibit 5

## Don Jackson

**From:** Hilton, Robert G. (CIV) [Robert.Hilton@usdoj.gov]
**Sent:** Tuesday, May 27, 2008 8:52 AM
**To:** Don Jackson
**Subject:** RE: Avocent v. US -- protective order

I think Rose has to have an opportunity to weigh in on this, since they are now a prospective party. Basically, it is their trade secrets at issue. I'm not sure that Rose is happy about this protective order. I need to know what their views are before I can definitively say anything about the order as a whole. Have you asked them if they object to such an order?

Bob

-----Original Message-----
From: Don Jackson [mailto:dlj@dbjg.com]
Sent: Friday, May 23, 2008 3:16 PM
To: Hilton, Robert G. (CIV)
Cc: Jay Berquist
Subject: RE: Avocent v. US -- protective order

Bob,

It's been a week. Avocent is fine with the changes you made to the protective order. Can we file a motion to have it entered?

Don

Donald L. Jackson
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Blvd., 7th Floor
Arlington, Virginia 22203
703.894.6400 general
703.894.6403 direct
703.894.6430 fax

---

CONFIDENTIALITY NOTICE: This e-mail transmission contains information which may be confidential and/or legally privileged. This information is only intended for the use of individual or entity named above. If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Any unauthorized review, use, disclosure or distribution is prohibited.

-----Original Message-----
From: Hilton, Robert G. (CIV) [mailto:Robert.Hilton@usdoj.gov]
Sent: Friday, May 16, 2008 12:14 PM
To: Don Jackson
Subject: RE: Avocent v. US -- protective order

Don,

I have some preliminary changes, which I have underlined in the attached. That being said, I forwarded a copy to Rose a few days ago and don't yet know what differences Rose may propose. The trade secrets belong to Rose, and I can't presume to speak for Rose's interests in them. That being the case, I want to reserve the option of deciding on any differences between your proposal and theirs until after I see the differences.

Bob

-----Original Message-----
From: Don Jackson [mailto:dlj@dbjg.com]
Sent: Friday, May 16, 2008 10:30 AM
To: Hilton, Robert G. (CIV)

Subject: Avocent v. US -- protective order

Bob,

Do you have any comments on the protective order?

Don

Donald L. Jackson
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Blvd., 7th Floor
Arlington, Virginia 22203
703.894.6400 general
703.894.6403 direct
703.894.6430 fax

---

CONFIDENTIALITY NOTICE: This e-mail transmission contains information which may be confidential and/or legally privileged. This information is only intended for the use of individual or entity named above. If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Any unauthorized review, use, disclosure or distribution is prohibited.