**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

# JOINT PRELIMINARY STATUS REPORT

Plaintiff Avocent Redmond Corp. ("Avocent Redmond") and defendant, The United States ("U.S.") hereby file this Joint Preliminary Status Report pursuant to Appendix A, paragraphs 4-6, of the RCFC. The paragraph numbers in this report correspond to the subparagraph numbers in Appendix A.

The due date for this JPSR was originally set for May 22, 2008. But when Rose filed its proposed answer, the due date was re-set for July 3, 2008. On May 29th, Avocent's counsel noticed that the docket text had been modified to reinstate the original JPSR due date of May 22, 2008. Avocent's counsel immediately contacted the Government's counsel to inform them of the revised due date. Since that time, the parties have diligently worked to finalize and file the JPSR.

**4(a). Does the court have jurisdiction over the action?**

The United States Court of Federal Claims has jurisdiction over this case pursuant to 28 U.S.C. § 1498(a).

**4(b). Should the case be consolidated with any other case and, if so, why?**

There is no other case with which this case should be consolidated.

**4(c). Should trial of liability and damages be bifurcated and, if so, why?**

***Plaintiff's Position:***

Liability and damages should not be bifurcated. Bifurcation will result in needless duplication of discovery and delay final resolution of this matter. Under Defendant's proposal to bifurcate discovery and trial, it will be years before this dispute is finally resolved. First, the parties would conduct discovery and trial on liability (i.e., infringement and validity). Then those issues would have to be appealed through the Federal Circuit before the parties could begin to conduct discovery and a trial on damages. The damages trial would then be followed by an appeal to the Federal Circuit on those issues. Thus, Defendant's proposal would keep the parties in litigation for years after the deferral the Defendants intend to seek. Avocent believes that a single discovery period and trial is the most cost effective and expeditious way to resolve this dispute, especially when the action appears to involve rather limited potential damages.

***Defendant's Position:***

If this case is not stayed or otherwise deferred (see paragraph 4.d. below), Defendant believes the liability issues should be bifurcated from the damages issues for both discovery and trial purposes. The United States Patent Office recently determined that there is a "substantial new question of patentability" concerning the purported invention(s) advanced against the Government in this case. Accordingly, given the serious questions of patent validity and the other defenses Defendant intends to raise (such as non-infringement), it would be far more efficient to discover, litigate, and decide the liability issues before forcing the parties and the Court to incur the massive – and probably completely unnecessary – expense of time, money, and judicial resources necessary to simultaneously pursue the damages issues.

**4(d). Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

***Plaintiff's Position:***

The case should not be deferred. Defendant proposes to defer the entirety of this case until after the completion of *Avocent Redmond Corp. v. Rose Electronics,* No. C06-1711-MJP (W.D. Washington) ("the Rose litigation"), and until after the completion of the reexamination proceedings involving three of the four patents-in-suit here. As with Defendant's bifurcation proposal, deferral will unnecessarily prolong this dispute for an indefinite period of time. The Rose litigation is currently stayed pending completion of the reexamination proceedings. Defendant proposes that this Court not only wait for completion of those proceedings, but also wait for completion of the Rose litigation. No one knows how many years it will take for the reexamination proceedings to be completed (Patent Office Re-Examinations, though handled on an "expedited basis," can extend three years or more in the Patent Office itself). Nor can anyone know how long it will take for completion of the Rose litigation (including appeals). Avocent respectfully submits that a deferral of this case effectively deprives Avocent of its right to have its patent claims resolved in a timely manner. Avocent has been trying to end industry-wide infringement of this patent family for ten years already.

In support of its position, Defendant criticizes Avocent for asserting a patent in this case that was not asserted in the Rose litigation (*i.e.*, U.S. Patent No. 6,345,323 ("the '323 patent")). Contrary to Defendant's mischaracterization of events, the '323 patent was not asserted against Rose in the Rose litigation because Avocent was not aware of certain Rose products that infringe that patent at the time that action was filed.

Further, the "Defendant's Position" on this issue misstates the law, and uses that misstatement to suggest that the claims of the '323 patent are the same as those found in the

other three patents involved in the pending re-examination. While it is true that all of the asserted patents are continuations of a common earlier application, and thus have the same specification, it is wrong to suggest that these patents all claim the same invention. Indeed, the law is the exact opposite – each claim is a separate and distinct invention. *See Jones v. Hardy*, 727 F.2d 1524, 1528 (Fed. Cir. 1984) ("each claim must be considered as defining a separate invention."); *Bourns, Inc. v. U.S.*, 537 F.2d 486, 493 (Ct. Cl. 1976) ("it is well settled that each claim of a patent is entitled to a presumption of validity and is to be treated as a complete and independent invention.").

Nor is it fair to suggest that a patent loses its value and enforceability simply because the Patent Office has granted a re-examination request. Under the Patent Act, "a patent shall be presumed valid." 35 U.S.C. § 282. The Patent Office grant of a re-examination request does not alter that presumption, especially when the Patent Office routinely grants those requests. In 2007, the Patent Office ruled on 594 *ex parte* re-examination requests. The Patent Office granted all but 17 of those requests – rejecting less than 3% of the requests. *See* United States Patent and Trademark Office re-examination statistics, attached at Tab A. The Patent Office does not report how many of the 17 rejected requests were resubmitted as a new request and subsequently granted. The grant of a re-examination request should not, and does not, reduce either the presumption of patent validity or the enforceability of that patent.

***<u>Defendant's Position:</u>***

It is Defendant's view that this case should be deferred until after resolution of *Avocent Redmond Corp. v. Rose Electronics*, No. C06-1711-MJP (W.D. Washington) ("the first Avocent case"), and until after resolution of the pending reexamination proceedings involving

three of the four patents in suit, namely U.S. Patent Nos. 5,884,096 (the '096 patent); 6,112,264 (the '264 patent); and 7,113,978 (the '978 patent).

As stated in Paras. 5 and 6 of the Complaint, the present case is a spinoff of the first Avocent case, now pending in the Western District of Washington. Avocent filed that case against Rose in November 2006. All of the accused product lines in the present case were also accused in the first Avocent case. Rose raised 28 U.S.C. § 1498(a) in the first Avocent case as a defense for the small percentage of products accused in that case that were sold to the Government. The present action seeks compensation for the few accused sales which have been excluded from the first Avocent case under section 1498(a). Defendant understands that a small percent of the accused Rose sales were to the Defendant, thereby making the present case undeniably secondary to the primary dispute between Avocent and Rose.

Rose raised a number of defenses in the first Avocent case, including invalidity of the asserted Avocent patents. Many of the liability issues in the present case are substantially the same as the liability issues in the first Avocent case. In connection with its invalidity defense in the first case, Rose was granted reexamination requests by the United States Patent and Trademark Office for all three Avocent patents asserted in that first case, namely the '096 patent, the '264 patent, and the '978 patent. On October 30, 2007, the Western District of Washington stayed first Avocent case pending the outcome of the reexamination requests.

Unable to advance its patents against Rose in its first case due to the stay, Avocent now seeks to advance the same issues of infringement and validity in this forum, albeit for the very few products Rose has sold to the Government. Avocent appears to have attempted to distinguish the present case from its first case against Rose by adding a fourth patent to this case that was not asserted in its first case. However, since that fourth patent, U.S. Patent

6,345,323 (the '323 patent), is in the same family as the other three, all being continuing applications from one another and all sharing substantially identical specifications, the outcome of the pending reexamination requests is likely to shed light on the validity of the '323 patent. Indeed, since all of the asserted Avocent patents are "continuations" of one another, they cannot claim separate inventions, thereby making any invalidity determination for one of the patents necessarily pertinent to the other patents.

In addition, should settlement of this case be possible, it is likely to be part of a global settlement, which would include the claims set forth in both the present case and the first Avocent case. Rose is an indemnitor under Clause C.1(h), page 22, of GSA Supply Schedule Contract GS-35F-0345J, March 30, 1999.

Finally, whether or not Rose becomes a third party defendant in this case, its cooperation is needed to defend this case, and it is currently expending effort to defend identical matters in the first Avocent case. This case adds unnecessary duplicate litigation expense.

Plaintiff will oppose such a motion.

**4(e). In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

Remand or suspension does not apply to this case.

**4(f). Will additional parties by joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

Rose Electronics ("Rose"), was served notice of the present action on March 31, 2008 pursuant to 41 U.S.C. § 114(b). Rose is the manufacturer and supplier to the United States of the products accused of infringement in this action. Rose filed an answer and a motion to intervene on May 12, 2008. Avocent filed an opposition to the motion to intervene on May 29,

2008. Defendant filed a response in support of Rose's motion on May 22, 2008. No other parties are expected to be joined.

**4(g). Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

***Plaintiff's Position:***

Avocent anticipates filing a RCFC 56 motion for summary judgment of infringement of one or more of the patents-at-issue in this case. Avocent also anticipates filing one or more RCFC 56 summary judgment motions against the defenses asserted by the Defendant. Avocent intends to file these motions after discovery into the structure and operation of the accused products is complete and all of the Defendant's defenses have been fully disclosed. While Avocent cannot control when that discovery will be complete, it is anticipated that the summary judgment motions will be filed by March 2009, if Avocent's proposed schedule is adopted.

***Defendant's Position:***

Defendant expects to file a motion to stay proceedings until resolution of the first Avocent case and until resolution of the pending reexamination proceedings. Plaintiff will oppose such a motion.

If the U.S. Patent Office finds reexamined patents invalid, Defendant expects to file a summary judgment motion with respect to validity.

No other motions are currently expected.

**4(h). What are the relevant factual and legal issues?**

***Plaintiff's Position:***

This is an action for unauthorized use of the inventions claimed in U.S. Patent Nos. 5,884,096 ("the '096 patent"), 6,112,264 ("the '264 patent"), 7,113,978 ("the '978 patent"),

and/or 6,345,323 ("the '323 patent") pursuant to 28 U.S.C. § 1498(a). Each of the asserted patents is assigned to plaintiff Avocent. The relevant factual and legal issues are whether the Defendant has used and/or continues to use any of patented inventions without authorization through its purchase of certain of Rose's KVM switches. Based on Avocent's current knowledge, the accused products include Rose's UltraView, UltraView Pro, UltraView Remote, MultiVideo, QuadraVista, ServeView Pro, UltraConsole, UltraConsole Remote, UltraMatrix E, UltraMatrix X, UltraMatrix Remote, Vista, and Xtensys products. Also at issue is the amount of reasonable compensation that Avocent is entitled to under 28 U.S.C. § 1498(a) for unauthorized use of the inventions.

The Defendant has asserted that the claims of the patents-in-suit are invalid. The Defendant also asserts that Avocent's claim is barred in whole or in part by operation of 28 U.S.C. § 2501 and 35 U.S.C. § 286, and that Avocent's claims are unenforceable, limited, or barred by the doctrines of laches, estoppel, waiver, acquiescence, and/or unclean hands.

***Defendant's Position:***

The issues in this case include:

(1) Whether the accused devices infringe literally or under the doctrine of equivalents.

(2) Validity and/or enforceability of the claims.

(3) If infringement is found, what is reasonable and entire compensation?

**4(i). What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

***Plaintiff's Position:***

Avocent cannot accurately assess the likelihood of settlement because it is unknown what impact Rose may have on the Defendant's willingness to settle. Avocent does not anticipate using alternative dispute resolution.

***Defendant's Position:***

Prior to resolution of the first Avocent case, settlement is unlikely, unless the amount of procurement is trivial. After resolution of the first Avocent case, settlement is highly likely.

**4(j). Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

***Plaintiff's Position:***

If settlement is not reached in the first few months of this case, Avocent anticipates proceeding to trial. Much of the discovery pertinent to this case has been conducted in Avocent's infringement action against Rose in the Seattle case. Thus, Avocent contends that trial should be scheduled to begin no later than May or June 2009, if not sooner.

**4(k). Are there special issues regarding electronic case management needs?**

The parties are not aware of any issues at this time.

**4(l). Is there other information of which the court should be aware at this time?**

The parties are not aware of any such information at this time.

**5. Proposed Discovery Plan**

***Plaintiff's Proposed Discovery Plan:***

**A. Plaintiff's Proposed Schedule**

The following table reflects Avocent's proposed case schedule.

| Event | Avocent Redmond's Proposal |
|---|---|
| Early meeting of counsel | 5/7/2008 |
| Rule 26 Initial Disclosures | 6/5/2008 |
| Claim Construction-related Expert Report Deadline (if necessary) | 8/7/2008 |
| Rebuttal Expert Report Deadline (if necessary) | 8/21/2008 |
| Parties' opening claim construction briefs | 10/3/2008 |
| Parties responsive claim construction briefs | 10/24/2008 |
| Claim Construction hearing | 11/12/2008 |
| Reports from experts under RCFC 26(a)(2) for all issues on which a party bears the burden of proof. | 1/15/2009 (or two weeks after the claim |

| Event | Avocent Redmond's Proposal |
|---|---|
| | construction ruling, whichever is later) |
| Rebuttal expert reports under RCFC 26(a)(2) for all issues on which a party does not bear the burden of proof. | 1/29/2009 (or two weeks after the opening expert reports are exchanged, whichever is later) |
| Close of discovery | 2/13/2009 |
| Dispositive motions | 3/5/2009 |
| Meeting of counsel to exchange exhibit lists and witness lists, and to address other pretrial conference issues (Appendix A, ¶ 13) | 3/27/2009 (63 days before pretrial conference) |
| Joint Certification verifying meeting of counsel due (App. A, ¶ 13(d)) | 4/3/2009 (7 days after Meeting of Counsel) |
| Plaintiff's memorandum of contentions of fact and law (App. A, ¶ 14(a)) | 4/10/2009 (49 days before the pretrial conference) |
| File plaintiff's witness list and exhibit list (App. A, ¶¶ 15-16) | 4/10/2009 (49 days before the pretrial conference) |
| Defendant's memorandum of contentions of fact and law (App. A, ¶ 14(b)) | 5/8/2009 (21 days before the pretrial conference) |
| File defendant's witness list and exhibit list (App. A, ¶¶ 15-16) | 5/8/2009 (21 days before the pretrial conference) |
| Parties shall file stipulations setting forth all factual matters as to which they agree (App. A, ¶ 17) | 5/27/2009 (before or after pretrial conference) |
| Pretrial Conference | 5/29/2009 |

**B. Plaintiff's Discovery Limits**

**i. Depositions.** Each side is permitted to take 20 depositions, up to seven hours each.

**ii. Interrogatories.** Each side is permitted to serve up to 25 interrogatories, including discrete subparts.

**iii. Admissions.** Each party may submit a maximum of 75 requests for admission to each other party.

***<u>Defendant's Proposed Discovery Plan:</u>***

i. <u>Location</u>. Trial is requested to be in May 2011.

ii. Quantity of Depositions and Interrogatories. 30 depositions by Defendant; 50 interrogatories by Defendant.

iii. Completion Date for Fact Discovery. December 2010

iv. Dates for Naming Expert Witnesses. May 2010

v. Dates for Completion of Expert Discovery. December 2010

**6. Joint Representations and Additional Information**

The parties held an early meeting of counsel on May 7, 2008 and exchanged the information set out in RCFC 26(a)(1) and Appendix A ¶ 3.

DATED this 5th day of June, 2008.

Respectfully submitted,

PLAINTIFF AVOCENT REDMOND CORP.,
by and through its Attorneys

s/James D. Berquist
James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

DEFENDANT THE UNITED STATES,
by and through its Attorneys

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN FARGO
Director

s/Robert G. Hilton
Robert G. Hilton
Attorney
Commercial Litigation Branch
Civil Division

Department of Justice
Washington, D.C. 20530
Tel. 202-307-0346
Fax. 202-307-0345

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Donald L. Jackson________________
Donald L. Jackson