**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

**AVOCENT REDMOND'S MOTION FOR ENTRY OF A**
**PROTECTIVE ORDER**

Pursuant to RCFC 26(c), Plaintiff Avocent Redmond Corp. ("Avocent Redmond") moves the Court for entry of a protective order limiting disclosure of proprietary information exchanged by the parties and any third parties in this action.

## I. BACKGROUND

This action was brought under 28 U.S.C. § 1498 for recovery of damages due to the United States' unauthorized use of several patented inventions owned by Avocent Redmond. The products at issue in this action are certain so-called keyboard, video monitor, mouse switches (*i.e.*, "KVM switches") made and sold by Rose Electronics ("Rose") to the United States.

On November 27, 2006, Avocent sued Rose and its two general partners, Messrs. Macourek and Rahvar, for infringement of three of the four patents at issue in this case in the United States District Court for the Western District of Washington at Seattle (Case No. 06-1711 MJP) ("the Seattle action"). In the Seattle action, the Rose defendants asserted 28 U.S.C. § 1498

as a defense to limit Avocent's right to recover damages for sales to the United States. Thus, Avocent brought the present action against the United States.

Unfortunately, the parties in the Seattle action were unable to agree on all terms of a protective order. The most significant point of contention was the Seattle defendants' attempts to impose a "prosecution bar" on Avocent's litigation counsel. The Seattle defendants argued that any of Avocent's litigation counsel that had access to the defendants' proprietary information produced during discovery should be barred from rendering patent prosecution services to Avocent anywhere in the world for two years after the final conclusion of the Seattle litigation. (*See* Declaration of Donald L. Jackson in Support of Avocent's Motion for Entry of a Protective Order filed herewith ("Jackson Decl."), Exh. 1, pp. 3-10).

On May 24, 2007, Judge Pechman issued her ruling on the competing protective orders. (*See* Jackson Decl., Exh. 2). Judge Pechman ruled against the defendants' attempt to impose a "prosecution bar" on Avocent's litigation counsel finding that Avocent's counsel was not engaged in competitive decisionmaking, and that such a bar would work a substantial hardship on Avocent. (*See id*., pp. 8-9).

Recognizing that much of the proprietary discovery exchanged in this case would be the same as that exchanged in the Seattle action, Avocent's counsel conformed the protective order entered by Judge Pechman to this Court's format, and forwarded that protective order to the United States' counsel. (*See* Jackson Decl., Exh. 3). Avocent's counsel also forwarded Judge Pechman's Protective Order so that the United States' counsel could confirm that it was substantively identical to Avocent's proposed protective order in this action. (*See id.*). Avocent forwarded its proposal to the Government on May 7, 2008.

On May 16, 2008, the United States' counsel made relatively minor modifications to Avocent's proposed protective order, and sent that protective order back to Avocent's counsel. (*See* Jackson Decl., Exh. 4). The United States indicated, however, that it would withhold final agreement of the protective order until third-party Rose had a chance to weigh-in on the proposal. (*See id.*). One week later, on May 23, 2008, Avocent responded by agreeing with the United States' version of the protective order and asking if the parties could file a joint motion for its entry. (*See* Jackson Decl., Exh. 5). On May 27th, the United States indicated that Rose may be unhappy with aspects of that proposed order and it would not agree to file a joint motion until Rose (which had filed a motion to intervene) provided its comments on the proposed order. (*See* Jackson Decl., Exh. 6). The United States, however, did not disagree with any provision of the proposed protective order. (*See id.*).[1]

## II. ARGUMENT

RCFC 26(c)(7) allows the Court to enter a protective order to limit the dissemination of trade secret and other confidential research, development or commercial information. This rule is synonymous with Federal Rule of Civil Procedure 26(c)(7) under which Judge Pechman entered the protective order in the Seattle action. The parties and third parties in this action will undoubtedly seek discovery that is trade secret, or confidential research, development or commercial information, and the entry of an umbrella protective order like the one presented by Avocent is quite common in cases involving patents. Access to sensitive information may be limited by marking it "Confidential," while highly sensitive information can be marked as "Attorneys Eyes Only." The majority of the discovery exchanged in the Seattle action was designated and produced under the terms of the protective order entered in that action. In all

[1] Avocent filed its opposition to Rose's motion to intervene on May 29, 2008. (*See* Docket No. 16).

likelihood, the document production in this case will simply be a limited subset of that produced in the Seattle action, under the terms of the protective order in place in that action.

Avocent respectfully submits that the Court should enter the protective order proposed by the United States and agreed to by Avocent. (*See* Jackson Decl., Exhs. 4 and 5). While the United States indicated that Rose may take issue with certain provision of the proposed protective order, the proposed protective order is substantively identical to the order entered in the Seattle action. (*See* Jackson Decl., Exhs. 3 and 4). In the Seattle action, Rose and Avocent agreed on all terms of the protective order entered in that case, except for three provisions. Avocent, Rose and the other defendants fully briefed their competing views on those provisions, and Judge Pechman ruled on that issue. (*See* Exh. 2 ). The protective order that Avocent and the United States have agreed on embodies Judge Pechman's rulings on the disputed issues in the Seattle action. Rose is not a party to this action, and even if it were, this Court should not be required to re-litigate the same issues between the same parties. By virtue of its discovery in Seattle, Avocent's counsel already possesses much of the discovery it will need to prepare the present case for trial. That information was provided to Avocent's counsel under the terms of the protective order entered by Judge Pechman. Avocent respectfully submits that it would make no sense to enter a protective order with different, inconsistent restrictions on that same information.

## III. CONCLUSION

For the foregoing reasons, Avocent Redmond respectfully requests that the Court enter the proposed protective order submitted herewith.

DATED this 5th day of June, 2008.

Respectfully submitted,

PLAINTIFF AVOCENT REDMOND CORP.,
by and through its Attorneys

s/James D. Berquist

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Donald L. Jackson_________________
Donald L. Jackson