**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

**DECLARATION OF DONALD L. JACKSON IN SUPPORT OF AVOCENT REDMOND'S MOTION FOR ENTRY OF A PROTECTIVE ORDER**

I, Donald L. Jackson, hereby declare as follows:

1. I am a member of Davidson Berquist Jackson & Gowdey, LLP, counsel to plaintiff Avocent Redmond Corp. in the above-captioned litigation. I am a member in good standing of the bar of this Court and of the Supreme Court of Virginia.

2. Attached hereto as Exhibit 1 is a true and correct copy of Avocent's Motion for Entry of a Protective Order filed in *Avocent Redmond Corp. v. Rose Electronics, et al.*, U.S. District Court for the Western District of Washington, No. 2:06-cv-01711-MJP ("the Seattle action").

3. Attached hereto as Exhibit 2 is a true and correct copy of Judge Pechman's May 24, 2007 Order ruling on the parties' competing protective order proposals in the Seattle action.

4. Attached hereto as Exhibit 3 is a true and correct copy of a May 7, 2008 email from Donald Jackson, Avocent's counsel, to Robert Hilton, the United States' counsel, enclosing a proposed protective order and the protective order entered by Judge Pechman in the Seattle action. The two protective orders are substantively identical to each other.

5. Attached hereto as Exhibit 4 is a true and correct copy of a May 16, 2008 email from Mr. Hilton to me enclosing a revised version of the protective order.

6. Attached hereto as Exhibit 5 is a true and correct copy of a May 23, 2008 email from me to Mr. Hilton agreeing to the United States' version of the protective order and asking if the parties could file a joint motion to have the protective order entered.

7. Attached hereto as Exhibit 6 is a true and correct copy of a May 27, 2008 email from Mr. Hilton to me regarding the protective order.

8. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 5th day of June, 2008.

Donald L. Jackson

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Donald L. Jackson________________
Donald L. Jackson

# Exhibit 1

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN INTERNATIONAL, INC. (formerly Belkin Corporation), a Delaware corporation,<br><br>Defendants. | NO. C06-1711-MJP<br><br>AVOCENT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER<br><br>NOTE ON MOTION CALENDAR:<br>April 16, 2007 |

Plaintiff Avocent Redmond Corp. ("Avocent") hereby moves for entry of a protective order under Federal Rule of Civil Procedure 26(c) to protect certain confidential information produced by parties and third-parties during the course of this action. Avocent's proposed protective order is attached hereto as Exhibit 1. Avocent certifies that it has conferred in good faith with Defendants' counsel over the terms of the proposed protective order. Avocent and Defendants' counsel have exchanged revisions of the proposed protective order, and thereby, have narrowed the areas of dispute to those that are addressed below.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

This is a patent infringement action in which Avocent has accused each of the defendants of infringing three of its patents covering keyboard-video-mouse switches ("KVM switches"). The claims of these patents are directed to the internal structure and operation of KVM switches. A protective order is needed because discovery in this case will include the disclosure of sensitive and confidential information about Avocent's and the Defendants' KVM switches. Moreover, in order for Avocent to quantify the damages it has suffered due to Defendants' infringement, Avocent needs detailed information on each of Defendants' sales of the accused products, and the profitability of Defendants' accused products. Avocent also anticipates that it will disclose information on the profitability and the commercial success of its patented products. At least some of this information qualifies as "a trade secret or other confidential research, development, or commercial information" as that phrase is used in Federal Rule of Civil Procedure 26(c)(7). In addition, each of the Defendants has objected to providing confidential information and documents in response to Avocent's discovery requests.

Avocent and the Defendants have agreed on a majority of the proposed protective order. In short, the proposed protective order allows the parties and any non-party to designate "Proprietary Information" as either "Confidential" information (the lower-level designation) or as "Attorneys Eyes Only" information (the higher-level designation). (Exh. 1, p. 2, lines 4-22). Confidential Information can be disclosed to any of the categories of individuals listed in paragraph 7 of the order, including two representatives of each of the parties. (Exh. 1, p. 4, line 20 through p. 6, line 2). Attorneys Eyes Only Information can be disclosed to the same group of people, excluding the two party representatives. (Exh. 1, p. 6, lines 3-4).

Exhibit 2 to this motion is a redlined version of the protective order showing the areas of dispute. Where there is a dispute, Avocent's proposed language is underlined and Defendants' proposed language is shown in strikethrough.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

The areas of disagreement are the following:

1. The definition of information that may be designated as Attorney's Eyes Only (*See* Exh. 2, p. 2, lines 10-17);

2. The amount of time after a deposition that a party has to designate the testimony as Confidential or Attorneys Eyes Only (*See* Exh. 2, p. 3, lines 21-24); and

3. Defendants' proposal that outside counsel that receives Attorneys Eyes Only information shall be precluded from any involvement in patent prosecution before any patent office worldwide for a period ending two years after the conclusion of this case and all subsequent appeals (*See* Exh. 2, p. 6, lines 6-16).[1]

Items number 1 and 3 are the key, related disputes between the parties. First, the Defendants seek to broadly define the information that can be designated as Attorneys Eyes Only. Then, the Defendants seek to exclude any lawyers that receive Attorneys Eyes Only information from being involved, in any way, with patent procurement anywhere in the world involving the broad field of KVM switch technology.

## I. DEFENDANTS' IMPROPERLY SEEK TO EXCLUDE AVOCENT'S PATENT COUNSEL FROM MEANINGFULLY PARTICIPATING IN THIS CASE

Defendants seek to preclude Avocent's litigation counsel from prosecuting any KVM switch-related patents anywhere in the world for two years after the final conclusion of the present litigation. Avocent submits that such an exclusion order is draconian and unwarranted.

### A. Defendants Bear the Burden of Proof for an Order Effectively Excluding Avocent's Patent Counsel

As the parties seeking to shield discovery from Avocent's outside patent counsel, Defendants bear the burden of showing good cause for these protective order provisions. *See AFP Advanced Food Products LLC v. Snyder's of Hanover Mfg., Inc.*, 2006 U.S. Dist. LEXIS 426, *2 (E.D. Penn. 2006) ("The party seeking the protective order must show that disclosure

---

[1] There are two other minor differences between Avocent's and Defendants' protective orders. The first difference appears on page 7, line 22, of Exhibit 2. This change was made to clarify the sentence. The second difference appears on page 8, line 21, of Exhibit 2. Avocent made this change to clarify that the parties could retain copies of all documents filed with the Court, even if those documents do not literally qualify as a "pleading."



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

of the information sought to be protected would result in a 'clearly defined, specific and serious injury.'") (citations omitted). Avocent submits that the Defendants cannot show good cause for the exclusion order they seek.

### B. Defendants Essentially Advocate a *Per Se* Bar Excluding Avocent's Patent Counsel in Direct Contravention to the Controlling Precedent of This Court

The Defendants seek the exclusion order without identifying any basis that is required by the controlling precedent. The leading case governing exclusion of counsel under a protective order is *U.S. Steel Corp. v. The United States*, 730 F.2d 1465 (Fed. Cir. 1984). The *U.S. Steel* court made it clear that there is no *per se* exclusion of counsel from accessing proprietary information. *Id.* at 1468 ("[T]he factual circumstances surrounding each individual counsel's activities, association, and relationship with a party" must be considered.). The *U.S. Steel* court also recognized that the risk of inadvertent or accidental disclosure of another party's confidential information must be weighed against any unnecessary hardship that would be born by the lawyer's client. *Id.* at 1468. *U.S. Steel* made it clear that the key factor in determining whether there is any basis for excluding counsel from another party's confidential information is whether the particular attorney at issue is involved in "competitive decisionmaking" for its client. *Id.* The court defined competitive decisionmaking as involving "counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *Id.*

The *U.S. Steel* analysis was adopted by the Ninth Circuit in *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471-72 (9th Cir. 1992). Although the *Brown Bag* court excluded in-house counsel, the facts of that case bear no relation to those of the present case. First, the Brown Bag lawyer was in-house counsel. Also, he was one of only thirteen or fourteen employees of the company. And he was responsible for a wide range of responsibilities including contracts, marketing, and employment.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

Judges in this district have applied the *U.S. Steel/Brown Bag* analysis in patent infringement cases. In *Amgen, Inc. v. Elanex Pharms., Inc.*, 160 F.R.D. 134 (W.D. Wash. 1994), Judge Dimmick allowed Amgen's in-house counsel to access Elanex's confidential information because Elanex identified no evidence that Amgen's counsel was involved in competitive decisionmaking. *Id.* at 139 ("In-house counsel in the instant case, unlike counsel in *Brown Bag*, are not involved in competitive decisionmaking, which is arguably the determinative factor in this analysis.").

In *Fluke Corp. v. Fine Instruments Corp.*, 1994 U.S. Dist. LEXIS 16286 (W.D. Wash. 1994), Judge Coughenour denied defendant UEI's motion to preclude Fluke's in-house counsel from accessing UEI's confidential and proprietary information. *Id.* at *16. Again, the *Fluke* court denied the motion because there was no evidence that Fluke's in-house counsel was involved in competitive decisionmaking. *Id.*

In the present case, Defendants have not even alleged that any of Avocent's outside patent counsel is involved in competitive decisionmaking. Thus, there is no good cause for entering a protective order excluding such counsel from having access to Defendants' proprietary information.

The rule of *Fluke* in the Western District of Washington is the majority rule, and few other courts have excluded outside patent counsel because of their involvement in patent prosecution activities for their clients. The most-widely cited case of that type is *Motorola, Inc. v. Interdigitial Tech. Corp.*, 1994 U.S. Dist. LEXIS 20714 (D. Del. 1994). The *Motorola* case should not apply here because: (1) the *Motorola* analysis has been strongly questioned by other courts; (2) it is contrary to the controlling precedent of the Federal Circuit, the Ninth Circuit, and this court; (3) it contradicts the *U.S. Steel* decision in that it effectively created a *per se* bar against outside patent counsel; and (4) the facts of *Motorola* are significantly different from the facts here.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

First, the court in *Sibia Neruosciences, Inc. v. Cadus Pharm. Corp.*, 1997 U.S. Dist. LEXIS 24130 (S.D. Cal. 1997), strongly questioned the analysis applied by the Motorola court. The *Sibia* court noted that:

> The *Motorola* court began its analysis by redefining "competitive decisionmaking." Where previous courts had looked to "a counsel's activities, association, and relationship with a client that 'are such as to involve counsel's advice and participation in any or all of the client's decisions . . . made in light of similar or corresponding information about a competitor," the *Motorola* court expanded competitive decisionmaking to include all "activities which define the scope and emphasis of a client's research and development efforts." The court then analogized the activities of patent counsel to this definition, concluding that "the process of prosecuting patent applications also involves decisions of scope and emphasis." Next, the court relied on [an] "implication" in *Safe Flight* that "prosecution of patents could be grounds for denying access."

*Sibia*, 1997 U.S. Dist. LEXIS at *19 (internal citations omitted). The *Sibia* court's critique of *Motorola* is absolutely correct. *Motorola* redefined and expanded the actual holding of *U.S. Steel*. Then it analogized patent prosecution activities to its new definition of "competitive decisionmaking." This analysis was error.

Moreover, there have been many other courts that have not excluded outside patent counsel from accessing confidential information. *See AFP Advanced Food Products*, 2006 U.S. Dist. LEXIS at *6-7 ("that threat [of inadvertently using condifential discovery information], standing alone, under *Shingara [v. Skiles*, 420 F.3d 301 (3d Cir. 2005)] and *U.S. Steel*, is not enough to justify a protective order barring AFP's attorneys from prosecuting similar patents for two years."); *Pergo, Inc. v. Faus Group, Inc.*, 2005 U.S. Dist. LEXIS 40601, *19-20 (E.D. N.C. 2005) ("To grant defendants the relief they seek here, on the showing that they have made, would inevitably take the form of a *per se* rule that counsel may not serve as both patent prosecutors and litigation counsel for their clients. This court holds that such a result would run contrary to the principles set down by the Federal Circuit in *U.S. Steel*.");



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

*MedImmune, Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762, 774 n.13 (D. Md. 2003) ("The Court disagrees with the reasoning applied in *Interactive* [following *Motorola*] because, in the Court's view, it amounts to a per se prohibition on patent counsel. If 'shaping' patent applications amounts to competitive decision-making, the court has trouble imagining a patent prosecutor who would not meet that standard.").

Second, after initially acknowledging the case-by-case analysis mandated by *U.S. Steel*, the *Motorola* court effectively created a *per se* bar against lawyers who prosecute patents for their client. *Motorola*, 1994 U.S. Dist. LEXIS at *14-15. The *Motorola* court posited that attorneys who saw Motorola's confidential information could not keep from disclosing that information in patents that they later prosecuted for Interdigital. *Id.* (characterizing it as a "sisyphean task" to avoid disclosing Motorola's confidential information). But this is exactly contrary to the mandate of *U.S. Steel*. In that case, the Federal Circuit emphasized that "*the factual circumstances* surrounding each individual counsel's activities, associates, and relationship with a party . . . must govern any concern for inadvertent or accidental disclosure." *U.S. Steel*, 730 F.2d at 1468 (emphasis added). *U.S. Steel* directs us to analyze the "factual circumstances," while *Motorola* ignored the factual circumstances and effectively applied a *per se* bar to outside patent counsel. *Motorola* is contrary to *U.S. Steel* and this court's precedent.

Finally, the facts of *Motorola* are significantly different from the facts here. In *Motorola*, Interdigital transferred its patent prosecution files *to* its litigation counsel *after* the *Motorola* litigation had begun. Here, the situation is the exact opposite. Avocent retained its long-standing patent counsel to bring the present action against the Defendants. Even the *Motorola* court acknowledged that its holding was based, at least in part, on the fact that the litigation counsel became the patent counsel after the litigation had started.

> It is important to note that DS&M [*i.e.*, Interdigital's litigation counsel] has not been prosecuting these particular ITC patent applications for a long period of time. *This is not a situation*



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

> *where a client decided that it would be efficient to retain trial counsel who had prosecuted the particular patent in the past.* In fact, DS&M did not become attorney of record for these particular patent applications until one week after the filing of the Motorola suit.

*Motorola*, 1994 U.S. Dist. LEXIS at *16 (emphasis added). Thus, the facts in *Motorola* are significantly different from the facts of the present case.

### C. Exclusion of Avocent's Patent Counsel Would Impose an Undue Hardship on Avocent

Entering the Defendants' version of the proposed protective order would work an undue hardship on Avocent. *See U.S. Steel*, 730 F.2d at 1468 (directing that undue hardship be considered when looking to exclude counsel); *MedImmune*, 271 F. Supp. 2d at 774 (holding that excluding MedImmune's outside counsel would be an undue hardship even though MedImmune was represented by other retained lawyers).

Lawyers at the Davidson Berquist firm have represented Avocent Corporation in both patent prosecution and litigation matters since the formation of Avocent Corp. in mid-2000. Beginning in 1998, those lawyers represented Cybex Computer Products Corp., one of the two companies that merged to form Avocent Corporation. The Davidson Berquist lawyers have represented Avocent Redmond, the plaintiff here, since at least the filing of the related litigation against Raritan Computer, Inc. in May 2001. Avocent and its parent have invested significant amounts of time and money educating its patent counsel on the technology involved in the present case, the legal issues likely to be litigated here, the industry's use of the same or similar technology, and the evolution of the market for the patented KVM switches. Avocent's patent counsel has intimate knowledge of prior related proceedings, including the Raritan proceedings, and has already tried infringement claims on these patents, argued an appeal on those claims, and developed the infringement claims for a remanded trial. Knowledge of the details of the Raritan proceedings may in fact prove valuable to this Court as it considers issues



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

such as claim construction, infringement, and validity. Certainly, Avocent expects to receive a substantial benefit from having its experienced Raritan litigation counsel handle the present litigation.

**D. Defendants' Definition of Attorneys Eyes Only Information is Overly Broad**

Defendants' version of the protective order is also objectionable because it expands the categories of information that can be designated under the highest confidentiality level, Attorneys Eyes Only. Avocent proposes a definition that is limited to information about sales to specific customers, profit margins, prospective marketing strategies, and highly sensitive technical information relating to future commercial products, source code, or other trade secret information. Avocent's definition of Attorneys Eyes Only material is a relatively limited definition allowing parties and third parties to provide the utmost protection to those types of information that are particularly sensitive.

Other proprietary information can still be shielded from public disclosure under the next-lower level of the protective order. Under Avocent's proposal, that less-sensitive information could be designated as Confidential Information. The only difference between the Attorneys Eyes Only designation and the Confidential designation is that, for Confidential Information, two party representatives can see that information. Presumably, the parties will designate two representatives that will allow the parties to more effectively prosecute the litigation and to evaluate settlement. This is a reasonable approach to protecting proprietary information.

Defendants' proposal, on the other hand, allows parties to shield dramatically more information under the Attorneys Eyes Only designation. Defendants' Attorneys Eyes Only definition includes all types of sales and cost information, regardless of its specificity. The definition also includes technical schematics, drawings, and specifications for current products



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

and for products that are no longer being sold. This definition is so broad that virtually anything could be characterized as Attorneys Eyes Only information, provided the designating party was motivated to do so.

## II. DEFENDANTS' PROPOSED PROTECTIVE ORDER UNNECESSARILY EXTENDS THE AMOUNT OF TIME FOR DESIGNATING DEPOSITION TRANSCRIPTS UNDER THE PROTECTIVE ORDER

The only other disagreement over the proposed protective order relates to the amount of time that a party or non-party has to designate a deposition transcript either Confidential or Attorneys Eyes Only. The way the proposed protective order is structured, a party or non-party can designate the transcript on the record during the deposition, or in writing within a certain amount of time after the deposition concludes. If the transcript was not designated as Confidential or Attorneys Eyes Only during the deposition, all parties must treat the transcript as Attorneys Eyes Only until the post-deposition period expires or until counsel designates the transcript in writing.

Avocent proposes a relatively short post-deposition "waiting period." Under Avocent's proposal, the parties have five days after the court reporter indicates that the transcript is completed to designate the transcript as either Confidential or Attorneys Eyes Only. Of course, designations can always be made at the time of the deposition. So, the only reason for having the waiting period at all is to allow counsel to make the designation later if counsel forgets to designate the transcript in the "heat of the battle" without losing the protections of the protective order. Five days is long enough to make that designation.

Defendants propose that all transcripts be treated as Attorneys Eyes Only until 15 days after the transcript is received by the designating party. Including the mailing time, Defendants' waiting period is about 10-15 days longer than Avocent's waiting period. Avocent submits that this is too long. Inevitably, there will be times when the parties are taking lots of depositions in a short period of time. Counsel may need to share the contents of



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

a transcript with their client to prepare for future depositions before the waiting period expires. Indeed, even where a deposition contains no proprietary information whatsoever, the parties cannot disclose that transcript to any unapproved person until the waiting period has expired. Avocent does not believe that there is a good reason for extending the waiting period any longer than is needed to correct counsel's oversight at the deposition. Avocent believes that five days after the transcript is available from the court reporter is ample time to make any such belated designation. Thus, Avocent asks the Court to adopt its proposed language in paragraph 4 of the proposed protective order.

## III. CONCLUSION

Avocent requests the Court to adopt its version of the proposed protective order.

DATED this 5th day of April, 2007.

s/Donald L. Jackson
John A. Knox, WSBA #12707
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel: (206) 628-6600
Fax: (206) 628-6611
Email: jknox@wkg.com

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd., Suite 700
Arlington, Virginia 22203
Tel: (703) 894-6400
Fax: (703) 894-6430
Email: jay.berquist@davidsonberquist.com
scott.davidson@davidsonberquist.com
dlj@dbjg.com

Attorneys for Plaintiff Avocent Redmond Corp.

Case 1:08-cv-00691-LMJ Document 13 Filed 04/05/2008 Page 12 of 16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 5, 2007, the foregoing "Avocent's Motion for Entry of a Protective Order" was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Rose Electronics, Peter Macourek, and Darioush "David" Rahvar:*

Molly A. Terwilliger
HELLER EHRMAN LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104

Michael S. Dowler
Thomas L. Casagrande
Brian L. Jackson
Jeffrey J. Phillips
HOWREY L.L.P.
1111 Louisiana, 25th Floor
Houston, TX 77002

*Counsel for Aten Technology, Inc. and Aten International Co., Ltd.:*

Thomas F. Ahearne
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299

Richard J. Codding
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3012

Yitai Hu
Ming-Tao Yang
AKIN GUMP STRAUSS HAUER & FELD LLP
3000 El Camino Real
Suite 400
Palo Alto, CA 94306-2112

*Counsel for Trippe Manufacturing Company:*

Jerry A. Riedinger
Ryan J. McBrayer
PERKINS COIE LLP
1201 Third Avenue, 48th Floor
Seattle, WA 98101-3099

Larry L. Saret
Dave DeBruin
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL 60601



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

*Counsel for Belkin Corporation:*

Michael A. Moore
CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 4th Ave Ste 3900
Seattle, WA 98154-1051

David P. Enzminger
Ryan K. Yagura
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

s/Donald L. Jackson
Donald L. Jackson



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

# Exhibit 1

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN INTERNATIONAL, INC. (formerly Belkin Corporation), a Delaware corporation,<br><br>Defendants. | NO. C06-1711-MJP<br><br>**PROPOSED**<br><br>PROTECTIVE ORDER |

THIS MATTER having come before the Court on Plaintiff Avocent Redmond Corp.'s ("Avocent's") motion for entry of a protective order, and the Court having determined that there is good cause under Federal Rule of Civil Procedure 26(c) for entry of a protective order to limit disclosure of confidential research, development, and commercial information as those terms are used in Federal Rule of Civil Procedure 26(c)(7), and information that the party is under a legal duty to maintain in confidence,



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

THEREFORE, IT IS HEREBY ORDERED that:

1. **Scope**. This Protective Order shall govern any information produced or disclosed in this action by any party or by any third party.

2. **Proprietary Information.** "Proprietary Information" means any information, document, electronically stored information, or thing that contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26(c)(7), and information that the party is under a legal duty to maintain in confidence, provided that such information, document, electronically stored information, or thing is designated as set forth herein. Any Proprietary Information may be designated as CONFIDENTIAL. Proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development materials relating to products not yet for sale or released to the public, source code, or other highly sensitive, trade secret technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

Any party to this action and any third party may designate as CONFIDENTIAL or ATTORNEYS EYES ONLY all or part of the following material: (a) answers to interrogatories or requests for admission; (b) deposition testimony; (c) documents produced by it or made available for inspection; and (d) any other materials or information produced or disclosed during the course of this litigation.

3. **Designation of Documentary Material.** Documentary material may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by stamping or otherwise marking each page with the appropriate confidentiality designation and with the identity of the



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

classifying party unless it is indicated as part of the production number (*e.g.*, "Plaintiff P00001") contained on the document. Except with respect to documents produced by any party prior to the execution by the parties of this Stipulated Protective Order, the identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the document is provided to the requesting party.

Unless otherwise designated or agreed by the parties, all documents made available for inspection prior to copying and production shall be presumed to have been marked ATTORNEYS EYES ONLY. No documents of the party or third party producing documents shall be removed from the site of the inspection or copied until such producing party or third party has had an opportunity to review and designate such documents in the manner previously explained.

With regard to non-written material, such as recordings, magnetic media, photographs and things, the designation of any information as CONFIDENTIAL or ATTORNEYS EYES ONLY for purposes of this Protective Order shall be made by affixing a CONFIDENTIAL or ATTORNEYS EYES ONLY designation to the material, or a container for the material, in any suitable manner at the time of copying (if any).

4. **Designation of Depositions.** Deposition or other oral testimony given in this case may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by any party or third party either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within five (5) days after the transcript of the deposition or proceeding is available from the court reporter. Unless otherwise ordered by the Court, pending the expiration of this five (5) day period, all parties and persons shall treat the testimony as if it has been designated ATTORNEYS EYES ONLY.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

Unless otherwise ordered by the Court, the designating party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the designating party's Proprietary Information pursuant to this Protective Order, excluded from a deposition or proceeding, or any portion thereof, before the taking therein of testimony that has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as either CONFIDENTIAL or ATTORNEYS EYES ONLY with the appropriate legend.

**5. Belated Designation.** Notwithstanding the obligations to timely designate Proprietary Information under the foregoing paragraphs 3 and 4, nothing contained herein shall preclude a party or a third party from later changing that designation and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation of such information prior to receipt of such notice. A party receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order and to avoid any further unauthorized disclosure. Any party that changes the designation of any materials under this Order shall timely provide the other parties to this action with new copies of the materials with the new designation(s).

**6. Non-use.** All Proprietary Information shall be used only for purposes of this litigation.

**7. Access to CONFIDENTIAL and ATTORNEYS EYES ONLY Materials.** Materials designated CONFIDENTIAL shall not be disclosed to any person except:

a. the Court and its officers and staff;



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

b. outside counsel of record in this action for each party (*i.e.*, counsel of record for a party who is not an employee of the party or its affiliates) and employees of such outside counsel;

c. outside experts who are not regularly employed by a party and who have been expressly retained to assist a party's counsel in the prosecution or defense of the litigation, and the secretarial, technical and clerical staff of such experts, provided that such experts have been approved pursuant to paragraph 8 hereof;

d. current or former employees of the disclosing party during the deposition of such employees or during examination of such employees at trial;

e. any party or non-party who authored, received, or reviewed the material prior to its production in the litigation;

f. two representatives of Avocent and two representatives of each of the defendants that are identified to opposing counsel, and necessary secretarial personnel of those individuals, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel;

g. court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

h. independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation;

i. trial consultants, jury consultants, and mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial; provided



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

that such persons have executed a confidentiality agreement in the form of Exhibit A and such agreement shall be kept by counsel for reference; and

j. other persons as ordered by the Court or agreed to in writing or on the record by the parties, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel.

Proprietary Information designated as ATTORNEYS EYES ONLY can be disclosed to those persons designated in ¶¶ 7(a)-7(e) and 7(g)-7(j).

This Protective Order has no effect upon and shall not apply to (1) any party's use of its own Proprietary Information for any purpose, or (2) any party's use of documents or other information developed or obtained independently of discovery in this action for any purpose.

Nothing herein shall bar or otherwise restrict an attorney, who is a qualified recipient under the terms of paragraph 7(b) of this Protective Order, from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Proprietary Information. In rendering such advice or in other communications with the client, the attorney shall not disclose any Proprietary Information of another party or third party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

**8. Approval of Experts.** A party seeking to disclose another party's Proprietary Information to an outside expert shall serve such other party with a copy of the Undertaking attached hereto as "Exhibit A" signed by the expert, along with the expert's current resume, identifying (by employer and position) all past and current employment relating to his or her field of expertise, including employment as a consultant. The party receiving such Undertaking and resume shall have ten (10) calendar days after such service within which to object to such



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

disclosure. Failure to object within this period shall be deemed approval. If the parties are unable to reach agreement within ten (10) days after service of an objection, the party objecting to disclosure to an expert shall raise its objection with the Court within fifteen (15) calendar days of such service of the objection. Failure to raise such objection with the Court within this period shall be deemed approval. Any party objecting to disclosure to an expert under this Protective Order shall bear the burden of proving that it will be harmed by such disclosure and that the protections of this Order are insufficient to reasonably protect such parties' proprietary interests.

9. **Filing Proprietary Information.** All papers, documents and transcripts containing or revealing the substance of Proprietary Information shall be filed under seal through the Court's CM/ECF system. Without prior written order of this Court, the Clerk of the Court shall not permit access to materials filed under seal to anyone other than counsel for the parties.

10. **Inadvertent Disclosure of Privileged or Immune Materials.** Federal Rule of Civil Procedure 26(b)(5)(B) governs the inadvertent or mistaken production of information that is subject to a claim of privilege or of protection as trial-preparation material. The inadvertent disclosure of information that is privileged or otherwise immune from discovery shall not, by itself, constitute a waiver of the privilege or immunity.

11. **Disclosure of Proprietary Information to Unauthorized Person(s).** If Proprietary Information is disclosed to any person other than those authorized to receive such information by this Order, the party responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every reasonable effort to prevent disclosure by each unauthorized person who received such information and to obtain the return of such information.

12. **Conclusion of the Litigation.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review)



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

finally disposing of all issues raised in this litigation, counsel for the parties and all other persons having possession, custody or control of another party's or third party's Proprietary Information shall: (a) destroy all Proprietary Information and any copies thereof, or (b) if requested by the producing party, return all Proprietary Information and any copies thereof to the producing party. Notwithstanding paragraph 12(b), a receiving party shall destroy all Proprietary Information of another party or third party containing or contained in any notes, summaries, digest, synopses or other documents created by or on behalf of the receiving party. Counsel for each party shall give a written certification to counsel for all other parties that all of the producing party's Proprietary Information has either been destroyed or returned pursuant to this paragraph. If requested, counsel shall also provide the opposing party with the originals of all Undertaking forms executed by experts pursuant to paragraph 8.

Notwithstanding the foregoing paragraph, outside counsel may retain (a) copies of the pleadings and other Court filings, (b) copies of the deposition, hearing, and trial transcripts and any related exhibits, and (c) one file copy of all materials produced in this litigation that are specifically referred to in an expert report, a motion, pleading or other paper filed with the Court.

**13. Contested Designations.** The parties shall use reasonable care to avoid designating as CONFIDENTIAL or ATTORNEYS EYES ONLY any documents or information that has been published or otherwise entered the public domain. A party shall not be obligated to challenge the propriety of any other party's designation of materials or information as Proprietary Information at the time such designation is made, and failure promptly to challenge the designation shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation of any information as CONFIDENTIAL or ATTORNEYS EYES ONLY, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

may seek appropriate relief from this Court. The party asserting that the material is entitled to confidential treatment shall have the burden of proof. All Proprietary Information shall remain under the protection of this Order until otherwise ordered by the Court.

**14. Trial Procedures.** A party may request that the Court implement appropriate procedures to protect Proprietary Information that may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

**15. Modification.** Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

**16. Effect.** This Protective Order shall continue in effect until further order of this Court.

DATED this _______ day of April, 2007.

____________________________________

Marsha J. Pechman
UNITED STATES DISTRICT JUDGE



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

**EXHIBIT A**

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN INTERNATIONAL, INC. (formerly Belkin Corporation), a Delaware corporation,<br><br>Defendants. | NO. C06-1711-MJP<br><br>UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER |

I, ______________________________________, hereby declare as follows:

1. My address is ________________________________________________. My current employer is ______________________________________. My current occupation is ____________________________________________.



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2. I have received a copy of the Protective Order entered in the above-captioned action (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Proprietary Information that is disclosed to me.

4. Promptly upon termination of this action, I will return all Proprietary Information that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that this Undertaking and the Protective Order are enforceable after the termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________

____________________________________
(Signature)

____________________________________
(Printed Name)



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

# Exhibit 2

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN INTERNATIONAL, INC. (formerly Belkin Corporation), a Delaware corporation,<br><br>Defendants. | NO. C06-1711-MJP<br><br>[PROPOSED] PROTECTIVE ORDER |

THIS MATTER having come before the Court on Plaintiff Avocent Redmond Corp.'s ("Avocent's") motion for entry of a protective order, and the Court having determined that there is good cause under Federal Rule of Civil Procedure 26(c) for entry of a protective order to limit disclosure of confidential research, development, and commercial information as those terms are used in Federal Rule of Civil Procedure 26(c)(7), and information that the party is under a legal duty to maintain in confidence,



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

THEREFORE, IT IS HEREBY ORDERED that:

1. **Scope.** This Protective Order shall govern any information produced or disclosed in this action by any party or by any third party.

2. **Proprietary Information.** "Proprietary Information" means any information, document, electronically stored information, or thing that contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26(c)(7), and information that the party is under a legal duty to maintain in confidence, provided that such information, document, electronically stored information, or thing is designated as set forth herein. Any Proprietary Information may be designated as CONFIDENTIAL. Proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, ~~sales and cost information, trends, projections, marketing strategies and associated information,~~ and highly sensitive technical information, including but not limited to, product design and development materials relating to products not yet for sale or released to the public, ~~schematics, gerber files, layouts,~~ source code, ~~CAD drawings, specifications,~~ or other highly sensitive, trade secret technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

Any party to this action and any third party may designate as CONFIDENTIAL or ATTORNEYS EYES ONLY all or part of the following material: (a) answers to interrogatories or requests for admission; (b) deposition testimony; (c) documents produced by it or made available for inspection; and (d) any other materials or information produced or disclosed during the course of this litigation.

3. **Designation of Documentary Material.** Documentary material may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by stamping or otherwise marking each page with the appropriate confidentiality designation and with the identity of the



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

classifying party unless it is indicated as part of the production number (*e.g.*, "Plaintiff P00001") contained on the document. Except with respect to documents produced by any party prior to the execution by the parties of this Stipulated Protective Order, the identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the document is provided to the requesting party.

Unless otherwise designated or agreed by the parties, all documents made available for inspection prior to copying and production shall be presumed to have been marked ATTORNEYS EYES ONLY. No documents of the party or third party producing documents shall be removed from the site of the inspection or copied until such producing party or third party has had an opportunity to review and designate such documents in the manner previously explained.

With regard to non-written material, such as recordings, magnetic media, photographs and things, the designation of any information as CONFIDENTIAL or ATTORNEYS EYES ONLY for purposes of this Protective Order shall be made by affixing a CONFIDENTIAL or ATTORNEYS EYES ONLY designation to the material, or a container for the material, in any suitable manner at the time of copying (if any).

**4. Designation of Depositions.** Deposition or other oral testimony given in this case may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by any party or third party either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within ~~fifteen~~five (~~1~~5) days after the transcript of the deposition or proceeding is available from the court reporter~~received by the party making the designation~~. Unless otherwise ordered by the Court, pending the expiration of this five~~fifteen~~ (~~1~~5) day period, all parties and persons shall treat the testimony as if it has been designated ATTORNEYS EYES ONLY. Unless otherwise ordered



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

by the Court, the designating party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the designating party's Proprietary Information pursuant to this Protective Order, excluded from a deposition or proceeding, or any portion thereof, before the taking therein of testimony that has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as either CONFIDENTIAL or ATTORNEYS EYES ONLY with the appropriate legend.

5. **Belated Designation.** Notwithstanding the obligations to timely designate Proprietary Information under the foregoing paragraphs 3 and 4, nothing contained herein shall preclude a party or a third party from later changing that designation and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation of such information prior to receipt of such notice. A party receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order and to avoid any further unauthorized disclosure. Any party that changes the designation of any materials under this Order shall timely provide the other parties to this action with new copies of the materials with the new designation(s).

6. **Non-use.** All Proprietary Information shall be used only for purposes of this litigation.

7. **Access to CONFIDENTIAL and ATTORNEYS EYES ONLY Materials.** Materials designated CONFIDENTIAL shall not be disclosed to any person except:

a. the Court and its officers and staff;



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

b. outside counsel of record in this action for each party (*i.e.*, counsel of record for a party who is not an employee of the party or its affiliates) and employees of such outside counsel;

c. outside experts who are not regularly employed by a party and who have been expressly retained to assist a party's counsel in the prosecution or defense of the litigation, and the secretarial, technical and clerical staff of such experts, provided that such experts have been approved pursuant to paragraph 8 hereof;

d. current or former employees of the disclosing party during the deposition of such employees or during examination of such employees at trial;

e. any party or non-party who authored, received, or reviewed the material prior to its production in the litigation;

f. two representatives of Avocent and two representatives of each of the defendants that are identified to opposing counsel, and necessary secretarial personnel of those individuals, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel;

g. court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

h. independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation;

i. trial consultants, jury consultants, and mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial; provided that such persons have executed a confidentiality agreement in the form of Exhibit A and such agreement shall be kept by counsel for reference; and



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

j. other persons as ordered by the Court or agreed to in writing or on the record by the parties, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel.

Proprietary Information designated as ATTORNEYS EYES ONLY can be disclosed to those persons designated in ¶¶ 7(a)-7(e) and 7(g)-7(j) provided, however, that any person who receives access to such information shall have no involvement whatsoever, from and after the date of first disclosure of any such information to such person, in the prosecution of any patent application that involves KVM switch technology for a period of two years after the conclusion of this litigation (including the exhaustion of all subsequent appeals). Patent prosecution shall include drafting, reviewing, editing, or supervising the drafting or preparation of patent applications, claims, specifications, amendments, responses to office actions and any other materials submitted to the United States Patent & Trademark Office or any other patent authority elsewhere in the world, as well as identifying or evaluating potential inventions, participating in the decision to file patent applications or consulting on any of the foregoing matters with others performing any of these activities.

This Protective Order has no effect upon and shall not apply to (1) any party's use of its own Proprietary Information for any purpose, or (2) any party's use of documents or other information developed or obtained independently of discovery in this action for any purpose.

Nothing herein shall bar or otherwise restrict an attorney, who is a qualified recipient under the terms of paragraph 7(b) of this Protective Order, from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Proprietary Information. In rendering such advice or in other communications with the client, the attorney shall not disclose any Proprietary Information of another party or



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

third party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

**8. Approval of Experts.** A party seeking to disclose another party's Proprietary Information to an outside expert shall serve such other party with a copy of the Undertaking attached hereto as "Exhibit A" signed by the expert, along with the expert's current resume, identifying (by employer and position) all past and current employment relating to his or her field of expertise, including employment as a consultant. The party receiving such Undertaking and resume shall have ten (10) calendar days after such service within which to object to such disclosure. Failure to object within this period shall be deemed approval. If the parties are unable to reach agreement within ten (10) days after service of an objection, the party objecting to disclosure to an expert shall raise its objection with the Court within fifteen (15) calendar days of such service of the objection. Failure to raise such objection with the Court within this period shall be deemed approval. Any party objecting to disclosure to an expert under this Protective Order shall bear the burden of proving that it will be harmed by such disclosure and that the protections of this Order are insufficient to reasonably protect such parties' proprietary interests.

**9. Filing Proprietary Information.** All papers, documents and transcripts containing or revealing the substance of Proprietary Information shall be filed under seal through the Court's CM/ECF system. Without prior written order of this Court, the Clerk of the Court shall not permit access to materials filed under seal to anyone other than counsel for the parties.

**10. Inadvertent Disclosure of Privileged or Immune Materials.** Federal Rule of Civil Procedure 26(b)(5)(B) governs the inadvertent or mistaken production of information that is subject to a claim of privilege or of protection as trial-preparation material. T~~In any event,~~ the inadvertent disclosure of information that is privileged or otherwise immune from discovery shall not, by itself, constitute a waiver of the privilege or immunity.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

**11. Disclosure of Proprietary Information to Unauthorized Person(s).** If Proprietary Information is disclosed to any person other than those authorized to receive such information by this Order, the party responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every reasonable effort to prevent disclosure by each unauthorized person who received such information and to obtain the return of such information.

**12. Conclusion of the Litigation.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, counsel for the parties and all other persons having possession, custody or control of another party's or third party's Proprietary Information shall: (a) destroy all Proprietary Information and any copies thereof, or (b) if requested by the producing party, return all Proprietary Information and any copies thereof to the producing party. Notwithstanding paragraph 12(b), a receiving party shall destroy all Proprietary Information of another party or third party containing or contained in any notes, summaries, digest, synopses or other documents created by or on behalf of the receiving party. Counsel for each party shall give a written certification to counsel for all other parties that all of the producing party's Proprietary Information has either been destroyed or returned pursuant to this paragraph. If requested, counsel shall also provide the opposing party with the originals of all Undertaking forms executed by experts pursuant to paragraph 8.

Notwithstanding the foregoing paragraph, outside counsel may retain (a) copies of the pleadings and other Court filings, (b) copies of the deposition, hearing, and trial transcripts and any related exhibits, and (c) one file copy of all materials produced in this litigation that are specifically referred to in an expert report, a motion, pleading or other paper filed with the Court.

**13. Contested Designations.** The parties shall use reasonable care to avoid designating as CONFIDENTIAL or ATTORNEYS EYES ONLY any documents or information



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

that has been published or otherwise entered the public domain. A party shall not be obligated to challenge the propriety of any other party's designation of materials or information as Proprietary Information at the time such designation is made, and failure promptly to challenge the designation shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation of any information as CONFIDENTIAL or ATTORNEYS EYES ONLY, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The party asserting that the material is entitled to confidential treatment shall have the burden of proof. All Proprietary Information shall remain under the protection of this Order until otherwise ordered by the Court.

**14. Trial Procedures.** A party may request that the Court implement appropriate procedures to protect Proprietary Information that may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

**15. Modification.** Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

**16. Effect.** This Protective Order shall continue in effect until further order of this Court.

DATED this _______ day of April, 2007.

Marsha J. Pechman
UNITED STATES DISTRICT JUDGE



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

**EXHIBIT A**

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN INTERNATIONAL, INC. (formerly Belkin Corporation), a Delaware corporation,<br><br>Defendants. | NO. C06-1711-MJP<br><br>UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER |

I, ________________________________, hereby declare as follows:

1. My address is ________________________________________. My current employer is ________________________________. My current occupation is ________________________________.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2. I have received a copy of the Protective Order entered in the above-captioned action (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Proprietary Information that is disclosed to me.

4. Promptly upon termination of this action, I will return all Proprietary Information that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that this Undertaking and the Protective Order are enforceable after the termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________ ________________________________________

(Signature)

________________________________________

(Printed Name)



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

# Exhibit 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP.,<br>Plaintiffs,<br>v.<br>ROSE ELECTRONICS, INC., et al.,<br>Defendants. | No. CV06-1711MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART AVOCENT'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANTS' CROSS-MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on the parties cross-motions regarding entry of a protective order. This is a patent case involving Keyboard-Video-Mouse (KVM) switch technology. The parties have reached agreement on the majority of a protective order, but disagree regarding three provisions in the order. Plaintiff Avocent Redmond Corp. has moved for entry of its version of the protective order. (Dkt. No. 57.) Defendants oppose Plaintiff's motion and collectively filed a cross-motion requesting that the Court adopt Defendants' version of the protective order. (Dkt. No. 70.) Having considered Avocent's motion, Defendants' opposition and cross-motion, Avocent's reply (Dkt. No. 75), Defendants' reply (Dkt. No. 81), and Avocent's surreply (Dkt. No. 82), the Court GRANTS IN PART and DENIES IN PART Avocent's motion for protective order and DENIES Defendants' cross-motion for protective order.

**Discussion**

Under Fed. R. Civ. P. 26(c), the Court, upon a motion and a showing that the parties have conferred in good faith, may issue a protective order. In this case, the parties have conferred and agree on a majority of the proposed protective order. But three areas of disagreement remain: (a) the definition of information that may be designated as "Attorneys Eyes Only"; (b) the amount of time

after a deposition that a party has to designate the testimony as confidential or Attorneys Eyes Only; and (c) whether outside counsel that receives Attorneys Eyes Only information should be precluded from any involvement in patent prosecution regarding KVM switch technology before any patent office worldwide for a period ending two years after the conclusion of this case and all subsequent appeals (Defendants' proposal).

### A. Definition of "Attorneys Eyes Only" Information

Both protective orders proposed by the parties provide that proprietary information can be designated under one of two confidentiality levels: the lower tier of "Confidential" or the higher tier of "Attorneys Eyes Only." In their initial motions, the parties dispute what information is properly designated as Attorneys Eyes Only. Avocent's proposed definition includes the plain text in the following, with Defendants' proposed additions and deletions to Avocent's proposal indicated in bold text:

> Proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, **sales and cost information**, sales prices to specific customers, profit margins, **trends, projections, current and** prospective marketing strategies, **or other highly sensitive financial information not yet publicly disclosed**, and highly sensitive technical information, including but not limited to, product design and development materials **~~relating to products not yet for sale or released to the public~~, schematics, gerber files, layouts**, source code, **CAD drawings, specifications**, or other highly sensitive**, ~~trade secret~~** technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

The parties appear to have resolved this issue through their briefing. Both parties prefer a "document-by-document" determination of confidentiality. In their reply, Defendants agree with Avocent's approach as explained in the briefing. Because the parties appear to be in agreement, but because Avocent has not had an opportunity to respond to Defendants' reply, the Court adopts Avocent's proposed definition of "Attorneys Eyes Only" information, which states as follows:

> Proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development materials relating to products not yet for sale or released to the public, source code, or other highly sensitive, trade secret technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

**B. Amount of Time Necessary For Designating Deposition Transcripts**

The parties cannot agree on the amount of time a party or non-party has to designate a deposition transcript as either Confidential or Attorneys Eyes Only. Avocent proposes that the parties have five days from the day the transcript becomes available to designate the transcript (i.e., when the court reporter sends the transcript to the parties). Defendants agree to a five day waiting period, but argue that it should be triggered when the court reporter notifies the parties that the transcript is available. The Court orders the following resolution: a party or third party may make its designation within five days of receipt, either by mail or email, of the deposition transcript.

**C. Prohibition on Outside Counsel Who Receive Attorneys Eyes Only Information From Involvement in Patent Prosecution for Two Years**

Defendants propose an additional provision in the protective order that would bar any person who receives access to Attorneys Eyes Only information from any involvement in prosecuting any patent involving KVM switch technology for two years after the conclusion of this litigation, including all appeals. (See Plf.'s Mot., Ex. 2.) Defendants argue that this prohibition is necessary to prevent Avocent's counsel allowed access to Defendants' highly-sensitive KVM switch design information from inadvertently using that information while prosecuting new KVM patents for Avocent. Avocent opposes the access prohibition.

Fed. R. Civ. P. 26(c) authorizes the court to protect a party from "undue burden or expense" in discovery by directing that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." The party seeking the protective order carries the burden of showing good cause for its issuance. See Fed. R. Civ. P. 26(c); Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994).

The scope of protective orders seeking to limit access to attorneys to confidential information is governed by the principles set down by the Federal Circuit in U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984) (holding that court erred when it prohibited access to confidential information based on attorney's status as "in-house" counsel and requiring case-by-case and attorney-by attorney determination). As explained by the Federal Circuit, the policy underlying a restriction on

counsel's access to confidential materials is the concern that counsel might inadvertently disclose the confidential material learned during the course of litigation. See id. at 1468. The competing interests to be evaluated in determining the outcome of such a dispute are one party's right to broad discovery and the other party's ability to protect its confidential materials from misuse by competitors. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992). The inquiry focuses on whether counsel can be a deemed a "competitive decision-maker," which the Federal Circuit says is shorthand for "a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." U.S. Steel, 730 F.2d at 1468 n.3. Whether counsel is "in-house" or "retained" is not dispositive on the issue: "denial or grant of access . . . cannot rest on a general assumption that one group of lawyers is more likely or less likely inadvertently to breach their duty under a protective order." See id. at1468. In addition to determining whether an attorney is a competitive decision-maker, courts must also consider whether denying that attorney access to confidential material would work a substantial hardship on that attorney's client. Id.

In Brown Bag, the Ninth Circuit upheld the magistrate judge's decision to issue a protective order that denied access to plaintiff's in-house counsel to defendant's trade secret information. The court noted that the magistrate judge had held a comprehensive evidentiary hearing at which defendant's counsel described the extreme sensitivity of the trade secrets at issue and the potential damage to defendant should the trade secrets inadvertently become subject to misuse by its competitor, plaintiff Brown Bag. Brown Bag, 960 F.2d at 1470-71. Brown Bag's in-house counsel admitted that he was responsible for advising his employer on a gamut of legal issues, including contracts, marketing, and employment. Id. at 1471. Thus, Brown Bag's in-house counsel was involved in the kind of "competitive decisionmaking" that warrants a limitation on disclosure under the U.S. Steel analysis.

A number of district courts have applied the U.S. Steel / Brown Bag analysis in the context of patent cases. Two courts in this district have denied protective orders that would have prohibited revealing confidential and proprietary information to plaintiffs' in-house counsel. In both those cases, the courts based their decision on their factual determination that in-house counsel was not involved in competitive decisionmaking. See Amgen, Inc. v. Elanex Pharmaceuticals, Inc., 160 F.R.D. 134, 139 (W.D. Wash. 1994); Fluke Corp. v. Fine Instruments Corp., Case No. C94-573C, 1994 U.S. Dist. LEXIS 16286, at *14-16 (W.D. Wash. October 6, 1994). However, neither of these courts addressed the precise question of whether counsel who prosecutes patents on behalf of a client is a "competitive decisionmaker."

That question has been answered affirmatively by a number of courts. In Motorola, Inc. V. Interdigital Technology Corp., the District of Delaware issued a protective order that prohibited defendant's attorneys who received confidential information from plaintiff from prosecuting any patent application for defendant relating to the subject matter of the patents in suit during the pendency of the litigation and for one year after, including appeals. Case No. 93-488LON, 1994 U.S. Dist. LEXIS 20714, at *17-18 (D. Del. Dec. 19, 1994). The court noted that the risk of inadvertent disclosure was high and that imposition of the protective order would pose little hardship to defendants, because the affected law firm had not been prosecuting these patents for a long period of time. Id. at 14-16.

Likewise, in Mikohn Gaming Corp. v. Acres Gaming, Inc., CV-S-97-1383-HDM(LRL), 1998 U.S. Dist. LEXIS 22251 (D. Nev. April 23, 1998), the District of Nevada issued a protective order denying access to confidential information to one of plaintiff's law firms where that firm acted as plaintiff's patent prosecutor and patent litigator. Relying on U.S. Steel, Brown Bag, and Motorola, the court concluded that it would be impossible for counsel to compartmentalize the confidential information received: "The legal and factual components of [counsel's] advice regarding complex technology are so intertwined as to be inseparable . . . it is unrealistic to expect that his knowledge of [defendant's] secret technology would not or could not influence the nature of his advice to

[plaintiff].” Mikohn, 1998 U.S. Dist. LEXIS 22251, at * 12. After conducting factual inquiries, other courts have issued similar protective orders either denying access to confidential information to patent prosecutors or prohibiting those with access to that information from prosecuting patents related to the underlying suit for one to two years. See In re Papst Licensing, MDL No. 1298, 2000 U.S. Dist. LEXIS 6374 (E.D. La. May 4, 2000) (one year ban on prosecuting patents related to patent at issue in case); Interactive Coupon Mktg. Group, Inc. v. H.O.T! Coupons, LLC, No. 98-C-7408, 1999 U.S. Dist. LEXIS 12437 (N.D. Ill. August 9, 1999) (refusing to adopt per se rule regarding patent prosecutors, but inquiring “whether the firm’s involvement in developing a patent prosecution strategy will be informed by such information to the competitor’s detriment”).

In contrast, a number of district courts have rejected the Motorola approach and denied protective orders that would exclude outside patent counsel from accessing information. Courts have criticized Motorola for equating patent prosecution activities with competitive decisionmaking. See Sibia Neruosciences, Inc. v. Cadus Pharm. Corp., Case No. 96-1231-IEG, 1997 U.S. Dist. LEXIS 24130, at *19, 26 (S.D. Cal. July 15, 1997); see also AFP Advanced Food Prods. LLC v. Snyder’s of Hanover Mfg., Inc., No. 05-3006, 2006 U.S. Dist. LEXIS 426, *7 (E.D. Penn. 2006) (refusing to include provision in protective order because “[b]arring [plaintiff’s] attorneys from prosecuting similar patents for two years following this suit, without some tangible reason or good cause other than the general threat of inadvertent misuse of discovered materials, is the exact type of overly broad and generalized fear rejected in . . . U.S. Steel”); Pergo, Inc. v. Faus Group, Inc., No. 5:05-cv-50-FL(1), 2005 U.S. Dist. LEXIS 40601, *19-20 (E.D. N.C. Sept. 20, 2005) (where defendants presented no evidence in support of their assertion that attorney was key influence and involved in plaintiff’s decision making process, court refused to prohibit him from accessing information solely on basis that he has prosecuted patents for plaintiff).

U.S. Steel and Brown Bag require a case-by-case analysis of whether an attorney should be excluded from access to certain information. “[T]he factual circumstances surrounding each individual counsel’s activities, association, and relationship with a party, whether counsel be in-house

or retained, must govern any concern for inadvertent or accidental disclosure." U.S. Steel, 730 F.2d at 1468. Avocent is represented in this litigation by four attorneys from two different law firms. Attorneys James Berquist, J. Scott Davidson, and Donald Jackson, from the Virginia law firm of Davidson, Berquist, Jackson & Gowdey, have appeared on Avocent's behalf. Local counsel is John Knox from the law firm of Williams, Kastner, & Gibbs. The Davidson Berquist firm represented Avocent in the prosecution of its most recently issued asserted patent. (Moore Decl. ¶ 3, Ex. 2.) Defendants identify attorney Michael Casey as a patent prosecutor at Davidson Berquist who has represented Avocent in the prosecution of its most recently issued asserted patent. Mr. Casey has not appeared in this action. Avocent states in its briefing that the protective order would affect Mr. Davidson, who is a long-time patent prosecutor for Avocent and trial counsel in this action. (See Davidson Decl. ¶ 3.) He has submitted a declaration in which he states that he has handled, and continues to handle, dozens of patent applications directed to the field of KVM switches for Avocent. (Id.) He has also represented Avocent in three patent cases involving KVM switches. (Id.)

Defendants argue that patent prosecution activities are "competitive decisionmaking" activities because the "objective of such activities is the issuance of patents designed to enjoin Defendants' products from the marketplace." (Defs.' Reply at 4.) Defendants are particularly concerned that Avocent's attorneys will use knowledge of Defendants' technology when they prosecute a continuation patent. Claims on a continuation patent are retroactively dated to the date of the original patent. Avocent disputes the validity of this concern and points out that it is limited in its continuation applications to claimed subject matter disclosed in the original patent.[1] See 35 U.S.C. § 120.

---

[1] Avocent also moves to strike two arguments made by Defendants in their reply. These arguments relate to patent prosecutors' duty of candor in front of the Patent Office and whether Avocent could draft its patent claims to cover Defendants' products in the absence of detailed confidential information about those products. Because these arguments do not affect the Court's analysis on the question of whether the protective order should issue, the motion to strike is moot.

Avocent raises several other arguments against the proposed prohibition. Avocent argues that Defendants have not shown good cause for the access prohibition. Indeed, Defendants only make the vague argument that "potentially devastating consequences to Defendants' businesses" would result without exclusion of patent prosecution counsel. Avocent also argues that exclusion of Avocent's patent prosecution counsel would work a substantial hardship on Avocent. It appears that lawyers at the Davidson Berquist firm have represented Avocent Corp. in both patent prosecution and litigation matters since the formation of Avocent in mid-2000. (Plf.'s Mot. at 8). As Avocent explains, "Avocent and its parent have invested significant amounts of time and money educating its patent counsel on the technology involved in the present case, the legal issues likely to be litigated here, the industry's use of the same or similar technology, and the evolution of the market for the patented KVM switches." (Id.) Mr. Davidson, who has appeared on behalf of Avocent here, has litigated on behalf of Avocent in related cases involving the same patent family and has prosecuted one of the patents at issue here. As he explains, he is intimately familiar with the issues to be presented in this litigation.

Based on the relevant case law, and the evidence offered here, the Court rejects Defendants' proposed provision in the protective order. Defendants have not met their burden of showing good cause for entry of this provision. Defendants have not offered any evidence that suggests that Mr. Casey, Mr. Davidson, or any other of Avocent's patent prosecutors advise Avocent in its "competitive decisionmaking." Even though a number of courts have stated that the work of a patent prosecutor inherently involves advising the client in it competitive decisionmaking, those courts are not binding here, and U.S. Steel counsels that status as a patent litigator alone is not enough to show advice and participation in competitive decisionmaking. In addition, it appears that the exclusion would work a substantial hardship on Avocent because its litigator in this case is familiar with litigating these patents and has previously prosecuted KVM switch patents for Avocent. (Davidson Decl. ¶ 3.) The Court is unwilling to preclude lawyers from litigating here or in front of the patent office on a vague and generalized threat of future inadvertent misuse of discovered materials. The

Court therefore denies Defendants' request that the Court enter a provision in the protective order precluding counsel that receives Attorneys Eyes Only information from any involvement in patent prosecution involving KVM switch technology.

**Conclusion**

The parties have reached agreement on the majority of a protective order, but disagree regarding three provisions. The Court GRANTS IN PART and DENIES IN PART Avocent's proposed protective order and DENIES Defendants' proposed protective order. The Court adopts Avocent's proposed definition of "Attorneys Eyes Only." The Court orders that a party or third party may make its designation within five days of receipt, either by mail or email, of the deposition transcript. And the Court rejects Defendants' proposal that the Court enter a provision in the protective order precluding counsel that receives Attorneys Eyes Only information from any involvement in patent prosecution involving KVM switch technology for two years after the conclusion of this case and all subsequent appeals. The parties shall file a revised proposed protective order that is consistent with this order no later than June 4, 2007, for the Court's signature.

The clerk is directed to send a copy of this order to all counsel of record.

Dated this 24th day of May, 2007.

Marsha J. Pechman
United States District Judge

# Exhibit 3

## Don Jackson

**From:** Don Jackson
**Sent:** Wednesday, May 07, 2008 9:43 AM
**To:** Robert G. Hilton (robert.hilton@usdoj.gov)
**Cc:** Jay Berquist
**Subject:** Avocent v. US -- proposed protective order

Avocent's Proposed Protective ... Protective rder.2007-06-05.pd.

Bob,

This is the proposed protective order. I've also included a copy of the protective order in the Seattle case, for comparison purposes.

Don

Donald L. Jackson
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Blvd., 7th Floor
Arlington, Virginia 22203
703.894.6400 general
703.894.6403 direct
703.894.6430 fax

---

CONFIDENTIALITY NOTICE: This e-mail transmission contains information which may be confidential and/or legally privileged. This information is only intended for the use of individual or entity named above. If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Any unauthorized review, use, disclosure or distribution is prohibited.

**EXHIBIT A**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

**JOINT PROPOSED PROTECTIVE ORDER**

THIS MATTER having come before the Court on the parties' Joint Motion for Entry of a Protective Order, and the Court having determined that there is good cause under Rule of the United States Court of Federal Claims 26(c) for entry of a protective order to limit disclosure of confidential research, development, and commercial information as those terms are used in RCFC 26(c)(7), and information that the party is under a legal duty to maintain in confidence, THEREFORE, IT IS HEREBY ORDERED that:

1. **Scope**. This Protective Order shall govern any information produced or disclosed in this action by any party or by any third party.

2. **Proprietary Information.** "Proprietary Information" means any information, document, electronically stored information, or thing that contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Rule of the United States Court of Federal Claims 26(c)(7), and information that the party is under a legal duty to maintain in confidence, provided that such information, document, electronically stored information, or thing is designated as set forth herein. Any Proprietary Information may be designated as CONFIDENTIAL. Proprietary Information relating to highly sensitive

financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development materials relating to products not yet for sale or released to the public, source code, or other highly sensitive, trade secret technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

Any party to this action and any third party may designate as CONFIDENTIAL or ATTORNEYS EYES ONLY all or part of the following material: (a) answers to interrogatories or requests for admission; (b) deposition testimony; (c) documents produced by it or made available for inspection; and (d) any other materials or information produced or disclosed during the course of this litigation.

**3. Designation of Documentary Material.** Documentary material may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by stamping or otherwise marking each page with the appropriate confidentiality designation and with the identity of the classifying party unless it is indicated as part of the production number (*e.g.*, "Plaintiff P00001") contained on the document. Except with respect to documents produced by any party prior to the execution by the parties of this Stipulated Protective Order, the identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the document is provided to the requesting party.

Unless otherwise designated or agreed by the parties, all documents made available for inspection prior to copying and production shall be presumed to have been marked ATTORNEYS EYES ONLY. No documents of the party or third party producing documents

shall be removed from the site of the inspection or copied until such producing party or third party has had an opportunity to review and designate such documents in the manner previously explained.

With regard to non-written material, such as recordings, magnetic media, photographs and things, the designation of any information as CONFIDENTIAL or ATTORNEYS EYES ONLY for purposes of this Protective Order shall be made by affixing a CONFIDENTIAL or ATTORNEYS EYES ONLY designation to the material, or a container for the material, in any suitable manner at the time of copying (if any).

**4. Designation of Depositions.** Deposition or other oral testimony given in this case may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by any party or third party either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within five (5) days of receipt, either by mail or email, of the deposition transcript. Unless otherwise ordered by the Court, pending the expiration of this five (5) day period, all parties and persons shall treat the testimony as if it has been designated ATTORNEYS EYES ONLY. Unless otherwise ordered by the Court, the designating party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the designating party's Proprietary Information pursuant to this Protective Order, excluded from a deposition or proceeding, or any portion thereof, before the taking therein of testimony that has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as either CONFIDENTIAL or ATTORNEYS EYES ONLY with the appropriate legend.

5. **Belated Designation.** Notwithstanding the obligations to timely designate Proprietary Information under the foregoing paragraphs 3 and 4, nothing contained herein shall preclude a party or a third party from later changing that designation and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation of such information prior to receipt of such notice. A party receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order and to avoid any further unauthorized disclosure. Any party that changes the designation of any materials under this Order shall timely provide the other parties to this action with new copies of the materials with the new designation(s).

6. **Non-use.** All Proprietary Information shall be used only for purposes of this litigation.

7. **Access to CONFIDENTIAL and ATTORNEYS EYES ONLY Materials.** Materials designated CONFIDENTIAL shall not be disclosed to any person except:

a. the Court and its officers and staff;

b. outside counsel of record in this action for each party (*i.e.*, counsel of record for a party who is not an employee of the party or its affiliates) and employees of such outside counsel;

c. outside experts who are not regularly employed by a party and who have been expressly retained to assist a party's counsel in the prosecution or defense of the litigation, and the secretarial, technical and clerical staff of such experts, provided that such experts have been approved pursuant to paragraph 8 hereof;

d. current or former employees of the disclosing party during the deposition of such employees or during examination of such employees at trial;

e. any party or non-party who authored, received, or reviewed the material prior to its production in the litigation;

f. two representatives of Avocent and two representatives of each of the defendants that are identified to opposing counsel, and necessary secretarial personnel of those individuals, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel;

g. court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

h. independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation;

i. trial consultants, jury consultants, and mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial; provided that such persons have executed a confidentiality agreement in the form of Exhibit A and such agreement shall be kept by counsel for reference; and

j. other persons as ordered by the Court or agreed to in writing or on the record by the parties, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel.

Proprietary Information designated as ATTORNEYS EYES ONLY can be disclosed to those persons designated in ¶¶ 7(a)-7(e) and 7(g)-7(j).

This Protective Order has no effect upon and shall not apply to (1) any party's use of its own Proprietary Information for any purpose, or (2) any party's use of documents or other information developed or obtained independently of discovery in this action for any purpose.

Nothing herein shall bar or otherwise restrict an attorney, who is a qualified recipient under the terms of paragraph 7(b) of this Protective Order, from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Proprietary Information. In rendering such advice or in other communications with the client, the attorney shall not disclose any Proprietary Information of another party or third party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

**8.** **Approval of Experts.** A party seeking to disclose another party's Proprietary Information to an outside expert shall serve such other party with a copy of the Undertaking attached hereto as "Exhibit A" signed by the expert, along with the expert's current resume, identifying (by employer and position) all past and current employment relating to his or her field of expertise, including employment as a consultant. The party receiving such Undertaking and resume shall have ten (10) calendar days after such service within which to object to such disclosure. Failure to object within this period shall be deemed approval. If the parties are unable to reach agreement within ten (10) days after service of an objection, the party objecting to disclosure to an expert shall raise its objection with the Court within fifteen (15) calendar days of such service of the objection. Failure to raise such objection with the Court within this period shall be deemed approval. Any party objecting to disclosure to an expert under this Protective

Order shall bear the burden of proving that it will be harmed by such disclosure and that the protections of this Order are insufficient to reasonably protect such parties' proprietary interests.

**9. Filing Proprietary Information.** All papers, documents and transcripts containing or revealing the substance of Proprietary Information shall be filed under seal through the Court's CM/ECF system. Without prior written order of this Court, the Clerk of the Court shall not permit access to materials filed under seal to anyone other than counsel for the parties.

**10. Inadvertent Disclosure of Privileged or Immune Materials.** RCFC 26(b)(5)(B) governs the inadvertent or mistaken production of information that is subject to a claim of privilege or of protection as trial-preparation material. The inadvertent disclosure of information that is privileged or otherwise immune from discovery shall not, by itself, constitute a waiver of the privilege or immunity.

**11. Disclosure of Proprietary Information to Unauthorized Person(s).** If Proprietary Information is disclosed to any person other than those authorized to receive such information by this Order, the party responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every reasonable effort to prevent disclosure by each unauthorized person who received such information and to obtain the return of such information.

**12. Conclusion of the Litigation.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, counsel for the parties and all other persons having possession, custody or control of another party's or third party's Proprietary Information shall: (a) destroy all Proprietary Information and any copies thereof, or (b) if requested by the producing party, return all Proprietary Information and any copies thereof to the producing party.

Notwithstanding paragraph 12(b), a receiving party shall destroy all Proprietary Information of another party or third party containing or contained in any notes, summaries, digest, synopses or other documents created by or on behalf of the receiving party. Counsel for each party shall give a written certification to counsel for all other parties that all of the producing party's Proprietary Information has either been destroyed or returned pursuant to this paragraph. If requested, counsel shall also provide the opposing party with the originals of all Undertaking forms executed by experts pursuant to paragraph 8.

Notwithstanding the foregoing paragraph, outside counsel may retain (a) copies of the pleadings and other Court filings, (b) copies of the deposition, hearing, and trial transcripts and any related exhibits, and (c) one file copy of all materials produced in this litigation that are specifically referred to in an expert report, a motion, pleading or other paper filed with the Court.

**13. Contested Designations.** The parties shall use reasonable care to avoid designating as CONFIDENTIAL or ATTORNEYS EYES ONLY any documents or information that has been published or otherwise entered the public domain. A party shall not be obligated to challenge the propriety of any other party's designation of materials or information as Proprietary Information at the time such designation is made, and failure promptly to challenge the designation shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation of any information as CONFIDENTIAL or ATTORNEYS EYES ONLY, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The party asserting that the material is entitled to confidential treatment shall have the burden of proof. All Proprietary Information shall remain under the protection of this Order until otherwise ordered by the Court.

**14. Trial Procedures.** A party may request that the Court implement appropriate procedures to protect Proprietary Information that may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

**15. Modification.** Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

**16. Effect.** This Protective Order shall continue in effect until further order of this Court.

DATED this _________ day of May, 2008.

LAWRENCE S. MARGOLIS
Judge

**EXHIBIT A**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, ______________________________, hereby declare as follows:

1. My address is ______________________________________. My current employer is ______________________________. My current occupation is ____________________________________.

2. I have received a copy of the Protective Order entered in the above-captioned action (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Proprietary Information that is disclosed to me.

4. Promptly upon termination of this action, I will return all Proprietary Information that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that this Undertaking and the Protective Order are enforceable after the termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ______________________

______________________________________
(Signature)

______________________________________
(Printed Name)

ENTERED
FILED RECEIVED
LODGED
JUN - 5 2007
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN INTERNATIONAL, INC., a Delaware corporation, and BELKIN, INC., a Delaware corporation,<br><br>Defendants. | NO. C06-1711-MJP<br><br>REVISED ~~PROPOSED~~<br><br>PROTECTIVE ORDER<br><br>06-CV-01711-ORD |

THIS MATTER having come before the Court on Plaintiff Avocent Redmond Corp.'s ("Avocent's") motion for entry of a protective order and the defendants' cross-motion, and the Court having determined that there is good cause under Federal Rule of Civil Procedure 26(c) for entry of a protective order to limit disclosure of confidential research, development, and commercial information as those terms are used in Federal Rule of Civil Procedure 26(c)(7), and information that the party is under a legal duty to maintain in confidence, and the Court having



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

ruled on the parties' motions by Order dated May 24 (Docket No. 99) and having directed the parties to file a revised proposed Protective Order consistent with the May 24 Order, now, THEREFORE, IT IS HEREBY ORDERED that:

1. **Scope.** This Protective Order shall govern any information produced or disclosed in this action by any party or by any third party.

2. ***Proprietary Information.*** *"Proprietary Information" means any information,* document, electronically stored information, or thing that contains or is a trade secret or other *confidential research, development, or commercial information as those terms are used in* Federal Rule of Civil Procedure 26(c)(7), and information that the party is under a legal duty to maintain in confidence, provided that such information, document, electronically stored information, or thing is designated as set forth herein. Any Proprietary Information may be designated as CONFIDENTIAL. Proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development materials relating to products not yet for sale or released to the public, source code, or other highly sensitive, trade secret technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

Any party to this action and any third party may designate as CONFIDENTIAL or ATTORNEYS EYES ONLY all or part of the following material: (a) answers to interrogatories or requests for admission; (b) deposition testimony; (c) documents produced by it or made available for inspection; and (d) any other materials or information produced or disclosed during the course of this litigation.



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

Case 2:06-cv-01711-MJP Document 112 Filed 06/04/2007 Page 3 of 12

**3. Designation of Documentary Material.** Documentary material may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by stamping or otherwise marking each page with the appropriate confidentiality designation and with the identity of the classifying party unless it is indicated as part of the production number (*e.g.*, "Plaintiff P00001") contained on the document. Except with respect to documents produced by any party prior to the execution by the parties of this Stipulated Protective Order, the identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the document is provided to the requesting party.

Unless otherwise designated or agreed by the parties, all documents made available for inspection prior to copying and production shall be presumed to have been marked ATTORNEYS EYES ONLY. No documents of the party or third party producing documents shall be removed from the site of the inspection or copied until such producing party or third party has had an opportunity to review and designate such documents in the manner previously explained.

With regard to non-written material, such as recordings, magnetic media, photographs and things, the designation of any information as CONFIDENTIAL or ATTORNEYS EYES ONLY for purposes of this Protective Order shall be made by affixing a CONFIDENTIAL or ATTORNEYS EYES ONLY designation to the material, or a container for the material, in any suitable manner at the time of copying (if any).

**4. Designation of Depositions.** Deposition or other oral testimony given in this case may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by any party or third party either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within five (5) days of



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

*1997247.3*

receipt, either by mail or email, of the deposition transcript. Unless otherwise ordered by the Court, pending the expiration of this five (5) day period, all parties and persons shall treat the testimony as if it has been designated ATTORNEYS EYES ONLY. Unless otherwise ordered by the Court, the designating party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the designating party's Proprietary Information pursuant to this Protective Order, excluded from a deposition or proceeding, or any portion thereof, before the taking therein of testimony that has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as either CONFIDENTIAL or ATTORNEYS EYES ONLY with the appropriate legend.

5. **Belated Designation.** Notwithstanding the obligations to timely designate Proprietary Information under the foregoing paragraphs 3 and 4, nothing contained herein shall preclude a party or a third party from later changing that designation and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation of such information prior to receipt of such notice. A party receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order and to avoid any further unauthorized disclosure. Any party that changes the designation of any materials under this Order shall timely provide the other parties to this action with new copies of the materials with the new designation(s).

6. **Non-use.** All Proprietary Information shall be used only for purposes of this litigation.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

7. **Access to CONFIDENTIAL and ATTORNEYS EYES ONLY Materials.** Materials designated CONFIDENTIAL shall not be disclosed to any person except:

a. the Court and its officers and staff;

b. outside counsel of record in this action for each party (*i.e.*, counsel of record for a party who is not an employee of the party or its affiliates) and employees of such outside counsel;

c. outside experts who are not regularly employed by a party and who have been expressly retained to assist a party's counsel in the prosecution or defense of the litigation, and the secretarial, technical and clerical staff of such experts, provided that such experts have been approved pursuant to paragraph 8 hereof;

d. current or former employees of the disclosing party during the deposition of such employees or during examination of such employees at trial;

e. any party or non-party who authored, received, or reviewed the material prior to its production in the litigation;

f. two representatives of Avocent and two representatives of each of the defendants that are identified to opposing counsel, and necessary secretarial personnel of those individuals, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel;

g. court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

h. independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation;



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

i. trial consultants, jury consultants, and mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial; provided that such persons have executed a confidentiality agreement in the form of Exhibit A and such agreement shall be kept by counsel for reference; and

j. other persons as ordered by the Court or agreed to in writing or on the record by the parties, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel.

*Proprietary Information* designated as ATTORNEYS EYES ONLY can be disclosed to those persons designated in ¶¶ 7(a)-7(e) and 7(g)-7(j).

This Protective Order has no effect upon and shall not apply to (1) any party's use of its own Proprietary Information for any purpose, or (2) any party's use of documents or other information developed or obtained independently of discovery in this action for any purpose.

Nothing herein shall bar or otherwise restrict an attorney, who is a qualified recipient under the terms of paragraph 7(b) of this Protective Order, from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Proprietary Information. In rendering such advice or in other communications with the client, the attorney shall not disclose any Proprietary Information of another party or third party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

**8. Approval of Experts.** A party seeking to disclose another party's Proprietary Information to an outside expert shall serve such other party with a copy of the Undertaking attached hereto as "Exhibit A" signed by the expert, along with the expert's current resume, identifying (by employer and position) all past and current employment relating to his or her



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

field of expertise, including employment as a consultant. The party receiving such Undertaking and resume shall have ten (10) calendar days after such service within which to object to such disclosure. Failure to object within this period shall be deemed approval. If the parties are unable to reach agreement within ten (10) days after service of an objection, the party objecting to disclosure to an expert shall raise its objection with the Court within fifteen (15) calendar days of such service of the objection. Failure to raise such objection with the Court within this period shall be deemed approval. Any party objecting to disclosure to an expert under this Protective Order shall bear the burden of proving that it will be harmed by such disclosure and that the protections of this Order are insufficient to reasonably protect such parties' proprietary interests.

9. **Filing Proprietary Information.** All papers, documents and transcripts containing or revealing the substance of Proprietary Information shall be filed under seal through the Court's CM/ECF system. Without prior written order of this Court, the Clerk of the Court shall not permit access to materials filed under seal to anyone other than counsel for the parties.

10. **Inadvertent Disclosure of Privileged or Immune Materials.** Federal Rule of Civil Procedure 26(b)(5)(B) governs the inadvertent or mistaken production of information that is subject to a claim of privilege or of protection as trial-preparation material. The inadvertent disclosure of information that is privileged or otherwise immune from discovery shall not, by itself, constitute a waiver of the privilege or immunity.

11. **Disclosure of Proprietary Information to Unauthorized Person(s).** If Proprietary Information is disclosed to any person other than those authorized to receive such information by this Order, the party responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every reasonable effort to prevent disclosure by each unauthorized person who received such information and to obtain the return of such information.



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
*Seattle, Washington 98111-3926*
(206) 628-6600

**12. Conclusion of the Litigation.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, counsel for the parties and all other persons having possession, custody or control of another party's or third party's Proprietary Information shall: (a) destroy all Proprietary Information and any copies thereof, or (b) if requested by the producing party, return all Proprietary Information and any copies thereof to the producing party. Notwithstanding paragraph 12(b), a receiving party shall destroy all Proprietary Information of another party or third party containing or contained in any notes, summaries, digest, synopses or other documents created by or on behalf of the receiving party. Counsel for each party shall give a written certification to counsel for all other parties that all of the producing party's Proprietary Information has either been destroyed or returned pursuant to this paragraph. If requested, counsel shall also provide the opposing party with the originals of all Undertaking forms executed by experts pursuant to paragraph 8.

Notwithstanding the foregoing paragraph, outside counsel may retain (a) copies of the pleadings and other Court filings, (b) copies of the deposition, hearing, and trial transcripts and any related exhibits, and (c) one file copy of all materials produced in this litigation that are specifically referred to in an expert report, a motion, pleading or other paper filed with the Court.

**13. Contested Designations.** The parties shall use reasonable care to avoid designating as CONFIDENTIAL or ATTORNEYS EYES ONLY any documents or information that has been published or otherwise entered the public domain. A party shall not be obligated to challenge the propriety of any other party's designation of materials or information as Proprietary Information at the time such designation is made, and failure promptly to challenge the designation shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation of any information as



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

CONFIDENTIAL or ATTORNEYS EYES ONLY, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The party asserting that the material is entitled to confidential treatment shall have the burden of proof. All Proprietary Information shall remain under the protection of this Order until otherwise ordered by the Court.

14. **Trial Procedures.** A party may request that the Court implement appropriate procedures to protect Proprietary Information that may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

15. **Modification.** Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

16. **Effect.** This Protective Order shall continue in effect until further order of this Court.

The clerk is directed to send a copy of this order to all counsel of record.

DATED this 5 day of June, 2007.

Marsha J. Pechman
UNITED STATES DISTRICT JUDGE



*Williams, Kastner & Gibbs PLLC*
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

PRESENTED BY:

s/John A. Knox, WSBA #12707
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: jknox@wkg.com

*Of Counsel:*
James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

Attorneys for Plaintiff Avocent Redmond Corp.

Michael S. Dowler
Brian L. Jackson
Jeffrey J. Phillips
Thomas L. Casagrande
HOWREY L.L.P.
1111 Louisiana, 25th Floor
Houston, TX 77002

Attorneys for Rose Electronics, Peter Macourek, and Darioush "David" Rahvar

Thomas F. Ahearne
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299

Richard J. Codding
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3012

Attorneys for Aten Technology, Inc. and Aten International Co., Ltd.

Michael A. Moore
CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 4th Ave Ste 3900
Seattle, WA 98154-1051

David P. Enzminger
Brian M. Berliner
Ryan K. Yagura
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

Attorneys for Belkin International, Inc. and Belkin, Inc.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

1997247.3

**EXHIBIT A**

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN INTERNATIONAL, INC., a Delaware corporation, and BELKIN, INC., a Delaware corporation,<br><br>Defendants. | NO. C06-1711-MJP<br><br>UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER |

I, ______________________________, hereby declare as follows:

1. My address is ______________________________________. My current employer is ____________________________. My current occupation is ____________________________.



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

Case 2:06-cv-01711-MJP Document 112 Filed 06/04/2007 Page 12 of 12

2. I have received a copy of the Protective Order entered in the above-captioned action (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Proprietary Information that is disclosed to me.

4. Promptly upon termination of this action, I will return all Proprietary Information that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that this Undertaking and the Protective Order are enforceable after the termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________

____________________
(Signature)

____________________
(Printed Name)



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

# Exhibit 4

## Don Jackson

**From:** Hilton, Robert G. (CIV) [Robert.Hilton@usdoj.gov]
**Sent:** Friday, May 16, 2008 12:14 PM
**To:** Don Jackson
**Subject:** RE: Avocent v. US -- protective order

Avocent's Proposed Protective ...

Don,

I have some preliminary changes, which I have underlined in the attached. That being said, I forwarded a copy to Rose a few days ago and don't yet know what differences Rose may propose. The trade secrets belong to Rose, and I can't presume to speak for Rose's interests in them. That being the case, I want to reserve the option of deciding on any differences between your proposal and theirs until after I see the differences.

Bob

-----Original Message-----
From: Don Jackson [mailto:dlj@dbjg.com]
Sent: Friday, May 16, 2008 10:30 AM
To: Hilton, Robert G. (CIV)
Subject: Avocent v. US -- protective order

Bob,

Do you have any comments on the protective order?

Don

Donald L. Jackson
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Blvd., 7th Floor
Arlington, Virginia 22203
703.894.6400 general
703.894.6403 direct
703.894.6430 fax

---

CONFIDENTIALITY NOTICE: This e-mail transmission contains information which may be confidential and/or legally privileged. This information is only intended for the use of individual or entity named above. If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Any unauthorized review, use, disclosure or distribution is prohibited.

**EXHIBIT A**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>ROSE ELECTRONICS,<br><br>Proposed Defendant-Intervenor. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

**JOINT PROPOSED PROTECTIVE ORDER**

THIS MATTER having come before the Court on the parties' Joint Motion for Entry of a Protective Order, and the Court having determined that there is good cause under RCFC 26(c) for entry of a protective order to limit disclosure of confidential research, development, and commercial information as those terms are used in RCFC 26(c)(7), and information that the party is under a legal duty to maintain in confidence,

THEREFORE, IT IS HEREBY ORDERED that:

**1.** **Scope**. This Protective Order shall govern any information produced or disclosed in this action by any party or by any third party.

**2.** **Proprietary Information.** "Proprietary Information" means any information, document, electronically stored information, or thing that contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in RCFC 26(c)(7), and information that the party is under a legal duty to maintain in confidence, provided

that such information, document, electronically stored information, or thing is designated as set forth herein. Any Proprietary Information may be designated as PROTECTED. Proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development materials relating to products not yet for sale or released to the public, source code, or other highly sensitive, trade secret technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

Any party to this action and any third party may designate as PROTECTED or ATTORNEYS EYES ONLY all or part of the following material: (a) answers to interrogatories or requests for admission; (b) deposition testimony; (c) documents produced by it or made available for inspection; and (d) any other materials or information produced or disclosed during the course of this litigation.

**3. Designation of Documentary Material.** Documentary material may be designated as PROTECTED or ATTORNEYS EYES ONLY by stamping or otherwise marking each page with the appropriate confidentiality designation and with the identity of the classifying party unless it is indicated as part of the production number (*e.g.*, "Plaintiff P00001") contained on the document. Except with respect to documents produced by any party prior to the execution by the parties of this Stipulated Protective Order, the identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the document is provided to the requesting party.

Unless otherwise designated or agreed by the parties, all documents made available for inspection prior to copying and production shall be presumed to have been marked ATTORNEYS EYES ONLY. No documents of the party or third party producing documents shall be removed from the site of the inspection or copied until such producing party or third party has had an opportunity to review and designate such documents in the manner previously explained.

With regard to non-written material, such as recordings, magnetic media, photographs and things, the designation of any information as PROTECTED or ATTORNEYS EYES ONLY for purposes of this Protective Order shall be made by affixing a PROTECTED or ATTORNEYS EYES ONLY designation to the material, or a container for the material, in any suitable manner at the time of copying (if any).

**4. Designation of Depositions.** Deposition or other oral testimony given in this case may be designated as PROTECTED or ATTORNEYS EYES ONLY by any party or third party either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within five (5) days of receipt, either by mail or email, of the deposition transcript. Unless otherwise ordered by the Court, pending the expiration of this five (5) day period, all parties and persons shall treat the testimony as if it has been designated ATTORNEYS EYES ONLY. Unless otherwise ordered by the Court, the designating party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the designating party's Proprietary Information pursuant to this Protective Order, excluded from a deposition or proceeding, or any portion thereof, before the taking therein of testimony that has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript

or the portion of the transcript containing testimony designated as either PROTECTED or ATTORNEYS EYES ONLY with the appropriate legend.

5. **Belated Designation.** Notwithstanding the obligations to timely designate Proprietary Information under the foregoing paragraphs 3 and 4, nothing contained herein shall preclude a party or a third party from later changing that designation and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation of such information prior to receipt of such notice. A party receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order and to avoid any further unauthorized disclosure. Any party that changes the designation of any materials under this Order shall timely provide the other parties to this action with new copies of the materials with the new designation(s).

6. **Non-use.** All Proprietary Information shall be used only for purposes of this litigation.

7. **Access to PROTECTED and ATTORNEYS EYES ONLY Materials.** Materials designated PROTECTED shall not be disclosed to any person except:

a. the Court and its officers and staff;

b. outside counsel of record in this action for each party (*i.e.*, counsel of record for a party who is not an employee of the party or its affiliates) and employees of such outside counsel;

c. outside experts who are not regularly employed by a party and who have been expressly retained to assist a party's counsel in the prosecution or defense of the litigation, and

the secretarial, technical and clerical staff of such experts, provided that such experts have been approved pursuant to paragraph 8 hereof;

d. current or former employees of the disclosing party during the deposition of such employees or during examination of such employees at trial;

e. any party or non-party who authored, received, or reviewed the material prior to its production in the litigation;

f. two representatives of Avocent and two representatives of each of the defendants that are identified to opposing counsel, and necessary secretarial personnel of those individuals, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel;

g. court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

h. independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation;

i. trial consultants, jury consultants, and mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial; provided that such persons have executed a confidentiality agreement in the form of Exhibit A and such agreement shall be kept by counsel for reference;

j. other persons as ordered by the Court or agreed to in writing or on the record by the parties, provided that each such person has first signed a written statement under oath in the

form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel; and

k. attorneys within the Department of Justice involved in this litigation, including, but not limited to, attorneys of record and attorneys of counsel for the Government, and any attorney employed by the Government who is assisting the attorney of record in this litigation and the staff of such attorneys to whom it is necessary that the information be shown for purposes of this litigation.

Proprietary Information designated as ATTORNEYS EYES ONLY can be disclosed to those persons designated in ¶¶ 7(a)-7(e) and 7(g)-7(j).

This Protective Order has no effect upon and shall not apply to (1) any party's use of its own Proprietary Information for any purpose, or (2) any party's use of documents or other information developed or obtained independently of discovery in this action for any purpose.

Nothing herein shall bar or otherwise restrict an attorney, who is a qualified recipient under the terms of paragraph 7(b) of this Protective Order, from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Proprietary Information. In rendering such advice or in other communications with the client, the attorney shall not disclose any Proprietary Information of another party or third party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

**8. Approval of Experts.** A party seeking to disclose another party's Proprietary Information to an outside expert shall serve such other party with a copy of the Undertaking attached hereto as "Exhibit A" signed by the expert, along with the expert's current resume, identifying (by employer and position) all past and current employment relating to his or her

field of expertise, including employment as a consultant. The party receiving such Undertaking and resume shall have ten (10) calendar days after such service within which to object to such disclosure. Failure to object within this period shall be deemed approval. If the parties are unable to reach agreement within ten (10) days after service of an objection, the party objecting to disclosure to an expert shall raise its objection with the Court within fifteen (15) calendar days of such service of the objection. Failure to raise such objection with the Court within this period shall be deemed approval. Any party objecting to disclosure to an expert under this Protective Order shall bear the burden of proving that it will be harmed by such disclosure and that the protections of this Order are insufficient to reasonably protect such parties' proprietary interests.

9. **Filing Proprietary Information.** All papers, documents and transcripts containing or revealing the substance of Proprietary Information shall be filed under seal through the Court's CM/ECF system. Without prior written order of this Court, the Clerk of the Court shall not permit access to materials filed under seal to anyone other than counsel for the parties.

10. **Inadvertent Disclosure of Privileged or Immune Materials.** RCFC 26(b)(5)(B) governs the inadvertent or mistaken production of information that is subject to a claim of privilege or of protection as trial-preparation material. The inadvertent disclosure of information that is privileged or otherwise immune from discovery shall not, by itself, constitute a waiver of the privilege or immunity.

11. **Disclosure of Proprietary Information to Unauthorized Person(s).** If Proprietary Information is disclosed to any person other than those authorized to receive such information by this Order, the party responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every

reasonable effort to prevent disclosure by each unauthorized person who received such information and to obtain the return of such information.

**12. Conclusion of the Litigation.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, counsel for the parties and all other persons having possession, custody or control of another party's or third party's Proprietary Information shall: (a) destroy all Proprietary Information and any copies thereof, or (b) if requested by the producing party, return all Proprietary Information and any copies thereof to the producing party. Notwithstanding paragraph 12(b), a receiving party shall destroy all Proprietary Information of another party or third party containing or contained in any notes, summaries, digest, synopses or other documents created by or on behalf of the receiving party. Counsel for each party shall give a written certification to counsel for all other parties that all of the producing party's Proprietary Information has either been destroyed or returned pursuant to this paragraph. If requested, counsel shall also provide the opposing party with the originals of all Undertaking forms executed by experts pursuant to paragraph 8.

Notwithstanding the foregoing paragraph, outside counsel may retain (a) copies of the pleadings and other Court filings, (b) copies of the deposition, hearing, and trial transcripts and any related exhibits, and (c) one file copy of all materials produced in this litigation that are specifically referred to in an expert report, a motion, pleading or other paper filed with the Court.

In addition, the Government may retain an archival copy of each of (a) the pleadings and other Court filings, (b) the depositions, hearings, and trial transcripts and any related exhibits, and (c) all materials produced in this litigation that are specifically referred to in an expert report, a motion, pleading or other paper filed with the Court.

**13. Contested Designations.** The parties shall use reasonable care to avoid designating as PROTECTED or ATTORNEYS EYES ONLY any documents or information that has been published or otherwise entered the public domain. A party shall not be obligated to challenge the propriety of any other party's designation of materials or information as Proprietary Information at the time such designation is made, and failure promptly to challenge the designation shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation of any information as PROTECTED or ATTORNEYS EYES ONLY, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The party asserting that the material is entitled to protected treatment shall have the burden of proof. All Proprietary Information shall remain under the protection of this Order until otherwise ordered by the Court.

**14. Trial Procedures.** A party may request that the Court implement appropriate procedures to protect Proprietary Information that may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

**15. Modification.** Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

**16. Effect.** This Protective Order shall continue in effect until further order of this Court.

DATED this _______ day of May, 2008.

LAWRENCE S. MARGOLIS
Judge

**EXHIBIT A**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, ______________________________, hereby declare as follows:

1. My address is ______________________________________. My current employer is ______________________________. My current occupation is ______________________________.

2. I have received a copy of the Protective Order entered in the above-captioned action (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Proprietary Information that is disclosed to me.

4. Promptly upon termination of this action, I will return all Proprietary Information that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that this Undertaking and the Protective Order are enforceable after the termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________

____________________
(Signature)

____________________
(Printed Name)

# Exhibit 5

**Don Jackson**

**From:** Don Jackson
**Sent:** Friday, May 23, 2008 3:16 PM
**To:** 'Hilton, Robert G. (CIV)'
**Cc:** Jay Berquist
**Subject:** RE: Avocent v. US -- protective order

Bob,

It's been a week. Avocent is fine with the changes you made to the protective order. Can we file a motion to have it entered?

Don

Donald L. Jackson
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Blvd., 7th Floor
Arlington, Virginia 22203
703.894.6400 general
703.894.6403 direct
703.894.6430 fax

---

CONFIDENTIALITY NOTICE: This e-mail transmission contains information which may be confidential and/or legally privileged. This information is only intended for the use of individual or entity named above. If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Any unauthorized review, use, disclosure or distribution is prohibited.

-----Original Message-----
From: Hilton, Robert G. (CIV) [mailto:Robert.Hilton@usdoj.gov]
Sent: Friday, May 16, 2008 12:14 PM
To: Don Jackson
Subject: RE: Avocent v. US -- protective order

Don,

I have some preliminary changes, which I have underlined in the attached. That being said, I forwarded a copy to Rose a few days ago and don't yet know what differences Rose may propose. The trade secrets belong to Rose, and I can't presume to speak for Rose's interests in them. That being the case, I want to reserve the option of deciding on any differences between your proposal and theirs until after I see the differences.

Bob

-----Original Message-----
From: Don Jackson [mailto:dlj@dbjg.com]
Sent: Friday, May 16, 2008 10:30 AM
To: Hilton, Robert G. (CIV)
Subject: Avocent v. US -- protective order

Bob,

Do you have any comments on the protective order?

Don

Donald L. Jackson
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Blvd., 7th Floor
Arlington, Virginia 22203
703.894.6400 general

703.894.6403 direct
703.894.6430 fax

---

CONFIDENTIALITY NOTICE: This e-mail transmission contains information which may be confidential and/or legally privileged. This information is only intended for the use of individual or entity named above. If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Any unauthorized review, use, disclosure or distribution is prohibited.

# Exhibit 6

## Don Jackson

**From:** Hilton, Robert G. (CIV) [Robert.Hilton@usdoj.gov]
**Sent:** Tuesday, May 27, 2008 8:52 AM
**To:** Don Jackson
**Subject:** RE: Avocent v. US -- protective order

I think Rose has to have an opportunity to weigh in on this, since they are now a prospective party. Basically, it is their trade secrets at issue. I'm not sure that Rose is happy about this protective order. I need to know what their views are before I can definitively say anything about the order as a whole. Have you asked them if they object to such an order?

Bob

-----Original Message-----
From: Don Jackson [mailto:dlj@dbjg.com]
Sent: Friday, May 23, 2008 3:16 PM
To: Hilton, Robert G. (CIV)
Cc: Jay Berquist
Subject: RE: Avocent v. US -- protective order

Bob,

It's been a week. Avocent is fine with the changes you made to the protective order. Can we file a motion to have it entered?

Don

Donald L. Jackson
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Blvd., 7th Floor
Arlington, Virginia 22203
703.894.6400 general
703.894.6403 direct
703.894.6430 fax

---

CONFIDENTIALITY NOTICE: This e-mail transmission contains information which may be confidential and/or legally privileged. This information is only intended for the use of individual or entity named above. If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Any unauthorized review, use, disclosure or distribution is prohibited.

-----Original Message-----
From: Hilton, Robert G. (CIV) [mailto:Robert.Hilton@usdoj.gov]
Sent: Friday, May 16, 2008 12:14 PM
To: Don Jackson
Subject: RE: Avocent v. US -- protective order

Don,

I have some preliminary changes, which I have underlined in the attached. That being said, I forwarded a copy to Rose a few days ago and don't yet know what differences Rose may propose. The trade secrets belong to Rose, and I can't presume to speak for Rose's interests in them. That being the case, I want to reserve the option of deciding on any differences between your proposal and theirs until after I see the differences.

Bob

-----Original Message-----
From: Don Jackson [mailto:dlj@dbjg.com]
Sent: Friday, May 16, 2008 10:30 AM
To: Hilton, Robert G. (CIV)

Subject: Avocent v. US -- protective order

Bob,

Do you have any comments on the protective order?

Don

Donald L. Jackson
Davidson Berquist Jackson & Gowdey, LLP
4300 Wilson Blvd., 7th Floor
Arlington, Virginia 22203
703.894.6400 general
703.894.6403 direct
703.894.6430 fax

---

CONFIDENTIALITY NOTICE: This e-mail transmission contains information which may be confidential and/or legally privileged. This information is only intended for the use of individual or entity named above. If you are not the named recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Any unauthorized review, use, disclosure or distribution is prohibited.