**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

**PROPOSED PROTECTIVE ORDER**

THIS MATTER having come before the Court on the Plaintiff Avocent Redmond Corp.'s ("Avocent's") Motion for Entry of a Protective Order, and the Court having determined that there is good cause under RCFC 26(c) for entry of a protective order to limit disclosure of confidential research, development, and commercial information as those terms are used in RCFC 26(c)(7), and information that the party is under a legal duty to maintain in confidence, THEREFORE, IT IS HEREBY ORDERED that:

**1.** **Scope**. This Protective Order shall govern any information produced or disclosed in this action by any party or by any third party.

**2.** **Proprietary Information.** "Proprietary Information" means any information, document, electronically stored information, or thing that contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in RCFC 26(c)(7), and information that the party is under a legal duty to maintain in confidence, provided that such information, document, electronically stored information, or thing is designated as set forth herein. Any Proprietary Information may be designated as PROTECTED. Proprietary Information relating to highly sensitive financial information, including but not limited to,

customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development materials relating to products not yet for sale or released to the public, source code, or other highly sensitive, trade secret technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

Any party to this action and any third party may designate as PROTECTED or ATTORNEYS EYES ONLY all or part of the following material: (a) answers to interrogatories or requests for admission; (b) deposition testimony; (c) documents produced by it or made available for inspection; and (d) any other materials or information produced or disclosed during the course of this litigation.

**3. Designation of Documentary Material.** Documentary material may be designated as PROTECTED or ATTORNEYS EYES ONLY by stamping or otherwise marking each page with the appropriate confidentiality designation and with the identity of the classifying party unless it is indicated as part of the production number (*e.g.*, "Plaintiff P00001") contained on the document. Except with respect to documents produced by any party prior to the execution by the parties of this Stipulated Protective Order, the identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the document is provided to the requesting party.

Unless otherwise designated or agreed by the parties, all documents made available for inspection prior to copying and production shall be presumed to have been marked ATTORNEYS EYES ONLY. No documents of the party or third party producing documents shall be removed from the site of the inspection or copied until such producing party or third

party has had an opportunity to review and designate such documents in the manner previously explained.

With regard to non-written material, such as recordings, magnetic media, photographs and things, the designation of any information as PROTECTED or ATTORNEYS EYES ONLY for purposes of this Protective Order shall be made by affixing a PROTECTED or ATTORNEYS EYES ONLY designation to the material, or a container for the material, in any suitable manner at the time of copying (if any).

**4. Designation of Depositions.** Deposition or other oral testimony given in this case may be designated as PROTECTED or ATTORNEYS EYES ONLY by any party or third party either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within five (5) days of receipt, either by mail or email, of the deposition transcript. Unless otherwise ordered by the Court, pending the expiration of this five (5) day period, all parties and persons shall treat the testimony as if it has been designated ATTORNEYS EYES ONLY. Unless otherwise ordered by the Court, the designating party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the designating party's Proprietary Information pursuant to this Protective Order, excluded from a deposition or proceeding, or any portion thereof, before the taking therein of testimony that has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as either PROTECTED or ATTORNEYS EYES ONLY with the appropriate legend.

**5. Belated Designation.** Notwithstanding the obligations to timely designate Proprietary Information under the foregoing paragraphs 3 and 4, nothing contained herein shall

preclude a party or a third party from later changing that designation and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation of such information prior to receipt of such notice. A party receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order and to avoid any further unauthorized disclosure. Any party that changes the designation of any materials under this Order shall timely provide the other parties to this action with new copies of the materials with the new designation(s).

**6. Non-use.** All Proprietary Information shall be used only for purposes of this litigation.

**7. Access to PROTECTED and ATTORNEYS EYES ONLY Materials.** Materials designated PROTECTED shall not be disclosed to any person except:

a. the Court and its officers and staff;

b. outside counsel of record in this action for each party (*i.e.*, counsel of record for a party who is not an employee of the party or its affiliates) and employees of such outside counsel;

c. outside experts who are not regularly employed by a party and who have been expressly retained to assist a party's counsel in the prosecution or defense of the litigation, and the secretarial, technical and clerical staff of such experts, provided that such experts have been approved pursuant to paragraph 8 hereof;

d. current or former employees of the disclosing party during the deposition of such employees or during examination of such employees at trial;

e. any party or non-party who authored, received, or reviewed the material prior to its production in the litigation;

f. two representatives of Avocent and two representatives of each of the defendants that are identified to opposing counsel, and necessary secretarial personnel of those individuals, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel;

g. court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

h. independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation;

i. trial consultants, jury consultants, and mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial; provided that such persons have executed a confidentiality agreement in the form of Exhibit A and such agreement shall be kept by counsel for reference; and

j. other persons as ordered by the Court or agreed to in writing or on the record by the parties, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel.

k. attorneys within the Department of Justice involved in this litigation, including, but not limited to, attorneys of record and attorneys of counsel for the Government, and any attorney employed by the Government who is assisting the attorney of record in this litigation

and the staff of such attorneys to whom it is necessary that the information be shown for purposes of this litigation.

Proprietary Information designated as ATTORNEYS EYES ONLY can be disclosed to those persons designated in ¶¶ 7(a)-7(e) and 7(g)-7(j).

This Protective Order has no effect upon and shall not apply to (1) any party's use of its own Proprietary Information for any purpose, or (2) any party's use of documents or other information developed or obtained independently of discovery in this action for any purpose.

Nothing herein shall bar or otherwise restrict an attorney, who is a qualified recipient under the terms of paragraph 7(b) of this Protective Order, from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Proprietary Information. In rendering such advice or in other communications with the client, the attorney shall not disclose any Proprietary Information of another party or third party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

**8. Approval of Experts.** A party seeking to disclose another party's Proprietary Information to an outside expert shall serve such other party with a copy of the Undertaking attached hereto as "Exhibit A" signed by the expert, along with the expert's current resume, identifying (by employer and position) all past and current employment relating to his or her field of expertise, including employment as a consultant. The party receiving such Undertaking and resume shall have ten (10) calendar days after such service within which to object to such disclosure. Failure to object within this period shall be deemed approval. If the parties are unable to reach agreement within ten (10) days after service of an objection, the party objecting to disclosure to an expert shall raise its objection with the Court within fifteen (15) calendar days

of such service of the objection. Failure to raise such objection with the Court within this period shall be deemed approval. Any party objecting to disclosure to an expert under this Protective Order shall bear the burden of proving that it will be harmed by such disclosure and that the protections of this Order are insufficient to reasonably protect such parties' proprietary interests.

**9. Filing Proprietary Information.** All papers, documents and transcripts containing or revealing the substance of Proprietary Information shall be filed under seal through the Court's CM/ECF system. Without prior written order of this Court, the Clerk of the Court shall not permit access to materials filed under seal to anyone other than counsel for the parties.

**10. Inadvertent Disclosure of Privileged or Immune Materials.** RCFC 26(b)(5)(B) governs the inadvertent or mistaken production of information that is subject to a claim of privilege or of protection as trial-preparation material. The inadvertent disclosure of information that is privileged or otherwise immune from discovery shall not, by itself, constitute a waiver of the privilege or immunity.

**11. Disclosure of Proprietary Information to Unauthorized Person(s).** If Proprietary Information is disclosed to any person other than those authorized to receive such information by this Order, the party responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every reasonable effort to prevent disclosure by each unauthorized person who received such information and to obtain the return of such information.

**12. Conclusion of the Litigation.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, counsel for the parties and all other persons having possession, custody or control of another party's or third party's Proprietary Information

shall: (a) destroy all Proprietary Information and any copies thereof, or (b) if requested by the producing party, return all Proprietary Information and any copies thereof to the producing party. Notwithstanding paragraph 12(b), a receiving party shall destroy all Proprietary Information of another party or third party containing or contained in any notes, summaries, digest, synopses or other documents created by or on behalf of the receiving party. Counsel for each party shall give a written certification to counsel for all other parties that all of the producing party's Proprietary Information has either been destroyed or returned pursuant to this paragraph. If requested, counsel shall also provide the opposing party with the originals of all Undertaking forms executed by experts pursuant to paragraph 8.

Notwithstanding the foregoing paragraph, outside counsel may retain (a) copies of the pleadings and other Court filings, (b) copies of the deposition, hearing, and trial transcripts and any related exhibits, and (c) one file copy of all materials produced in this litigation that are specifically referred to in an expert report, a motion, pleading or other paper filed with the Court.

In addition, the Government may retain an archival copy of each of (a) the pleadings and other Court filings, (b) the depositions, hearings, and trial transcripts and any related exhibits, and (c) all materials produced in this litigation that are specifically referred to in an expert report, a motion, pleading or other paper filed with the Court.

**13. Contested Designations.** The parties shall use reasonable care to avoid designating as PROTECTED or ATTORNEYS EYES ONLY any documents or information that has been published or otherwise entered the public domain. A party shall not be obligated to challenge the propriety of any other party's designation of materials or information as Proprietary Information at the time such designation is made, and failure promptly to challenge the designation shall not preclude a subsequent challenge thereto. In the event that a party

disagrees at any stage of these proceedings with the designation of any information as PROTECTED or ATTORNEYS EYES ONLY, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The party asserting that the material is entitled to protected treatment shall have the burden of proof. All Proprietary Information shall remain under the protection of this Order until otherwise ordered by the Court.

**14. Trial Procedures.** A party may request that the Court implement appropriate procedures to protect Proprietary Information that may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

**15. Modification.** Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

**16. Effect.** This Protective Order shall continue in effect until further order of this Court.

DATED this _______ day of _________________, 2008.

______________________________________
LAWRENCE S. MARGOLIS
Judge

**EXHIBIT A**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, ____________________________________, hereby declare as follows:

1. My address is ______________________________________________. My current employer is _____________________________________. My current occupation is ___________________________________________.

2. I have received a copy of the Protective Order entered in the above-captioned action (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Proprietary Information that is disclosed to me.

4. Promptly upon termination of this action, I will return all Proprietary Information that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

**EXHIBIT A**

6. I understand that this Undertaking and the Protective Order are enforceable after the termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________ ________________________________________
(Signature)

________________________________________
(Printed Name)