IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AVOCENT REDMOND CORP., Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | No. 08-69C |
| Defendant, | ) | Judge Lawrence S. Margolis |
| and | ) | |
| ROSE ELECTRONICS, Proposed Defendant-Intervenor. | ) | |

DEFENDANT'S RESPONSE TO AVOCENT REDMONDS
MOTION FOR ENTRY OF A PROTECTIVE ORDER

Defendant, the United States, hereby responds to Plaintiff's motion to enter its proposed protective order. Defendant does not oppose those portions of the protective order in Attachment 4 of Plaintiff's Motion, *other than Paragraph 7.b*. As for Paragraph 7.b, which relates to whether Plaintiff's counsel may participate in the prosecution of related patent applications, Defendant defers to the sound judgment of the court, after it hears the objections of counsel for Rose Electronics (Rose). The proposed order mostly affects the trade secrets of Rose; thus, Rose is entitled to intervene under RCFC 24(a)(2) and to speak to its interest in its trade secrets as a third party. The movant has not "in good faith conferred or attempted to confer with [Rose] in an effort to resolve the dispute," as required by RCFC 26(c). The Defendant is not in a position to speak to Rose's interest in Rose's trade secrets.

Defendant notes that, without Paragraph 7.b–with or without modification–it would serve no purpose to enter the protective order. Defendant suggests delaying entry of any protective order until the Paragraph 7.b dispute is resolved.

## I. STATEMENT OF FACTS

In this lawsuit, Plaintiff seeks compensation for the alleged unauthorized use or manufacture by or for the United States of certain Keyboard Video Mouse (KVM) switching devices. KVM switching devices allow one computer workstation to control multiple computers. These uses and manufactures allegedly infringe several claims in Plaintiff's United States Patent Nos. 5,884,096 (the '096 patent); 6,112,264 (the '264 patent); 6,345,323 (the '323 patent); and 7,113,978 (the '978 patent).

Plaintiff asserts that unnamed federal agencies have ordered accused KVM switches against GSA Supply Schedule Contract GS-35F-0345J, March 30, 1999 (the supply schedule contract), issued to Rose. Generally, GSA Supply Schedule contracts are used to procure commercial products. In general, the government does not desire to become involved in the details of manufacture and marketing of these commercial products. The details of manufacture and marketing are typical subjects of trade secrets. Thus, the government is not in a position to speak to, or to represent, Rose's interest in Rose's trade secrets.

By contrast, both Rose and Plaintiff are in the business, understand the technology, understand the market, and are in a position to constructively inform the court of information relative to Rose's trade secrets and the instant discovery dispute.

As stated in Plaintiff's Motion, the present case is a spinoff of *Avocent Redmond Corp. v. Rose Electronics*, No. C06-1711-MJP (W.D. Washington) (the Washington case). All of the accused product lines in the present case have been accused in the Washington case. Rose raised 28 U.S.C. § 1498(a) in the Washington case as a defense for those accused items that were sold to the Government. The present action seeks compensation for those accused sales which have been excluded from the Washington case under Section 1498(a).

On May 24, 2007, a protective order was entered in the Washington case, which affected trade secrets owned by Rose that are discoverable in this case. *Avocent Redmond Corp. v. Rose Electronics*, 242 F.R.D. 574 (2007), No. C06-1711-MJP, Order Granting in Part and Denying in Part Avocent's Motion for Protective Order (Plt. Mot. Exhibit 2). With regard to that protective order, the parties had conferred before the motion was filed. *Id.* at 575. However, shortly thereafter, Plaintiff moved to enter a protective order on another discovery matter without conferring with the opposing parties, and (for that reason) the latter motion was stricken. *Avocent*, No. C06-1711-MJP, Order Striking Avocent's Motion for a Protective order (June 6, 2007) (appended).

Plaintiff filed the present action on January 31, 2008. Rose filed a timely Motion to Intervene on May 12, 2008. On May 7, 2008, Plaintiff forwarded a copy of a proposed protective order to Defendant, and on May 16, 2008, Plaintiff asked Defendant "Do you have any comments on the protective order?" On May 16, 2008, Defendant made some changes, reflected in Attachment 4 to Plaintiff's motion. Defendant also replied that Rose's views should be sought. On May 23, 2008, Plaintiff inquired: "It's been a week. … Can we file a motion to have it entered?" On May 27, 2008, Defendant reiterated that since Rose's trade secrets would

be at issue, the government was not willing to agree to a protective order that Rose had not reviewed. (Plt. Exh. 6.)

On May 29, 2008, Plaintiff filed an opposition to Rose's Motion to Intervene. On June 12, 2008, both Rose and the Defendant filed reply briefs to that opposition. The motion to intervene is still pending.

On June 5, 2008, Plaintiff filed the present motion to file its proposed protective order. The motion contains no statement to the effect that "the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," as required by RCFC 26(c). Instead, Plaintiff stated "The United States, however, did not disagree with any provision of the proposed protective order." (Plt. Brf. at 3) Defendant submits that this latter statement does not adequately reflect the Defendant's objection to the proposed order, as reflected in Defendant's statements to Plaintiff of May 16, 2008 and May 27, 2008. It is Defendant's current belief that Plaintiff still has not contacted Rose with regard to differences over the proposed protective order.

Defendant's counsel has contacted Rose's attorney, and has been advised that Rose intends to oppose Paragraph 7.b, which as currently proposed, would allow Plaintiff's attorneys to prosecute patent applications which relate to the technology of Rose's trade secrets. As currently proposed, Paragraph 7.b reads: "[Materials designated PROTECTED shall not be disclosed to any person except] outside counsel of record in this action for each party (i.e., counsel of record for a party who is not an employee of the party or its affiliates) and employees of such outside counsel." Defendant understands that Rose intends to contend that there are

changed circumstances from when the related order in the Washington case was entered. Defendant also understands that Rose intends to submit additional evidence on this matter.

## II. DISCUSSION

### A. ROSE'S MOTION TO INTERVENE UNDER RCFC 24(a)(2) SHOULD BE RULED UPON BEFORE THIS MOTION IS ACTED ON

A trade secret owner's interest in protecting its business secrets, alone, is sufficient to allow intervention under RCFC 24(a)(2). *Formulabs, Inc. v. Hartley Pen Co.*, 275 F.2d 52, 65 (9th Cir. 1960), *cert. denied*, 363 U.S. 830 (1960); *Northrop Grumman Information Technology, Inc. v. United States*, 74 Fed. Cl. 407, 408-09 (2006); *Armour of America v. United States*, 70 Fed. Cl. 240, 242 (2006).

Moreover, under RCFC 24(a)(2), a party may intervene "if the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Because of the nature of the supply schedule procurements, Defendant is in no position to speak to, or to represent, Rose's interest in Rose's trade secrets. Thus, in view of Rose's application to intervene, and in view of Rose's interest in its trade secrets, under RCFC 24(a)(2), Rose must be allowed to intervene and represent its interest in its trade secrets before any motion relating to its trade secrets is acted upon. That would mandate denial of the present motion.

Defendant notes that there is no objection to the terms of the protective order other than Paragraph 7.b. As for Paragraph 7.b, Defendant defers to the sound judgment of the court, after it hears Rose's objections.

Defendant also notes that, without Paragraph 7.b–with or without modification–it would serve no purpose to enter the protective order. Defendant suggests delaying entry of any protective order until the Paragraph 7.b dispute is resolved.

## B. RCFC 26 (C) REQUIRES A MOVANT TO CONFER WITH ROSE BEFORE MOVING TO ENTER A PROTECTIVE ORDER WHICH AFFECTS ROSE'S TRADE SECRETS

RCFC 26(c) requires that a movant for a contested protective order "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute." *See*, *Avocent*, No. C06-1711-MJP, Order Striking Avocent's Motion for a Protective Order (June 6, 2007) (appended). A motion to enter a protective order is premature, if the movant does not first attempt to define the differences between itself and the other parties. Rose has moved to become a party in this case. Under those circumstances, the spirit, if not the letter, of RCFC 26(c), requires Plaintiff to contact Rose in order to define any differences in a proposed protective order.

Defendant notes that it informed Plaintiff of the need to obtain Rose's views before filing the present motion. Defendant submits that the present motion should also be denied for failure to comply with RCFC 26(c).

## C. REGARDLESS OF ANY REQUIREMENT TO DO SO, THE INTERESTS OF JUSTICE WOULD REQUIRE PLAINTIFF AND ROSE TO DEFINE THEIR DIFFERENCES BEFORE THE COURT ACTS ON A MOTION FOR A PROTECTIVE ORDER

Defendant submits that RCFC 24(a)(2) and RCFC 26(c) would require the present motion to be denied, without further consideration. However, even if these rules were not

extant, justice would require Plaintiff and Rose to define their differences before the court acts on any proposed protective order. Because of the nature of the supply schedule procurements, Defendant is unable to speak to, or to represent, Rose's substantial interests in its trade secrets. The interests of justice would require the court to hear from Rose before making a decision on any contested provision of a protective order which affects those trade secrets. For this reason too, the present motion should be denied.

## III. CONCLUSION

Defendant does not object to those portions of the protective order in Attachment 4 other than Paragraph 7.b. As for Paragraph 7.b, Defendant defers to the sound judgment of the court, after it hears Rose's objections. Defendant suggests delaying entry of any protective order until the Paragraph 7.b dispute is resolved.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JOHN FARGO
Director

s/Robert G. Hilton

ROBERT G. HILTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0346
Telefax: (202) 307-0345

June 23, 2008