**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

**AVOCENT REDMOND'S REPLY TO THE UNITED STATES' OPPOSITION TO AVOCENT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Although the United States filed a response to the motion for a protective order filed by plaintiff Avocent Redmond Corp. ("Avocent"), the content of that response reveals that the United States has no objection to entry of any of the terms of Avocent's proposed order. Indeed, as Avocent's opening memorandum described, it was the United States who, on May 16, 2008, forwarded the proposed protective order to Avocent. It was only later, after Rose's counsel got involved, that the United States began balking at joining Avocent's motion for entry of that order.

Nevertheless, even now, the United States does not oppose any provision of the proposed order. Rather, the United States simply serves as Rose's shadow advocate,[1] and argues that Rose, a non-party, should be given a chance to re-litigate even the very issue it lost before Judge Pechman in Seattle. The United States has used the motion for a protective order to bolster its argument that Rose should be allowed to intervene. But in the cases relied upon by the

[1] This is the second paper the United States has submitted in which it purports to argue on Rose's behalf.

government, the third party was allowed to intervene for the limited purpose of protecting its trade secrets. Here, Rose seeks to intervene fully as a party.

Moreover, the United States does not identify a single trade secret of Rose that it has in its possession. Instead, the government vaguely refers to trade secrets that it speculates may be at issue in this case. Speculation about Rose's trade secrets is not a valid basis to oppose entry of the agreed-upon protective order. The best way to ensure that there is as little difficulty as possible in exchanging documents in this case is to adopt the same protective order terms that were entered by the Seattle court. That is exactly what Avocent seeks to do by the present motion.

The United States also asks this Court to deny Avocent's motion on procedural grounds. Specifically, the United States argues that Avocent failed to confer with Rose before making the present filing. But RCFC 26(c), upon which the United States relies, does not require Avocent to confer with anyone other than an "affected party" before moving for a protective order. The plain language of that rule required Avocent to confer with the United States, the only other party in the action. The United States does not contend that Avocent did not fulfill <u>that</u> requirement. Rather, the United States argues that the spirit of RCFC 26(c) required Avocent to confer with Rose, despite the fact that Rose is not a party, and despite the fact that Avocent opposes Rose's efforts to intervene in this action. The suggestion that Avocent should afford Rose party status is in direct conflict with Avocent's view that Rose should not become a party.

There is no doubt that Avocent and the United States met and conferred. During that conference, the actual, present parties agreed that a protective order would be appropriate to protect confidential information. The parties further agreed that a motion for protective order must be filed. Moreover, the United States had no objection to the terms of the protective order

at issue – it simply expressed concern over what Rose's view might be. Thus, the meet and confer requirements of RCFC 26(c) were plainly met.

In any event, additional discussion would not have rendered court involvement unnecessary. Whether or not parties agree to the terms of the protective order, those parties must still file a motion, the court must still determine whether to issue the order, and if so, the court must still decide what the terms of the order should be. Unlike most meet and confer issues, a meet and confer with Rose, whatever the outcome, would not, and will not, moot the need for the motion or this Court's involvement.[2]

Nor would such a discussion have resolved the issue. Rose has long sought to defend itself by erecting procedural obstacles for Avocent, and the parties' have never been able to reach agreement on the appropriate scope of a protective order. In the Seattle litigation, Rose sought entry of a protective order that would have forced Avocent to choose whether to rely on its outside patent counsel to either represent Avocent in its litigation with Rose or to represent Avocent in connection with the procurement of its patents (and related counseling efforts).

Such a ruling would have wrongly limited Avocent's choice of counsel, and created an obvious impediment to preparing its case for trial. Rose purported to seek such a provision in order to protect against an unscrupulous lawyer's efforts to seek a patent on the information disclosed by Rose. But the Patent Act precludes the issue of a patent for subject matter invented by another. Avocent and Rose were unable to resolve this issue. Accordingly, that issue was

[2] At the top of page 4 of its memorandum the United States also appears to suggest that Rose may not have had the opportunity to review the proposed protective order. But on May 16, 2008, the United States advised that it had "forwarded a copy to Rose a few days ago." (Avocent Exh. 6).

fully litigated, and decided, in Seattle. Rose lost, and it would be vexatious for Rose to even raise that argument again.[3]

Indeed, it makes no sense for Rose to try to exclude Avocent's patent counsel from having access to confidential documents in this case because Avocent's counsel already has those documents by virtue of the Seattle action. Ironically, because those documents are already in counsel's possession, it is Avocent's counsel that will be producing information from the Seattle action to the government – not the other way around.

**CONCLUSION**

The joint submission of protective order to protect highly confidential information from disclosure usually is, and should be, a simple, non-confrontational filing. Here, Rose, a non-party, has persuaded the United States to become its proxy, and to oppose entry of a protective order the United States presented to Avocent on May 16, 2008. By its own admission, the defendant, the United States, has no opposition to entry of the proposed order. The United States argues only that Avocent did not meet and confer with a non-party who may seek the opportunity to re-litigate an issue already decided in the action between Avocent and Rose. Avocent again respectfully submits that this Court should enter the protective order proposed by the United States and agreed to by Avocent. With the slight changes sought by the United States, this is the same protective order Judge Pechman entered in the Seattle litigation between Avocent and Rose.

[3] After it lost on this issue in Seattle, Rose attempted to obtain a similar result by moving to disqualify Avocent's trial counsel on the grounds of an alleged conflict of interest. That motion was also denied. After losing both motions, Rose successfully moved for a stay pending resolution of the reexamination requests it was then in the process of filing.

DATED this 23rd day of June, 2008.

Respectfully submitted,

PLAINTIFF AVOCENT REDMOND CORP.,
by and through its Attorneys

s/James D. Berquist

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

/s/ Donald L. Jackson_________________
Donald L. Jackson