IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AVOCENT REDMOND CORP.<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant,<br>and<br>ROSE ELECTRONICS,<br>Proposed Defendant-Intervenor. | No. 08-69C<br>Judge Lawrence S. Margolis |

**DECLARATION OF MICHAEL S. DOWLER**

I, MICHAEL S. DOWLER, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am one of the attorneys representing Rose Electronics ("Rose") in this case. I make this declaration based on my own personal knowledge.

2. In 1998, the predecessor of Avocent Redmond Corp. ("Avocent"), Apex PC Solutions, Inc., sued Rose and Cybex Computer Products Corp. ("Cybex"), in separate cases, accusing Rose and Cybex of infringing U.S. Patent No. 5,721,842, which was the first patent that issued from the parent application that gave rise to the four patents asserted in this case. After Cybex filed multiple motions for summary judgment of invalidity of the patent-in-suit, Avocent's predecessor voluntarily dismissed the suit against Rose.

3. Records of the United States Patent and Trademark Office (PTO) indicate that U.S. Patents Nos. 5,884,096, 6,112,264, 6,345,323, and 7,113,978 all claim priority to the same parent application, ser. no. 08/519,193 (*see* Exh. 1 hereto).

4. The PTO has granted Rose's request, pursuant to 35 U.S.C. § 302 *et seq.*, to reexamine the '096, '264, and '978 patents, because the PTO has determined that there are substantial new questions as to the patentability of these patents. As a consequence, the United States District Court for the Western District of Washington, where Avocent sued Rose alleging infringement of those three patents, stayed that lawsuit pending the outcome of the reexamination proceedings.

5. More recently, Rose has also requested that the PTO reexamine the '323 patent.

6. Attached hereto as Exhibit 1 is a true and correct copy of a PTO webpage showing that each of the four patents-in-suit arises out of the same parent application, no. 08/519,193, filed in August 1995.

7. Attached hereto as Exhibit 2 is a true and correct copy of the PACER electronic docketing printout from Avocent's suit against Raritan Computer, Inc. over not only the '096 and '264 patents, but also yet another patent from the same parent application.

8. Attached hereto as Exhibit 3 is a true and correct copy of the Complaint filed in *Avocent Redmond Corp. v. Rose Electronics et al.*, Case No. 2:06-CV-1711 MJP (W.D. Wash.).

9. Attached hereto as Exhibit 4 is a true and correct copy of a webpage from Avocent's attorneys' website.

10. Attached hereto as Exhibit 5 is a true and correct copy of the April 19, 2007 declaration, filed in the Seattle case, of one of Avocent's attorneys, J. Scott Davidson.

11. Attached hereto as Exhibit 6 is a true and correct copy of the first page of U.S. Patent No. 7,113,978, listing the firm Davidson, Berquist, Jackson & Gowdey as attorneys of record.

12. Attached hereto as Exhibits 7-9 are true and correct copies of pages of the website for the PTO, showing that Avocent's attorneys in this case are also representing Avocent in the three pending reexamination proceedings involving the '096, '264, and '978 patents, respectively.

13. Attached hereto as Exhibit 10 is a true and correct copy of a PTO webpage showing that Avocent's attorneys in this case are still trying to obtain yet another patent from the PTO based on the patent application filed in 1995, and that Avocent's attorneys in this case are also representing Avocent in the remaining patent application.

14. Attached hereto as Exhibit 11 is a true and correct copy of *Presidio Components, Inc. v. American Technical Ceramics Corp.*, ___ F. Supp. 2d ___, 2008 WL 608407 (S.D. Cal. Mar. 4, 2008).

15. Attached hereto as Exhibit 12 is a true and correct copy of *Infosint S.A. v. H. Lundbeck A.S.*, 2007 WL 1467784 (S.D.N.Y. May 16, 2007).

16. Attached hereto as Exhibit 13 is a true and correct copy of *Commissariat à L'Energie Atomique v. Dell Computer Corp.*, 2004 WL 1196965 (D. Del. May 25, 2004).

17. Attached hereto as Exhibit 14 is a true and correct copy of *Cummings-Allison Corp. v. Glory Ltd.*, 2003 U.S. Dist. LEXIS 23653 (N.D. Ill. 2003).

18. Attached hereto as Exhibit 15 is a true and correct copy of *In Re Papst Licensing*, 2000 U.S. Dist. LEXIS 6374 (E.D. La. 2000).

19. Attached hereto as Exhibit 16 is a true and correct copy of *Interactive Coupon Marketing Group, Inc. v. H.O.T! Coupons, LLC*, 1999 U.S. Dist. LEXIS 12437 (N.D. Ill. 1999).

20. Attached hereto as Exhibit 17 is a true and correct copy of *Mikohn Gaming Corp. v. Acres Gaming Inc.*, 50 USPQ2d 1783 (D. Nev. 1998).

21. Attached hereto as Exhibit 18 is a true and correct copy of *Motorola, Inc. v. Interdigital Tech. Corp.*, 1994 U.S. Dist. LEXIS 20714, *19 (D. Del. 1994).

*I declare under penalty of perjury that the foregoing is true and correct.*

Dated: June 23, 2008

Michael S. Dowler
Houston, TX