# Exhibit 1

**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz Alerts | News | Help

Portal Home | Patents | Trademarks | Other

**Patent eBusiness**

- Electronic Filing
- Patent Application Information (PAIR)
- Patent Ownership
- Fees
- Supplemental Resources & Support

**Patent Information**

- Patent Guidance and General Info
- Codes, Rules & Manuals
- Employee & Office Directories
- Resources & Public Notices

**Patent Searches**

- Patent Official Gazette
- Search Patents & Applications
- Search Biological Sequences
- Copies, Products & Services

**Other**

- Copyrights
- Trademarks
- Policy & Law
- Reports

**Patent Application Information Retrieval**

Order Certified Application As Filed Order Certified File Wrapper View Order List

**90/010,043** **Computer Interconnection System**

Select New Case | Application Data | Transaction History | Image File Wrapper | Continuity Data | Address & Attorney/Agent

## Parent Continuity Data

| Description | Parent Number | Parent Filing or 371(c) Date | Parent Status | Patent Number |
|---|---|---|---|---|
| This application is Re-examination of | 09/683,582 | 01-22-2002 | Patented | 7,113,978 |
| is a continuation of | 09/590,170 | 06-09-2000 | Patented | 6,345,323 |
| is a continuation of | 09/244,947 | 02-04-1999 | Patented | 6,112,264 |
| is a continuation of | 08/969,723 | 11-12-1997 | Patented | 5,884,096 |
| is a continuation of | 08/519,193 | 08-25-1995 | Patented | 5,721,842 |

## Child Continuity Data

**No Child Continuity Data Found**

*If you need help:*

- *Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions about Patent Application Information Retrieval (PAIR).*
- *Send general questions about USPTO programs to the USPTO Contact Center (UCC) .*
- *If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199.*

You can suggest USPTO webpages or material you would like featured on this section by E-mail to the webmaster@uspto.gov. While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.

Case 1:08-cv-00069-LSM Document 24-3 Filed 06/23/2008 Page 3 of 56

Home | Site Index | Search | eBusiness | Help | Privacy Policy

# Exhibit 2

# US District Court Civil Docket

## U.S. District - New York Southern (Foley Square - NYC)

## 1:01cv4435

## Avocent Redmond Corp v. Raritan Computer, et al

**This case was retrieved from the court on Tuesday, May 24, 2005**

| | | | |
|---|---|---|---|
| Date Filed: | **05/23/2001** | Class Code: | **CLOSED** |
| Assigned To: | **P Kevin Castel** | Closed: | **Yes** |
| Referred To: | | Statute: | **35:271** |
| Nature of suit: | **Patent (830)** | Jury Demand: | **None** |
| Cause: | **Patent Infringement** | Demand Amount: | **$0** |
| Lead Docket: | **None** | NOS Description: | **Patent** |
| Other Docket: | **None** | | |
| Jurisdiction: | **Federal Question** | | |

| Litigants | Attorneys |
|---|---|
| Avocent Redmond Corp A Washington Corporation<br>Plaintiff | Donald L Jackson<br>[COR LD NTC]<br>Davidson, Berquist, Klima & Jackson, LLP<br>4501 North Fairfax Drive<br>Suite 920<br>Arlington, VA 22203<br>USA<br>(703) 248-0333<br>Fax: (703) 248-9558<br><br>James D Berquist<br>[COR LD NTC]<br>Davidson, Berquist, Klima & Jackson, LLP<br>4501 North Fairfax Drive<br>Suite 920<br>Arlington, VA 22203<br>USA<br>(703) 248-0333<br>Fax: (703) 248-9558<br><br>Paul S Grossman<br>[COR LD NTC]<br>Friedman, Wittenstein & Hochman, A Professional Corporation<br>101 East 52ND Street, 15TH Floor<br>New York, NY 10022<br>USA<br>(212)750-8700<br>Fax: (212)223-8391<br>Email: Pgrossman@friedmanwittenstein.com<br><br>Scott J Davidson |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | |
|---|---|
| | [COR LD NTC]<br>Davidson, Berquist, Klima & Jackson, LLP<br>4501 North Fairfax Drive<br>Suite 920<br>Arlington, VA 22203<br>USA<br>(703) 248-0333<br><br>Stuart I Friedman<br>[COR LD NTC]<br>Friedman, Wittenstein & Hochman<br>101 East 52ND Street<br>New York, NY 10022<br>USA<br>(212) 750-8700<br>Email: Sfriedman@friedmanwittenstein.com |
| Apex Inc A Washington Corporation<br>Plaintiff | |
| Raritan Computer, Inc A New Jersey Corporation<br>Defendant | David Michael Hill<br>[COR LD NTC]<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017<br>USA<br>(212)-697-6262<br>Fax: (212)-972-5866<br>Email: Hilld@wardolivo.com<br><br>John W Olivo, Jr<br>[COR LD NTC]<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017<br>USA<br>(212) 697-6262<br><br>John Francis Ward<br>[COR LD NTC]<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017<br>USA<br>(212)-697-6262<br>Fax: (212)-972-5866<br>Email: Wardj@wardolivo.com<br><br>Vincent E McGeary<br>[COR LD NTC]<br>Gibbons, Del Deo, Dolan, Griffinger and Vecchione PC<br>One Riverfront Plaza<br>Newark, NJ 07012-5496<br>USA |
| Raritan Computer, Inc Counter<br>Other | John Francis Ward<br>[COR LD NTC]<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017<br>USA<br>(212)-697-6262<br>Fax: (212)-972-5866<br>Email: Wardj@wardolivo.com<br><br>Vincent E McGeary<br>[COR LD NTC]<br>Gibbons, Del Deo, Dolan, Griffinger and Vecchione PC<br>One Riverfront Plaza |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | |
|---|---|
| | Newark, NJ 07012-5496<br>USA |
| Avocent Redmond Corp Counter<br>Defendant | Donald L Jackson<br>[COR LD NTC]<br>Davidson, Berquist, Klima & Jackson, LLP<br>4501 North Fairfax Drive<br>Suite 920<br>Arlington, VA 22203<br>USA<br>(703) 248-0333<br>Fax: (703) 248-9558<br><br>James D Berquist<br>[COR LD NTC]<br>Davidson, Berquist, Klima & Jackson, LLP<br>4501 North Fairfax Drive<br>Suite 920<br>Arlington, VA 22203<br>USA<br>(703) 248-0333<br>Fax: (703) 248-9558<br><br>Scott J Davidson<br>[COR LD NTC]<br>Davidson, Berquist, Klima & Jackson, LLP<br>4501 North Fairfax Drive<br>Suite 920<br>Arlington, VA 22203<br>USA<br>(703) 248-0333<br>Fax: (703) 248-9558<br><br>Stuart I Friedman<br>[COR LD NTC]<br>Friedman, Wittenstein & Hochman<br>101 East 52ND Street<br>New York, NY 10022<br>USA<br>(212) 750-8700<br>Email: Sfriedman@friedmanwittenstein.com |
| Raritan Computer Taiwan, Inc<br>Defendant | |
| Raritan Computer, Inc Counter<br>Other | David Michael Hill<br>[COR LD NTC]<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017<br>USA<br>(212)-697-6262<br>Fax: (212)-972-5866<br>Email: Hilld@wardolivo.com<br><br>John W Olivo, Jr<br>[COR LD NTC]<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017<br>USA<br>(212) 697-6262<br><br>John Francis Ward<br>[COR LD NTC]<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017<br>USA |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | |
|---|---|
| | (212)-697-6262<br>Fax: (212)-972-5866<br>Email: Wardj@wardolivo.com<br><br>Vincent E McGeary<br>[COR LD NTC]<br>Gibbons, Del Deo, Dolan, Griffinger and Vecchione PC<br>One Riverfront Plaza<br>Newark, NJ 07012-5496<br>USA |
| Raritan Computer, Inc Thirdparty Plaintiff | David Michael Hill<br>[COR LD NTC]<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017<br>USA<br>(212)-697-6262<br>Fax: (212)-972-5866<br>Email: Hilld@wardolivo.com<br><br>John W Olivo, Jr<br>[COR LD NTC]<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017<br>USA<br>(212) 697-6262<br><br>John Francis Ward<br>[COR LD NTC]<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017<br>USA<br>(212)-697-6262<br>Fax: (212)-972-5866<br>Email: Wardj@wardolivo.com<br><br>Vincent E McGeary<br>[COR LD NTC]<br>Gibbons, Del Deo, Dolan, Griffinger and Vecchione PC<br>One Riverfront Plaza<br>Newark, NJ 07012-5496<br>USA |
| Motorola, Inc Thirdparty Defendant | |
| Myson Technology Thirdparty Defendant | |
| Raritan Computer, Inc Counter Other | David Michael Hill<br>[COR LD NTC]<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017<br>USA<br>(212)-697-6262<br>Fax: (212)-972-5866<br>Email: Hilld@wardolivo.com<br><br>John W Olivo, Jr<br>[COR LD NTC]<br>Ward & Olivo<br>708 Third Avenue<br>New York, NY 10017<br>USA<br>(212) 697-6262 |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

John Francis Ward
[COR LD NTC]
Ward & Olivo
708 Third Avenue
New York, NY 10017
USA
(212)-697-6262
Fax: (212)-972-5866
Email: Wardj@wardolivo.com

Vincent E McGeary
[COR LD NTC]
Gibbons, Del Deo, Dolan, Griffinger and Vecchione PC
One Riverfront Plaza
Newark, NJ 07012-5496
USA

| Date | # | Proceeding Text |
|---|---|---|
| 05/23/2001 | 1 | COMPLAINT filed. Summons issued and Notice pursuant to 28 U.S.C. 636(c). FILING FEE $ 150.00 RECEIPT # 406958. (jco) (Entered: 05/24/2001) |
| 05/23/2001 | 2 | RULE 1.9 CERTIFICATE filed by Apex Inc. (jco) (Entered: 05/24/2001) |
| 05/23/2001 | -- | Magistrate Judge Douglas F. Eaton is so designated. (jco) (Entered: 05/24/2001) |
| 05/24/2001 | -- | Mailed notice to Commissioner of Patents and Trademarks. (jco) (Entered: 05/24/2001) |
| 06/20/2001 | 3 | AFFIDAVIT OF SERVICE of summons and complaint as to Raritan Computer by Esther A. Hsu, Purchasing Manager and owner's wife, on 6/15/01. Answer due on 7/5/01 for Raritan Computer. (sn) (Entered: 06/25/2001) |
| 07/05/2001 | 4 | RULE 1.9 CERTIFICATE filed by Raritan Computer. (djc) (Entered: 07/10/2001) |
| 07/05/2001 | 5 | ANSWER to Complaint and COUNTERCLAIM by Raritan Computer (Attorney John F. Ward) against Apex Inc.; Firm of: Ward & Olivo by attorney John F. Ward for defendant Raritan Computer. (djc) (Entered: 07/10/2001) |
| 07/18/2001 | 7 | REPLY by Apex Inc. to [5-2] counterclaim; Firm of: Friedman, Wittenstein & Hochman by attorney Paul S. Grossman for counter-defendant Apex Inc. (kkc) (Entered: 07/20/2001) |
| 07/19/2001 | 6 | NOTICE OF MOTION (filed on service date) by Apex Inc. for admission to appear pro hac vice of James D. Berquist , for admission to appear pro hac vice J. Scott Davidson , and, for admission to appear pro hac vice Donald L. Jackson in this action . Return date not indicated. Attached as Exhibit 4 is a Proposed Order. (tp) (Entered: 07/20/2001) |
| 07/30/2001 | 8 | DECLARATION of Donald L. Jackson by Apex Inc. Re: Apex's attempts to confer with counsel for Raritan purs. to Rule 26. (sn) (Entered: 08/02/2001) |
| 07/30/2001 | 9 | Report of the parties' conference purs. to F.R.C.P. 26(f) submitted by pltff Apex Inc. (sn) (Entered: 08/02/2001) |
| 07/31/2001 | 10 | Proposed Civil Case Management Plan pursuant to FRCP 26(f) filed by Raritan Computer Inc. (kkc) (Entered: 08/07/2001) |
| 08/07/2001 | 11 | CIVIL CASE MANAGEMENT PLAN: this action is not to be tried a jury; joinder of additional parties must be accomplished by 9/25/01; amended pleadings may be filed until 9/25/01; first request for production of documents, if any, are to be served by 8/13/01; interrogatories purs. to Rule 33.3(a) of the Local Rules of the SDNY are to be served by 8/13/01; depositions shall be completed by 1/28/02; experts, if any, are to be designated by 12/14/01 and experts' reports exchanged no later than 1/14/02, experts may be deposed; request to admit, if any, are to be served no later than 12/28/01; all discovery is to be completed by 1/28/02; dispositive motions are to be served by 2/1/02, answering papers are to be served by 2/18/02, reply apeprs are to be served by 2/25/02, at which time the fully submitted motion shall be filed with the Clerk of the Court; next case management conference scheduled for Friday, 2/1/02 at 2:00 p.m. ( signed by Judge Barbara S. Jones ); Copies mailed. (sac) (Entered: 08/08/2001) |
| 08/29/2001 | -- | Memo endorsed on motion; granting [6-1] motion for admission to appear pro hac vice of James D. Berquist, granting [6-2] motion for admission to appear pro hac vice J. Scott Davidson, granting |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | |
|---|---|---|
| | | [6-3] motion for admission to appear pro hac vice Donald L. Jackson in this action. ( signed by Judge Barbara S. Jones ); Copies mailed. Original document forwarded to Attorney Admissions Clerk. (kkc) (Entered: 08/30/2001) |
| 08/29/2001 | 12 | CONFIDENTIALITY STIPULATION and PROTECTIVE ORDER; regarding procedures that will govern the handling of confidential information . ( signed by Judge Barbara S. Jones ) (sn) (Entered: 08/30/2001) |
| 09/25/2001 | 13 | SEALED DOCUMENT placed in vault. (wv) (Entered: 09/25/2001) |
| 09/25/2001 | 14 | NOTICE OF MOTION (FILED ON SERVICE DATE) by Apex Inc.; for an Order pursuant to 35 U.S.C. 283 preliminarily enjoining defendant from making, selling, using, offering to sell or importing the switching products known as the Paragon Switch System through trial in this action . Return date not indicated. (kkc) (Entered: 09/26/2001) |
| 09/25/2001 | 15 | MEMORANDUM OF LAW by Apex Inc. in support of [14-1] motion for an Order pursuant to 35 U.S.C. 283 preliminarily enjoining defendant from making, selling, using, offering to sell or importing the switching products known as the Paragon Switch System through trial in this action. (kkc) (Entered: 09/26/2001) |
| 09/25/2001 | 16 | DECLARATION of Joseph C. McAlexander by Apex Inc. in support of: [14-1] motion for an Order pursuant to 35 U.S.C. 283 preliminarily enjoining defendant from making, selling, using, offering to sell or importing the switching products known as the Paragon Switch System through trial in this action. (kkc) (Entered: 09/26/2001) |
| 09/25/2001 | 17 | NOTICE OF MOTION (FILED ON SERVICE DATE) by Apex Inc.; for an Order pursuant to FRCP 26(c) for permission to file under seal the Declaration of Christopher Sirianni and Declaration of David Perry supporting plaintiff's motion for entry of a preliminary injunction . Return date not indicated. (kkc) (Entered: 09/26/2001) |
| 09/25/2001 | 18 | MEMORANDUM OF LAW by Apex Inc. in support of [17-1] motion for an Order pursuant to FRCP 26(c) for permission to file under seal the Declaration of Christopher Sirianni and Declaration of David Perry supporting plaintiff's motion for entry of a preliminary injunction. (kkc) (Entered: 09/26/2001) |
| 10/09/2001 | 19 | NOTICE OF MOTION by Apex Inc.; for an Order to amend the complaint to add Raritan Computer Taiwan, Inc. as an additional defendant, to add allegations of patent infringement under 35 U.S.C. 271(f), and to add a claim for tortious interference with prospective economic advantage under New York law . Return date not indicated. Filed on service date. (jco) (Entered: 10/11/2001) |
| 10/09/2001 | 104 | MEMORANDUM OF LAW by Apex Inc. in support of [19-1] motion for an Order to amend the complaint to add Raritan Computer Taiwan, Inc. as an additional defendant, to add allegations of patent infringement under 35 U.S.C. 271(f), and to add a claim for tortious interference with prospective economic advantage under New York law . (ae) (Entered: 01/14/2003) |
| 10/11/2001 | 20 | Memo-Endorsement on letter addressed to Judge Jones from John F. Ward, dated 10/2/01. Defendant's response to motion reset to 10/17/01 for [19-1] motion for an Order to amend the complaint to add Raritan Computer Taiwan, Inc. as an additional defendant, to add allegations of patent infringement under 35 U.S.C. 271(f), and to add a claim for tortious interference with prospective economic advantage under New York law, reset to 10/17/01 for [17-1] motion for an Order pursuant to FRCP 26(c) for permission to file under seal the Declaration of Christopher Sirianni and Declaration of David Perry supporting plaintiff's motion for entry of a preliminary injunction, reset to 10/17/01 for [14-1] motion for an Order pursuant to 35 U.S.C. 283 preliminarily enjoining defendant from making, selling, using, offering to sell or importing the switching products known as the Paragon Switch System through trial in this action . ( signed by Judge Barbara S. Jones ); Copies mailed. (kw) (Entered: 10/12/2001) |
| 10/11/2001 | -- | Remark by the Cashier's Office, on copy of doc. #6, that on 10/11/01 the admissions fee of $75.00 for attorneys James D. Berquist, J. Scott Davidson, and Donald L. Jackson admitted pro hac vice was paid. (Rec. #418967) (kw) (Entered: 10/15/2001) |
| 10/22/2001 | 21 | MEMORANDUM OF LAW by Raritan Computer in opposition to [14-1] motion for an Order pursuant to 35 U.S.C. 283 preliminarily enjoining defendant from making, selling, using, offering to sell or importing the switching products known as the Paragon Switch System through trial in this action. (jco) (Entered: 10/23/2001) |
| 10/22/2001 | 22 | OPPOSITION by Raritan Computer to [14-1] motion for an Order pursuant to 35 U.S.C. 283 preliminarily enjoining defendant from making, selling, using, offering to sell or importing the switching products known as the Paragon Switch System through trial in this action. (jco) (Entered: 10/23/2001) |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | |
|---|---|---|
| 10/22/2001 | 23 | DECLARATION of Marcian E. Hoff by Raritan Computer in opposition Re: [14-1] motion for an Order pursuant to 35 U.S.C. 283 preliminarily enjoining defendant from making, selling, using, offering to sell or importing the switching products known as the Paragon Switch System through trial in this action. (jco) (Entered: 10/23/2001) |
| 10/22/2001 | 24 | DECLARATION of David M. Hill by Raritan Computer in opposition Re: [14-1] motion for an Order pursuant to 35 U.S.C. 283 preliminarily enjoining defendant from making, selling, using, offering to sell or importing the switching products known as the Paragon Switch System through trial in this action. (jco) (Entered: 10/23/2001) |
| 10/23/2001 | 29 | MEMORANDUM OF LAW by Raritan Computer in opposition to [19-1] motion for an Order to amend the complaint to add Raritan Computer Taiwan, Inc. as an additional defendant, to add allegations of patent infringement under 35 U.S.C. 271(f), and to add a claim for tortious interference with prospective economic advantage under New York law. (Received in night deposit box on 10/23/01, at 7:34 p.m.) (tp) Modified on 11/14/2001 (Entered: 11/14/2001) |
| 10/30/2001 | 25 | REPLY by Apex Inc. in support of: [14-1] motion for an Order pursuant to 35 U.S.C. 283 preliminarily enjoining defendant from making, selling, using, offering to sell or importing the switching products known as the Paragon Switch System through trial in this action (moc) (Entered: 10/31/2001) |
| 11/02/2001 | 26 | SEALED DOCUMENT placed in vault. (wv) (Entered: 11/02/2001) |
| 11/02/2001 | 30 | MEMORANDUM OF LAW by Raritan Computer in opposition to [19-1] motion for an Order to amend the complaint to add Raritan Computer Taiwan, Inc. as an additional defendant, to add allegations of patent infringement under 35 U.S.C. 271(f), and to add a claim for tortious interference with prospective economic advantage under New York law. (tp) (Entered: 11/14/2001) |
| 11/02/2001 | 31 | DECLARATION of David M. Hill by Raritan Computer in support of Raritan's memorandum of law in opposition to plaintiff's motion to amend the complaint. (tp) (Entered: 11/14/2001) |
| 11/06/2001 | 27 | SEALED DOCUMENT placed in vault. (wv) (Entered: 11/06/2001) |
| 11/13/2001 | 28 | ORDER, defendant agrees not to make any offeror sales of its Paragon product to Compaq Computer Corporation through completion of a trial on the merits in this case . ( signed by Judge Milton Pollack ); Copies mailed. (kw) (Entered: 11/13/2001) |
| 11/14/2001 | 32 | Notice of Case Reassignment to Judge Milton Pollack . Copy of notice and judge's rules mailed to Attorney(s) of record: Stuart I. Friedman, Paul S. Grossman, John F. Ward . (jol) (Entered: 11/16/2001) |
| 11/16/2001 | 33 | This document is stricken from Record pursuant to order of Judge Pollack, doc.# 40. (jp) Modified on 01/03/2002 (Entered: 11/19/2001) |
| 11/28/2001 | 34 | ORDER, denying [14-1] motion for an Order pursuant to 35 U.S.C. 283 preliminarily enjoining defendant from making, selling, using, offering to sell or importing the switching products known as the Paragon Switch System through trial in this action. ( signed by Judge Milton Pollack ); Copies mailed. (kw) (Entered: 11/28/2001) |
| 11/28/2001 | 35 | ORDER, granting in part, denying in part [19-1] motion for an Order to amend the complaint to add Raritan Computer Taiwan, Inc. as an additional defendant, to add allegations of patent infringement under 35 U.S.C. 271(f), and to add a claim for tortious interference with prospective economic advantage under New York law. ( signed by Judge Milton Pollack ); Copies mailed. (kw) (Entered: 11/28/2001) |
| 12/06/2001 | 37 | This document is stricken from Record pursuant to order of Judge Pollack, doc.# 40. (yv) Modified on 01/03/2002 (Entered: 12/12/2001) |
| 12/06/2001 | 37 | This document is stricken from Record pursuant to order of Judge Pollack, doc.# 40. (yv) Modified on 01/03/2002 (Entered: 12/12/2001) |
| 12/06/2001 | 37 | This document is stricken from Record pursuant to order of Judge Pollack, doc.# 40. (yv) Modified on 01/03/2002 (Entered: 12/12/2001) |
| 12/07/2001 | 36 | ANSWER to Complaint and COUNTERCLAIM by Raritan Computer (Attorney John W. Olivo Jr., David M. Hill) against Apex Inc. ; Firm of: Ward & Olivo by attorney David M. Hill for defendant Raritan Computer, John W. Olivo Jr. for defendant Raritan Computer, John F. Ward for defendant Raritan Computer (db) (Entered: 12/10/2001) |
| 12/12/2001 | 38 | AFFIDAVIT OF SERVICE of summons and complaint as to Raritan Taiwan, Inc. by Ching I. Hsu on |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | |
|---|---|---|
| | | 12/4/01 . Answer due on 12/24/01 for Raritan Taiwan, Inc. . (bai) (Entered: 12/17/2001) |
| 12/17/2001 | 39 | NOTICE OF MOTION by Apex Inc. for an Order under FRCP 12(f) striking Raritan's response to amended complaint , or, in the alternative severing Raritan's newly added claims from the present action . No Return date indicated. (db) (Entered: 12/19/2001) |
| 12/27/2001 | -- | Memo endorsed on motion; [39-1,2] Motion Disposed of as per Order of this date. ( signed by Judge Milton Pollack ); Copies mailed. (tp) Modified on 12/28/2001 (Entered: 12/28/2001) |
| 12/27/2001 | 40 | ORDER, that Apex's "Amended Complaint" is hereby stricken from the record in this case. Raritan's responsive pleading entitled "Answer and Counterclaims to Apex's Amended Complaint and Third-Party Complaint Against Motorola, Inc. And Myson Technology, Inc." are also stricken from the record, and of no force or effect herein . ( signed by Judge Milton Pollack ); Copies mailed. (tp) Modified on 01/03/2002 (Entered: 12/28/2001) |
| 01/02/2002 | 41 | NOTICE OF MOTION by Apex Inc. pursuant to Rule 56 FRCP for summary judgment that U.S. Patent No. 5,884,096, U.S. Patent No. 6,112,264, and U.S. Patent No. 5,397,176 are not invalid for failure to disclose the best mode . Return date not indicated. Received in night deposit box on 1/2/02 at 7:39 p.m. (yv) (Entered: 01/04/2002) |
| 01/02/2002 | 42 | RULE 56.1 STATEMENT filed by Apex Inc. Received in night deposit box on 1/2/02 at 7:39 p.m. (yv) (Entered: 01/04/2002) |
| 01/02/2002 | 43 | MEMORANDUM OF LAW by Apex Inc. in support of [41-1] motion pursuant to Rule 56 FRCP for summary judgment that U.S. Patent No. 5,884,096, U.S. Patent No. 6,112,264, and U.S. Patent No. 5,397,176 are not invalid for failure to disclose the best mode . Received in night deposit box on 1/2/02 at 7:40 p.m. (yv) (Entered: 01/04/2002) |
| 01/02/2002 | 44 | Issues Upon Which Plaintiff Bears the Burden of Proof by Apex Inc. Received in night deposit box on 1/2/02 at 7:38 p.m. (yv) Modified on 01/04/2002 (Entered: 01/04/2002) |
| 01/02/2002 | 45 | NOTICE OF MOTION by Apex Inc. pursuant to Rule 56 FRCP for summary judgment that the defendant Raritan Computer, Inc.'s Paragon infringes U.S. Patent No. 5,884,096, U.S. Patent No. 6,112,264, and U.S. Patent No. 5,397,176 . Return date not indicated. Received in night deposit box on 1/2/02 at 7:39 p.m. (yv) (Entered: 01/04/2002) |
| 01/02/2002 | 46 | MEMORANDUM OF LAW by Apex Inc. in support of [45-1] motion pursuant to Rule 56 FRCP for summary judgment that the defendant Raritan Computer, Inc.'s Paragon infringes U.S. Patent No. 5,884,096, U.S. Patent No. 6,112,264, and U.S. Patent No. 5,397,176 . Received in night deposit box on 1/2/02 at 7:39 p.m. (yv) (Entered: 01/04/2002) |
| 01/02/2002 | 47 | RULE 56.1 STATEMENT filed by Apex Inc. Received in night deposit box on 1/2/02 at 7:39 p.m. (yv) Modified on 01/04/2002 (Entered: 01/04/2002) |
| 01/02/2002 | 48 | NOTICE OF MOTION IN LIMINE and Supporting Memorandum by Apex Inc. under Fed. R. Evid. 402, 403, and 702 for an Order in limine precluding Raritan from presenting testimony, argument, or evidence at trial regarding the following matters (1) reliance on opinion of counsel in rebuttal to Apex's charge of willfulness (2) prior art or element-by-element analyses not properly and timely identified and disclosed (3) any allegation of inequitable conduct relating to the prosecutions in the U.S. Patent and Trademark Office of any patent application that matured into any of the patents in suit (4) any allegation that Apex's claims are barred by laches, waiver, unclean hands or estoppel . Return date not indicated. Received in night deposit box on 1/2/02 at 7:40 p.m. (yv) (Entered: 01/04/2002) |
| 01/02/2002 | 52 | NOTICE OF MOTION by Raritan Computer pursuant to Rule 37(a) of the FRCP for an Order compelling Plaintiff Apex Inc. to produce all documents responsive to Request Nos. 19, 20 and 21 of Defendant Raritan Computer, Inc's First Request for Production of Documents to Plaintiff Apex, Inc. . Proposed Order attached. Return date not indicated. (yv) Modified on 01/04/2002 (Entered: 01/04/2002) |
| 01/02/2002 | 53 | DECLARATION of John F. Ward by Raritan Computer in support Re: [52-1] motion pursuant to Rule 37(a) of the FRCP for an Order compelling Plaintiff Apex Inc. to produce all documents responsive to Request Nos. 19, 20 and 21 of Defendant Raritan Computer, Inc's First Request for Production of Documents to Plaintiff Apex, Inc. . (yv) (Entered: 01/04/2002) |
| 01/02/2002 | 54 | NOTICE OF MOTION by Raritan Computer pursuant to Rule 37(a) of the FRCP for an Order compelling Plaintiff Apex Inc. to produce all documents responsive to Request No. 8 of Raritan Computer, Inc.'s First Request for Production of Documents . Proposed Order attached. Return date not indicated. (yv) (Entered: 01/04/2002) |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | |
|---|---|---|
| 01/02/2002 | 55 | DECLARATION of John F. Ward by Raritan Computer in support Re: [54-1] motion pursuant to Rule 37(a) of the FRCP for an Order compelling Plaintiff Apex Inc. to produce all documents responsive to Request No. 8 of Raritan Computer, Inc.'s First Request for Production of Documents . (yv) (Entered: 01/04/2002) |
| 01/02/2002 | 78 | SEALED DOCUMENT placed in vault. (wv) (Entered: 01/11/2002) |
| 01/03/2002 | 49 | ORDER TO COMPEL PRODUCTION OF DOCUMENTS, that plaintiff respond to the aforementioned discovery requests in full, and without objection, on or before noon of 1/8/02 . ( signed by Judge Milton Pollack ); Copies mailed. (tp) (Entered: 01/04/2002) |
| 01/03/2002 | 50 | ORDER TO COMPEL PRODUCTION OF PRIOR LITIGATION DOCS., that plaintiff respond to the aforementioned discovery requests in full, and without objection, on or before noon of 1/8/02 . ( signed by Judge Milton Pollack ); Copies mailed. (tp) (Entered: 01/04/2002) |
| 01/03/2002 | 57 | NOTICE OF MOTION by Raritan Computer for an Order, pursuant to Rule 37(a) of the FRCP, compelling defendant Apex, Inc. to produce Stephen Thornton, Doyle Weeks and Christopher Thomas for depositions within the State of New York, along with Apex's 30(b)(6) witnesses, including as appropriate Christopher Sirianni, Dan Saracino, Kevin J. Hafer, Mark Hatlan, Gary Johnson and/or Ron Olson . Return date not indicated. Declaration of John F. Ward and a proposed order are attached. (tp) (Entered: 01/07/2002) |
| 01/04/2002 | 51 | ORDER, that plaintiff Apex has moved under Fed. R. Evid. 402, 403, and 702 for an Order in limine that defendant Raritan be precluded from presenting testimony, argument or evidence at trial regarding the matters as further set forth on this Order . ( signed by Judge Milton Pollack ); Copies mailed. (tp) (Entered: 01/04/2002) |
| 01/04/2002 | 56 | Memo endorsed on motion; Denying Apex's motion for reconsideration of its 1/3/02 Orders granting Raritan's [49-1,2], and [50-1,2] motions to compel . ( signed by Judge Milton Pollack ); Copies mailed. (tp) (Entered: 01/04/2002) |
| 01/04/2002 | 58 | Memo endorsed on copy of Apex's motion; for reconsideration of the Court's 1/3/02 Orders; Motion denied . ( signed by Judge Milton Pollack ); Copies mailed. (sn) (Entered: 01/07/2002) |
| 01/04/2002 | 60 | NOTICE OF MOTION by Apex Inc. for reconsideration of the Court's 1/3/02 Orders granting Raritan Computer, Inc.'s motions to compel prior litigation and foreign patent prosecution documents from Apex . No return date indicated. (sn) (Entered: 01/07/2002) |
| 01/04/2002 | 61 | OPPOSITION by Apex Inc. re: [57-1] motion for an Order, pursuant to Rule 37(a) of the FRCP, compelling defendant Apex, Inc. to produce Stephen Thornton, Doyle Weeks and Christopher Thomas for depositions within the State of New York, along with Apex's 30(b)(6) witnesses, including as appropriate Christopher Sirianni, Dan Saracino, Kevin J. Hafer, Mark Hatlan, Gary Johnson and/or Ron Olson. (sn) (Entered: 01/07/2002) |
| 01/07/2002 | 59 | MEMO-ENDORSEMENT on Apex's opposition to Raritan's motion to compel depositions in New York; denying [57-1] motion for an Order, pursuant to Rule 37(a) of the FRCP, compelling defendant Apex, Inc. to produce Stephen Thornton, Doyle Weeks and Christopher Thomas for depositions within the State of New York, along with Apex's 30(b)(6) witnesses, including as appropriate Christopher Sirianni, Dan Saracino, Kevin J. Hafer, Mark Hatlan, Gary Johnson and/or Ron Olson as being in contradiction to the understanding in joint conference on phone that one page summaries of the proposed witnesses testimony would suffice. ( signed by Judge Milton Pollack ); Copies mailed. (kw) (Entered: 01/07/2002) |
| 01/08/2002 | 62 | MEMO-ENDORSEMENT on Order to Show Cause; the order for leave to amend the Answer is denied. The last day for amending pleadings was 9/25/01. No extension thereof was authorized by the Court. No sufficient reason now appears to permit the proposed amendment . ( signed by Judge Milton Pollack ); Copies mailed. (kw) (Entered: 01/08/2002) |
| 01/08/2002 | 63 | Transcript of record of proceedings before Judge Milton Pollack for the date(s) of 11/13/01. (cd) (Entered: 01/08/2002) |
| 01/08/2002 | 64 | Transcript of record of proceedings before Judge Milton Pollack for the date(s) of 11/7/01. (cd) (Entered: 01/08/2002) |
| 01/08/2002 | 65 | NOTICE OF MOTION by Raritan Computer under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system and MasterConsole products do not infringe claims 1, 6-7, 10-11, 20, 26, and 32 of Beasley et al. U.S. Patent No. 5,884,096 and does not infringe Beasley et al. U.S. Patent No. 5,937,176 . Return date not indicated. (yv) (Entered: 01/09/2002) |
| 01/08/2002 | 66 | MEMORANDUM OF LAW by Raritan Computer in support of [65-1] motion under FRCP 56 for an |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | |
|---|---|---|
| | | Order granting partial summary judgment that Raritan's Paragon system and MasterConsole products do not infringe claims 1, 6-7, 10-11, 20, 26, and 32 of Beasley et al. U.S. Patent No. 5,884,096 and does not infringe Beasley et al. U.S. Patent No. 5,937,176 . (yv) (Entered: 01/09/2002) |
| 01/08/2002 | 67 | NOTICE OF MOTION by Raritan Computer under FRCP 56 for an Order granting partial summary judgment that at least claims 6-7, 10, and 32 of Beasley et al. U.S. Patent No. 5,884,096 are invalid an anticipated under 35 U.S.C. 102(b) and/or 102(g) of the Patent Laws by the systems disclosed in either Perholtz, et al. U.S. Patent No. 5,732,212 or the Polycon Management System . Return date not indicated. (yv) (Entered: 01/09/2002) |
| 01/08/2002 | 68 | MEMORANDUM OF LAW by Raritan Computer in support of [18-1] support memorandum . (yv) (Entered: 01/09/2002) |
| 01/08/2002 | 69 | NOTICE OF MOTION by Raritan Computer under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system and MasterConsole products do not infringe claims 1, 11, 20 and 26 of Beasley et al. U.S. Patent No. 5,884,096, Claim 1 of Beasley et al. U.S. Patent No. 5,937,176, and Claims 1-7, 9, 14 and 16 of Beasley et al. U.S. Patent No. 6,112,264 . Return date not indicated. (yv) (Entered: 01/09/2002) |
| 01/08/2002 | 70 | MEMORANDUM OF LAW by Raritan Computer in support of [69-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system and MasterConsole products do not infringe claims 1, 11, 20 and 26 of Beasley et al. U.S. Patent No. 5,884,096, Claim 1 of Beasley et al. U.S. Patent No. 5,937,176, and Claims 1-7, 9, 14 and 16 of Beasley et al. U.S. Patent No. 6,112,264 . (yv) (Entered: 01/09/2002) |
| 01/08/2002 | 71 | NOTICE OF MOTION by Raritan Computer under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system does not infringe Beasley et al U.S. Patent No. 5,937,176 . Return date not indicated. (yv) (Entered: 01/09/2002) |
| 01/08/2002 | 72 | MEMORANDUM OF LAW by Raritan Computer in support of [71-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system does not infringe Beasley et al U.S. Patent No. 5,937,176 . (yv) (Entered: 01/09/2002) |
| 01/08/2002 | 73 | NOTICE OF MOTION by Raritan Computer under FRCP 56 for an Order granting partial summary judgment that Raritan's MasterConsle products do not infringe claims 1, 11, 20 and 26 of Beasley et al. U.S. Patent No. 5,884,096 and Claims 1-7, 9, 14, and 16 of Beasley et al. U.S. Patent No. 6,112,264 . Return date not indicated. (yv) (Entered: 01/09/2002) |
| 01/08/2002 | 74 | MEMORANDUM OF LAW by Raritan Computer in support of [73-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's MasterConsle products do not infringe claims 1, 11, 20 and 26 of Beasley et al. U.S. Patent No. 5,884,096 and Claims 1-7, 9, 14, and 16 of Beasley et al. U.S. Patent No. 6,112,264 . (yv) (Entered: 01/09/2002) |
| 01/08/2002 | 75 | NOTICE OF MOTION by Raritan Computer under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system and MasterConsole products do not infringe claims 1, 6-7, 10-11, 20, 26 and 32 of Beasley et al. U.S. Patent No. 5,884,096 and does not infringe claims 1-7, 9, 14, and 16 of Beasley et al U.S. Patent No. 6,112,264 . Return date not indicated. (yv) (Entered: 01/09/2002) |
| 01/08/2002 | 76 | MEMORANDUM OF LAW by Raritan Computer in support of [75-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system and MasterConsole products do not infringe claims 1, 6-7, 10-11, 20, 26 and 32 of Beasley et al. U.S. Patent No. 5,884,096 and does not infringe claims 1-7, 9, 14, and 16 of Beasley et al U.S. Patent No. 6,112,264 . Apex Patents and file Histories (Exhibits 1-8) and Additional Exhibits Relied on in Support of Raritan's Motions for Partial Summary Judgment (Exhibits No. 9-26) attached. (yv) Modified on 01/09/2002 (Entered: 01/09/2002) |
| 01/10/2002 | 77 | ORDER, all requested documents were ordered produced to the defendant. The latter claims they were not complete as produced. Immediate production is hereby ordered, without redaction, of the requested, required production, subject to such appropriate sanctions as may appear if the initial court Order was not complied with in time, same to be considered later. In view of all the facts and circumstances, the damage phases of the case, if any are required, will be bifurcated and heard at a convenient postponement as fixed by the Court . ( signed by Judge Milton Pollack ); Copies mailed. (kw) Modified on 03/14/2002 (Entered: 01/10/2002) |
| 01/14/2002 | 79 | DECLARATION of David M. Hill by Raritan Computer in support of Re: [75-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system and MasterConsole products do not infringe claims 1, 6-7, 10-11, 20, 26 and 32 of Beasley et al. U.S. Patent No. 5,884,096 and does not infringe claims 1-7, 9, 14, and 16 of Beasley et al U.S. Patent No. |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | |
|---|---|---|
| | | 6,112,264, [73-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's MasterConsle products do not infringe claims 1, 11, 20 and 26 of Beasley et al. U.S. Patent No. 5,884,096 and Claims 1-7, 9, 14, and 16 of Beasley et al. U.S. Patent No. 6,112,264, [71-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system does not infringe Beasley et al U.S. Patent No. 5,937,176, [69-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system and MasterConsole products do not infringe claims 1, 11, 20 and 26 of Beasley et al. U.S. Patent No. 5,884,096, Claim 1 of Beasley et al. U.S. Patent No. 5,937,176, and Claims 1-7, 9, 14 and 16 of Beasley et al. U.S. Patent No. 6,112,264, [67-1] motion under FRCP 56 for an Order granting partial summary judgment that at least claims 6-7, 10, and 32 of Beasley et al. U.S. Patent No. 5,884,096 are invalid an anticipated under 35 U.S.C. 102(b) and/or 102(g) of the Patent Laws by the systems disclosed in either Perholtz, et al. U.S. Patent No. 5,732,212 or the Polycon Management System, [65-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system and MasterConsole products do not infringe claims 1, 6-7, 10-11, 20, 26, and 32 of Beasley et al. U.S. Patent No. 5,884,096 and does not infringe Beasley et al. U.S. Patent No. 5,937,176. (kw) (Entered: 01/14/2002) |
| 01/14/2002 | 80 | DECLARATION of Sharad Malik by Raritan Computer. (kw) (Entered: 01/14/2002) |
| 01/14/2002 | 81 | RULE 56.1 STATEMENT filed by Raritan Computer. (kw) (Entered: 01/14/2002) |
| 01/14/2002 | 82 | NOTICE OF MOTION by Apex Inc. for Robert A. Rowan to appear pro hac vice . Return date 7/5/01. (bai) (Entered: 01/15/2002) |
| 01/14/2002 | 83 | NOTICE OF MOTION by Apex Inc. for an order pursuant to FRCP 37(c)(1) and FRE 402, 403, and 702 in limine precluding Raritan from presenting testimony, argument, or evidence at trial regarding testimony from any expert witness . Return date not indicated. (bai) (Entered: 01/15/2002) |
| 01/14/2002 | -- | Bench trial begun before Judge Milton Pollack. (kw) (Entered: 01/24/2002) |
| 01/15/2002 | 84 | RENEWED NOTICE OF MOTION IN LIMINE AND SUPPORTING MEMORANDUM by Apex Inc. under Fed. R. Evid. 402, 403, and 702 for an Order in limine precluding Raritan from presenting testimony, argument, or evidence at trial regarding, inter alia, any prior art or element-by-element analyses not properly and timely identified and disclosed . Return date not indicated. (yv) (Entered: 01/16/2002) |
| 01/15/2002 | 85 | NOTICE OF MOTION AND SUPPORTING MEMORANDUM by Apex Inc. for an Order precluding Raritan from presenting its agruments on the Polycon catalog . Return date not indicated. (yv) Modified on 01/16/2002 (Entered: 01/16/2002) |
| 01/15/2002 | 86 | Objection(s) by Apex Inc. to Raritan's Trial Exhibits. (yv) (Entered: 01/16/2002) |
| 01/15/2002 | 87 | NOTICE OF MOTION by Raritan Computer for an Order dismissing the present case based on patent unenforceability of Beasley et al. U.S. Pat. No. 5,884,096, Beasley et al. U.S. Pat. No. 5,937,176 and Beasley et al. U.S. Pat. No. 6,112,264 . Return date not indicated. (yv) (Entered: 01/16/2002) |
| 01/15/2002 | 88 | DECLARATION of John F. Ward by Raritan Computer in support Re: [87-1] motion for an Order dismissing the present case based on patent unenforceability of Beasley et al. U.S. Pat. No. 5,884,096, Beasley et al. U.S. Pat. No. 5,937,176 and Beasley et al. U.S. Pat. No. 6,112,264 . (yv) (Entered: 01/16/2002) |
| 01/15/2002 | -- | Bench trial held before Judge Milton Pollack. (kw) (Entered: 01/24/2002) |
| 01/16/2002 | -- | Bench trial held before Judge Milton Pollack. (kw) (Entered: 01/24/2002) |
| 01/17/2002 | -- | Bench trial held before Judge Milton Pollack. (kw) (Entered: 01/24/2002) |
| 01/18/2002 | 89 | MEMORANDUM OF LAW by Raritan Computer in opposition to [45-1] motion pursuant to Rule 56 FRCP for summary judgment that the defendant Raritan Computer, Inc.'s Paragon infringes U.S. Patent No. 5,884,096, U.S. Patent No. 6,112,264, and U.S. Patent No. 5,397,176 . (db) (Entered: 01/18/2002) |
| 01/18/2002 | 90 | MEMORANDUM OF LAW by Raritan Computer in opposition to [45-1] motion pursuant to Rule 56 FRCP for summary judgment that the defendant Raritan Computer, Inc.'s Paragon infringes U.S. Patent No. 5,884,096, U.S. Patent No. 6,112,264, and U.S. Patent No. 5,397,176 . (db) (Entered: 01/18/2002) |
| 01/18/2002 | 91 | NOTICE OF MOTION by Apex Inc. under FRCP 37(C)(1) and Federal Rules of Evidence 402,403 and 702 for an order in limine precluding Raritan from presenting testimony, argument, or evidence at |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | |
|---|---|---|
| | | trial regarding testimony from any "patent expert" witness. Under Rule 37 , parties are precluded from using evidence not properly disclosed during discovery. The preclusion sanction is self-executing and automatic when a party fails to disclose relevant material that it expects to use as evidence . No Return date indicated. (db) Modified on 01/25/2002 (Entered: 01/23/2002) |
| 01/18/2002 | -- | Bench trial held before Judge Milton Pollack. (kw) (Entered: 01/24/2002) |
| 01/22/2002 | 92 | MEMORANDUM OF LAW by Apex Inc. in opposition to [87-1] motion for an Order dismissing the present case based on patent unenforceability of Beasley et al. U.S. Pat. No. 5,884,096, Beasley et al. U.S. Pat. No. 5,937,176 and Beasley et al. U.S. Pat. No. 6,112,264 . (bai) Modified on 01/25/2002 (Entered: 01/23/2002) |
| 01/22/2002 | -- | Bench trial held before Judge Milton Pollack. (kw) (Entered: 01/24/2002) |
| 01/23/2002 | -- | Bench trial concluded before Judge Milton Pollack. Judge decision is reserved. Total trial days is 7. (kw) (Entered: 01/24/2002) |
| 01/23/2002 | 93 | MEMORANDUM OF LAW by Apex Inc. in opposition to [75-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system and MasterConsole products do not infringe claims 1, 6-7, 10-11, 20, 26 and 32 of Beasley et al. U.S. Patent No. 5,884,096 and does not infringe claims 1-7, 9, 14, and 16 of Beasley et al U.S. Patent No. 6,112,264, [73-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's MasterConsle products do not infringe claims 1, 11, 20 and 26 of Beasley et al. U.S. Patent No. 5,884,096 and Claims 1-7, 9, 14, and 16 of Beasley et al. U.S. Patent No. 6,112,264, [71-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system does not infringe Beasley et al U.S. Patent No. 5,937,176, [69-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system and MasterConsole products do not infringe claims 1, 11, 20 and 26 of Beasley et al. U.S. Patent No. 5,884,096, Claim 1 of Beasley et al. U.S. Patent No. 5,937,176, and Claims 1-7, 9, 14 and 16 of Beasley et al. U.S. Patent No. 6,112,264, [67-1] motion under FRCP 56 for an Order granting partial summary judgment that at least claims 6-7, 10, and 32 of Beasley et al. U.S. Patent No. 5,884,096 are invalid an anticipated under 35 U.S.C. 102(b) and/or 102(g) of the Patent Laws by the systems disclosed in either Perholtz, et al. U.S. Patent No. 5,732,212 or the Polycon Management System, [65-1] motion under FRCP 56 for an Order granting partial summary judgment that Raritan's Paragon system and MasterConsole products do not infringe claims 1, 6-7, 10-11, 20, 26, and 32 of Beasley et al. U.S. Patent No. 5,884,096 and does not infringe Beasley et al. U.S. Patent No. 5,937,176. Received in night deposit box on 1/23/02 at 5:09 p.m. (db) (Entered: 01/25/2002) |
| 01/25/2002 | 94 | PROPOSED (MARKMAN) FINDINGS OF FACT AND CONCLUSIONS OF LAW. (db) Modified on 02/07/2002 (Entered: 01/28/2002) |
| 01/25/2002 | 95 | COUNTER STATEMENT TO RULE 56.1 filed by Apex Inc. Received in night deposit box on 1/25/02 at 7:12 p.m. (yv) (Entered: 01/29/2002) |
| 02/01/2002 | 96 | NOTICE OF MOTION by Apex Inc. under Fed.R.Evid. 402, 403, 802 and 807 and Rule 26 FRCP and 35 U.S.C. Section 282 for an Order striking from evidence the hearsay declarations, attorney argument, and other hearsay evidence obtained from the Cybex litigation, which Raritan's marked as Raritan Trial Exhibits 1, 10-16, 29, 31-32, 41, 46-47 and 49-51, but never used at trial, as well as the extremely belatedly identified Exhibits 18 and 53 and all hearsay testimony with respect to Exhibits 18 and 53 . Return date not indicated. (yv) (Entered: 02/04/2002) |
| 02/25/2002 | 97 | FINDINGS OF FACT AND CONCLUSIONS OF LAW. ( signed by Judge Milton Pollack ) (kw) (Entered: 02/25/2002) |
| 02/25/2002 | 98 | JUDGMENT that this action came on for trial before the Court, Honorable Milton Pollack, Senior District Judge, presiding, and the issues of infringement having been tried and a decision with Findings of Fact and Conclusion of Law thereon having been duly rendered, it is Ordered and Adjudged: 1. Judgment is granted in favor of the defendant on the ground on non-infringement by the defendant of the patents in suit; and that to that extent the action be dismissed on the merits; and no evidence having been, or needing to be, taken in the circumstances herein on the defendant's cross claims, the same are hereby dismissed, without prejudice. 2. That the plaintiff take nothing and that the defendant Raritan Computer, Inc. recover of the plaintiff Apex Inc. its court costs of action. (signed by James M. Parkison, Clerk of Court). Mailed copies and notice of right to appeal. Entered On Docket: 2/25/02. (kw) Modified on 02/25/2002 (Entered: 02/25/2002) |
| 02/25/2002 | -- | Case closed. (kw) (Entered: 02/25/2002) |
| 03/11/2002 | 99 | Transcript of record of proceedings before Judge Milton Pollack for the dates of January 14,15,16,17 2002. (kw) Modified on 03/13/2002 (Entered: 03/13/2002) |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | |
|---|---|---|
| 03/11/2002 | 100 | Transcript of record of proceedings before Judge Milton Pollack for the dates of January 18, 22, 23, 2002. (kw) (Entered: 03/13/2002) |
| 03/13/2002 | 101 | Transcript of record of proceedings before Judge Milton Pollack for the date(s) of 1/10/02. (df) (Entered: 03/13/2002) |
| 03/19/2002 | 102 | NOTICE OF APPEAL TO THE FEDERAL CIRCUIT by Apex Inc. ; from [98-1] judgment order Copies of notice of appeal mailed to Attorney(s) of Record: John F. Ward, Esq. $105.00 Appeal filing fee paid 3/19/02 on receipt # E 433922. (dt) (Entered: 03/19/2002) |
| 03/19/2002 | -- | Notice of appeal and certified copy of docket to USCA for the FEDERAL CIRCUIT: [102-1] appeal by Apex Inc. ; Copy of notice of appeal sent to District Judge. (dt) (Entered: 03/19/2002) |
| 04/03/2002 | 103 | Objection(s) by Apex Inc. to Raritan's Bill of Costs, Request to Tax Costs, and Notice of Hearing. (moc) (Entered: 04/04/2002) |
| 04/16/2002 | -- | USCA FEDERAL CIRCUIT Case Number Re: [102-1] appeal by Apex Inc. USCA FEDERAL CIRCUIT NUMBER: 02-1303. (dt) (Entered: 04/16/2002) |
| 01/14/2003 | 105 | Notice that the record on appeal has been certified and transmitted to the U.S. Court of Appeals for the Federal Circuit: [102-1] appeal by Apex Inc., [105-1] supplemental appeal (pr) (Entered: 01/14/2003) |
| 01/14/2003 | -- | ROA files sent to USCA for the Federal Circuit, Washington D.C. (pr) (Entered: 01/14/2003) |
| 06/10/2003 | 106 | MANDATE OF USCA FEDERAL CIRCUIT (certified copy) Re: Remand [102-1] appeal by Apex Inc. We Vacate the District Court's grant for summary judgment of non-infringment and remand for further proceedings consistent with this opinion. (02-1303) Jan Horbaly, Clerk, U.S.C.A. for the Federal Circuit. (Certified 6/6/03). (ATTACHED BILL OF COSTS taxed in the amount of $1485.30 against Raritan Computer Inc.)(DOCKETED AS A JUDGMENT # 03,1196 ON 6/11/03). (dt) Modified on 06/12/2003 (Entered: 06/10/2003) |
| 06/16/2003 | -- | Record on appeal files (02-1303) returned from U.S. Court of Appeals for the Federal Circuit: [102-1] appeal by Apex Inc. (Sealed Document #'s 13,26,27 & 78 returned to sealed records). (dt) (Entered: 06/16/2003) |
| 06/25/2003 | 107 | Letter filed addressed to Mr. McMahon from Paul S. Grossman, dated 6/25/03, re: name change of Apex Inc. to Avocent Redmond Corp. also changed law firms. Nixon & Vanderhye P.C. and its lawyers are no longer counsel for Apex. (jco) (Entered: 06/27/2003) |
| 10/05/2004 | 108 | NOTICE OF CASE REASSIGNMENT to Judge P. Kevin Castel. Judge Milton Pollack no longer assigned to the case. (jjm, ) (Entered: 10/15/2004) |
| 10/07/2004 | 109 | ORDER; this action has been reassigned to my docket. All existing deadlines and schedules remain in effect. All counsel are directed to attend a conference with the understanding to be held on 10/21/04 at 2:30 p.m., in Courtroom 12C of the United States Courthouse, 500 Pearl Street. (Signed by Judge P. Kevin Castel on 10/6/04) Copies Faxed By Chambers.(sac, ) (Entered: 10/19/2004) |
| 10/15/2004 | -- | Mailed notice to the attorney(s) of record. (jjm, ) (Entered: 10/15/2004) |
| 10/21/2004 | -- | Minute Entry for proceedings held before Judge P. Kevin Castel : Interim Pretrial Conference held on 10/21/2004. Briefing schedule for the Markman Hearing which is scheduled for 02/03/2005 at 10:00 AM. Brief due by 12/15/2004, opposition papers are due 01/17/2005. Pretrial Conference set for 11/5/2004 3:30 PM before P. Kevin Castel. (jeh, ) (Entered: 10/25/2004) |
| 11/05/2004 | -- | MEMORANDUM TO THE DOCKET CLERK: Pretrial conference held (yv, ) (Entered: 11/12/2004) |
| 11/08/2004 | 110 | SCHEDULING ORDER: Motions in limine due by 4/15/2005. Final Pretrial Conference set for 5/9/2005 09:45 AM before P. Kevin Castel. Joint Pretrial Order due by 4/15/2005. Trial is set by 5/16/2005. Additional discovery deadlines are as set forth in this Order. (Signed by Judge P. Kevin Castel on 11/8/04) (pl, ) (Entered: 11/10/2004) |
| 12/15/2004 | 111 | Raritan Computer claim construction statement. Document filed by Raritan Computer Taiwan, Inc. (cd, ) (Entered: 01/03/2005) |
| 12/15/2004 | 112 | Plaintiff Avocent Redmond's Pre-Markman Hearing Memorandum in Supuport of its proposed claim constructions.. Document filed by Avocent Redmond Corp, Avocent Redmond Corp. (djc, ) (Entered: 01/04/2005) |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | |
|---|---|---|
| 01/12/2005 | 113 | ENDORSED LETTER addressed to Judge Castel from Paul S. Grossman dated 1/11/2005 re: Outlining discovery disputes. The parties, through their counsel, are directed to meet and confer, face to face, for a period no less than ninety minutes on the issues set forth in Mr. Grossman's letter. Thereafter, the parties are directed to submit a joint letter to the Court outlining the remaining disputes. I will hold a conference on February 3, 2005 at 10:00 a.m. The joint letter should be faxed to chambers three (3) days in advance So Ordered. (Signed by Judge P. Kevin Castel on 1/12/2005) Copies Faxed by Chambers.(D'Agostino, Andrew) (Entered: 01/12/2005) |
| 01/12/2005 | -- | Set/Reset Hearings: Pretrial Conference set for 2/3/2005 10:00 AM before P. Kevin Castel. (D'Agostino, Andrew) (Entered: 01/12/2005) |
| 01/18/2005 | 114 | DEFENDANT RARITAN COMPUTER, INC. REPLY TO AVOCENT REDMONS'S PROPOSED CLAIM CONSTRUCTIONS. Document filed by Raritan Computer, Inc.. (jmi, ) (Entered: 01/20/2005) |
| 01/18/2005 | 115 | DECLARATION of Sharad Malik, Ph.D.. Document filed by Raritan Computer, Inc.. (jmi, ) (Entered: 01/20/2005) |
| 01/18/2005 | 116 | AVOCENT REDMOND'S ANSWERING PRE-MARKMAN HEARING BRIEFING. Document filed by Avocent Redmond Corp.(jmi, ) (Entered: 01/20/2005) |
| 02/02/2005 | 117 | ENDORSED LETTER addressed to Judge Castel from Paul S. Grossman dated 2/1/2005 re: Setting forth the parties' joint proposal for the conduct of the Markman Hearing. The schedule agreed upon by the parties is approved. (Signed by Judge P. Kevin Castel on 2/2/2005) Copies Faxed by Chambers.(D'Agostino, Andrew) (Entered: 02/02/2005) |
| 02/03/2005 | -- | MEMORANDUM TO THE DOCKET CLERK: Hearing held 2/03/2005. Court is adjourned to 2/4/2005 at 10:30 A.M. (jno, ) (Entered: 02/23/2005) |
| 02/04/2005 | -- | MEMORANDUM TO THE DOCKET CLERK: Hearing held and concluded on 2/04/2005. The court reserves decision.The defendant will provide the plaintiff with Sales CHARTS BY 2/25/2005. THE DEFENDANT WILL RESPOND TO INTERROGATORY 6(R) BY 2/25/2005. (jno, ) (Entered: 02/23/2005) |
| 02/14/2005 | 118 | TRANSCRIPT of proceedings held on 2/3/05 before Judge P. Kevin Castel. (Martin, Leslie) (Entered: 02/14/2005) |
| 02/15/2005 | 119 | TRANSCRIPT of proceedings held on 2/5/05 before Judge P. Kevin Castel. (Martin, Leslie) (Entered: 02/15/2005) |
| 03/10/2005 | 120 | ORDER ADMITTING ATTORNEY PRO HAC VICE. Attorney Vincent E. McGeary for Raritan Computer, Inc.; Raritan Computer, Inc.; Raritan Computer, Inc.; Raritan Computer, Inc. and Raritan Computer, Inc. admitted Pro Hac Vice. Subject to payment of fee. (Signed by Judge P. Kevin Castel on 3/7/2005) (jsa, ) (Entered: 03/11/2005) |
| 03/11/2005 | 121 | MEMORANDUM AND ORDER ON MARKMAN ISSUES....The final pretrial conference of May 9, 2005 at 9:45 a.m. and trial date of May 16 at 10:00 a.m. remain as scheduled. (Signed by Judge P. Kevin Castel on 3/11/2005) Copies Faxed to Counsel.(D'Agostino, Andrew) (Entered: 03/11/2005) |
| 03/15/2005 | 122 | ENDORSED LETTER addressed to Judge Castel from Vincent E. McGeary dated 3/14/2005 re: Requesting a premotion conference to discuss leave to file an amended answer. Premotion conference requirement is waived. Proceed by formal notice of motion to which plaintiff will have the opportunity to file opposing papers. (Signed by Judge P. Kevin Castel on 3/15/2005) Copies Faxed by Chambers.(D'Agostino, Andrew) (Entered: 03/15/2005) |
| 03/15/2005 | 124 | NOTICE of Motion Pursuant to Rule 45 and 26(c) of The Federal Rules of Civil Procedure. Document filed by Avocent Redmond Corp. (jmi, ) (Entered: 03/22/2005) |
| 03/15/2005 | 125 | MEMORANDUM OF LAW in Support re: [124] Notice (Other). Document filed by Avocent Redmond Corp. (jmi, ) (Entered: 03/22/2005) |
| 03/16/2005 | 123 | ORDER...This patent infringement suit was commenced on May 23, 2001. From January 14-23, 2002, the Honorable Milton Pollack conducted a trial in this matter. Following trial, Judge Pollack observed that the infringement questions rested in large measure on claim construction, and ordered the parties to submit post-trial claim construction briefs on the disputed claim terms. On February 25, 2002, Judge Pollack adopted claim constructions for 14 of the disputed terms. He also found that none of Raritan's products infringed Apex's patents. An appeal was taken by Apex to the Court of Appeals for the Federal Circuit. On April 2, 2003, the Federal Circuit vacated all 14 claim constructions. Apex Inc. v. Raritan Computer, Inc., 325 F.3d 1364 (Fed. Cir. 2003). The case was reassigned to me on October 7, 2004, following Judge Pollack's death. Though there should not have been a need for additional discovery, on November 8, 2004, I granted the parties the |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | |
|---|---|---|
| | | opportunity to conduct some further fact discovery with the discovery period to close on March 15. (See Order of November 8.) On February 3, I conducted a Markman hearing and on March 11 ruled on claim construction. Defendant has recently sought to amend its answer and also has served subpoenas, which are returnable after the close of discovery. Simply put, fact discovery has ended. The motions to quash the subpoenas directed to non-parties Beasely, LaCrampe, Huffington, Greene and Hafer are granted because the subpoenas seek depositions after the close of discovery. My Order of November 8 unambiguously provides that discovery shall be completed by 03/15/05." (emphasis added). Defendant is free to move to amend its answer (see order of March 15), but discovery will not be reopened absent a showing that defendant was thwarted in its ability to conduct discovery in a timely fashion. If defendant wishes to substitute an expert witness by reason of so called "personal reasons", it should provide an affidavit generally describing the nature of the reasons and confirming that they are wholly unrelated to the merits of any claim or defense. The affidavit should be faxed to Chambers no later than noon March 21; defendant may provisionally designate the substitute expert at the same time. The dates of the final pretrial conference and trial were set on November 8. They remain May 9, 2005 at 9:45 a.m. for the final pretrial conference and May 16 at 10 a.m. for the trial. (Signed by Judge P. Kevin Castel on 3/16/2005) Copies Faxed to Counsel.(D'Agostino, Andrew) (Entered: 03/16/2005) |
| 03/22/2005 | 126 | ENDORSED LETTER addressed to Judge Castel from Michael A. Adler dated 3/21/2005 re: Requesting leave to designate another expert. The invitation to "provisionally designate" an alternate to Dr. Malik wa not a casual suggestion. See Order of March 16. Trial is less than two months away. The problem has been known or knowable for sometime. Defendant may substitute another expert for Dr. Malik, if but only, if the expert report of the new expert is served on plaintiff (by hand) no later than than noon, April 4, 2005. So Ordered. (Signed by Judge P. Kevin Castel on 3/21/2005) Copies Faxed by chambers.(D'Agostino, Andrew) (Entered: 03/22/2005) |
| 03/23/2005 | 127 | ENDORSED LETTER addressed to Judge Castel from John F. Ward dated 3/22/2005 re: Requesting leave to file its motion to amend the scheduling order. Premotion conference requirement waived. Plaintiff may respond by noon April 1 and defendant may reply by 10:00 a.m. on April 5. Unless and until I rule otherwise, parties should proceed on the assumption that the trial of this action will begin in Courtroom 12C at 10:00 a.m. on May 16, 2005. So Ordered. (Signed by Judge P. Kevin Castel on 3/23/2005) Copies Faxed by Chambers.(D'Agostino, Andrew) (Entered: 03/23/2005) |
| 03/23/2005 | 131 | NOTICE OF MOTION AND MOTION for Leave to File Amended Answer, Affirmative Defenses and Counterclaims; and for Expedited Briefing Schedule. Document filed by Raritan Computer, Inc.. (jmi, ) (Entered: 03/29/2005) |
| 03/23/2005 | 132 | MEMORANDUM OF LAW in Support re: [131] MOTION for Leave to File.. Document filed by Raritan Computer, Inc.. (jmi, ) (Entered: 03/29/2005) |
| 03/23/2005 | 133 | DECLARATION of Vincent E. Mcgeary in Support re: [131] MOTION for Leave to File.. Document filed by Raritan Computer, Inc.. (jmi, ) (Entered: 03/29/2005) |
| 03/28/2005 | 130 | ORDER Granting Expedited Briefing Schedule...Raritan's motion for an expedited briefing schedule on its motion for leave to file an Amended Answer, Affirmative Defenses and Counterclaims is hereby granted. Brief in opposition due by April 5, 2005. Reply brief due by 4/8/2005. (Signed by Judge P. Kevin Castel on 3/28/2005) Copies Faxed by Chambers.(D'Agostino, Andrew) (Entered: 03/28/2005) |
| 03/28/2005 | 135 | MOTION to reopen discovery and modify the scheduling order in this case. Document filed by Raritan Computer, Inc. (kw, ) (Entered: 04/04/2005) |
| 03/28/2005 | 136 | MEMORANDUM OF LAW in Support of re: [135] MOTION to Reopen. Document filed by Raritan Computer, Inc. (kw, ) (Entered: 04/04/2005) |
| 03/28/2005 | 137 | DECLARATION of David M. Hill in Support re: [135] MOTION to Reopen. Document filed by Raritan Computer, Inc. (kw, ) (Entered: 04/04/2005) |
| 03/30/2005 | 134 | ENDORSED LETTER addressed to Judge Castel from Paul S. Grossman dated 3/29/2005 re: Requesting a consolidated briefing schedule with respect to defendant Raritan's two outstanding motions. Avocent will file and serve one opposition brief to both outstanding motions, no later than April 5, with Raritan's reply brief(s), if any, to be filed and served by April 8. The proposed briefing schedule is approved. (Signed by Judge P. Kevin Castel on 3/30/2005) Copies Faxed by Chambers.(D'Agostino, Andrew) (Entered: 03/31/2005) |
| 04/06/2005 | 138 | DECLARATION of Donald L. Jackson in Support of Avocent Redmond's Consolidated Opposition to Raritan's Motion to Amend Its Answer and Counterclaims and Its Motion to Re-Open Discovery. Document filed by Avocent Redmond Corp. (mde, ) (Entered: 04/11/2005) |
| 04/07/2005 | 139 | MEMORANDUM OF LAW in Opposition re: [131] MOTION for Leave to File. Document filed by |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | |
|---|---|---|
| | | Avocent Redmond Corp. (yv, ) (Entered: 04/11/2005) |
| 04/07/2005 | 140 | DECLARATION of Donald L. Jackson in Support re: [139] Memorandum of Law in Oppisition to Motion. Exhibits 5-14 attached. Document filed by Avocent Redmond Corp. (yv, ) (Entered: 04/11/2005) |
| 04/08/2005 | 146 | DECLARATION of Elvin Esteves in Support re: [131] MOTION for Leave to File. Document filed by Raritan Computer, Inc. (jco, ) (Entered: 04/13/2005) |
| 04/08/2005 | 147 | REPLY MEMORANDUM OF LAW in Support re: [131] MOTION for Leave to File.. Document filed by Raritan Computer, Inc. (jco, ) (Entered: 04/13/2005) |
| 04/13/2005 | 148 | ENDORSED LETTER addressed to Judge Castel from APul S. Grossman dated 4/11/2005 re: The pre-trial matters may be submitted on April 27, 2005. So ordered. (Signed by Judge P. Kevin Castel on 4/11/2005) copies faxed to counsel by chambers.(jsa, ) (Entered: 04/15/2005) |
| 04/13/2005 | -- | Set/Reset Deadlines: Pretrial Order due by 4/27/2005. (jsa, ) (Entered: 04/15/2005) |
| 04/13/2005 | 149 | ORDER By motion filed 3/23/05, defendant Raritan also seeks to reopen discovery for ninety (90) days and extend the time for redesignation of an expert. It assets that this application stands separate and independent from its motion to amend. I have considered Raritan's request at face value. Because Raritan has not demonstrateed good cause, the scheduled will not be modified. Rule 16, F.R.C.P. The motion for leave to file an amended answer and counterclaim (Docket Entry #131) and the motion to reopen discovery (Docket Entry #135) are denied. The dates of the final pretrial conference and trial remain as they were set on 11/8/04: May 9, 2005 at 9:45 a.m. for the final pretrial conference and May 16 at 10 a.m. for the trial. So Ordered. (Signed by Judge P. Kevin Castel on 4/12/05) (jco, ) (Entered: 04/15/2005) |
| 04/14/2005 | 150 | ENDORSED LETTER addressed to Judge Castel from Paul S. Grossman dated 4/12/05 re: request for permission to file 1 page sur-reply memorandum of law in opposition to Raritan Computer Product, Inc.'s motions to amend its pleadings and to re-open discovery. Denied as moot. He has already ruled (Signed by Judge P. Kevin Castel on 4/12/05) Copy faxed by Chambers.(yv, ) (Entered: 04/18/2005) |
| 04/21/2005 | 152 | LETTER addressed to Mr. McMahon from Donald L. Jackson dated 4/12/05 re: Counsel for Plaintiff writes in regards to their address change as follows: Davidson Berquist Jackson & Gowdey, LLP, 4300 Wilson Blvd., 7th Floor, Arlington, VA 22203; (703) 894-6400. Document filed by Apex Inc.(ae, ) (Entered: 04/26/2005) |
| 04/25/2005 | 151 | ENDORSED LETTER addressed to Judge Castel from Vincent E. McGeary dated 4/21/2005 re: Response to Mr. Grossman's letter of April 21, 2005 concerning Raritan's intent to disclose confidential materials to Dr. Robert Vigil, a non-testifying expert, under the Protective Order. Having reviewed plaintiff's letters of April 21 and 22, I grant defendant's application and permit Dr. Vigil access to confidential information as a non-testifying expert. (Signed by Judge P. Kevin Castel on 4/25/05) Copies mailed by chambers.(D'Agostino, Andrew) (Entered: 04/25/2005) |
| 04/26/2005 | 153 | ENDORSED LETTER addressed to Judge Castel from James D. Berquist dated 4/25/2005 re: Avocent respectfully asks the Court to strike the supplemental expert reports of Messrs. Davis, Fern and McNair served on APril 18, 2005, and issue an order preventing Raritan from presenting any of the opinions (and bases therefor) contained in those expert reports. Defendant shall show cause in writing, supported by affidavit, why its "supplemental" expert reports should not be stricken. Defendant's submission shall be served and filed by 5 pm on APril 28. Plaintiff may respond by 5 pm April 29th. Submissions may be faxed to chambers. (Signed by Judge P. Kevin Castel on 4/26/2005) Copies faxed by chambers.(D'Agostino, Andrew) (Entered: 04/26/2005) |
| 04/27/2005 | 154 | ENDORSED LETTER addressed to Judge Castel from Paul S. Grossman dated 4/27/2005 re: Requesting a two day extension for the filing of the parties' Pretrial Memoranda. Application granted. (Signed by Judge P. Kevin Castel on 4/27/2005) Copies Faxed by chambers.(D'Agostino, Andrew) (Entered: 04/27/2005) |
| 04/27/2005 | 156 | MOTION in Limine to exclude evidence that Raritan received opinions of counsel. Document filed by Avocent Redmond Corp. (jco, ) (Entered: 05/02/2005) |
| 04/27/2005 | 157 | MOTION in Limine to Exclude Prior Art Not Identified In Raritan's Interrogatory Responses. Document filed by Avocent Redmond Corp. (jco, ) (Entered: 05/02/2005) |
| 04/27/2005 | 158 | MOTION in Limine to Exclude All Documents Produced by Raritan After the Close of Discovery. Document filed by Avocent Redmond Corp. (jco, ) (Entered: 05/02/2005) |
| 04/27/2005 | 159 | MOTION in Limine to Exclude Opinions and Evidence relating to Inequitable Conduct. Document |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | |
|---|---|---|
| | | filed by Avocent Redmond Corp. (jco, ) (Entered: 05/02/2005) |
| 04/27/2005 | 160 | Proposed Findings of Fact and Conclusions of Law. Document filed by Avocent Redmond Corp.(jco, ) (Entered: 05/02/2005) |
| 04/27/2005 | 161 | MOTION in Limine to Preclude Expert Opinions or Supporting Evidence relating to Lost Profits. Document filed by Raritan Computer, Inc. jco, ) (Entered: 05/02/2005) |
| 04/27/2005 | 162 | MEMORANDUM OF LAW in Support re: [161] MOTION in Limine. Document filed by Raritan Computer, Inc. (jco, ) (Entered: 05/02/2005) |
| 04/27/2005 | 163 | Proposed Findings of Fact and Conclusions of Law. Document filed by Raritan Computer, Inc.(jco, ) (Entered: 05/02/2005) |
| 04/28/2005 | -- | CASHIERS OFFICE REMARK on [120] Order Admitting Attorney Pro Hac Vice, in the amount of $25.00, paid on 4/25/05, Receipt Number 541604. (mlo, ) (Entered: 04/28/2005) |
| 04/28/2005 | 164 | MOTION in Limine to preclude expert opinions or supporting evidence relating to lost profits. Document filed by Raritan Computer, Inc.. (jsa, ) (Entered: 05/02/2005) |
| 04/28/2005 | 165 | MEMORANDUM OF LAW in Support of its motion in limine to preclude expert opinions or supporting evidence relating to lost profits. re: [164] MOTION in Limine.. Document filed by Raritan Computer, Inc.. (jsa, ) (Entered: 05/02/2005) |
| 04/28/2005 | 166 | DEFENDANT'S NOTICE OF MOTION in Limine and expedited briefing to preclude plaintiff from asserting infringement or damages claims against certain additional raritan products. Document filed by Raritan Computer, Inc.. (jsa, ) Modified on 5/2/2005 (jsa, ). (Entered: 05/02/2005) |
| 04/28/2005 | 167 | MEMORANDUM OF LAW in Support of its MOTION in Limine to preclude plaintiff from asserting infringement or damages claims against certain additional raritan products. Document filed by Raritan Computer, Inc.. (jsa, ) (Entered: 05/02/2005) |
| 04/29/2005 | 168 | DEFENDANT'S NOTICE OF MOTION in Limine and Expedited Briefing to Preclude Plaintiff From Asserting Infringenment or Damages Claims Against Certain Addditional Raritan Products. Document filed by Raritan Computer, Inc.. (jmi, ) (Entered: 05/03/2005) |
| 04/29/2005 | 169 | DEFENDANT RARITAN COMPUTER INC'S PRETRIAL MEMORANDUM OF LAW re: [168] MOTION in Limine.. Document filed by Raritan Computer, Inc.. (jmi, ) (Entered: 05/03/2005) |
| 04/29/2005 | 170 | DEFENDANT'S MEMORANDUM OF LAW in Support of re: [168] MOTION in Limine.. Document filed by Raritan Computer, Inc.. (jmi, ) (Entered: 05/03/2005) |
| 04/29/2005 | 171 | AVOCENT REDMOND'S PRE-TRIAL MEMORANDUM OF LAW. Document filed by Avocent Redmond Corp. (jmi, ) (Entered: 05/03/2005) |
| 05/02/2005 | 155 | ENDORSED LETTER addressed to Judge Castel from VIncent E. McGreary dated 4/28/2005 re: Motion in limine. Plaintiff is directed to respond to Mr. McGeary's letter and the motion in limine by 5 pm on May 4. Defendant may reply by noon May 6. (Signed by Judge P. Kevin Castel on 4/29/2005) COpies Faxed by Chambers.(D'Agostino, Andrew) (Entered: 05/02/2005) |
| 05/05/2005 | 172 | MEMORANDUM OF LAW in Opposition re: [168] MOTION in Limine. Document filed by Avocent Redmond Corp. (kw, ) (Entered: 05/10/2005) |
| 05/05/2005 | 173 | MEMORANDUM OF LAW in Opposition re: [168] MOTION in Limine.. Document filed by Avocent Redmond Corp. (kw, ) (Entered: 05/10/2005) |
| 05/06/2005 | 174 | MOTION for Robert M. Fuhrer to Appear Pro Hac Vice. Document filed by Raritan Computer, Inc. (jco, ) (Entered: 05/10/2005) |
| 05/06/2005 | 175 | DECLARATION of Michael A. Adler in Support re: [174] MOTION for Robert M. Fuhrer to Appear Pro Hac Vice.(jco, ) (Entered: 05/10/2005) |
| 05/06/2005 | 176 | DECLARATION of Robert M. Fuhrer in Support re: [174] MOTION for Robert M. Fuhrer to Appear Pro Hac Vice. (jco, ) (Entered: 05/10/2005) |
| 05/06/2005 | 178 | MEMORANDUM OF LAW in Opposition to Avocent Redmond's Motion In Limine to Exclude Evidence that Raritan Received Opinions of Counsel. Document filed by Raritan Computer, Inc. (ae, ) (Entered: 05/11/2005) |
| 05/09/2005 | -- | ORDER denying [156] Motion in Limine, deferring ruling on [157] Motion in Limine, deferring ruling |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

| | | |
|---|---|---|
| | | on [158] Motion in Limine, deferring ruling on [159] Motion in Limine, deferring ruling on [161] Motion in Limine, deferring ruling on [164] Motion in Limine, granting in part and denying in part [166] Motion in Limine, granting in part and denying in part [168] Motion in Limine. May 9, 2005 - The parties are present and the final pretrial conference is held. Court Reporter Sam Mauro is present. See transcript. The Court rules on the pending motions in limine. Plaintiff?s motion to exclude evidence that Raritan received opinions of counsel - denied.Plaintiff?s motion to exclude prior art not identified in Raritan?s interrogatory responses - reserved. Plaintiff?s motion to exclude all documents produced by Raritan after the close of discovery - reserved. Plaintiff?s motion to exclude opinions and evidence relating to inequitable conduct - reserved. Defendant?s motion to preclude expert opinions or supporting evidence relating to lost profits - reserved. Defendant?s motion to preclude plaintiff from asserting infringement or damage claims against certain additional Raritan products - denied in part and granted in part. . (Signed by Judge P. Kevin Castel on 5/9/2005) (D'Agostino, Andrew) (Entered: 05/10/2005) |
| 05/11/2005 | 177 | TRANSCRIPT of proceedings held on 5/9/05 before Judge P. Kevin Castel. (lma, ) (Entered: 05/11/2005) |
| 05/12/2005 | 179 | ENDORSED LETTER addressed to Judge Castel from James D. Berquist dated 5/11/2005 re: Requesting a modification to the Addendum allowing Avocent to designate its exhibits "Plaintiff's Exhibit___." Application granted. (Signed by Judge P. Kevin Castel on 5/12/2005) Copies Faxed by Chambers.(D'Agostino, Andrew) (Entered: 05/12/2005) |
| 05/13/2005 | 180 | ORDER OF DISMISSAL without prejudice to the right to reopen the action within thirty (30) days if the settlement is not consummated... without costs. (Signed by Judge P. Kevin Castel on 5/13/2005) Copies Faxed by Chambers.(D'Agostino, Andrew) (Entered: 05/13/2005) |

Copyright © 2005 LexisNexis CourtLink, Inc. All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

# Exhibit 3

Case 1:08-cv-00671-SWP Document 21-31 Filed 06/23/2008 Page 24 of 56

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRIC, INC., a Texas corporation; ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>AND JURY DEMAND |

Plaintiff, Avocent Redmond Corp. ("Avocent"), brings this action for infringement of U.S. Patent No. 5,884,096 ("the '096 patent"), U.S. Patent No. 6,112,264 ("the '264 patent") and U.S. Patent No. 7,113,978 ("the '978 patent") in violation of 35 U.S.C. § 271. Plaintiff alleges the following facts upon actual knowledge with respect to itself and its own acts and upon information and belief as to all other matters.

**THE PARTIES**

1. Plaintiff, Avocent, is a corporation organized and existing under the laws of the State of Washington, having its principal place of business in Redmond, Washington. Avocent Redmond Corp., a wholly owned subsidiary of Avocent Corporation formerly known as Apex



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

PC Solutions, Inc., was the plaintiff in a related case, Apex PC Solutions, Inc. v. Rose Electronics, et al., C98-245Z, filed with this Court in 1998 and voluntarily dismissed, without prejudice, in February 1999.

2. Avocent develops and markets computer hardware devices and systems, including Keyboard, Video, Mouse ("KVM") switches that enable workstations to communicate with, and switch between, remote computers.

3. Defendant Rose Electric, Inc. is a corporation organized and existing under the laws of the State of Texas, having its principal place of business in Houston, Texas. Defendant Rose Electronics is a Texas general partnership that has two general partners, Defendant Peter Macourek and Defendant Darioush Rahvar, and has its principal place of business in Houston, Texas. Rose Electric, Inc., Rose Electronics, and the two partners of Rose Electronics are referred to hereafter collectively as "Defendant Rose".

4. Defendant Rose is in the business of developing, manufacturing, importing, selling, offering to sell, marketing, and distributing, directly or through its agents or affiliates, KVM switch products that enable workstations to communicate with, and switch between, remote computers. Defendant Rose transacts business in this District and elsewhere by making, using, selling and/or offering for sale products (including products that are the subject of this action) in this District.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, particularly 35 U.S.C. §§ 271 and 281-285. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

Case 2:08-cv-00891-JLR Document 21-3 Filed 07/23/2008 Page 26 of 56

7. Defendant Rose has transacted business and committed acts of infringement within the State of Washington and, more particularly, within this District and thus is subject to the personal jurisdiction of this Court. Defendant Rose resides in this District for purposes of venue, insofar as Defendant is subject to personal jurisdiction in this District and has committed acts of infringement in this District.

**COUNT ONE – INFRINGEMENT OF THE '096 PATENT**

8. Plaintiff re-alleges and incorporates by reference paragraphs 1-7 above.

9. Avocent is the owner, by assignment, of all right, title and interest in the '096 patent, which was duly issued on March 16, 1999 by the U.S. Patent and Trademark Office. A true copy of the '096 patent is attached hereto as Exhibit 1.

10. Defendant Rose has infringed and continues to infringe the '096 patent under 35 U.S.C. § 271 by making, using, offering to sell, or selling in the United States, and/or by importing into the United States, without authorization, systems for connecting workstations to remote computers that employ and embody the inventions of the '096 patent. Further, Defendant Rose has infringed and continues to infringe the '096 patent under U.S.C. § 271 by contributing to infringement of that patent by others, and/or by inducing others to infringe that patent.

11. As a result of Defendant Rose's infringement of the '096 patent, Avocent has been damaged and will continue to be damaged unless such infringement is enjoined by this Court. Pursuant to 35 U.S.C. § 284, Avocent is entitled to damages adequate to compensate for the infringement, including, inter alia, lost profits and/or a reasonable royalty. In addition, Avocent has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

12. Defendant Rose's infringement of the '096 patent has been and is willful, rendering this case exceptional.

**COUNT TWO – INFRINGEMENT OF THE '264 PATENT**

13. Plaintiff re-alleges and incorporates by reference paragraphs 1-7 above.

14. Avocent is the owner, by assignment, of all right, title and interest in the '264 patent, which was duly issued on August 29, 2000 by the U.S. Patent and Trademark Office. A true copy of the '264 patent is attached hereto as Exhibit 2.

15. Defendant Rose has infringed and continues to infringe the '264 patent under 35 U.S.C. § 271 by making, using, offering to sell, or selling in the United States, and/or by importing into the United States, without authorization, systems for connecting workstations to remote computers that employ and embody the inventions of the '264 patent. Further, Defendant Rose has infringed and continues to infringe the '264 patent under U.S.C. § 271 by contributing to the infringement of that patent by others, and/or by inducing others to infringe that patent.

16. As a result of Defendant Rose's infringement of the '264 patent, Avocent has been damaged and will continue to be damaged unless such infringement is enjoined by this Court. Pursuant to 35 U.S.C. § 284, Avocent is entitled to damages adequate to compensate for the infringement, including, inter alia, lost profits and/or a reasonable royalty. In addition, Avocent has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

17. Defendant Rose's infringement of the '264 patent has been and is willful, rending this case exceptional.

**COUNT THREE – INFRINGEMENT OF THE '978 PATENT**

18. Plaintiff re-alleges and incorporates by reference paragraphs 1-7 above.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

Case 2:08-cv-00671-JLR Document 14-1 Filed 06/23/2008 Page 5 of 56

19. Avocent is the owner, by assignment, of all right, title and interest in the '978 patent, which was duly issued on September 26, 2006 by the U.S. Patent and Trademark Office. A true copy of the '978 patent is attached hereto as Exhibit 3.

20. Defendant Rose has infringed and continues to infringe the '978 patent under 35 U.S.C. § 271 by making, using, offering to sell, or selling in the United States, and/or by importing into the United States, without authorization, systems for connecting workstations to remote computers that employ and embody the inventions of the '978 patent. Further, Defendant Rose has infringed and continues to infringe the '978 patent under U.S.C. § 271 by contributing to infringement of that patent by others, and/or by inducing others to infringe that patent.

21. As a result of Defendant Rose's infringement of the '978 patent, Avocent has been damaged and will continue to be damaged unless such infringement is enjoined by this Court. Pursuant to 35 U.S.C. § 284, Avocent is entitled to damages adequate to compensate for the infringement, including, inter alia, lost profits and/or a reasonable royalty. In addition, Avocent has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

22. Defendant Rose's infringement of the '978 patent has been and is willful, rendering this case exceptional.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Avocent prays that the Court enter a judgment against Defendant Rose as follows:

A. A decree that Defendant has infringed the '096 patent, the '264 patent and the '978 patent;



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

B. Permanent injunctions restraining Defendant Rose, and its officers, directors, agents, employees, representatives, distributors, servants, attorneys and all persons in active concert or participation with them from further acts of infringement of the ‘096 patent, the ‘264 patent and the ‘978 patent, pursuant to 35 U.S.C. § 283;

C. An award of damages against Defendant Rose sufficient to compensate Avocent for Defendant’s infringement of the ‘096 patent, the ‘264 patent and the ‘978 patent in an amount not less than Avocent’s lost profits and/or a reasonable royalty, pursuant to 35 U.S.C. § 284;

D. An award of treble the damages, pursuant to 35 U.S.C. § 284;

E. An award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the ‘096 patent, the ‘264 patent and the ‘978 patent by the Defendant to the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

F. An award of reasonable attorneys’ fees against Defendant Rose, pursuant to 35 U.S.C. § 285, and Avocent’s costs of suit against the Defendant, pursuant to 35 U.S.C. § 284, based on Defendant’s infringement of the ‘096 patent, the ‘264 patent and the ‘978 patent; and

G. Such other and further relief as this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Avocent hereby demands a jury trial on all issues triable by a jury in this action.



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

DATED this 27th day of November, 2006.

s/John A. Knox, WSBA #12707
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: jknox@wkg.com

*Of Counsel:*
(Application for *pro hac vice* admission to be submitted)
James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

Attorneys for Plaintiff Avocent Redmond Corp.

# Exhibit 4



DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
COMPLEX LITIGATION • INTELLECTUAL PROPERTY • PATENT LAW

4300 Wi
Arlin
PHONE: 703.894.6400

ABOUT US
ATTORNEYS & PROFESSIONAL STAFF
CONTACT US

# ATTORNEYS & PROFESSIONAL STAFF

In addition to being accomplished and seasoned lawyers, our attorney backgrounds and experience in a wide variety of technologies, includir (hardware and software), communications systems, computer networl switching, integrated circuit design and manufacture, thin-film transist automotive technologies, jet propulsion, adhesives and coatings, com manufacturing technologies, injection molding, and plastics.

**PARTNERS**

SCOTT DAVIDSON

JAY BERQUIST

DON JACKSON

PETER GOWDEY

BRIAN SIRITZKY, PH.D.

MICHAEL CASEY, PH.D.

**PROFESSIONAL STAFF**

GRACE OBERMANN

**Disclaimer:** The materials on this web site are presented for informational purposes only. contained herein does not convey legal advise and does not solicit nor create an attorney-clie with this firm or any of the firm's attorneys. Please does not send us any request or confident until you speak with one of our attorneys and receive our authorization to send such informati us.

HOME • ATTORNEYS & PROFESSIONAL STAFF • LEGAL DISCLAIMER • CONTACT US
Copyright 2005-2008 Davidson Berquist Jackson & Gowdey, LLP. All Rights Reserved.

# Exhibit 5

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN INTERNATIONAL, INC. (formerly Belkin Corporation), a Delaware corporation,<br><br>Defendants. | NO. C06-1711-MJP<br><br>DECLARATION OF J. SCOTT DAVIDSON IN SUPPORT OF AVOCENT'S COMBINED REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF A PROTECTIVE ORDER AND OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR A PROTECTIVE ORDER |

I, J. Scott Davidson, hereby declare as follows:

1. I am a partner with the law firm of Davidson Berquist Jackson & Gowdey, LLP, counsel for Plaintiff Avocent Redmond Corp. in this action.

2. I am not, and have never been, an employee of Avocent or any of its parent, subsidiary, or affiliated companies or entities. I am not, and have never been, on the board of directors of any Avocent company or entity.



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

3 I have been outside patent counsel to Avocent Corporation and its affiliates for almost 10 years I have handled, and I continue to handle, dozens of patent applications directed to the field of KVM switches for Avocent Corporation and its affiliated companies. I have also represented Avocent Redmond, its predecessor Apex Inc., and one of its corporate affiliates in three patent litigations involving KVM switch technology since 1998.

4 I declare under the penalty of perjury that the foregoing is true and correct

DATED: April 19, 2007.

J Scott Davidson



Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P O Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on April 19, 2007, the foregoing "Declaration of J Scott Davidson in Support of Avocent's Combined Reply in Support of Its Motion for Entry of a Protective Order and Opposition to Defendants' Cross-Motion for a Protective Order" was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Rose Electronics, Peter Macourek, and Darioush "David" Rahvar*

Molly A. Terwilliger
HELLER EHRMAN LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104

Michael S. Dowler
Thomas L. Casagrande
Brian L. Jackson
Jeffrey J. Phillips
HOWREY L.L.P.
1111 Louisiana, 25th Floor
Houston, TX 77002

*Counsel for Aten Technology, Inc and Aten International Co., Ltd.*

Thomas F. Ahearne
Jeremy R. Larson
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299

Richard J. Codding
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3012

Yitai Hu
Ming-Tao Yang
AKIN GUMP STRAUSS HAUER & FELD LLP
3000 El Camino Real
Suite 400
Palo Alto, CA 94306-2112



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P O Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

*Counsel for Trippe Manufacturing Company*

Jerry A. Riedinger
Ryan J. McBrayer
PERKINS COIE LLP
1201 Third Avenue, 48th Floor
Seattle, WA 98101-3099

Larry L. Saret
Dave DeBruin
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL 60601

*Counsel for Belkin International, Inc.*

Michael A. Moore
CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 4th Ave Ste 3900
Seattle, WA 98154-1051

David P. Enzminger
Ryan K. Yagura
Vision L. Winter
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

s/John A. Knox
John A. Knox, WSBA #12707



**Williams, Kastner & Gibbs PLLC**
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

**Legett, Carolyn**

---

**From:** Jackson, Brian
**Sent:** Thursday, April 19, 2007 4:01 PM
**To:** Legett, Carolyn
**Subject:** FW: Activity in Case 2:06-cv-01711-MJP Avocent Redmond Corp v. Rose Electric Inc et al Declaration

---

**From:** ECF@wawd.uscourts.gov [mailto:ECF@wawd.uscourts.gov]
**Sent:** Thursday, April 19, 2007 3:38 PM
**To:** ECF@wawd.uscourts.gov
**Subject:** Activity in Case 2:06-cv-01711-MJP Avocent Redmond Corp v. Rose Electric Inc et al Declaration

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**United States District Court for the Western District of Washington**

## Notice of Electronic Filing

The following transaction was entered by Knox, John on 4/19/2007 at 1:37 PM PDT and filed on 4/19/2007
**Case Name:** Avocent Redmond Corp v. Rose Electric Inc et al
**Case Number:** 2:06-cv-1711
**Filer:** Avocent Redmond Corp
**Document Number:** 76

**Docket Text:**
DECLARATION of J. Scott Davidson filed by Plaintiff Avocent Redmond Corp re [57] MOTION for Protective Order (Knox, John)

**2:06-cv-1711 Notice has been electronically mailed to:**

Thomas Fitzgerald Ahearne ahearne@foster.com, oklad@foster.com

James D Berquist jay.berquist@davidsonberquist.com

Thomas L Casagrande casagrandet@howrey.com, purcells@howrey.com

Richard J Codding , Sr rcodding@akingump.com

J Scott Davidson scott.davidson@davidsonberquist.com

David L DeBruin dldebruin@michaelbest.com

Michael S Dowler dowlerm@howrey.com, purcells@howrey.com

David Enzminger denzminger@omm.com

Yitai Hu yhu@akingump.com

Brian L Jackson jacksonb@howrey.com, purcells@howrey.com

Donald L Jackson dlj@dbjg.com

Todd K Johnston tkjohnston@michaelbest.com

John Alan Knox jknox@wkg.com, ltaylor@wkg.com

Jeremy Robert Larson LarsJ@Foster.com, Cachl@Foster.com

Ryan McBrayer RMcBrayer@perkinscoie.com, NReynolds@perkinscoie.com

Michael A Moore mmoore@corrcronin.com, mdahl@corrcronin.com, reception@corrcronin.com

Christopher R Parker crparker@michaelbest.com

Jeffrey J Phillips phillipsj@howrey.com, purcells@howrey.com

Jerry A Riedinger Jriedinger@perkinscoie.com, aunckles@perkinscoie.com

Larry L Saret LLsaret@michaelbest.com

Molly A Terwilliger molly.terwilliger@hellerehrman.com, ericka.mitterndorfer@hellerehrman.com, malissa.tracey@hellerehrman.com, sedocketing@hellerehrman.com

Vision L Winter vwinter@omm.com

Ryan Yagura ryagura@omm.com

Ming-Tao Yang myang@akingump.com, btseng@akingump.com, skapralov@akingump.com

**2:06-cv-1711 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=4/19/2007] [FileNumber=2016274-0
] [7a6e509a3f33f2edc86666d99c9601c671fcc661a237d18d29f89ae2192690dda5c
5fa4957586d40d781f54c4e70bab0b75befdf85050ec432c62461f29d622f]]

# Exhibit 6

US007113978B2

(12) **United States Patent**
**Beasley et al.**

(10) **Patent No.: US 7,113,978 B2**
(45) **Date of Patent: *Sep. 26, 2006**

(54) **COMPUTER INTERCONNECTION SYSTEM**

(75) Inventors: **Danny L. Beasley**, Mukilteo, WA (US); **Robert V. Seifert, Jr.**, Redmond, WA (US); **Paul Lacrampe**, Seattle, WA (US); **James C. Huffington**, Edmond, WA (US); **Thomas Greene**, Bellevue, WA (US); **Kevin J. Hafer**, Woodinville, WA (US)

(73) Assignee: **Avocent Redmond Corp.**, Redmond, WA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **09/683,582**

(22) Filed: **Jan. 22, 2002**

(65) **Prior Publication Data**

US 2002/0087753 A1 Jul. 4, 2002

**Related U.S. Application Data**

(63) Continuation of application No. 09/590,170, filed on Jun. 9, 2000, now Pat. No. 6,345,323, which is a continuation of application No. 09/244,947, filed on Feb. 4, 1999, now Pat. No. 6,112,264, which is a continuation of application No. 08/969,723, filed on Nov. 12, 1997, now Pat. No. 5,884,096, which is a continuation of application No. 08/519,193, filed on Aug. 25, 1995, now Pat. No. 5,721,842.

(51) **Int. Cl.**
***G06F 13/14*** (2006.01)
***G06F 3/153*** (2006.01)

(52) **U.S. Cl.** ........................................ **709/208**; 710/38

(58) **Field of Classification Search** ................ 709/208, 709/209, 210; 710/2, 38, 100, 316, 317; 345/700, 716, 704
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

4,622,589 A 11/1986 Bell

(Continued)

FOREIGN PATENT DOCUMENTS

JP 363268394 A * 11/1988

(Continued)

OTHER PUBLICATIONS

The PolyCon Management-System Products Pricelist, PolyCon GmbH Data Systems, Aug. 1, 1994, pp. 1-2.

(Continued)

*Primary Examiner*—Dung C. Dinh
(74) *Attorney, Agent, or Firm*—Davidson Berquist Jackson & Gowdey, LLP

(57) **ABSTRACT**

A computerized switching system for coupling a workstation to a remotely located computer. A signal conditioning unit receives keyboard and mouse signals generated by a workstation and generates a data packet which is transmitted to a central crosspoint switch. The packet is routed through a crosspoint switch to another signal conditioning unit located at a remotely located computer. The second signal conditioning unit applies the keyboard and mouse commands to the keyboard and mouse connectors of the computer as if the keyboard and mouse were directly coupled to the remote computer. Video signals produced by the remote computer are transmitted through the crosspoint switch to the workstation. Horizontal and vertical sync signals are encoded on to the video signals to reduce the number of cables that extend between the workstation and the remote computer. The signal conditioning units connected to the workstations include an onscreen programming circuit that produces menus for the user on a video display of the workstation.

**42 Claims, 13 Drawing Sheets**



# Exhibit 7

**Patent Application Information Retrieval**

Order Certified Application As Filed  Order Certified File Wrapper  View Order List

**90/008,890** **INTERCONNECTION SYSTEM FOR VIEWING AND CONTROLLING REMOTELY CONNECTED COMPUTERS WITH ON-SCREEN VIDEO OVERLAY FOR CONTROLLING OF THE INTERCONNECTION SWITCH**

Select New Case | Application Data | Transaction History | Image File Wrapper | Continuity Data | Address & Attorney/Agent

## Bibliographic Data

| | | | |
|---|---|---|---|
| Application Number: | 90/008,890 | Customer Number: | - |
| Filing or 371 (c) Date: | 11-08-2007 | Status: | Response after Non-Final Action Entered (or Ready for Examiner Action) |
| Application Type: | Re-Examination | Status Date: | 03-05-2008 |
| Examiner Name: | WEAVER, SCOTT LOUIS | Location: | ELECTRONIC |
| Group Art Unit: | 3992 | Location Date: | - |
| Confirmation Number: | 7904 | Earliest Publication No: | - |
| Attorney Docket Number: | 8299.002.RXUS00 | Earliest Publication Date: | - |
| Class / Subclass: | 710/001 | Patent Number: | - |
| First Named Inventor: | 5884096 , , | Issue Date of Patent: | - |

| | |
|---|---|
| Title of Invention: | INTERCONNECTION SYSTEM FOR VIEWING AND CONTROLLING REMOTELY CONNECTED COMPUTERS WITH ON-SCREEN VIDEO OVERLAY FOR CONTROLLING OF THE INTERCONNECTION SWITCH |

*If you need help:*

- *Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions about Patent Application Information Retrieval (PAIR).*
- *Send general questions about USPTO programs to the USPTO Contact Center (UCC) .*
- *If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199.*

You can suggest USPTO webpages or material you would like featured on this section by E-mail to the webmaster@uspto.gov. While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.

Case 1:08-cv-00069-LSM Document 24-3 Filed 06/23/2008 Page 44 of 56

United States Patent and Trademark Office





**Patent Application Information Retrieval**

Order Certified Application As Filed Order Certified File Wrapper View Order List

| | |
|---|---|
| **90/008,890** | **INTERCONNECTION SYSTEM FOR VIEWING AND CONTROLLING REMOTELY CONNECTED COMPUTERS WITH ON-SCREEN VIDEO OVERLAY FOR CONTROLLING OF THE INTERCONNECTION SWITCH** |

Select New Case | Application Data | Transaction History | Image File Wrapper | Continuity Data | Address & Attorney/Agent

## Correspondence Address

| | |
|---|---|
| Name: | DAVIDSON BERQUIST JACKSON & GOWDEY LLP |
| Address: | 4300 WILSON BLVD., 7TH FLOOR<br>ARLINGTON VA 22203 |
| Customer Number: | - |

## Attorney/Agent Information

**No Attorney/Agent Data Found.**

*If you need help:*

- *Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions about Patent Application Information Retrieval (PAIR).*
- *Send general questions about USPTO programs to the USPTO Contact Center (UCC) .*
- *If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199.*

You can suggest USPTO webpages or material you would like featured on this section by E-mail to the webmaster@uspto.gov. While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.

Case 1:08-cv-00069-LSM Document 24-3 Filed 06/23/2008 Page 46 of 56

Home | Site Index | Search | eBusiness | Help | Privacy Policy

# Exhibit 8

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz Alerts | News | Help

Portal Home | Patents | Trademarks | Other

**Patent eBusiness**

- Electronic Filing
- Patent Application Information (PAIR)
- Patent Ownership
- Fees
- Supplemental Resources & Support

**Patent Information**

- Patent Guidance and General Info
- Codes, Rules & Manuals
- Employee & Office Directories
- Resources & Public Notices

**Patent Searches**

- Patent Official Gazette
- Search Patents & Applications
- Search Biological Sequences
- Copies, Products & Services

**Other**

- Copyrights
- Trademarks
- Policy & Law
- Reports

**Patent Application Information Retrieval**

Order Certified Application As Filed   Order Certified File Wrapper   View Order List

**90/010,042**   **Computer Interconnection System Having Analog Overlay For Remote Control Of The Interconnection Switch**

Select New Case | Application Data | Transaction History | Image File Wrapper | Continuity Data | Address & Attorney/Agent

## Bibliographic Data

| | | | |
|---|---|---|---|
| Application Number: | 90/010,042 | Customer Number: | - |
| Filing or 371 (c) Date: | 11-08-2007 | Status: | Response after Non-Final Action Entered (or Ready for Examiner Action) |
| Application Type: | Re-Examination | Status Date: | 04-10-2008 |
| Examiner Name: | WEAVER, SCOTT LOUIS | Location: | ELECTRONIC |
| Group Art Unit: | 3992 | Location Date: | - |
| Confirmation Number: | 8514 | Earliest Publication No: | - |
| Attorney Docket Number: | 2540-1085 | Earliest Publication Date: | - |
| Class / Subclass: | 710/038 | Patent Number: | - |
| First Named Inventor: | 6,112,264 , , | Issue Date of Patent: | - |

| | |
|---|---|
| Title of Invention: | Computer Interconnection System Having Analog Overlay For Remote Control Of The Interconnection Switch |

*If you need help:*

- *Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions about Patent Application Information Retrieval (PAIR).*
- *Send general questions about USPTO programs to the USPTO Contact Center (UCC).*
- *If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199.*

You can suggest USPTO webpages or material you would like featured on this section by E-mail to the webmaster@uspto.gov. While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.

Case 1:08-cv-00069-LSM Document 24-3 Filed 06/23/2008 Page 49 of 56

**Patent Application Information Retrieval**

Order Certified Application As Filed  Order Certified File Wrapper  View Order List

**90/010,042** — **Computer Interconnection System Having Analog Overlay For Remote Control Of The Interconnection Switch**

Select New Case | Application Data | Transaction History | Image File Wrapper | Continuity Data | Address & Attorney/Agent

## Correspondence Address

| | |
|---|---|
| Name: | DAVIDSON BERQUIST JACKSON & GOWDEY LLP |
| Address: | 4300 WILSON BLVD., 7TH FLOOR<br>ARLINGTON VA 22203 |
| Customer Number: | - |

## Attorney/Agent Information

| Reg # | Name | Phone |
|---|---|---|
| 34776 | Berquist, James | 703-894-6400 |
| 40294 | Casey, Michael | 703-894-6406 |
| 33489 | Davidson, John | 703-894-6400 |
| 25872 | Gowdey, Peter | 703-894-6400 |
| 41090 | Jackson, Donald | 703-894-6400 |
| 37497 | Siritzky, Brian | 703-894-6400 |

*If you need help:*

- *Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions about Patent Application Information Retrieval (PAIR).*
- *Send general questions about USPTO programs to the USPTO Contact Center (UCC) .*
- *If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199.*

You can suggest USPTO webpages or material you would like featured on this section by E-mail to the webmaster@uspto.gov. While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.

Case 1:08-cv-00069-LSM Document 24-3 Filed 06/23/2008 Page 51 of 56

Home | Site Index | Search | eBusiness | Help | Privacy Policy

# Exhibit 9

**Patent Application Information Retrieval**

Order Certified Application As Filed  Order Certified File Wrapper  View Order List

**90/010,043** **Computer Interconnection System**

Select New Case | Application Data | Transaction History | Image File Wrapper | Continuity Data | Address & Attorney/Agent

## Bibliographic Data

| | | | |
|---|---|---|---|
| Application Number: | 90/010,043 | Customer Number: | - |
| Filing or 371 (c) Date: | 11-08-2007 | Status: | Response after Non-Final Action Entered (or Ready for Examiner Action) |
| Application Type: | Re-Examination | Status Date: | 03-11-2008 |
| Examiner Name: | WEAVER, SCOTT LOUIS | Location: | ELECTRONIC |
| Group Art Unit: | 3992 | Location Date: | - |
| Confirmation Number: | 8796 | Earliest Publication No: | - |
| Attorney Docket Number: | 2540-1081 | Earliest Publication Date: | - |
| Class / Subclass: | 709/200 | Patent Number: | - |
| First Named Inventor: | 7113978 , , | Issue Date of Patent: | - |

Title of Invention: Computer Interconnection System

*If you need help:*

- *Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions about Patent Application Information Retrieval (PAIR).*
- *Send general questions about USPTO programs to the USPTO Contact Center (UCC) .*
- *If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199.*

You can suggest USPTO webpages or material you would like featured on this section by E-mail to the webmaster@uspto.gov. While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.

Case 1:08-cv-00069-LSM Document 24-3 Filed 06/23/2008 Page 54 of 56

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz Alerts | News | Help

Portal Home | Patents | Trademarks | Other

**Patent eBusiness**

- Electronic Filing
- Patent Application Information (PAIR)
- Patent Ownership
- Fees
- Supplemental Resources & Support

**Patent Information**

Patent Guidance and General Info
- Codes, Rules & Manuals
- Employee & Office Directories
- Resources & Public Notices

**Patent Searches**

Patent Official Gazette
- Search Patents & Applications
- Search Biological Sequences
- Copies, Products & Services

**Other**

Copyrights
Trademarks
Policy & Law
Reports

**Patent Application Information Retrieval**

Order Certified Application As Filed Order Certified File Wrapper View Order List

**90/010,043** **Computer Interconnection System**

Select New Case | Application Data | Transaction History | Image File Wrapper | Continuity Data | Address & Attorney/Agent

## Correspondence Address

| | |
|---|---|
| Name: | DAVIDSON BERQUIST JACKSON & GOWDEY LLP |
| Address: | 4300 WILSON BLVD., 7TH FLOOR<br>ARLINGTON VA 22203 |
| Customer Number: | - |

## Attorney/Agent Information

| Reg # | Name | Phone |
|---|---|---|
| 34776 | Berquist, James | 703-894-6400 |
| 40294 | Casey, Michael | 703-894-6406 |
| 33489 | Davidson, John | 703-894-6400 |
| 25872 | Gowdey, Peter | 703-894-6400 |
| 41090 | Jackson, Donald | 703-894-6400 |
| 37497 | Siritzky, Brian | 703-894-6400 |

*If you need help:*

- *Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@uspto.gov for specific questions about Patent Application Information Retrieval (PAIR).*
- *Send general questions about USPTO programs to the USPTO Contact Center (UCC).*
- *If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199.*

You can suggest USPTO webpages or material you would like featured on this section by E-mail to the webmaster@uspto.gov. While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.

Case 1:08-cv-00069-LSM Document 24-3 Filed 06/23/2008 Page 56 of 56