IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AVOCENT REDMOND CORP.<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant,<br>and<br>ROSE ELECTRONICS,<br>Proposed Defendant-Intervenor. | No. 08-69C<br>Judge Lawrence S. Margolis |

**DECLARATION OF PETER MACOUREK**

I, PETER MACOUREK, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am over 18 years old and believe in the obligations of an oath. I make this declaration based on my own personal knowledge.

2. I am one of the general partners of Rose Electronics, and was one of Rose's founders in 1984.

3. I am one of the designers and creators of the technical details, including the circuit schematics, of many of the accused products in this suit.

4. Rose considers its schematics and many of its other technical documents—which were sought by Avocent in the stayed Seattle case and which will be at issue in this case—to be trade secrets and/or highly confidential. Rose therefore carefully guards against their disclosure, refusing to disclose them to third parties unless required to do so in litigation.

5. Such documents contain information critical to Rose's business, and it is therefore correspondingly critical that they not be disclosed to anyone, let alone one of Rose's competitors, Avocent Redmond.

6. Specifically, it would be fundamentally unfair and competitively detrimental to Rose if Avocent's patent prosecution attorneys were to use, whether intentionally or



DM_US:21295661_1

inadvertently, confidential Rose information in drafting patent claims directed at KVM switches, which comprise the very core of Rose's business. Avocent has already demonstrated its preference to compete in the courtroom as opposed to the marketplace by filing multiple patent lawsuits against the much smaller Rose (and other companies) in any court that will hear them, however distant from Rose's place of business, causing Rose to expend substantial sums in legal fees in defense of its business activities.

7. The magnitude of the disruption and litigation expense that Avocent has already caused can only be compounded where Avocent's patent attorneys are easily put in a position to know the precise confidential technical aspects of the design and performance of Rose's products at the same time they are defending and amending the very patents that they are currently asserting against Rose in litigation. Such a situation would allow their knowledge of highly confidential Rose technical information to commingle freely, without any possible safeguards, with not only their own knowledge, but also their knowledge of, and duty to zealously protect, Avocent's business, as they draft patent claims directed to the very products that are part of Rose's (and apparently their client's) business.

*I hereby declare under penalty of perjury that the foregoing is true and correct.*

Dated: 6/23/08

Peter Macourek
Houston, TX