**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

**DECLARATION OF DONALD L. JACKSON IN SUPPORT OF AVOCENT REDMOND'S OPPOSITION TO ROSE'S CROSS-MOTION FOR A PROTECTIVE ORDER**

I, Donald L. Jackson, hereby declare as follows:

1. I am a member of Davidson Berquist Jackson & Gowdey, LLP, counsel to plaintiff Avocent Redmond Corp. in the above-captioned litigation. I am a member in good standing of the bar of this Court and of the Supreme Court of Virginia.

2. Attached hereto as Exhibit 1 is a true and correct copy of the protective order Rose urged Judge Pechman to adopt in the Seattle action.

3. Attached hereto as Exhibit 2 is a true and correct copy of Rose's Cross-Motion for a Protective Order filed in the Seattle action.

4. Attached hereto as Exhibit 3 is a true and correct copy of the docket sheet for the Seattle action.

5. Attached hereto as Exhibit 4 is a true and correct copy of Judge Pechman's order in the Seattle action denying the defendants' proposed version of the protective order that included a "prosecution bar."

6. Attached hereto as Exhibit 5 is a true and correct copy of the Restatement (Second) of Judgments § 13.

7. Attached hereto as Exhibit 6 is a true and correct copy of circuit schematics/diagrams for Rose's UltraMatrix product that were generated in the *Avocent v. Raritan* litigation that ended in 2005. These schematics/diagrams were produced without the benefit of any of Rose's confidential information.

8. Attached hereto as Exhibit 7 is a true and correct copy of circuit schematics/diagrams for Rose's UltraView Pro product that were generated in the *Avocent v. Raritan* litigation that ended in 2005. These schematics/diagrams were produced without the benefit of any of Rose's confidential information.

9. Attached hereto as Exhibit 8 is a true and correct copy of the Restatement (Second) of Judgments § 27.

10. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 30th day of June, 2008.

Donald L. Jackson

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that Rose's counsel was served by hand-delivery on June 30, 2008.

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Donald L. Jackson________________
Donald L. Jackson

# Exhibit 1

THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN CORPORATION, a Delaware corporation,<br><br>Defendants. | NO. C06-1711-MJP<br><br>[PROPOSED] PROTECTIVE ORDER |

THIS MATTER having come before the Court by motion of the parties and the Court having determined that there is good cause under Federal Rule of Civil Procedure 26(c) for entry of a protective order to limit disclosure of confidential research, development, and commercial information as those terms are used in Federal Rule of Civil Procedure 26(c)(7), and information that the party is under a legal duty to maintain in confidence,



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

THEREFORE, IT IS HEREBY ORDERED that:

**1.** **Scope**. This Protective Order shall govern any information produced or disclosed in this action by any party or by any third party.

**2.** **Proprietary Information.** "Proprietary Information" means any information, document, electronically stored information, or thing that contains or is a trade secret or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26(c)(7), and information that the party is under a legal duty to maintain in confidence, provided that such information, document, electronically stored information, or thing is designated as set forth herein. Any Proprietary Information may be designated as CONFIDENTIAL. Proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, sales and cost information, sales prices to specific customers, profit margins, trends, projections, current and prospective marketing strategies or other highly sensitive financial information not yet publicly disclosed, and highly sensitive technical information, including but not limited to, product design and development materials, schematics, gerber files, layouts, source code, CAD drawings, specifications or other highly sensitive technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

Any party to this action and any third party may designate as CONFIDENTIAL or ATTORNEYS EYES ONLY all or part of the following material: (a) answers to interrogatories or requests for admission; (b) deposition testimony; (c) documents produced by it or made available for inspection; and (d) any other materials or information produced or disclosed during the course of this litigation.

**3.** **Designation of Documentary Material.** Documentary material may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by stamping or otherwise marking each page with the appropriate confidentiality designation and with the identity of



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

the classifying party unless it is indicated as part of the production number (*e.g.*, “Plaintiff P00001”) contained on the document. Except with respect to documents produced by any party prior to the execution by the parties of this Stipulated Protective Order, the identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the document is provided to the requesting party.

Unless otherwise designated or agreed by the parties, all documents made available for inspection prior to copying and production shall be presumed to have been marked ATTORNEYS EYES ONLY. No documents of the party or third party producing documents shall be removed from the site of the inspection or copied until such producing party or third party has had an opportunity to review and designate such documents in the manner previously explained.

With regard to non-written material, such as recordings, magnetic media, photographs and things, the designation of any information as CONFIDENTIAL or ATTORNEYS EYES ONLY for purposes of this Protective Order shall be made by affixing a CONFIDENTIAL or ATTORNEYS EYES ONLY designation to the material, or a container for the material, in any suitable manner at the time of copying (if any).

**4. Designation of Depositions.** Deposition or other oral testimony given in this case may be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY by any party or third party either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within five (5) days after the court reporter has provided notice to the prospective designating party that the transcript of the deposition or proceeding is available. Unless otherwise ordered by the Court, pending the expiration of this five (5) day period, all parties and persons shall treat the testimony as if it has been designated ATTORNEYS EYES ONLY. Unless otherwise



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

ordered by the Court, the designating party shall have the right to have all persons, except the witness, his or her counsel, the court reporter, and such other persons authorized to receive the designating party's Proprietary Information pursuant to this Protective Order, excluded from a deposition or proceeding, or any portion thereof, before the taking therein of testimony that has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as either CONFIDENTIAL or ATTORNEYS EYES ONLY with the appropriate legend.

**5. Belated Designation.** Notwithstanding the obligations to timely designate Proprietary Information under the foregoing paragraphs 3 and 4, nothing contained herein shall preclude a party or a third party from later changing that designation and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation of such information prior to receipt of such notice. A party receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order and to avoid any further unauthorized disclosure. Any party that changes the designation of any materials under this Order shall timely provide the other parties to this action with new copies of the materials with the new designation(s).

**6. Non-use.** All Proprietary Information shall be used only for purposes of this litigation.

**7. Access to CONFIDENTIAL and ATTORNEYS EYES ONLY Materials.** Materials designated CONFIDENTIAL shall not be disclosed to any person except:

a. the Court and its officers and staff;



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

b. outside counsel of record in this action for each party (*i.e.*, counsel of record for a party who is not an employee of the party or its affiliates) and employees of such outside counsel;

c. outside experts who are not regularly employed by a party and who have been expressly retained to assist a party's counsel in the prosecution or defense of the litigation, and the secretarial, technical and clerical staff of such experts, provided that such experts have been approved pursuant to paragraph 8 hereof;

d. current or former employees of the disclosing party during the deposition of such employees or during examination of such employees at trial;

e. any party or non-party who authored, received, or reviewed the material prior to its production in the litigation;

f. two representatives of Avocent Redmond Corp. and two representatives of each of the defendants (Rose Electronics, Peter Macourek, Darioush "David" Rahvar, Aten Technology Inc., Aten International Co., Ltd., Trippe Manufacturing Company, and Belkin Corporation) that are identified to opposing counsel, and necessary secretarial personnel of those individuals, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel;

g. court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

h. independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation;

i. trial consultants, jury consultants, and mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial;



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

provided that such persons have executed a confidentiality agreement in the form of Exhibit A and such agreement shall be kept by counsel for reference; and

j. other persons as ordered by the Court or agreed to in writing or on the record by the parties, provided that each such person has first signed a written statement under oath in the form attached as Exhibit A hereto, and a copy of that statement has been provided to opposing counsel.

Proprietary Information designated as ATTORNEYS EYES ONLY can be disclosed to those persons designated in ¶¶ 7(a)-7(e) and 7(g)-7(j) provided, however, that any person who receives access to such information shall have no involvement whatsoever, from and after the date of first disclosure of any such information to such person, in the prosecution of any patent application that involves KVM switch technology for a period of one year after the conclusion of this litigation (including the exhaustion of all subsequent appeals). Patent prosecution shall include drafting, reviewing, editing, or supervising the drafting or preparation of patent applications, claims, specifications, amendments, responses to office actions and any other materials submitted to the United States Patent & Trademark Office or any other patent authority elsewhere in the world, as well as identifying or evaluating potential inventions, participating in the decision to file patent applications or consulting on any of the foregoing matters with others performing any of these activities. This Protective Order has no effect upon and shall not apply to (1) any party's use of its own Proprietary Information for any purpose, or (2) any party's use of documents or other information developed or obtained independently of discovery in this action for any purpose.

Nothing herein shall bar or otherwise restrict an attorney, who is a qualified recipient under the terms of paragraph 7(b) of this Protective Order, from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Proprietary Information. In rendering such advice or in other



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

communications with the client, the attorney shall not disclose any Proprietary Information of another party or third party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

**8. Approval of Experts.** A party seeking to disclose another party's Proprietary Information to an outside expert shall serve such other party with a copy of the Undertaking attached hereto as "Exhibit A" signed by the expert, along with the expert's current resume, identifying (by employer and position) all past and current employment relating to his or her field of expertise, including employment as a consultant. The party receiving such Undertaking and resume shall have ten (10) calendar days after such service within which to object to such disclosure. Failure to object within this period shall be deemed approval. If the parties are unable to reach agreement within ten (10) days after service of an objection, the party objecting to disclosure to an expert shall raise its objection with the Court within fifteen (15) calendar days of such service of the objection. Failure to raise such objection with the Court within this period shall be deemed approval. Any party objecting to disclosure to an expert under this Protective Order shall bear the burden of proving that it will be harmed by such disclosure and that the protections of this Order are insufficient to reasonably protect such parties' proprietary interests.

**9. Filing Proprietary Information.** All papers, documents and transcripts containing or revealing the substance of Proprietary Information shall be filed under seal through the Court's CM/ECF system. Without prior written order of this Court, the Clerk of the Court shall not permit access to materials filed under seal to anyone other than counsel for the parties.

**10. Inadvertent Disclosure of Privileged or Immune Materials.** Federal Rule of Civil Procedure 26(b)(5)(B) governs the inadvertent or mistaken production of information that is subject to a claim of privilege or of protection as trial-preparation material. The



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

inadvertent disclosure of information that is privileged or otherwise immune from discovery shall not, by itself, constitute a waiver of the privilege or immunity.

**11. Disclosure of Proprietary Information to Unauthorized Person(s).** If Proprietary Information is disclosed to any person other than those authorized to receive such information by this Order, the party responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every reasonable effort to prevent disclosure by each unauthorized person who received such information and to obtain the return of such information.

**12. Conclusion of the Litigation.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, counsel for the parties and all other persons having possession, custody or control of another party's or third party's Proprietary Information shall: (a) destroy all Proprietary Information and any copies thereof, or (b) if requested by the producing party, return all Proprietary Information and any copies thereof to the producing party. Notwithstanding paragraph 12(b), a receiving party shall destroy all Proprietary Information of another party or third party containing or contained in any notes, summaries, digest, synopses or other documents created by or on behalf of the receiving party. Counsel for each party shall give a written certification to counsel for all other parties that all of the producing party's Proprietary Information has either been destroyed or returned pursuant to this paragraph. If requested, counsel shall also provide the opposing party with the originals of all Undertaking forms executed by experts pursuant to paragraph 8.

Notwithstanding the foregoing paragraph, outside counsel may retain (a) copies of the pleadings and other Court filings, (b) copies of the deposition, hearing, and trial transcripts and any related exhibits, and (c) one file copy of all materials produced in this litigation that



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

are specifically referred to in an expert report, a motion, pleading or other paper filed with the Court.

**13. Contested Designations.** The parties shall use reasonable care to avoid designating as CONFIDENTIAL or ATTORNEYS EYES ONLY any documents or information that has been published or otherwise entered the public domain. A party shall not be obligated to challenge the propriety of any other party's designation of materials or information as Proprietary Information at the time such designation is made, and failure promptly to challenge the designation shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation of any information as CONFIDENTIAL or ATTORNEYS EYES ONLY, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The party asserting that the material is entitled to confidential treatment shall have the burden of proof. All Proprietary Information shall remain under the protection of this Order until otherwise ordered by the Court.

**14. Trial Procedures.** A party may request that the Court implement appropriate procedures to protect Proprietary Information that may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

**15. Modification.** Stipulations may be made between counsel for the respective parties as to the application of this Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

**16. Interim Effect.** This Protective Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court.



**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

For the purpose of proceeding with discovery without delay, pending the Court's approval of this Order, any Proprietary Information produced under the terms of this Order shall be protected by the parties pursuant to these terms.

DATED this _______ day of ____________, 2007.

___________________________________
HONORABLE MARSHA J. PECHMAN
UNITED STATES DISTRICT COURT JUDGE



**CORR CRONIN MICHELSON**
**BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# EXHIBIT A

THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN CORPORATION, a Delaware corporation,<br><br>Defendants. | NO. C06-1711-MJP<br><br>UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER |

I, ____________________________________, hereby declare as follows:

1. My address is ______________________________________________. My current employer is _____________________________________. My current occupation is ___________________________________.



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

2. I have received a copy of the Confidentiality Stipulation and Protective Order entered in the above-captioned action (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Proprietary Information that is disclosed to me.

4. Promptly upon termination of this action, I will return all Proprietary Information that came into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that this Undertaking and the Protective Order are enforceable after the termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________ ________________________________________

(Signature)

________________________________________

(Printed Name)



CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# Exhibit 2

THE HONORABLE MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK, an individual; DARIOUSH "DAVID" RAHVAR, an individual; ATEN TECHNOLOGY INC., a California corporation; ATEN INTERNATIONAL CO., LTD., a Taiwanese Company; TRIPPE MANUFACTURING COMPANY, an Illinois corporation; and BELKIN CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. 2:06-CV-01711-MJP<br><br>**DEFENDANTS' OPPOSITION TO AVOCENT'S MOTION FOR ENTRY OF PLAINTIFF'S PROTECTIVE ORDER AND CROSS-MOTION FOR ENTRY OF DEFENDANTS' PROTECTIVE ORDER**<br><br>MOTION: Note on Motion Calendar: April 19, 2007<br><br>CROSS-MOTION: Note on Motion Calendar: April 25, 2007 |



O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. DEFENDANTS' PROPOSED PATENT PROSECUTION PROHIBITION WILL PROTECT DEFENDANTS' HIGHLY-SENSITIVE TECHNICAL INFORMATION FROM INADVERTENT MISUSE WITHOUT SUBJECTING AVOCENT TO ANY UNDUE HARDSHIP. .......... 1

A. Avocent's Patent Prosecution Counsel Should Not Be Allowed Unfettered Access to Defendants' Accused Product Designs to Prevent Inadvertent Use of This Information in Avocent's Future Patent Applications .......... 2

B. Avocent Will Suffer No Hardship Because Defendants' Patent Prosecution Prohibition Does Not Disqualify Avocent's Patent Litigation Counsel at Davidson Berquist. .......... 8

III. AVOCENT'S OVERBROAD EXCLUSIONS WOULD PREVENT PROPER "ATTORNEYS EYES ONLY" DESIGNATIONS. .......... 10

IV. THE DEADLINE FOR DESIGNATING TRANSCRIPTS SHOULD BE MEASURED FROM WHEN THE REPORTER NOTIFIES THE PARTIES OF THE TRANSCRIPTS' AVAILABILITY. .......... 12

V. CONCLUSION. .......... 12



O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

## TABLE OF AUTHORITIES

**Page**

### ***FEDERAL CASES***


*Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992) .......... 1, 2, 4

*Chan v. Intuit, Inc.*, 218 F.R.D. 659 (N.D. Cal. 2003) .......... 2, 6, 7, 8

*Cummings-Allison Corp. v. Glory Ltd.*, 2003 U.S. Dist. LEXIS 23653, *39 (N.D. Ill. 2003) .......... 2, 6, 7, 8

*Federal Trade Comm'n v. Exxon Corp.*, 636 F.2d 1336 (D.C. Cir. 1980) .......... 2

*In Re Papst Licensing*, 2000 U.S. Dist. LEXIS 6374, *12 (E.D. La. 2000) .......... 2, 5, 6, 7, 8

*Interactive Coupon Marketing Group, Inc. v. H.O.T! Coupons, LLC*, 1999 U.S. Dist. LEXIS 12437, *11 (N.D. Ill. 1999) .......... 2, 6, 7, 8

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 1998 U.S. Dist. LEXIS 22251, *15 (D. Nev. 1998) .......... passim

*Motorola, Inc. v. Interdigital Tech. Corp.*, 1994 U.S. Dist. LEXIS 20714, *19 (D. Del. 1994) .......... 2, 4, 5, 7, 8

*U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) .......... 2, 3, 4


### ***FEDERAL STATUTES***


35 U.S.C. § 120 .......... 3


### ***STATE STATUTES***


Wash. Rev. Code § 19.108.010 .......... 11





O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

Case 2:06-cv-01711-MJP Document 57 Filed 06/13/2007 Page 4 of 18

## I. INTRODUCTION

Avocent prematurely and unexpectedly terminated the parties' meet and confer process over a protective order by filing the present motion. The first round of negotiations allowed the parties to narrow the scope of the disputes to the following discrete issues, which Avocent has now brought before the court:

1) Whether Avocent may provide its patent prosecution counsel with unfettered access to Defendants' highly-sensitive accused product designs (highly-sensitive circuit schematics, software source code, circuit board layouts, etc.) even though Avocent continues to prosecute new patent applications that directly descend from the asserted patents;

2) Whether Avocent can exclude particular categories of technical, financial, and marketing information pertaining to current products from the higher "Attorneys Eyes Only" designation of confidentiality, depriving the parties of an opportunity to assess whether that level of protection is appropriate on a case-by-case basis; and

3) Whether the parties should be required to designate transcripts under the protective order within 5 days of the transcript's being merely "available" from the court reporter, or whether the court reporter must first apprise the parties of that availability to ensure that the five day period does not pass without the parties' knowledge.

The issues at stake in this motion involve information that is competitively important and where the risk of misuse is great. Defendants' proposals mitigate the risk at no significant burden or prejudice to Avocent.

## II. DEFENDANTS' PROPOSED PATENT PROSECUTION PROHIBITION WILL PROTECT DEFENDANTS' HIGHLY-SENSITIVE TECHNICAL INFORMATION FROM INADVERTENT MISUSE WITHOUT SUBJECTING AVOCENT TO ANY UNDUE HARDSHIP.

A court must balance the risk of "inadvertent disclosure of trade secrets to competitors" against the risk of impairing a party's ability to litigate its claims. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). "Inadvertence, like the thief-in-the-night, is no respecter of its victims. Inadvertent or accidental disclosure may or may not be predictable. To the extent that it may be predicted, and cannot be adequately forestalled in the design of a



O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

protective order, it may be a factor in the access decision." *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). While neither the *Brown Bag Software* nor *U.S. Steel* courts were confronted with the complex issue of patent prosecution counsel's access to highly-sensitive accused product design information, the vast majority of districts courts subsequently confronting this issue have entered protective orders with patent prosecution prohibitions, rigorously applying the analyses of the *Brown Bag Software* and *U.S. Steel* decisions. *See e.g., Cummings-Allison Corp. v. Glory Ltd.*, 2003 U.S. Dist. LEXIS 23653, *39 (N.D. Ill. 2003); *Chan v. Intuit, Inc.*, 218 F.R.D. 659, 662 (N.D. Cal. 2003); *In Re Papst Licensing*, 2000 U.S. Dist. LEXIS 6374, *12 (E.D. La. 2000); *Interactive Coupon Marketing Group, Inc. v. H.O.T! Coupons, LLC*, 1999 U.S. Dist. LEXIS 12437, *11 (N.D. Ill. 1999); *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 1998 U.S. Dist. LEXIS 22251, *15 (D. Nev. 1998); *Motorola, Inc. v. Interdigital Tech. Corp.*, 1994 U.S. Dist. LEXIS 20714, *19 (D. Del. 1994).

### A. Avocent's Patent Prosecution Counsel Should Not Be Allowed Unfettered Access to Defendants' Accused Product Designs to Prevent Inadvertent Use of This Information in Avocent's Future Patent Applications.

Courts routinely enter protective orders that impose patent prosecution prohibitions on those who receive access to an adversary's highly-sensitive technical information. *See id.* Patent prosecution prohibitions are not intended to impugn any person's integrity, but rather, they are prophylactic in nature and recognize the inherent difficulty of compartmentalizing one's knowledge and "the risk of inadvertent disclosure and misuse" of confidential information in patent prosecution activities. *See Chan*, 218 F.R.D. at 662 (The court entered a protective order with a patent prosecution prohibition, recognizing the inherent difficulty of counsel to "compartmentalize the information so that it does not inform counsel's decisions pertaining to those future patent prosecutions."); *Federal Trade Comm'n v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980) ("[I]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so.") "Even if the competitor's counsel acted in the best of faith and in accordance with the highest ethical standards, the question remains whether access to the moving party's confidential


O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

information would create 'an unacceptable opportunity for inadvertent disclosure.'" *Mikohn Gaming Corp.*, 1998 U.S. Dist. LEXIS 22251 at *7 (*quoting U.S. Steel Corp.*, 730 F.2d at 1468).

This risk is especially acute in this case where Avocent's patent prosecution counsel reside at the same firm as its patent litigation counsel and are involved in the prosecution of patents directly related to the asserted patents. As illustrated in Exhibit 1, the asserted patents (shown in bold) are members of a broader Avocent KVM switch patent family. *See* Declaration of Michael Moore, ¶ 2, Ex. 1. As the patent family tree indicates, each patent in the family descends and claims priority to the original patent application filed on August 25, 1995, which issued as U.S. Patent 5,721,842. _Id._ By this claim of priority, Avocent has requested that each of its patents be treated as if it were filed on August 25, 1995. *See* 35 U.S.C. § 120 ("An application for patent for an invention . . . which is filed by an inventor or inventors named in the previously filed application ***shall have the same effect, as to such invention, as though filed on the date of the prior application***, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier filed application." (emphasis added).) Thus, each new patent that Avocent files in this family may be treated as if it were filed on August 25, 1995.

The Davidson Berquist Jackson & Gowdey LLP firm ("Davidson Berquist") represented Avocent in the prosecution of its most recently issued asserted patent -- U.S. 7,113,978 -- which issued on September 26, 2006. *See* Moore Decl., ¶ 3, Ex. 2. Obviously, Michael Casey, the patent prosecutor at Davidson Berquist primarily responsible for the prosecution of the '978 Patent, who has not filed an appearance in this case, has a duty to zealously represent Avocent's interests in filing and prosecuting all currently pending and future patent applications, including those related to the Avocent KVM switch patent family. It would appear to be a Herculean task for Mr. Casey, or any other patent prosecutor, to be expected to review Defendants' highly-sensitive KVM switch design documentation and continue to amend or draft new patent claims without inadvertently incorporating any aspect of Defendants' highly-sensitive technical


O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

information into these claims. In many respects, Defendants' technical information reveals a timeline of Defendants' product development history and a roadmap to its future product releases.

As shown in Exhibit 1, Avocent continues to prosecute Patent Application Serial No. 11/129,443 before the United States Patent & Trademark Office ("PTO"), which is a continuation application of the Avocent KVM switch patent family that claims priority to the original patent application filed on August 25, 1995. *See* Moore Decl., ¶ 4, Ex. 3. The existence of this continuation patent application provides Avocent with the opportunity to file a virtually ***unlimited number*** of additional patent applications that claim priority to the original application filed on August 25, 1995 for approximately the next 8 years. If any of these patents were to issue, Avocent would have the opportunity to assert these patents against Defendants' products in future litigation with potentially devastating consequences to Defendants' businesses.

Allowing Avocent's patent prosecution counsel access to Defendants' accused product designs (highly-sensitive circuit schematics, software source code, circuit board layouts, etc.) creates an unnecessary risk that such information will inadvertently influence Avocent's patent prosecution counsel in drafting new patent claims in currently pending or new patent applications. If any of these patents were to issue with a priority date of August 25, 1995, which may pre-date certain of Defendants' product designs, then the consequences to Defendants' businesses would be catastrophic. The recognition of this potential harm has led the majority of courts, applying the analyses of *Brown Bag Software* and *U.S. Steel*, to enter protective orders with patent prosecution prohibitions nearly identical in scope to that proposed by Defendants. The following cases provide examples of the abundant case law supporting Defendants' request:

In *Motorola*, the court found it necessary to amend the protective order with a patent prosecution prohibition upon discovery that the plaintiff's attorneys had begun prosecuting patent applications related to the asserted patents. The issue, as properly framed by the court, was not one of counsel's "ethics" or "deliberate disclosure," but instead one of risk of "inadvertent disclosure." The *Motorola* court held:



O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

> DS&M is currently prosecuting applications relating to the very patents at issue in this litigation. Attorneys who were to view Motorola's voluminous confidential information and then later prosecute the patents would have to constantly challenge the origin of every idea, every spark of genius. ***This would be a sisyphean task, for as soon as one idea would be stamped 'untainted,' another would come to mind. The level of introspection that would be required is simply too much to expect, no matter how intelligent, dedicated, or ethical the DS&M attorneys may be.***

*Motorola, Inc.*, 1994 U.S. Dist. LEXIS 20714 at *14 (emphasis added). The court amended the existing protective order to provide that any patent prosecuting attorneys who received access to Motorola's confidential information "shall not prosecute any InterDigital Technology Corporation patent applications relating to the broad subject matter of the patents in suit during the pendency of this case and until one year after the conclusion of the present litigation, including appeals." *Id.* at 19.

In *Mikohn Gaming*, the court held that counsel's dual role as trial and patent prosecution counsel created an unacceptable risk of inadvertent disclosure of confidential information. *See Mikohn Gaming Corp.*, 1998 U.S. Dist. LEXIS 22251 at *15. Because the court determined that the patent prosecution activities related to the asserted patents, the court determined that counsel's patent prosecution activities were "intensely competitive" in nature and that the risk of inadvertent disclosure outweighed the impairment of the other party's ability to litigate. *Id.* at *11. The court reasoned: "No matter how much good faith [Acres' prosecution attorney] might exercise, it is unrealistic to expect that his knowledge of Mikohn's secret technology would not or could not influence the nature of his advice to Acres. This is so whether the advice relates to a pending application or a future application." *Id.*

In *Papst*, the court adopted a protective order in the context of multi-district litigation that restricted the patentee's counsel with access to the other parties' confidential material from prosecuting, supervising, or assisting in the prosecution of any patent application on behalf of the inventor or patent owner. *See In re Papst Licensing*, 2000 U.S. Dist. LEXIS 6374 at*15. The court reasoned:

> The risk of inadvertent disclosure of the Non-Papst parties' confidential information clearly outweighs the impairment, if any, of the Papst parties' ability to litigate this action. Despite the Papst parties' arguments to the contrary***, it is clear that the advice and participation of the Papst parties' counsel in preparation and prosecution of patent applications related to the patents in suit is an intensely competitive decisionmaking activity and would be informed by access to the Non-Papst parties confidential information***. Counsel's ability to file new claims in existing and pending patents based on the confidential information discovered during the course of this litigation poses an unacceptable opportunity for inadvertent disclosure and misuse.

*Id*. at *4 (emphasis added). The court entered a protective order with a patent prosecution provision that provided that counsel "shall not prosecute, supervise or assist in the prosecution of any patent application on behalf of [the Papst entities] pertaining to the subject matter of the patents in suit during the pendency of this case and for one year after the conclusion of this litigation, including any appeals." *Id.* at *2.

In *Interactive Coupon Marketing Group*, the court entered a protective order with a patent prosecution restriction providing that litigation counsel "who are privy to confidential information obtained from defendant in discovery shall not participate in the prosecution of any patent application for plaintiff relating to the subject matter of the patents in suit during the pendency of this case and for one year after the conclusion of this litigation, including appeals." *Interactive Coupon Marketing Group, Inc.*, 1999 U.S. Dist. LEXIS 12437 at *11. "The concern is whether the firm's involvement in developing a patent prosecution strategy will be informed by such information to the competitors' detriment." *Id.* at *9.

In *Chan*, the court entered a protective order with a patent prosecution provision that prohibited "advice related to patent prosecution" and "advice on the scope of patent claims." *See Chan*, 218 F.R.D. at 661-662. "The Court finds that if advice related to patent prosecution is defined as competitive decision-making, as it clearly is in the *Papst* decision, then advice on the scope of patent claims must also be defined as competitive decision-making." *Id.* The court's protective order stated that "counsel who view confidential information shall be restricted from patenting for a party for the pendency of the trial and for ***two years*** after its conclusion." *Id.* (emphasis added).



O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

In *Cummins-Allison Corp.*, the court criticized the *MedImmune* analysis on which Avocent relies, stating "the *MedImmune* court fails to come to grips with the role of a patent prosecutor in shaping the way in which a patent application is written, or how role [sic] of the patent prosecutor, when combined with the knowledge of a competitor's confidential information gained through the litigation process, creates a risk of inadvertent use of that information to advance a client's patent prosecution." *Cummings-Allison Corp.*, 2003 U.S. Dist. LEXIS 23653 at *25-*26. The court entered a protective order with a patent prosecution prohibition, reasoning:

> We would expect patent prosecution counsel to be intimately involved in deciding how to shape the original application, or how later to revise it. It is that intimate involvement in the shaping and revision of patent applications that provides for the risk that patent counsel inadvertently will use information obtained from a party in patent litigation in shaping the application. ***As the Motorola court quite properly observed, this is not a criticism of the ethics of any particular attorneys or of the bar in general. Rather, it is a recognition of the limits of human beings to completely compartmentalize the multiple sources from which they obtain information.***

*Id.* at 23 (emphasis added).

The *Motorola, Mikohn Gaming, Papst, Interactive Coupon Marketing, Chan,* and *Cummins-Allison Corp.* decisions are squarely on point with the present case , and the Court should adopt Defendants' patent prosecution prohibition to prevent Avocent's counsel allowed access to Defendants' highly-sensitive KVM switch design information to assist in the prosecution of any patent applications relating to the subject matter of this litigation, including continuation patent applications related to the asserted patents, for a reasonable period of time after the conclusion of this litigation. Of critical concern to the *Motorola*, *Mikohn Gaming*, *Papst, Interactive Coupon Marketing, Chan,* and *Cummins-Allison Corp.* courts was preventing access by patent prosecution counsel tasked with prosecuting the patents-in-suit or related patents, which is the main concern here. As these courts properly recognized, Defendants' patent prosecution prohibition is not intended to impugn the ethics of Avocent's counsel, but instead to mitigate the overwhelming potential harm of inadvertent misuse of Defendants' highly-sensitive KVM switch design information in Avocent's patents.



O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

**B. Avocent Will Suffer No Hardship Because Defendants' Patent Prosecution Prohibition Does Not Disqualify Avocent's Patent Litigation Counsel at Davidson Berquist.**

Similar to the provisions adopted by the *Motorola*, *Mikohn Gaming*, *Papst*, *Interactive Coupon Marketing*, *Chan*, and *Cummins-Allison Corp.* courts, Defendants' patent prosecution prohibition states:

> Proprietary Information designated as ATTORNEYS EYES ONLY can be disclosed to those persons designated in ¶¶ 7(a)-7(e) and 7(g)-7(j) provided, however, that any person who received access to such information shall have no involvement whatsoever, from and after the date of first disclosure of any such information to such person, in the prosecution of any patent application that involves KVM switch technology for a period of one year after the conclusion of this litigation (including the exhaustion of all subsequent appeals). Patent prosecution shall include drafting, reviewing, editing, supervising the drafting or preparation of patent applications, claims, specifications, amendments, responses to office actions and any other materials submitted to the United States Patent & Trademark Office or any other patent authority elsewhere in the world, as well as identifying or evaluating potential inventions, participating in the decision to file patent applications or consulting on any of the foregoing matters with others performing any of these activities.

*See* Moore Decl., ¶ 5-6, Ex. 4 (redline of Avocent's proposed protective orders with Defendants' proposed revisions) and Ex. 5 (Defendants' proposed protective order). This provision is narrowly tailored because it only applies to counsel with access to Attorneys Eyes Only ("AEO") information, but not to any other proprietary information designated as Confidential Information by the parties under the Protective Order. Defendants also attempted to provide a clear definition of the activities that constitute "patent prosecution" to assist anyone reviewing this provision, but it is similar in scope and duration to those provisions adopted by the *Motorola*, *Mikohn Gaming*, *Papst*, *Interactive Coupon Marketing*, *Chan*, and *Cummins-Allison Corp.* courts. Defendants also note that any of the patent prosecution prohibitions entered by these courts would also be acceptable, if the Court were so inclined to use another precedent.

By its argument of undue hardship, it is clear that Avocent completely misinterprets the language of Defendants' patent prosecution prohibition. This provision does not provide a firm-wide ban on patent prosecution activities at Davidson Berquist if Messrs. Berquist, Davidson, and Jackson view Defendants' accused product design documents designated as AEO information.



O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

Instead, it is narrowly focused to apply on an attorney-by-attorney basis, and it is solely intended to prevent Avocent's patent prosecution counsel at Davidson Berquist, as well as other firms, from receiving access to Defendants' highly-sensitive KVM switch design information produced to Avocent's patent litigation counsel at Davidson Berquist and then continuing to prosecute Avocent's KVM switch patent applications.

Defendants' patent prosecution prohibition does not place any undue burden on Messrs. Berquist, Davidson, and Jackson of Davidson Berquist, who appeared on behalf of Avocent in its prior litigation against Raritan Computer, Inc., and who appear on behalf of Avocent in the present litigation. At the Court's recent case management hearing, Mr. Jackson stated that neither he, nor Mr. Berquist, nor Mr. Davidson were involved in the prosecution of any of the asserted patents when addressing the number of people that would be deposed in connection with the parties' Initial Disclosures. If Messrs. Berquist, Davidson, and Jackson have not been involved in the prosecution of any of the patents shown in Exhibit 1 -- activities which have been on-going since August 25, 1995 -- then presumably Avocent will not require their assistance in the prosecution of any Avocent continuation applications related to the asserted patents during the pendency of this litigation plus one year.

Rather, Defendants' patent prosecution prohibition is intended to prevent Avocent's patent prosecution counsel, such as Mr. Casey at Davidson Berquist, from obtaining unfair access to Defendants' highly-sensitive KVM switch design information while continuing to prosecute applications related to the asserted patents. It is Mr. Casey and any other Avocent patent prosecution counsel who Defendants believe should not be placed in the untenable position of reviewing Defendants' accused product design information while upholding their duties to vigorously prosecute continuation applications to Avocent's asserted patents.

Finally, Avocent fails to address in its motion why it is necessary for any of its patent prosecutors to have access to Defendants' highly-sensitive accused product design information when it is represented in the present case by the three Davidson Berquist attorneys who litigated the asserted patents in the Raritan Computers, Inc. case from May 2001 until the parties settled in



O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

late-2005 or early-2006. These litigation attorneys represented Avocent in the assertion of two of the patents-in-suit against Raritan Computers, Inc., for over four years, through two claim construction hearings, through dispositive motions, through an appeal to the Federal Circuit, and up to the courthouse steps in the trial after appeal. Avocent provides no reason in its moving papers why its patent prosecution counsel, who were not named as trial counsel in the Raritan Computers, Inc. case are now suddenly necessary to litigate its asserted patents against the Defendants.

## III. AVOCENT'S OVERBROAD EXCLUSIONS WOULD PREVENT PROPER "ATTORNEYS EYES ONLY" DESIGNATIONS.

The second disputed issue raised in Avocent's motion (see Avocent Motion at p. 9) relates to the definition of "Attorneys Eyes Only" information. Both protective orders proposed by the parties provide that proprietary information can be designated under one of two confidentiality levels: the lower tier of "Confidential," and the higher tier of "Attorneys Eyes Only." The dispute relates to defining what information is properly designated at the higher level. Avocent's proposed definition includes the plain text in the following, with the Defendants' proposed additions and deletions to Avocent's proposal indicated in bold text:

> Proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, **sales and cost information**, sales prices to specific customers, profit margins, **trends**, **projections**, **current** and prospective marketing strategies, **or other highly sensitive financial information not yet publicly disclosed**, and highly sensitive technical information, including but not limited to, product design and development materials ~~**relating to products not yet for sale or released to the public**~~, **schematics, gerber files, layouts**, source code, **CAD drawings, specifications**, or other highly sensitive~~**, trade secret**~~ technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

In its motion, Avocent describes its proposal as "relatively limited," while characterizing Defendants' proposal as "overly broad." What Avocent fails to recognize, however, is that the scope of these two provisions is identical. Both proposals provide that "highly sensitive" financial and technical information can be designated as Attorneys Eyes Only, and both then list examples of information in those categories. In neither case, however, is the list of examples exclusive; each is prefaced with the language "including but not limited to," indicating that other unlisted

Case 2:06-cv-01711-MJP Document 57 Filed 04/30/2007 Page 14 of 18

information could also properly be designated Attorneys Eyes Only.

Nevertheless, Avocent's reasoning for attempting to exclude the examples in the Defendants' proposal is illogical. For example, Avocent objects to the Defendants' recitation of "sales and cost information" because it allegedly includes all types of such information, "regardless of its specificity." Avocent Motion at p. 9. In other words, based on a hypothetical concern that the parties might designate less detailed (and therefore allegedly less confidential) sales and cost information as Attorneys Eyes Only, Avocent would exclude all such information regardless of sensitivity or specificity. Avocent's attempted exclusion is too blunt an instrument; it does not permit the parties to make the proper case-by-case determination of confidentiality.

Likewise, in opposing the recitation of "schematics, gerber files, layouts, … CAD drawings, [and] specifications," Avocent's sole objection is that the language is broad enough to cover "virtually anything …, provided the designating party was motivated to do so." Avocent Motion at p. 10. The enumerated documents are all specific in nature; they cannot reasonably be construed as broadly as Avocent contends. Further, both proposed protective orders include a mechanism in paragraph 13 to contest designations viewed as improper, so the parties are protected from abuse or overuse of the confidentiality designations.

As to the remaining disputed examples, Avocent has not even attempted to defend its exclusion of "trends" and "projections," probably because that language was part of Avocent's own initial proposal to the Defendants. *See* Moore Decl., ¶ 7, Ex. 6 at ¶ 2. Likewise, Avocent's original proposal recited "marketing strategies," (*id.*) which Defendants again accepted without modification. Yet Avocent inexplicably limited its own language to "<u>prospective</u> marketing strategies" and then filed its motion. Avocent has not explained why current marketing strategies are any less deserving of protection that prospective ones, as its own original proposal recognized.

Finally, Defendants' proposal removes Avocent's reference to "trade secret" technical information. The test for establishing a trade secret under Washington law (*see* Wash. Rev. Code § 19.108.010) includes elements that are not applied to the other types of Attorneys Eyes Only information recited in both parties' proposals. It is doubtful that Avocent intended to invoke the



O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

trade secret laws, but that is potentially the effect of its proposal. Having to apply those standards will lead to multiple unnecessary disputes. That language should be excluded.

In short, the blanket exclusions advocated by Avocent (although not effectuated by its Proposed Order) are too broad and ensnare too much information of potentially high sensitivity. The better approach is to permit parties to make case-by-case determinations of confidentiality.

## IV. THE DEADLINE FOR DESIGNATING TRANSCRIPTS SHOULD BE MEASURED FROM WHEN THE REPORTER NOTIFIES THE PARTIES OF THE TRANSCRIPTS' AVAILABILITY.

The final dispute between the parties is a minor one, relating to the time limit for designating the confidentiality of deposition transcripts. Defendants believe the parties could have worked out this issue if Avocent had contacted Defendants before filing its motion.

Avocent proposes that a party should have five days "after the transcript … is available from the court reporter" within which to designate the transcript as confidential. Avocent's Proposed Protective Order at p. 3, ¶ 4. While the five day period is acceptable, a problem arises from measuring the start of that period from the day the transcript is "available." Avocent's counsel has indicated that a transcript is "available" on the date the reporter sends it to the parties by mail or email. However, if the reporter were to send the transcript by U.S. mail, the parties might not receive the transcript for several days, using up some or all of the allotted five day designation period. This is an unnecessary and wasteful result.

As a compromise, Defendants propose that the five day period be measured from the day that the court reporter "has provided notice to the prospective designating party that the transcript of the deposition or proceeding is available." Defendants' Proposed Protective Order at p. 3, ¶ 4. This proposed notification will ensure that the designating party can take full advantage of the five days to designate the deposition transcript appropriately, while giving Avocent the shorter time period it seeks. In the Defendants' view, this is plainly the better approach.



O'MELVENY & MYERS LLP
400 S. HOPE STREET
LOS ANGELES, CA 90071-2899
TEL: (213) 430-6000 FAX: (213) 430-6407

## V. CONCLUSION.

Accordingly, Defendants respectfully request that the Court adopt their Proposed Protective Order, which is attached to the Proposed Order and is also attached hereto as Exhibit 5.

| | |
|---|---|
| DATED this 16th day of April, 2007 | By defendants ROSE ELECTRONICS, PETER MACOUREK and DARIOUSH "DAVID" RAHVAR, through their counsel:<br><br>/s/ Molly A. Terwilliger<br>WSBA # 28449<br><br>Molly A. Terwilliger<br>HELLER EHRMAN LLP<br>701 Fifth Avenue, Suite 6100<br>Seattle, WA 98104<br>Telephone: (206) 447-0900<br>Fax: (206) 447-0849<br>Email:<br>molly.terwilliger@hellerehrman.com<br><br>Michael S. Dowler<br>Thomas L. Casagrande<br>Brian L. Jackson<br>Jeffrey J. Phillips<br>HOWREY LLP<br>1111 Louisiana, 25th Floor<br>Houston, TX 77002 |

| | |
|---|---|
| DATED this 16th day of April, 2007 | By defendant BELKIN INTERNATIONAL, INC., through its counsel:<br><br>/s/ Michael A. Moore<br><br>Michael A. Moore<br>CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP<br>1001 4th Ave Ste 3900<br>Seattle, WA 98154-1051<br><br>David P. Enzminger<br>Ryan K. Yagura<br>Vision L. Winter<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, CA 90071 |
| DATED this 16th day of April, 2007 | By defendants ATEN TECHNOLOGY INC. and ATEN INTERNATIONAL CO., LTD., through their counsel:<br><br>/s/ Richard J. Codding<br><br>Richard J. Codding<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067-3012<br><br>Yitai Hu<br>Ming-Tao Yang<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>3000 El Camino Real, Suite 400<br>Palo Alto, CA 94306-2112 |

| | |
|---|---|
| DATED this 16th day of April, 2007 | By defendant TRIPPE MANUFACTURING COMPANY, through its counsel:<br><br>/s/ Jerry A. Riedinger____________<br><br>Jerry A. Riedinger<br>Ryan J. McBrayer<br>PERKINS COIE LLP<br>1201 Third Avenue, 48th Floor<br>Seattle, WA 98101-3099<br><br>Larry L. Saret<br>MICHAEL BEST & FRIEDRICH LLP<br>Two Prudential Plaza<br>180 North Stetson Avenue, Suite 2000<br>Chicago, IL 60601 |

LA2:828931.1

# Exhibit 3

JURYDEMAND, PROTO, STAYED

# U.S. District Court
# United States District Court for the Western District of Washington (Seattle)
# CIVIL DOCKET FOR CASE #: 2:06-cv-01711-MJP

Avocent Redmond Corp v. Rose Electric Inc et al
Assigned to: Judge Marsha J. Pechman
Cause: 35:271 Patent Infringement

Date Filed: 11/27/2006
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Avocent Redmond Corp** represented by

**Donald L Jackson**
DAVIDSON BERQUIST JACKSON & GOWDEY LLP
4300 WILSON BLVD
7TH FLOOR
ARLINGTON, VA 22203
703-894-6400
Email: dlj@dbjg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J Scott Davidson**
DAVIDSON BERQUIST JACKSON & GOWDEY LLP
4300 WILSON BLVD
7TH FLOOR
ARLINGTON, VA 22203
Email: scott.davidson@davidsonberquist.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D Berquist**
DAVIDSON BERQUIST JACKSON & GOWDEY LLP
4300 WILSON BLVD
7TH FLOOR
ARLINGTON, VA 22203
703-894-6400
Email: jay.berquist@davidsonberquist.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Alan Knox**
WILLIAMS KASTNER & GIBBS (SEA)
601 UNION ST
STE 4100
SEATTLE, WA 98101
206-628-6600
Fax: FAX 628-6611
Email: jknox@williamskastner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Rose Electric Inc**
*a Texas corporation*
*TERMINATED: 01/16/2007*

**Defendant**

**Rose Electronics**
*a Texas general partnership*

represented by

**Brian L Jackson**
HOWREY LLP
25TH FLOOR
1111 LOUISIANA
HOUSTON, TX 77002
713-522-5766
Fax: 713-583-5785
Email: brian@brianjacksonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Floyd R Nation**
HOWREY LLP
25TH FLOOR
1111 LOUISIANA
HOUSTON, TX 77002
713-787-1661
Email: nationf@howrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey J Phillips**
HOWREY LLP
25TH FLOOR
1111 LOUISIANA
HOUSTON, TX 77002
713-787-1496
Email: phillipsj@howrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S Dowler**
HOWREY LLP
25TH FLOOR
1111 LOUISIANA
HOUSTON, TX 77002
713-787-1619
Email: dowlerm@howrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas L Casagrande**
HOWREY LLP
25TH FLOOR
1111 LOUISIANA
HOUSTON, TX 77002
713-787-1493
Email: casagrandet@howrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**C. Seth Wilkinson**
YARMUTH WILSDON CALFO
925 FOURTH AVE
STE 2500
SEATTLE, WA 98104
206-516-3800
Email: swilkinson@yarmuth.com
*ATTORNEY TO BE NOTICED*

**Lawrence Carl Locker**
SUMMIT LAW GROUP
315 FIFTH AVE S
STE 1000
SEATTLE, WA 98104-2682
206-676-7000
Fax: FAX 676-7001
Email: larryl@summitlaw.com
*TERMINATED: 02/12/2008*

**Molly A Terwilliger**
HELLER EHRMAN LLP (WA)
701 5TH AVE
STE 6100
SEATTLE, WA 98104-7098
206-389-6141
Fax: FAX 206-447-0849
Email:
molly.terwilliger@hellerehrman.com
*TERMINATED: 05/30/2007*

**Philip S McCune**
SUMMIT LAW GROUP
315 FIFTH AVE S
STE 1000
SEATTLE, WA 98104-2682
206-676-7000
Fax: FAX 676-7001
Email: philm@summitlaw.com
*TERMINATED: 02/12/2008*

**Defendant**

**Peter Macourek**
*an individual*

represented by

**Brian L Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Floyd R Nation**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey J Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S Dowler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas L Casagrande**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**C. Seth Wilkinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lawrence Carl Locker**
(See above for address)
*TERMINATED: 02/12/2008*

**Molly A Terwilliger**
(See above for address)
*TERMINATED: 05/30/2007*

**Philip S McCune**

(See above for address)
*TERMINATED: 02/12/2008*

**Defendant**

| | | |
|---|---|---|
| **Darioush Rahvar**<br>*an individual*<br>*doing business as*<br>David Rahvar | represented by | **Brian L Jackson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Floyd R Nation**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Jeffrey J Phillips**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Michael S Dowler**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Thomas L Casagrande**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**C. Seth Wilkinson**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Lawrence Carl Locker**<br>(See above for address)<br>*TERMINATED: 02/12/2008*<br><br>**Molly A Terwilliger**<br>(See above for address)<br>*TERMINATED: 05/30/2007*<br><br>**Philip S McCune**<br>(See above for address)<br>*TERMINATED: 02/12/2008* |

**Defendant**

| | | |
|---|---|---|
| **Aten Technology Inc**<br>*a California corporation* | represented by | **Ming-Tao Yang**<br>AKIN GUMP STRAUSS HAUER &<br>FELD LLP (PALO ALTO, CA)<br>2 PALO ALTO SQUARE |

3000 EL CAMINO REAL
STE 400
PALO ALTO, CS 94306
650-838-2000
Email: ming.yang@finnegan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard J Codding, Sr**
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 CENTURY PARK EAST
STE 2400
LOS ANGELES, CA 90067-3012
310-229-1000
Email: rcodding@akingump.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Fitzgerald Ahearne**
FOSTER PEPPER (SEA)
1111 3RD AVE
STE 3400
SEATTLE, WA 98101-3299
206-447-4400
Email: ahearne@foster.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yitai Hu**
AKIN GUMP STRAUSS HAUER & FELD LLP (PALO ALTO, CA)
2 PALO ALTO SQUARE
3000 EL CAMINO REAL
STE 400
PALO ALTO, CS 94306
650-838-2000
Email: yhu@akingump.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy Robert Larson**
FOSTER PEPPER (SEA)
1111 3RD AVE
STE 3400
SEATTLE, WA 98101-3299
206-447-4400
Fax: 206-447-4400
Email: LarsJ@Foster.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Aten International Co Ltd**
*a Taiwanese Company*

represented by **Ming-Tao Yang**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard J Codding, Sr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Fitzgerald Ahearne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yitai Hu**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy Robert Larson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Trippe Manufacturing Co**
*an Illinois coporation*
*TERMINATED: 06/06/2007*

represented by **Christopher R Parker**
MICHAEL BEST & FRIEDRICH LLP (IL)
180 N STETSON AVE
STE 2000
CHICAGO, IL 60601
312-222-0800
Email: crparker@michaelbest.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David L DeBruin**
MICHAEL BEST & FRIEDRICH LLP (IL)
180 N STETSON AVE
STE 2000
CHICAGO, IL 60601
414-225-2776
Email: dldebruin@michaelbest.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Larry L Saret**

MICHAEL BEST & FRIEDRICH LLP (IL)
180 N STETSON AVE
STE 2000
CHICAGO, IL 60601
312-222-0800
Email: LLsaret@michaelbest.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd K Johnston**
MICHAEL BEST & FRIEDRICH LLP (IL)
180 N STETSON AVE
STE 2000
CHICAGO, IL 60601
312-222-0800
Email: tkjohnston@michaelbest.com
*TERMINATED: 06/06/2007*
*LEAD ATTORNEY*

**Jerry A Riedinger**
PERKINS COIE
1201 3RD AVE
STE 4800
SEATTLE, WA 98101-3099
206-359-8000
Fax: 206-359-9000
Email: Jriedinger@perkinscoie.com

**Ryan McBrayer**
PERKINS COIE (SEA)
1201 3RD AVE
STE 4800
SEATTLE, WA 98101-3099
206-359-3073
Email: RMcBrayer@perkinscoie.com

**Defendant**

**Belkin Corp**
*a Delaware corporation*

represented by

**Michael A Moore**
CORR CRONIN MICHELSON BAUMGARDNER & PREECE
1001 4TH AVE
STE 3900
SEATTLE, WA 98154-1051
206-625-8600
Fax: FAX 625-0900
Email: mmoore@corrcronin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Enzminger**
O'MELVENY & MYERS (LA)
400 S HOPE ST
STE 1050
LOS ANGELES, CA 90071-2899
213-430-7885
Email: denzminger@omm.com
*ATTORNEY TO BE NOTICED*

**Ryan Yagura**
O'MELVENY & MYERS (LA)
400 S HOPE ST
STE 1050
LOS ANGELES, CA 90071-2899
213-430-6000
Email: ryagura@omm.com
*ATTORNEY TO BE NOTICED*

**Vision L Winter**
O'MELVENY & MYERS (LA)
400 S HOPE ST
STE 1050
LOS ANGELES, CA 90071-2899
213-430-7840
Email: vwinter@omm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Belkin International Inc**
*a Delaware corporation*

represented by **Michael A Moore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Belkin Inc**
*a Delaware corporation*

represented by **Michael A Moore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Trippe Manufacturing Co**
*an Illinois coporation*
*TERMINATED: 06/06/2007*

represented by **Jerry A Riedinger**
(See above for address)

**Ryan McBrayer**
(See above for address)

V.

**Counter Defendant**

**Avocent Redmond Corp**

represented by **Donald L Jackson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J Scott Davidson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D Berquist**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Alan Knox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Aten International Co Ltd**
*a Taiwanese Company*

represented by **Ming-Tao Yang**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard J Codding, Sr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Fitzgerald Ahearne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yitai Hu**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy Robert Larson**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Avocent Redmond Corp**

represented by **Donald L Jackson**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**J Scott Davidson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D Berquist**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Alan Knox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Aten Technology Inc**
*a California corporation*

represented by **Ming-Tao Yang**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard J Codding, Sr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Fitzgerald Ahearne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yitai Hu**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy Robert Larson**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Avocent Redmond Corp**

represented by **Donald L Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J Scott Davidson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D Berquist**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Alan Knox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Rose Electronics**
*a Texas general partnership*

represented by **Brian L Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey J Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S Dowler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas L Casagrande**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**C. Seth Wilkinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lawrence Carl Locker**
(See above for address)
*TERMINATED: 02/12/2008*

**Molly A Terwilliger**
(See above for address)
*TERMINATED: 05/30/2007*

**Philip S McCune**
(See above for address)

*TERMINATED: 02/12/2008*

**Counter Claimant**

**Peter Macourek**
*an individual*

represented by **Brian L Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey J Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S Dowler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas L Casagrande**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**C. Seth Wilkinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lawrence Carl Locker**
(See above for address)
*TERMINATED: 02/12/2008*

**Molly A Terwilliger**
(See above for address)
*TERMINATED: 05/30/2007*

**Philip S McCune**
(See above for address)
*TERMINATED: 02/12/2008*

**Counter Claimant**

**Darioush Rahvar**
*an individual*

represented by **Brian L Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey J Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S Dowler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas L Casagrande**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**C. Seth Wilkinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lawrence Carl Locker**
(See above for address)
*TERMINATED: 02/12/2008*

**Molly A Terwilliger**
(See above for address)
*TERMINATED: 05/30/2007*

**Philip S McCune**
(See above for address)
*TERMINATED: 02/12/2008*

V.

**Counter Defendant**

**Avocent Redmond Corp** represented by **Donald L Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J Scott Davidson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D Berquist**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Alan Knox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

| | | |
|---|---|---|
| **Aten International Co Ltd**<br>*a Taiwanese Company* | represented by | **Ming-Tao Yang**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Richard J Codding, Sr**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Thomas Fitzgerald Ahearne**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Yitai Hu**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Jeremy Robert Larson**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

| | | |
|---|---|---|
| **Avocent Redmond Corp** | represented by | **Donald L Jackson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**J Scott Davidson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**James D Berquist**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**John Alan Knox**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **Aten Technology Inc**<br>*a California corporation* | represented by | **Ming-Tao Yang**<br>(See above for address) |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard J Codding, Sr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Fitzgerald Ahearne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yitai Hu**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy Robert Larson**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Avocent Redmond Corp** represented by **Donald L Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J Scott Davidson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D Berquist**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Alan Knox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Rose Electronics**
*a Texas general partnership*
represented by **Brian L Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey J Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S Dowler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas L Casagrande**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence Carl Locker**
(See above for address)
*TERMINATED: 02/12/2008*

**Molly A Terwilliger**
(See above for address)
*TERMINATED: 05/30/2007*

**Philip S McCune**
(See above for address)
*TERMINATED: 02/12/2008*

**Counter Claimant**

**Peter Macourek**
*an individual*

represented by **Brian L Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey J Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S Dowler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas L Casagrande**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence Carl Locker**

(See above for address)
*TERMINATED: 02/12/2008*

**Molly A Terwilliger**
(See above for address)
*TERMINATED: 05/30/2007*

**Philip S McCune**
(See above for address)
*TERMINATED: 02/12/2008*

**Counter Claimant**

**Darioush Rahvar**
*an individual*

represented by **Brian L Jackson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey J Phillips**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael S Dowler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas L Casagrande**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence Carl Locker**
(See above for address)
*TERMINATED: 02/12/2008*

**Molly A Terwilliger**
(See above for address)
*TERMINATED: 05/30/2007*

**Philip S McCune**
(See above for address)
*TERMINATED: 02/12/2008*

V.

**Counter Defendant**

**Avocent Redmond Corp**

represented by **Donald L Jackson**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**J Scott Davidson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D Berquist**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Alan Knox**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/27/2006 | 1 | COMPLAINT FOR PATENT INFRINGEMENT and JURY DEMAND against defendant(s) Rose Electric Inc, Rose Electronics, Peter Macourek, Darioush Rahvar (NO Summons(es) issued) (Receipt # SEA 5609) , filed by Avocent Redmond Corp. (Attachments: # 1 Exhibits to Complaint# 2 Civil Cover Sheet # 3 Email request to file new case)(PM, ) (Entered: 12/04/2006) |
| 12/04/2006 | 2 | **DISREGARD THIS ENTRY**~~REPORT on the filing or determination of an action. E-mailed report and complaint to the US Patent Office. (PM, ) Modified on 12/4/2006 (PM, ). (Entered: 12/04/2006)~~ |
| 12/04/2006 | 3 | REPORT on the filing or determination of an action. E-mailed report and complaint to the US Patent Office. (PM, ) (Entered: 12/04/2006) |
| 12/04/2006 | 4 | **AMENDED REPORT WITH COMPLAINT ATTACHED** on the filing or determination of an action. E-mailed to the US Patent Office. (Attachments: # 1 Complaint# 2 Exhibits to Complaint) (PM, ) (Entered: 12/04/2006) |
| 12/05/2006 | 5 | CORPORATE DISCLOSURE STATEMENT filed pursuant to FRCP 7.1 (Knox, John) (Entered: 12/05/2006) |
| 12/08/2006 | 6 | APPLICATION by Plaintiff Avocent Redmond Corp AND ORDER admitting Donald L Jackson for Avocent Redmond Corp pro hac vice. Receipt # SEA 5812. (MD, ) (Entered: 12/08/2006) |
| 12/08/2006 | 7 | APPLICATION by Plaintiff Avocent Redmond Corp AND ORDER admitting James D Berquist for Avocent Redmond Corp pro hac vice. Receipt # SEA 5812. (MD, ) (Entered: 12/08/2006) |
| 12/08/2006 | 8 | APPLICATION by Plaintiff Avocent Redmond Corp AND ORDER admitting J Scott Davidson for Avocent Redmond Corp pro hac vice. Receipt # SEA 5812. (MD, ) (Entered: 12/08/2006) |
| 01/02/2007 | 9 | ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS |

| | | |
|---|---|---|
| | | REPORT AND EARLY SETTLEMENT FRCP 26f Conference Deadline is 1/30/2007.Initial Disclosure Deadline is 2/6/2007. Joint Status Report due by 2/13/2007; by Judge Marsha J. Pechman. (AO, ) (Entered: 01/02/2007) |
| 01/11/2007 | 10 | ORDER --- Standing Order for Patent Cases by Judge Marsha J. Pechman. (AO, ) (Entered: 01/11/2007) |
| 01/16/2007 | 11 | AMENDED COMPLAINT *FOR PATENT INFRINGEMENT* against defendant(s) all defendants with JURY DEMAND, filed by Avocent Redmond Corp.(Knox, John) (Entered: 01/16/2007) |
| 01/17/2007 | 12 | PRAECIPE TO ISSUE 8 SUMMONSES (and issued). (LT, ) (Entered: 01/18/2007) |
| 01/23/2007 | 13 | MINUTE ORDER Joint Status Report deadline extended to 3/13/2007; signed by Docket Clerk M. Duett at the direction of Judge Marsha J. Pechman. (SC, ) (Entered: 01/23/2007) |
| 02/01/2007 | 14 | SERVICE OF SUMMONS and First Amended Complaint returned executed upon defendant Rose Electronics on 1/19/2007; Peter Macourek on 1/19/2007; Darioush Rahvar on 1/19/2007; Aten Technology, Inc on 1/19/07; Aten Intl Co Ltd on 1/19/07; Trippe Mfg Co on 1/19/07; Belkin Corp on 1/19/07 (MD, ) Modified text on 2/2/2007 (MD, ). (Entered: 02/02/2007) |
| 02/01/2007 | 26 | SERVICE OF SUMMONS and Complaint returned executed upon defendant Aten International Co Ltd on 1/19/2007 (MD, ) (Entered: 02/12/2007) |
| 02/05/2007 | 15 | AFFIDAVIT OF SERVICE by Plaintiff Avocent Redmond Corp *on Aten International Co., Ltd.*. (Knox, John) (Entered: 02/05/2007) |
| 02/05/2007 | 16 | MOTION Issuance of Letter Rogatory by Plaintiff Avocent Redmond Corp. Noting Date 2/14/2007. (Knox, John) (Entered: 02/05/2007) |
| 02/07/2007 | 17 | NOTICE of Appearance by attorney Molly A Terwilliger on behalf of Defendants Rose Electronics, Peter Macourek, Darioush Rahvar (Terwilliger, Molly) (Entered: 02/07/2007) |
| 02/07/2007 | 18 | CORPORATE DISCLOSURE STATEMENT filed pursuant to FRCP 7.1. (Terwilliger, Molly) (Entered: 02/07/2007) |
| 02/07/2007 | 19 | NOTICE of Appearance by attorney Michael A Moore on behalf of Defendant Belkin Corp (Moore, Michael) (Entered: 02/07/2007) |
| 02/07/2007 | 20 | STIPULATION AND PROPOSED ORDER *Extending Deadline for Belkin to Answer Complaint* by parties re 11 Amended Complaint. (Moore, Michael) (Entered: 02/07/2007) |
| 02/08/2007 | 21 | ANSWER to Amended Complaint *for Patent Infringement* with JURY DEMAND by Rose Electronics, Peter Macourek, Darioush Rahvar. (Terwilliger, Molly) (Entered: 02/08/2007) |
| 02/08/2007 | 22 | STIPULATION AND PROPOSED ORDER *TO EXTEND TIME FOR TRIPPE MANUFACTURING COMPANY TO ANSWER OR OTHERWISE PLEAD* by parties. (McBrayer, Ryan) (Entered: 02/08/2007) |

| | | |
|---|---|---|
| 02/08/2007 | 23 | STIPULATION AND PROPOSED ORDER *EXTENDING DEADLINE FOR ATEN TECHNOLOGY INC. TO ANSWER COMPLAINT* by parties re 1 Complaint,. (Ahearne, Thomas) (Entered: 02/08/2007) |
| 02/08/2007 | 24 | STIPULATION AND ORDER Extending Deadline for Belkin to Answer Complaint: Belkin's answer or response to the Amended Complaint is due February 22, 2007, by Judge Marsha J. Pechman. (LT, ) (Entered: 02/09/2007) |
| 02/09/2007 | 25 | STIPULATION AND ORDER EXTENDING DEADLINE FOR ATEN TECHNOLOGY INC TO ANSWER TO COMPLAINT re 23 Stipulation filed by Aten Technology Inc, by Judge Marsha J. Pechman. (MD, ) (Entered: 02/12/2007) |
| 02/09/2007 | 27 | STIPULATION AND ORDER TO EXTEND TIME FOR TRIPPE MANUFACTURING COMPANY TO ANSWER OR OTHERWISE PLEAD re 22 Stipulation filed by Trippe Manufacturing Co, by Judge Marsha J. Pechman. (MD, ) (Entered: 02/12/2007) |
| 02/12/2007 | 28 | APPLICATION AND ORDER admitting Jeffrey J Phillips for Defendants Rose Electronics, Peter Macourek, and Darioush Rahvar pro hac vice. Receipt # SEA 7172. (LT, ) (Entered: 02/12/2007) |
| 02/12/2007 | 29 | APPLICATION AND ORDER admitting Michael S Dowler for Defendants Rose Electronics, Peter Macourek, and Darioush Rahvar pro hac vice. Receipt # SEA 7172. (LT, ) (Entered: 02/12/2007) |
| 02/12/2007 | 30 | APPLICATION AND ORDER admitting Thomas L Casagrande for Defendants Rose Electronics, Peter Macourek, and Darioush Rahvar pro hac vice. Receipt # SEA 7172. (LT, ) (Entered: 02/12/2007) |
| 02/12/2007 | 31 | APPLICATION AND ORDER admitting Brian L Jackson Defendants Rose Electronics, Peter Macourek, and Darioush Rahvar pro hac vice. Receipt # SEA 7172. (LT, ) (Entered: 02/12/2007) |
| 02/12/2007 | 32 | CERTIFICATE OF SERVICE by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar re 30 Application by Out-State Atty (pro hac vice), 31 Application by Out-State Atty (pro hac vice), 29 Application by Out-State Atty (pro hac vice), 28 Application by Out-State Atty (pro hac vice). (LT, ) (Entered: 02/12/2007) |
| 02/13/2007 | 33 | CERTIFICATE OF SERVICE by Defendant Belkin Corp. (Attachments: # 1 Exhibit Applications for Leave to Appear Pro Hac Vice)(Moore, Michael) (Entered: 02/13/2007) |
| 02/14/2007 | 34 | APPLICATION AND ORDER admitting Ryan Yagura for Belkin Corp pro hac vice. Receipt # SEA 7312. (LT, ) (Entered: 02/14/2007) |
| 02/14/2007 | 35 | APPLICATION AND ORDER admitting David Enzminger for Belkin Corp pro hac vice. Receipt # SEA 7312. (LT, ) (Entered: 02/14/2007) |
| 02/14/2007 | 36 | APPLICATION AND ORDER admitting Vision L Winter for Belkin Corp pro hac vice. Receipt # SEA 7312. (LT, ) (Entered: 02/14/2007) |
| 02/20/2007 | 37 | ORDER 16 Motion/Request for International Judicial Assistance (Letter |

| | | |
|---|---|---|
| | | Rogatory) by Judge Marsha J. Pechman.(MD, ) (Entered: 02/21/2007) |
| 02/22/2007 | 38 | ANSWER to Amended Complaint *for Patent Infringement* with JURY DEMAND, COUNTERCLAIM against plaintiff Avocent Redmond Corp by Defendant Trippe Manufacturing Co, Plaintiff Avocent Redmond Corp. (McBrayer, Ryan) (Entered: 02/22/2007) |
| 02/22/2007 | 39 | CORPORATE DISCLOSURE STATEMENT pursuant to FRCP 7.1.. (McBrayer, Ryan) (Entered: 02/22/2007) |
| 02/22/2007 | 40 | ANSWER to Amended Complaint *By Belkin Corporation to First Amended* with JURY DEMAND by Defendant Belkin Corp.(Moore, Michael) (Entered: 02/22/2007) |
| 02/22/2007 | 41 | STIPULATION AND PROPOSED ORDER *Extending Deadline for Aten International Co and Aten Technology Inc. to Respond* by parties re 11 Amended Complaint. (Ahearne, Thomas) (Entered: 02/22/2007) |
| 02/27/2007 | 42 | CORPORATE DISCLOSURE STATEMENT pursuant to FRCP 7.1. (Moore, Michael) (Entered: 02/27/2007) |
| 03/01/2007 | 43 | STIPULATION AND ORDER EXTENDING DEADLINE for Aten International Co and Aten Technology Inc to respond to the amended complaint re 41 Stipulation filed by Aten Technology Inc, Aten International Co Ltd by Judge Marsha J. Pechman. (MD, ) (Entered: 03/02/2007) |
| 03/06/2007 | 44 | *Reply/* ANSWER to Counterclaim *filed by Trippe Manufacturing Company* by Counter Defendant Avocent Redmond Corp, Plaintiff Avocent Redmond Corp.(Knox, John) (Entered: 03/06/2007) |
| 03/08/2007 | 45 | APPLICATION by Defendant Trippe Manufacturing Co AND ORDER admitting Larry L Saret for Trippe Manufacturing Co pro hac vice. Receipt # SEA 7777. (MD, ) (Entered: 03/09/2007) |
| 03/08/2007 | 46 | APPLICATION by Defendant Trippe Manufacturing Co AND ORDER admitting Christopher R Parker for Trippe Manufacturing Co pro hac vice. Receipt # SEA 7777. (MD, ) (Entered: 03/09/2007) |
| 03/08/2007 | 47 | APPLICATION by Defendant Trippe Manufacturing Co AND ORDER admitting Todd K Johnston for Trippe Manufacturing Co pro hac vice. Receipt # SEA 7777. (MD, ) (Entered: 03/09/2007) |
| 03/08/2007 | 48 | APPLICATION by Defendant Trippe Manufacturing Co AND ORDER admitting David L DeBruin for Trippe Manufacturing Co pro hac vice. Receipt # SEA 7777. (MD, ) (Entered: 03/09/2007) |
| 03/09/2007 | 49 | APPLICATION by Defendants Aten Technology Inc, Aten International Co Ltd AND ORDER admitting Richard J Codding, Sr for Aten Technology Inc and Aten International Co Ltd pro hac vice. Receipt # SEA 7824. (MD, ) (Entered: 03/09/2007) |
| 03/09/2007 | 50 | APPLICATION by Defendants Aten Technology Inc, Aten International Co Ltd AND ORDER admitting Yitai Hu for Aten Technology Inc and Aten International Co Ltd pro hac vice. Receipt # SEA 7823. (MD, ) (Entered: |

| | | |
|---|---|---|
| | | 03/09/2007) |
| 03/09/2007 | 51 | APPLICATION by Defendants Aten Technology Inc, Aten International Co Ltd AND ORDER admitting Ming-Tao Yang for Aten Technology Inc and Aten International Co Ltd pro hac vice. Receipt # SEA 7822. (MD, ) (Entered: 03/09/2007) |
| 03/13/2007 | 52 | JOINT STATUS REPORT signed by all parties; estimated Trial Days: 10-16. Filed by Plaintiff Avocent Redmond Corp, Defendants Aten Technology Inc, Aten International Co Ltd, Trippe Manufacturing Co, Belkin Corp, Rose Electronics, Peter Macourek, Darioush Rahvar.(Knox, John) (Entered: 03/13/2007) |
| 03/23/2007 | 53 | MINUTE ORDER Telephone Scheduling Conference with all parties set for 3/29/2007 at 11:00 AM before Hon. Marsha J. Pechman. by Judge Marsha J. Pechman. (MD, ) (Entered: 03/26/2007) |
| 03/29/2007 | 54 | MINUTE ENTRY for proceedings held before Judge Marsha J. Pechman - Dep Clerk: *Eileen Scollard; Law Clerk: Andrea Ostrovsky*; Pla Counsel: *John Knox, James Berquist, Scott Davidson*; Def Counsel: *Michael Dowler, Molly Terwilliger, Brian Jackson, Richard Codding, Thomas ahearne, David DeBruin, Ryan Brayer, Ryan Yagura, Michael Moore*; CR: *Susan Zielie*; Time of Hearing: *1 hour*; **Telephone Conference** held on 3/29/07. Court and counsel discuss issues addressed in the JSR. Clerk to issue scheduling order. Law Clerk to issue a separate minute order. (ES) (Entered: 03/29/2007) |
| 03/30/2007 | 55 | MINUTE ORDER memorializing 3/29/07 telephone conference by Judge Marsha J. Pechman. (AO, ) (Entered: 03/30/2007) |
| 04/02/2007 | 56 | MINUTE ORDER amending 55 Minute Order. Paragraph 5 of the March 30 minute order is amended to state as follows: Each side is permitted totake twenty (20) depositions, up to seven (7) hours each. by Judge Marsha J. Pechman. (AO, ) (Entered: 04/02/2007) |
| 04/05/2007 | 57 | MOTION for Protective Order by Plaintiff Avocent Redmond Corp. (Attachments: # 1 Exhibit 1 (pp. 14 - 25)# 2 Exhibit 2 (pp. 26-37)# 3 Proposed Order Proposed Protective Order)Noting Date 4/16/2007.(Knox, John) (Entered: 04/05/2007) |
| 04/05/2007 | 58 | MOTION to Disqualify *Heller Ehrman LLP* by Plaintiff Avocent Redmond Corp. (Attachments: # 1 Exhibit 1 (pp. 15-17)# 2 Exhibit 2 (pp. 18-29)# 3 Exhibit 3 (pp. 30-32)# 4 Exhibit 4 (pp. 33-35)# 5 Exhibit 5 (pp. 36-40)# 6 Exhibit 6 (pp. 41-44)# 7 Proposed Order PROPOSED Order Disqualifying Heller Ehrman LLP)Noting Date 4/20/2007.(Knox, John) (Entered: 04/05/2007) |
| 04/09/2007 | 59 | NOTICE of Appearance by attorney Jeremy Robert Larson on behalf of Defendants Aten Technology Inc, Aten International Co Ltd. (Attachments: # 1 Certificate of Service)(Larson, Jeremy) (Entered: 04/09/2007) |
| 04/09/2007 | 60 | ANSWER to Amended Complaint with JURY DEMAND, COUNTERCLAIM against plaintiff Avocent Redmond Corp by Aten International Co Ltd.(Yang, Ming-Tao) (Entered: 04/09/2007) |

| | | |
|---|---|---|
| 04/09/2007 | 61 | ANSWER to Amended Complaint with JURY DEMAND, COUNTERCLAIM against plaintiff Avocent Redmond Corp by Aten Technology Inc.(Yang, Ming-Tao) (Entered: 04/09/2007) |
| 04/10/2007 | 62 | MOTION for Protective Order *Unopposed Motion to Re-note Avocent Redmond Corp.'s Motion for Entry of a Protective Order* by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar. (Attachments: # 1 Proposed Order)Noting Date 4/10/2007.(Terwilliger, Molly) (Entered: 04/10/2007) |
| 04/11/2007 | 63 | ORDER GRANTING UNOPPOSED MOTION TO RE-NOTE 62 MOTION for Protective Order *Unopposed Motion to Re-note Avocent Redmond Corp.'s Motion for Entry of a Protective Order* ; RE-Noting Date 4/19/2007. by Judge Marsha J. Pechman. (MD, ) (Entered: 04/11/2007) |
| 04/12/2007 | 64 | RESPONSE by Plaintiff Avocent Redmond Corp, Defendants Aten Technology Inc, Aten International Co Ltd, Trippe Manufacturing Co, Belkin Corp, Rose Electric Inc, Rose Electronics, Peter Macourek, Darioush Rahvar re 55 Minute Order (Knox, John) Modified text per counsel on 4/12/2007 (KN, ). (Entered: 04/12/2007) |
| 04/16/2007 | 65 | RESPONSE, by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar, to 58 MOTION to Disqualify *Heller Ehrman LLP*. (Attachments: # 1 Proposed Order)(Terwilliger, Molly) (Entered: 04/16/2007) |
| 04/16/2007 | 66 | DECLARATION of Molly A. Terwilliger In Support Of Defendant Rose Electronics, Peter Macourek And Darioush Rahvar's Opposition To Plaintiff Avocent Redmond Corporation's Motion To Disqualify Heller Ehrman LLP filed by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar re 58 MOTION to Disqualify *Heller Ehrman LLP* (Terwilliger, Molly) (Entered: 04/16/2007) |
| 04/16/2007 | 67 | DECLARATION of Jon Gavenman In Support Of Defendant Rose Electronics, Peter Macourek And Darioush Rahvar's Opposition To Plaintiff Avocent Redmond Corporation's Motion To Disqualify Heller Ehrman LLP filed by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar re 58 MOTION to Disqualify *Heller Ehrman LLP* (Terwilliger, Molly) (Entered: 04/16/2007) |
| 04/16/2007 | 68 | DECLARATION of Robert H. Aronson filed by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar re 58 MOTION to Disqualify *Heller Ehrman LLP* (Terwilliger, Molly) (Entered: 04/16/2007) |
| 04/16/2007 | 69 | CERTIFICATE OF SERVICE by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar re 65 Response to Motion, 67 Declaration, 68 Declaration, 66 Declaration,. (Terwilliger, Molly) (Entered: 04/16/2007) |
| 04/16/2007 | 70 | MOTION Defendants' Opposition to Avocent's Motion for Entry of Plaintiff's Protective Order and Cross-Motion for Entry of Defendants' Protective Order re 57 MOTION for Protective Order by Defendant Belkin Corp. (Attachments: # 1 Proposed Order Order Denying Avocent's Motion for Entry of a Protective Order and Granting Defendants' Cross-Motion for Entry of a Protective Order)Noting Date 4/19/2007.(Moore, Michael) (Entered: 04/16/2007) |

| | | |
|---|---|---|
| 04/16/2007 | 71 | DECLARATION of Michael A. Moore filed by Defendant Belkin Corp re 57 MOTION for Protective Order (Attachments: # 1 Exhibit Exhibit 1 - pgs. 3-4# 2 Exhibit Exhibit 2 - pgs 5-31# 3 Exhibit Exhibit 3 - pgs 32-54# 4 Exhibit Exhibit 4 - pgs 55-66# 5 Exhibit Exhibit 5 - pgs 67-80# 6 Exhibit Exhibit 6 (Part 1) - pgs 81-82# 7 Exhibit Exhibit 6 (part 2) - pgs 83-96)(Moore, Michael) (Entered: 04/16/2007) |
| 04/17/2007 | 72 | CERTIFICATE OF SERVICE by Defendant Belkin Corp re 71 Declaration, 70 MOTION Defendants' Opposition to Avocent's Motion for Entry of Plaintiff's Protective Order and Cross-Motion for Entry of Defendants' Protective Order re 57 MOTION for Protective Order MOTION Defendants' Opposition to Avocent's Motion for Entry of Plaintiff's Protective Order and Cross-Motion for Entry of Defendants' Protective Order re 57 MOTION for Protective Order. (Moore, Michael) (Entered: 04/17/2007) |
| 04/18/2007 | 73 | ANSWER to Counterclaim *filed by Aten International Co., Ltd.* by Avocent Redmond Corp.(Knox, John) (Entered: 04/18/2007) |
| 04/18/2007 | 74 | ANSWER to Counterclaim *filed by Aten Technology Inc.* by Avocent Redmond Corp.(Knox, John) (Entered: 04/18/2007) |
| 04/19/2007 | 75 | REPLY, filed by Plaintiff Avocent Redmond Corp, TO RESPONSE to 57 MOTION for Protective Order (Knox, John) (Entered: 04/19/2007) |
| 04/19/2007 | 76 | DECLARATION of J. Scott Davidson filed by Plaintiff Avocent Redmond Corp re 57 MOTION for Protective Order (Knox, John) (Entered: 04/19/2007) |
| 04/19/2007 | 77 | MINUTE ORDER SETTING TRIAL DATE AND RELATED DATES; Length of Trial: *unknown*. Jury Trial is set for 6/23/2008 at 9:00 a.m. before Hon. Marsha J. Pechman.,Statement of asserted claims and preliminary infringement contentions due 5/25/2007.Statement of preliminary invalidity contentions due 6/15/2007.Joinder of Parties due by 5/7/2007.Amended Pleadings due by 5/17/2007.Reports from expert witnesses regarding Markman issues due 7/13/2007.Rebuttal expert reports regarding Markman issues due 8/10/2007.Proposed terms and Claim Elements and Preliminary Claim Chart due 8/24/2007.Joint claim chart due 9/24/2007. Opening claim construction briefs due 10/9/2007.Responsive claim construction briefs due 10/22/2007. Markman Hearing set for 11/9/2007 at 9:00 a.m. before Hon. Marsha J. Pechman;Rebuttal Expert Disclosure/Reports due by 1/18/2008. Discovery completed by 2/20/2008.Dispositive motions due by 3/5/2008. Settlement conference to be held by 4/28/2007. 39.1 mediation to be completed by 3/5/2008. Motions in Limine due by 5/23/2008. Pretrial Order due by 6/11/2008. Pretrial Conference set for 6/13/2008 at 1:30 p.m. before Hon. Marsha J. Pechman.Trial briefs to be submitted by 6/18/2008.Proposed voir dire/jury instructions due by 6/18/2008 by Judge Marsha J. Pechman. (ES) (Entered: 04/19/2007) |
| 04/19/2007 | 78 | MINUTE ORDER SETTING TRIAL DATE AND RELATED DATES; Length of Trial: *unknown*. Jury Trial is set for 6/23/2008 before Hon. Marsha J. Pechman.,Statement of asserted claims and preliminary infringement contentions due 5/25/2007,Statement of preliminary invalidity contentions due 6/15/2007,Joinder of Parties due by 5/7/2007,Amended |

| | | |
|---|---|---|
| | | Pleadings due by 5/17/2007,Reports from expert witnesses regarding Markman issues due 7/13/2007,Rebuttal expert reports regarding Markman issues due 8/10/2007,Proposed terms and Claim Elements and Preliminary Claim Chart due 8/24/2007,Joint claim chart due 9/24/2007,Opening claim construction briefs due 10/9/2007,Responsive claim construction briefs due 10/22/2007, Markman Hearing set for 11/9/2007 at 09:00 AM before Hon. Marsha J. Pechman;,Rebuttal Expert Disclosure/Reports due by 1/18/2008; All motions related to discovery must be noted on the calendar by 2/15/2008;Discovery completed by 2/20/2008,Dispositive motions due by 3/5/2008,Settlement conference to be held by 4/24/2008,39.1 mediation to be completed by 3/5/2008,Motions in Limine due by 5/23/2008,Pretrial Order due by 6/11/2008, Pretrial Conference set for 6/13/2008 at 01:30 PM before Hon. Marsha J. Pechman.,Trial briefs to be submitted by 6/18/2008,Proposed voir dire/jury instructions due by 6/18/2008 by Judge Marsha J. Pechman. (ES) (Entered: 04/19/2007) |
| 04/20/2007 | 79 | REPLY, filed by Plaintiff Avocent Redmond Corp, TO RESPONSE to 58 MOTION to Disqualify *Heller Ehrman LLP* (Knox, John) (Entered: 04/20/2007) |
| 04/20/2007 | 80 | DECLARATION of Brian Siritzky filed by Plaintiff Avocent Redmond Corp re 58 MOTION to Disqualify *Heller Ehrman LLP* (Knox, John) (Entered: 04/20/2007) |
| 04/25/2007 | 81 | REPLY, filed by Counter Claimants Trippe Manufacturing Co, Aten International Co Ltd, Aten Technology Inc, Defendants Aten Technology Inc, Aten International Co Ltd, Trippe Manufacturing Co, Belkin Corp, Rose Electronics, Peter Macourek, Darioush Rahvar, TO RESPONSE to 70 MOTION Defendants' Opposition to Avocent's Motion for Entry of Plaintiff's Protective Order and Cross-Motion for Entry of Defendants' Protective Order re 57 MOTION for Protective Order MOTION Defendants' Opposition to Avocent's Motion for Entry of Plaintiff's Protective Order and Cross-Motion for Entry of Defendants' Protective Order re 57 MOTION for Protective Order (Ahearne, Thomas) (Entered: 04/25/2007) |
| 04/30/2007 | 82 | SURREPLY filed by Plaintiff Avocent Redmond Corp re 70 MOTION Defendants' Opposition to Avocent's Motion for Entry of Plaintiff's Protective Order and Cross-Motion for Entry of Defendants' Protective Order re 57 MOTION for Protective Order MOTION Defendants' Opposition to Avocent's Motion for Entry of Plaintiff's Protective Order and Cross-Motion for Entry of Defendants' Protective Order re 57 MOTION for Protective Order *and Motion to Strike Portions of Defendants' April 25 Reply Pursuant to Local Rule CR 7 (g)* (Knox, John) (Entered: 04/30/2007) |
| 05/01/2007 | 83 | MINUTE ORDER REFERRING MOTION to Chief Judge Robert S. Lasnik: 58 MOTION to Disqualify *Heller Ehrman LLP* filed by Avocent Redmond Corp by Judge Marsha J. Pechman. (MD, ) (Entered: 05/01/2007) |
| 05/07/2007 | 84 | MOTION *for Leave to File a Second Amended Complaint for Patent Infringement* by Plaintiff Avocent Redmond Corp. (Attachments: # 1 Exhibit A# 2 Proposed Order)Noting Date 5/16/2007.(Knox, John) (Entered: 05/07/2007) |

| | | |
|---|---|---|
| 05/11/2007 | 85 | MINUTE ORDER regarding education plan. In-court Hearing set for 11/2/2007 at 09:00 AM in Courtroom 14206 before Hon. Marsha J. Pechman by Judge Marsha J. Pechman. (ADO) (Entered: 05/11/2007) |
| 05/15/2007 | 86 | NOTICE *of Filing Transcript Regarding Motion and Cross-Motion for Entry of Protective Order* ; filed by Plaintiff Avocent Redmond Corp. (Attachments: # 1 Exhibit A)(Knox, John) (Entered: 05/15/2007) |
| 05/16/2007 | 87 | *Supplemental* BRIEF re 58 MOTION to Disqualify *Heller Ehrman LLP* by Plaintiff Avocent Redmond Corp. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Knox, John) (Entered: 05/16/2007) |
| 05/17/2007 | 88 | ORDER on 87 Supplemental Brief in support of motion to disqualify Heller Ehrman LLP filed by Avocent Redmond Corp by Judge Robert S. Lasnik. (RS, ) (Entered: 05/17/2007) |
| 05/17/2007 | 89 | MOTION for Protective Order *Regarding Rule 45 Subpoenas Served On Its Trial Counsel* by Plaintiff Avocent Redmond Corp. (Attachments: # 1 Exhibit A-I# 2 Proposed Order)Noting Date 5/29/2007.(Knox, John) (Entered: 05/17/2007) |
| 05/17/2007 | 90 | Agreed MOTION for Leave to File *First Amended Answer And Counterclaim* by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar. (Attachments: # 1 Exhibit A# 2 Proposed Order)Noting Date 5/17/2007. (Dowler, Michael) (Entered: 05/17/2007) |
| 05/18/2007 | 91 | ORDER Granting Plaintiff's 84 Motion for Leave to File a Second Amended Complaint for Patent Infringement, by Judge Marsha J. Pechman.(TS, ) (Entered: 05/21/2007) |
| 05/18/2007 | 92 | ORDER Granting 90 Defendants' Unopposed Motion for Leave to File Amended Answer and Counterclaim, by Judge Marsha J. Pechman.(TS, ) (Entered: 05/21/2007) |
| 05/22/2007 | 93 | Second AMENDED COMPLAINT *for Patent Infringement* against defendant (s) all defendants with JURY DEMAND, filed by Avocent Redmond Corp. (Knox, John) (Entered: 05/22/2007) |
| 05/22/2007 | 94 | ANSWER to Complaint *First Amended Answer and*, COUNTERCLAIM against plaintiff Avocent Redmond Corp by Rose Electronics, Peter Macourek, Darioush Rahvar.(Dowler, Michael) (Entered: 05/22/2007) |
| 05/23/2007 | 95 | ANSWER to Amended Complaint *(Second Amended Complaint)* with JURY DEMAND by Belkin International Inc, Belkin Inc.(Moore, Michael) (Entered: 05/23/2007) |
| 05/23/2007 | 96 | RESPONSE, by Defendant Rose Electronics, to 89 MOTION for Protective Order *Regarding Rule 45 Subpoenas Served On Its Trial Counsel*. (Attachments: # 1)(Jackson, Brian) (Entered: 05/23/2007) |
| 05/23/2007 | 97 | DECLARATION of Brian L. Jackson filed by Defendant Rose Electronics re 89 MOTION for Protective Order *Regarding Rule 45 Subpoenas Served On Its Trial Counsel* (Jackson, Brian) (Entered: 05/23/2007) |
| | | |

| | | |
|---|---|---|
| 05/23/2007 | 98 | CERTIFICATE OF SERVICE by Defendant Rose Electronics re 97 Declaration, 96 Response to Motion. (Jackson, Brian) (Entered: 05/23/2007) |
| 05/24/2007 | 99 | ORDER granting in part and denying in part 57 Avocent's Motion for entry of protective order; denying 70 Defendants' Motion for entry of protective order. The parties shall file a revised proposed protective order that is consistent with this order no later than June 4, 2007, for the Court's signature by Judge Marsha J. Pechman.(ADO) (Entered: 05/24/2007) |
| 05/24/2007 | 100 | RESPONSE, by Counter Claimants Rose Electronics, Peter Macourek, Darioush Rahvar, Defendants Rose Electronics, Peter Macourek, Darioush Rahvar, to 58 MOTION to Disqualify *Heller Ehrman LLP*. (Terwilliger, Molly) (Entered: 05/24/2007) |
| 05/24/2007 | 101 | Supplemental DECLARATION of Molly A. Terwilliger filed by Counter Claimants Rose Electronics, Peter Macourek, Darioush Rahvar, Defendants Rose Electronics, Peter Macourek, Darioush Rahvar re 58 MOTION to Disqualify *Heller Ehrman LLP* (Terwilliger, Molly) (Entered: 05/24/2007) |
| 05/24/2007 | 102 | Supplemental DECLARATION of Robert H. Aronson filed by Counter Claimants Rose Electronics, Peter Macourek, Darioush Rahvar, Defendants Rose Electronics, Peter Macourek, Darioush Rahvar re 58 MOTION to Disqualify *Heller Ehrman LLP* (Terwilliger, Molly) (Entered: 05/24/2007) |
| 05/24/2007 | 103 | CERTIFICATE OF SERVICE by Counter Claimants Rose Electronics, Peter Macourek, Darioush Rahvar, Defendants Rose Electronics, Peter Macourek, Darioush Rahvar re 100 Response to Motion, 101 Declaration, 102 Declaration,. (Terwilliger, Molly) (Entered: 05/24/2007) |
| 05/24/2007 | 104 | PRAECIPE TO ISSUE SUMMONS, by Plaintiff Avocent Redmond Corp, Summons Issued. (TS, ) (Entered: 05/25/2007) |
| 05/29/2007 | 105 | REPLY, filed by Plaintiff Avocent Redmond Corp, TO RESPONSE to 89 MOTION for Protective Order *Regarding Rule 45 Subpoenas Served On Its Trial Counsel* (Knox, John) (Entered: 05/29/2007) |
| 05/30/2007 | 106 | ANSWER to Counterclaim by Avocent Redmond Corp.(Knox, John) (Entered: 05/30/2007) |
| 05/30/2007 | 107 | ORDER granting plaintiff's 58 Motion to Disqualify Heller Ehrman LLP; Attorney Molly A Terwilliger terminated by Judge Robert S. Lasnik.(RS, ) (Entered: 05/31/2007) |
| 05/31/2007 | 108 | ANSWER to Amended Complaint *(Second Amended Complaint)* with JURY DEMAND, COUNTERCLAIM against plaintiff Avocent Redmond Corp by Aten International Co Ltd.(Yang, Ming-Tao) (Entered: 05/31/2007) |
| 05/31/2007 | 109 | ANSWER to Amended Complaint *(Second Amended Complaint)* with JURY DEMAND, COUNTERCLAIM against plaintiff Avocent Redmond Corp by Aten Technology Inc.(Yang, Ming-Tao) (Entered: 05/31/2007) |
| 06/01/2007 | 110 | SURREPLY filed by Defendant Rose Electronics re 89 MOTION for Protective Order *Regarding Rule 45 Subpoenas Served On Its Trial Counsel* (Attachments: # 1 Exhibit 14# 2 Exhibit 15# 3 Exhibit 16)(Jackson, Brian) |

| | | |
|---|---|---|
| | | (Entered: 06/01/2007) |
| 06/04/2007 | 111 | ANSWER to Amended Complaint *For Patent Infringement* with JURY DEMAND, COUNTERCLAIM against plaintiff Avocent Redmond Corp by Rose Electronics, Peter Macourek, Darioush Rahvar.(Dowler, Michael) (Entered: 06/04/2007) |
| 06/04/2007 | 112 | PROPOSED ORDER (Unsigned) *Revised Proposed Protective Order*. (Knox, John) (Entered: 06/04/2007) |
| 06/05/2007 | 113 | PROPOSED ORDER (Unsigned) *Stipulation and [Proposed] Order of Dismissal of Trippe Manufacturing Company* (Knox, John) (Entered: 06/05/2007) |
| 06/05/2007 | 114 | *Avocent Redmond Corp.'s* ANSWER to Counterclaim *filed by Aten Technology Inc. on May 31, 2007* by Avocent Redmond Corp.(Knox, John) (Entered: 06/05/2007) |
| 06/05/2007 | 115 | *Avocent Redmond Corp.'s* ANSWER to Counterclaim *filed by Aten International Co., Ltd. on May 31, 2007* by Avocent Redmond Corp.(Knox, John) (Entered: 06/05/2007) |
| 06/05/2007 | 116 | REVISED PROTECTIVE ORDERby Judge Marsha J. Pechman. (Entered: 06/06/2007) |
| 06/06/2007 | 117 | ORDER striking 89 Avocent's Motion for Protective Order by Judge Marsha J. Pechman.(ADO) (Entered: 06/06/2007) |
| 06/06/2007 | 118 | STIPULATION AND ORDER OF DISMISSAL OF DEFENDANT TRIPPE MANUFACTURING COMPANY WITH PREJUDICE AND EACH PARTY SHALL BEAR ITS OWN COSTS AND ATTORNEYS' FEES re 113 Proposed Stipulation and Order (Unsigned) filed by Avocent Redmond Corp, Trippe Manufacturing Co; Trippe Manufacturing Co and Trippe Manufacturing Co terminated.by Judge Marsha J. Pechman. (Entered: 06/07/2007) |
| 06/11/2007 | 119 | ANSWER to Counterclaim *filed by Rose Electronics on June 4, 2007* by Avocent Redmond Corp.(Knox, John) (Entered: 06/11/2007) |
| 06/12/2007 | 120 | NOTICE of Appearance by attorney Philip S McCune on behalf of Counter Claimants Rose Electronics, Peter Macourek, Darioush Rahvar, Rose Electronics, Peter Macourek, Darioush Rahvar, Defendants Rose Electronics, Peter Macourek, Darioush Rahvar. (McCune, Philip) (Entered: 06/12/2007) |
| 08/08/2007 | 121 | MOTION to Seal *Motion to Disqualify and Exhibits to Declaration of Thomas L. Casagrande* by Defendant Rose Electronics. (Attachments: # 1 Proposed Order)Noting Date 8/24/2007.(McCune, Philip) (Entered: 08/08/2007) |
| 08/08/2007 | 122 | MOTION to Disqualify *Plaintiff's Counsel Davidson, Berquist, Jackson & Gowdey LLP* by Defendant Rose Electronics. (Attachments: # 1 Exhibit 1-5# 2 Proposed Order)Noting Date 8/24/2007.(McCune, Philip) (Entered: 08/08/2007) |
| 08/08/2007 | 123 | DECLARATION of Thomas L. Casagrande filed by Defendant Rose |

| | | |
|---|---|---|
| | | Electronics re 122 MOTION to Disqualify *Plaintiff's Counsel Davidson, Berquist, Jackson & Gowdey LLP* (Attachments: # 1 Exhibit A, pp 6-35# 2 Exhibit B, pp 36-39# 3 Exhibit C, pp 40-57# 4 Exhibit F, pp 117-172# 5 Exhibit G, pp 173-196# 6 Exhibit I, pp 220-229)(McCune, Philip) (Entered: 08/08/2007) |
| 08/08/2007 | 124 | DECLARATION of Robert J. McAughan, Jr. filed by Defendant Rose Electronics re 122 MOTION to Disqualify *Plaintiff's Counsel Davidson, Berquist, Jackson & Gowdey LLP* (Attachments: # 1 Exhibit A-D)(McCune, Philip) (Entered: 08/08/2007) |
| 08/08/2007 | 125 | DECLARATION of Michael J. Turton filed by Defendant Rose Electronics re 122 MOTION to Disqualify *Plaintiff's Counsel Davidson, Berquist, Jackson & Gowdey LLP* (McCune, Philip) (Entered: 08/08/2007) |
| 08/08/2007 | 126 | MOTION to Compel *Production of Documents* by Defendant Rose Electronics. (Attachments: # 1 Exhibit 1# 2 Proposed Order)Noting Date 8/24/2007.(McCune, Philip) (Entered: 08/08/2007) |
| 08/08/2007 | 127 | DECLARATION of Thomas L. Casagrande filed by Defendant Rose Electronics re 126 MOTION to Compel *Production of Documents* (Attachments: # 1 Exhibit A-J)(McCune, Philip) (Entered: 08/08/2007) |
| 08/08/2007 | 128 | **SEALED DOCUMENT** *Motion to Disqualify Plaintiff's Counsel Davidson, Berquist, Jackson & Gowdey LLP* by Defendant Rose Electronics re 121 MOTION to Seal *Motion to Disqualify and Exhibits to Declaration of Thomas L. Casagrande*. (McCune, Philip) (Entered: 08/08/2007) |
| 08/08/2007 | 129 | **SEALED DOCUMENT** *Ex D, pp 58-108, to Declaration of Thomas L. Casagrande* by Defendant Rose Electronics re 121 MOTION to Seal *Motion to Disqualify and Exhibits to Declaration of Thomas L. Casagrande*. (McCune, Philip) Modified on 10/4/2007 -DOCUMENT UNSEALED PER ORDER DATED 10/4/07(MD, ). (Entered: 08/08/2007) |
| 08/08/2007 | 130 | **SEALED DOCUMENT** *Ex E, pp 109-116, to Declaration of Thomas L. Casagrande* by Defendant Rose Electronics re 121 MOTION to Seal *Motion to Disqualify and Exhibits to Declaration of Thomas L. Casagrande*. (McCune, Philip) Modified on 10/4/2007-DOCUMENT UNSEALED PER ORDER DATED 10/4/07 (MD, ). (Entered: 08/08/2007) |
| 08/08/2007 | 131 | **SEALED DOCUMENT** *Ex H, pp 197-219, to Declaration of Thomas L. Casagrande* by Defendant Rose Electronics re 121 MOTION to Seal *Motion to Disqualify and Exhibits to Declaration of Thomas L. Casagrande*. (McCune, Philip) (Entered: 08/08/2007) |
| 08/20/2007 | 132 | RESPONSE, by Plaintiff Avocent Redmond Corp, to 126 MOTION to Compel *Production of Documents*. (Knox, John) (Entered: 08/20/2007) |
| 08/20/2007 | 133 | DECLARATION of James D. Berquist filed by Plaintiff Avocent Redmond Corp re 126 MOTION to Compel *Production of Documents* (Attachments: # 1 Exhibit 1-4, pp. 5-13)(Knox, John) (Entered: 08/20/2007) |
| 08/20/2007 | 134 | RESPONSE, by Plaintiff Avocent Redmond Corp, to 121 MOTION to Seal *Motion to Disqualify and Exhibits to Declaration of Thomas L. Casagrande*. |

| | | |
|---|---|---|
| | | (Knox, John) (Entered: 08/20/2007) |
| 08/20/2007 | 135 | DECLARATION of Donald L. Jackson filed by Plaintiff Avocent Redmond Corp re 121 MOTION to Seal *Motion to Disqualify and Exhibits to Declaration of Thomas L. Casagrande* (Attachments: # 1 Exhibit 1, pp. 4-6) (Knox, John) (Entered: 08/20/2007) |
| 08/20/2007 | 136 | RESPONSE, by Plaintiff Avocent Redmond Corp, to 122 MOTION to Disqualify *Plaintiff's Counsel Davidson, Berquist, Jackson & Gowdey LLP*. Oral Argument Requested. (Knox, John) (Entered: 08/20/2007) |
| 08/20/2007 | 137 | DECLARATION of James D. Berquist filed by Plaintiff Avocent Redmond Corp re 122 MOTION to Disqualify *Plaintiff's Counsel Davidson, Berquist, Jackson & Gowdey LLP* (Attachments: # 1 Exhibit 1-14)(Knox, John) (Entered: 08/20/2007) |
| 08/20/2007 | 138 | DECLARATION of J. Scott Davidson filed by Plaintiff Avocent Redmond Corp re 122 MOTION to Disqualify *Plaintiff's Counsel Davidson, Berquist, Jackson & Gowdey LLP* (Knox, John) (Entered: 08/20/2007) |
| 08/20/2007 | 139 | DECLARATION of Doyle C. Weeks filed by Plaintiff Avocent Redmond Corp re 122 MOTION to Disqualify *Plaintiff's Counsel Davidson, Berquist, Jackson & Gowdey LLP* (Knox, John) (Entered: 08/20/2007) |
| 08/20/2007 | 140 | DECLARATION of Donald L. Jackson filed by Plaintiff Avocent Redmond Corp re 122 MOTION to Disqualify *Plaintiff's Counsel Davidson, Berquist, Jackson & Gowdey LLP* (Knox, John) (Entered: 08/20/2007) |
| 08/24/2007 | 141 | REPLY, filed by Defendant Rose Electronics, TO RESPONSE to 121 MOTION to Seal *Motion to Disqualify and Exhibits to Declaration of Thomas L. Casagrande* (McCune, Philip) (Entered: 08/24/2007) |
| 08/24/2007 | 142 | REPLY, filed by Defendant Rose Electronics, TO RESPONSE to 126 MOTION to Compel *Production of Documents* (McCune, Philip) (Entered: 08/24/2007) |
| 08/24/2007 | 143 | DECLARATION of Thomas L. Casagrande filed by Defendant Rose Electronics re 126 MOTION to Compel *Production of Documents* (Attachments: # 1 Exhibit A-I)(McCune, Philip) (Entered: 08/24/2007) |
| 08/24/2007 | 144 | REPLY, filed by Defendant Rose Electronics, TO RESPONSE to 122 MOTION to Disqualify *Plaintiff's Counsel Davidson, Berquist, Jackson & Gowdey LLP* (Attachments: # 1 Exhibit 1)(McCune, Philip) (Entered: 08/24/2007) |
| 08/24/2007 | 145 | DECLARATION of Brian L. Jackson filed by Defendant Rose Electronics re 122 MOTION to Disqualify *Plaintiff's Counsel Davidson, Berquist, Jackson & Gowdey LLP* (McCune, Philip) (Entered: 08/24/2007) |
| 09/24/2007 | 146 | NOTICE *Joint Claim Chart* ; filed by Plaintiff Avocent Redmond Corp. (Jackson, Donald) (Entered: 09/24/2007) |
| 09/24/2007 | 147 | STATEMENT of Issues (Defendants' Joint Prehearing Statement) by Defendants Belkin International Inc, Belkin Inc, Aten Technology Inc, Aten |

| | | |
|---|---|---|
| | | International Co Ltd, Rose Electronics, Peter Macourek, Darioush Rahvar. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Codding, Richard) (Entered: 09/24/2007) |
| 09/24/2007 | 148 | **SEALED DOCUMENT** *Avocent's Pre-Hearing Statement* by Plaintiff Avocent Redmond Corp re 116 Protective Order. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3)(Jackson, Donald) (Entered: 09/24/2007) |
| 10/04/2007 | 149 | ORDER denying without prejudice 126 Motion to Compel. Within three (3) judicial days of this order, the parties must meet and confer regarding the issues presented in this motion. Any renewed motion must be presented using the unified format in CR 37(a)(2)(B) by Judge Marsha J. Pechman.(ADO) (Entered: 10/04/2007) |
| 10/04/2007 | 150 | ORDER granting in part and denying in part 121 Rose Electronics' Motion to Seal. Exhibit H and the motio to disqualify will remain sealed. But the Court will not seal Exhibits D & E. The Court will consider separately, in the context of the motion to disqualify, Avocent's motion to strike. The clerk is directed to send a copy of this order to all counsel of record and to unseal Exhibits D & E. (Clerk unsealed exhibits D & E) by Judge Marsha J. Pechman.(MD, ) (Entered: 10/04/2007) |
| 10/08/2007 | 151 | Motion to Disqualify Plaintiff's Counsel Davidson, Berquist, Jackson & Gowdey LLP (Unsealed and Unredacted re 128 Sealed Document, by Defendant Rose Electronics. Noting Date 8/24/07 (McCune, Philip) Modified on 10/9/2007 (ECS, ). (Entered: 10/08/2007) |
| 10/09/2007 | | Noting Date Set to correct e-filing error re 151 MOTION to Disqualify Counsel : Noting Date 8/24/2007. (ECS, ) (Entered: 10/09/2007) |
| 10/09/2007 | | NOTICE of Docket Text Modification re 151 MOTION to Disqualify Counsel : E-filed incorrectly as a Brief. Document is a motion and docket altered to reflect change. Noting date on Court's Calendar. (ECS, ) (Entered: 10/09/2007) |
| 10/09/2007 | 152 | ORDER denying 122 128 Motion to Disqualify by Judge Marsha J. Pechman. (ADO) (Entered: 10/09/2007) |
| 10/09/2007 | | ***Motion terminated: 151 MOTION to Disqualify Counsel filed by Rose Electronics. (THIS IMAGE IS A REDACTED VERSION OF DKT. NO. 128) (MD, ) (Entered: 10/09/2007) |
| 10/09/2007 | 153 | OPENING BRIEF *Opening Markman Brief* by Plaintiff Avocent Redmond Corp. (Attachments: # 1 Exhibit 1-5, pp. 27-70)(Knox, John) (Entered: 10/09/2007) |
| 10/09/2007 | 154 | DECLARATION of Joseph C. McAlexander *in Support of Avocent's Opening Markman Brief* by Plaintiff Avocent Redmond Corp. (Attachments: # 1 Exhibit 1-2, pp. 4-123)(Knox, John) (Entered: 10/09/2007) |
| 10/09/2007 | 155 | OPENING BRIEF *Defendants' Opening Claim Construction Brief* by Defendants Belkin International Inc, Belkin Inc, Aten Technology Inc, Aten International Co Ltd, Rose Electronics, Peter Macourek, Darioush Rahvar. (McCune, Philip) (Entered: 10/09/2007) |

| | | |
|---|---|---|
| 10/09/2007 | 156 | DECLARATION of Jeffrey J. Phillips in Support of Defendants' Opening Claim Construction Brief re 155 Brief - Opening by Defendants Belkin International Inc, Belkin Inc, Aten Technology Inc, Aten International Co Ltd, Rose Electronics, Peter Macourek, Darioush Rahvar. (Attachments: # 1 Exhibit A-D, pp 5-90# 2 Exhibit E-G, pp 91-138# 3 Exhibit H-K, pp 139-227) (McCune, Philip) (Entered: 10/09/2007) |
| 10/09/2007 | 157 | DECLARATION of Steven R. Eisenbarth in Support of Defendants' Opening Claim Construction Brief re 155 Brief - Opening by Defendants Belkin International Inc, Belkin Inc, Aten Technology Inc, Aten International Co Ltd, Rose Electronics, Peter Macourek, Darioush Rahvar. (McCune, Philip) (Entered: 10/09/2007) |
| 10/19/2007 | 158 | MOTION for Relief *from Certain Deadlines* by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar. (Attachments: # 1 Proposed Order)Noting Date 10/30/2007.(McCune, Philip) (Entered: 10/19/2007) |
| 10/19/2007 | 159 | DECLARATION of Thomas L. Casagrande filed by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar re 158 MOTION for Relief *from Certain Deadlines* (Attachments: # 1 Exhibit 1-9, pp 5-81# 2 Exhibit 10-15, pp 82-143)(McCune, Philip) (Entered: 10/19/2007) |
| 10/22/2007 | 160 | APPLICATION OF ATTORNEY Floyd R. Nation FOR LEAVE TO APPEAR PRO HAC VICE for Defendants Rose Electronics, Peter Macourek, Darioush Rahvar (Fee Paid) Receipt No. 1273181. (Attachments: # 1 ECF Registration)(McCune, Philip) (Entered: 10/22/2007) |
| 10/22/2007 | 161 | DECLARATION of Jeffrey J. Phillips, Esq. re 153 Brief - Opening by Defendants Belkin International Inc, Belkin Inc. (Attachments: # 1 Exhibit L# 2 Exhibit M)(Moore, Michael) Modified on 10/23/2007 (ECS, ). (Entered: 10/22/2007) |
| 10/22/2007 | 162 | RESPONSIVE Markman BRIEF by Plaintiff Avocent Redmond Corp. (Knox, John) Modified on 10/23/2007 (ECS, ). (Entered: 10/22/2007) |
| 10/22/2007 | 163 | RESPONSIVE Claim Construction Brief by Defendants Belkin International Inc, Belkin Inc, Belkin Corp re 153 Brief - Opening. (Moore, Michael) Modified on 10/23/2007 (ECS, ). (Entered: 10/22/2007) |
| 10/22/2007 | 164 | Rebuttal DECLARATION of Dr. Steven R. Eisenbarth re 153 Brief - Opening by Defendants Belkin International Inc, Belkin Inc, Belkin Corp. (Moore, Michael) Modified on 10/23/2007 (ECS, ). (Entered: 10/22/2007) |
| 10/24/2007 | 165 | ORDER re 160 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Floyd R Nation as pro hac vice atty for Defendants Rose Electronics, Peter Macourek, Darioush Rahvar, by Bruce Rifkin. (No document associated with this docket entry, text only.)(MD, ) (Entered: 10/24/2007) |
| 10/24/2007 | 166 | NOTICE of Joinder JOINING 158 MOTION for Relief *from Certain Deadlines*, by Defendants Aten Technology Inc, Aten International Co Ltd. (Ahearne, Thomas) (Entered: 10/24/2007) |
| 10/24/2007 | 167 | MOTION to Stay *Proceedings Pending the U.S. Patent and Trademark* |

| | | |
|---|---|---|
| | | *Office's Reexamination of All the Patents-in-Suit* by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar. (Attachments: # 1 Proposed Order)Noting Date 11/9/2007.(McCune, Philip) (Entered: 10/24/2007) |
| 10/24/2007 | 168 | DECLARATION of Thomas L. Casagrande filed by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar re 167 MOTION to Stay *Proceedings Pending the U.S. Patent and Trademark Office's Reexamination of All the Patents-in-Suit* (Attachments: # 1 Exhibit 1-10, pp 5-83# 2 Exhibit 11-17, pp 84-147)(McCune, Philip) (Entered: 10/24/2007) |
| 10/25/2007 | 169 | RESPONSE, by Plaintiff Avocent Redmond Corp, to 158 MOTION for Relief *from Certain Deadlines*. (Knox, John) (Entered: 10/25/2007) |
| 10/25/2007 | 170 | DECLARATION of James D. Berquist filed by Plaintiff Avocent Redmond Corp re 158 MOTION for Relief *from Certain Deadlines* (Attachments: # 1 Exhibit 1-10, pp. 4-55)(Knox, John) (Entered: 10/25/2007) |
| 10/25/2007 | 171 | DECLARATION of Michael R. Casey filed by Plaintiff Avocent Redmond Corp re 158 MOTION for Relief *from Certain Deadlines* (Knox, John) (Entered: 10/25/2007) |
| 10/25/2007 | 172 | MOTION to Compel *Aten International to Produce a Rule 30(B)(6) Witness in the United States* by Plaintiff Avocent Redmond Corp. Noting Date 11/9/2007.(Knox, John) (Entered: 10/25/2007) |
| 10/25/2007 | 173 | DECLARATION of James Berquist filed by Plaintiff Avocent Redmond Corp re 172 MOTION to Compel *Aten International to Produce a Rule 30(B)(6) Witness in the United States* (Attachments: # 1 Exhibit 1-6, pp. 3-39)(Knox, John) (Entered: 10/25/2007) |
| 10/30/2007 | 174 | REPLY, filed by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar, TO RESPONSE to 158 MOTION for Relief *from Certain Deadlines* (McCune, Philip) (Entered: 10/30/2007) |
| 10/30/2007 | 175 | DECLARATION of Thomas L. Casagrande filed by Defendants Rose Electronics, Peter Macourek, Darioush Rahvar re 158 MOTION for Relief *from Certain Deadlines* (Attachments: # 1 Exhibit 1, pp 4-7# 2 Exhibit 2, pp 8-23# 3 Exhibit 3, pp 24-147# 4 Exhibit 4, pp 148-154)(McCune, Philip) (Entered: 10/30/2007) |
| 10/30/2007 | 176 | NOTICE of Joinder JOINING 167 MOTION to Stay *Proceedings Pending the U.S. Patent and Trademark Office's Reexamination of All the Patents-in-Suit*, by Defendants Aten Technology Inc, Aten International Co Ltd. (Yang, Ming-Tao) (Entered: 10/30/2007) |
| 10/30/2007 | 177 | MINUTE ORDER STAYING CASE PENDING RESOLUTION OF DEFENDANTS' REQUEST TO THE USPTO THAT IT REEXAMINE AVOCENT'S PATENTS. TERM MOTIONS- 167 MOTION to Stay *Proceedings Pending the U.S. Patent and Trademark Office's Reexamination of All the Patents-in-Suit* filed by Darioush Rahvar, Peter Macourek, Rose Electronics, 172 MOTION to Compel *Aten International to Produce a Rule 30 (B)(6) Witness in the United States* filed by Avocent Redmond Corp, 158 MOTION for Relief *from Certain Deadlines* filed by Darioush Rahvar, Peter |

| | | |
|---|---|---|
| | | Macourek, Rose Electronics. The parties are to update the Court regularly on the progress of the reexamination process by Judge Marsha J. Pechman. (MD, ) (Entered: 10/31/2007) |
| 10/30/2007 | 178 | MINUTE ENTRY for proceedings held before Judge Marsha J. Pechman - Dep Clerk: *Eileen Scollard*; Law Clerk: Andrea Ostrovsky. Pla Counsel: *Donald Jackson, Jay Berquist, John Knox*; Def Counsel: *Mike Dowler, Philip McCune, Richard Codding, Sr., Michael Moore*; CR: *Nichole Rhynard*; Time of Hearing: *35 mins*; **Telephone Conference** held on 10/30/07. Court grants Motion to Stay. Tutorial hearing and Markman hearing stricken. Counsel to file periodic status reports with the court. (ES) (Entered: 11/02/2007) |
| 11/19/2007 | 179 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of the Telephone Conference held on 10/30/2007 has been filed.<br><br>Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court reporter for a 90 day period. Information regarding the policy can be found on the court's website at www.wawd.uscourts.gov.<br><br>To purchase a copy of the transcript contact court reporter Nichole Rhynard by telephone at 206-370-8504. (LMK, ) Additional attachment(s) added on 2/19/2008 (LMK, ). (Entered: 11/23/2007) |
| 01/07/2008 | 180 | STATUS REPORT *Concerning Pending Patent Reexamination Proceedings* by Counter Claimants Rose Electronics, Peter Macourek, Darioush Rahvar, Rose Electronics, Peter Macourek, Darioush Rahvar, Defendants Rose Electronics, Peter Macourek, Darioush Rahvar. (Attachments: # 1 Exhibit 1-3) (Dowler, Michael) (Entered: 01/07/2008) |
| 02/12/2008 | 181 | NOTICE OF WITHDRAWAL AND SUBSTITUTION OF COUNSEL on behalf of Counter Claimants Rose Electronics, Peter Macourek, Darioush Rahvar, Defendants Rose Electronics, Peter Macourek, Darioush Rahvar. C. Seth Wilkinson is substituted as counsel for Counter Claimants, Defendants. Attorney Lawrence Carl Locker and Philip S McCune terminated. (Wilkinson, C.) (Entered: 02/12/2008) |
| 02/19/2008 | | NOTICE of Docket Text Modification re 179 Notice of Filing of Official Transcript: Trancript Unsealed (LMK, ) (Entered: 02/19/2008) |
| 06/19/2008 | 182 | MOTION to Lift Stay *and to Modify the Protective Order* by Plaintiff Avocent Redmond Corp. Oral Argument Requested. (Attachments: # 1 Proposed Order) Noting Date 7/4/2008; (Knox, John) (Entered: 06/19/2008) |
| 06/19/2008 | 183 | DECLARATION of Donald L. Jackson filed by Plaintiff Avocent Redmond Corp re 182 MOTION to Lift Stay *and to Modify the Protective Order* (Attachments: # 1 Exhibit 1-14, pp. 6-147)(Knox, John) (Entered: 06/19/2008) |
| 06/19/2008 | 184 | **SEALED DOCUMENT** *Exhibit 8 to the Declaration of Donald L. Jackson in Support of Avocent's Motion to Lift the Stay and Modify the Protective Order* by Plaintiff Avocent Redmond Corp re 116 Protective Order. (Knox, John) (Entered: 06/19/2008) |

| | | |
|---|---|---|
| 06/19/2008 | 185 | **SEALED DOCUMENT** *Declaration of Max Benham* by Plaintiff Avocent Redmond Corp re 116 Protective Order. (Knox, John) (Entered: 06/19/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/30/2008 06:54:31 | | | |
| **PACER Login:** | db1429 | **Client Code:** | 2540-1073 |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-01711-MJP |
| **Billable Pages:** | 22 | **Cost:** | 1.76 |

# Exhibit 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AVOCENT REDMOND CORP.,

Plaintiffs,

v.

ROSE ELECTRONICS, INC., et al.,

Defendants.

No. CV06-1711MJP

ORDER GRANTING IN PART AND DENYING IN PART AVOCENT'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANTS' CROSS-MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on the parties cross-motions regarding entry of a protective order. This is a patent case involving Keyboard-Video-Mouse (KVM) switch technology. The parties have reached agreement on the majority of a protective order, but disagree regarding three provisions in the order. Plaintiff Avocent Redmond Corp. has moved for entry of its version of the protective order. (Dkt. No. 57.) Defendants oppose Plaintiff's motion and collectively filed a cross-motion requesting that the Court adopt Defendants' version of the protective order. (Dkt. No. 70.) Having considered Avocent's motion, Defendants' opposition and cross-motion, Avocent's reply (Dkt. No. 75), Defendants' reply (Dkt. No. 81), and Avocent's surreply (Dkt. No. 82), the Court GRANTS IN PART and DENIES IN PART Avocent's motion for protective order and DENIES Defendants' cross-motion for protective order.

**Discussion**

Under Fed. R. Civ. P. 26(c), the Court, upon a motion and a showing that the parties have conferred in good faith, may issue a protective order. In this case, the parties have conferred and agree on a majority of the proposed protective order. But three areas of disagreement remain: (a) the definition of information that may be designated as "Attorneys Eyes Only"; (b) the amount of time

after a deposition that a party has to designate the testimony as confidential or Attorneys Eyes Only; and (c) whether outside counsel that receives Attorneys Eyes Only information should be precluded from any involvement in patent prosecution regarding KVM switch technology before any patent office worldwide for a period ending two years after the conclusion of this case and all subsequent appeals (Defendants' proposal).

**A. Definition of "Attorneys Eyes Only" Information**

Both protective orders proposed by the parties provide that proprietary information can be designated under one of two confidentiality levels: the lower tier of "Confidential" or the higher tier of "Attorneys Eyes Only." In their initial motions, the parties dispute what information is properly designated as Attorneys Eyes Only. Avocent's proposed definition includes the plain text in the following, with Defendants' proposed additions and deletions to Avocent's proposal indicated in bold text:

> Proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, **sales and cost information**, sales prices to specific customers, profit margins, **trends, projections, current and** prospective marketing strategies, **or other highly sensitive financial information not yet publicly disclosed**, and highly sensitive technical information, including but not limited to, product design and development materials **~~relating to products not yet for sale or released to the public~~, schematics, gerber files, layouts**, source code, **CAD drawings, specifications**, or other highly sensitive**,** **~~trade secret~~** technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

The parties appear to have resolved this issue through their briefing. Both parties prefer a "document-by-document" determination of confidentiality. In their reply, Defendants agree with Avocent's approach as explained in the briefing. Because the parties appear to be in agreement, but because Avocent has not had an opportunity to respond to Defendants' reply, the Court adopts Avocent's proposed definition of "Attorneys Eyes Only" information, which states as follows:

> Proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development materials relating to products not yet for sale or released to the public, source code, or other highly sensitive, trade secret technical information not yet publicly disclosed, may be designated as ATTORNEYS EYES ONLY.

**B. Amount of Time Necessary For Designating Deposition Transcripts**

The parties cannot agree on the amount of time a party or non-party has to designate a deposition transcript as either Confidential or Attorneys Eyes Only. Avocent proposes that the parties have five days from the day the transcript becomes available to designate the transcript (i.e., when the court reporter sends the transcript to the parties). Defendants agree to a five day waiting period, but argue that it should be triggered when the court reporter notifies the parties that the transcript is available. The Court orders the following resolution: a party or third party may make its designation within five days of receipt, either by mail or email, of the deposition transcript.

**C. Prohibition on Outside Counsel Who Receive Attorneys Eyes Only Information From Involvement in Patent Prosecution for Two Years**

Defendants propose an additional provision in the protective order that would bar any person who receives access to Attorneys Eyes Only information from any involvement in prosecuting any patent involving KVM switch technology for two years after the conclusion of this litigation, including all appeals. (See Plf.'s Mot., Ex. 2.) Defendants argue that this prohibition is necessary to prevent Avocent's counsel allowed access to Defendants' highly-sensitive KVM switch design information from inadvertently using that information while prosecuting new KVM patents for Avocent. Avocent opposes the access prohibition.

Fed. R. Civ. P. 26(c) authorizes the court to protect a party from "undue burden or expense" in discovery by directing that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." The party seeking the protective order carries the burden of showing good cause for its issuance. See Fed. R. Civ. P. 26(c); Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994).

The scope of protective orders seeking to limit access to attorneys to confidential information is governed by the principles set down by the Federal Circuit in U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984) (holding that court erred when it prohibited access to confidential information based on attorney's status as "in-house" counsel and requiring case-by-case and attorney-by attorney determination). As explained by the Federal Circuit, the policy underlying a restriction on

counsel's access to confidential materials is the concern that counsel might inadvertently disclose the confidential material learned during the course of litigation. See id. at 1468. The competing interests to be evaluated in determining the outcome of such a dispute are one party's right to broad discovery and the other party's ability to protect its confidential materials from misuse by competitors. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992). The inquiry focuses on whether counsel can be a deemed a "competitive decision-maker," which the Federal Circuit says is shorthand for "a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." U.S. Steel, 730 F.2d at 1468 n.3. Whether counsel is "in-house" or "retained" is not dispositive on the issue: "denial or grant of access . . . cannot rest on a general assumption that one group of lawyers is more likely or less likely inadvertently to breach their duty under a protective order." See id. at1468. In addition to determining whether an attorney is a competitive decision-maker, courts must also consider whether denying that attorney access to confidential material would work a substantial hardship on that attorney's client. Id.

In Brown Bag, the Ninth Circuit upheld the magistrate judge's decision to issue a protective order that denied access to plaintiff's in-house counsel to defendant's trade secret information. The court noted that the magistrate judge had held a comprehensive evidentiary hearing at which defendant's counsel described the extreme sensitivity of the trade secrets at issue and the potential damage to defendant should the trade secrets inadvertently become subject to misuse by its competitor, plaintiff Brown Bag. Brown Bag, 960 F.2d at 1470-71. Brown Bag's in-house counsel admitted that he was responsible for advising his employer on a gamut of legal issues, including contracts, marketing, and employment. Id. at 1471. Thus, Brown Bag's in-house counsel was involved in the kind of "competitive decisionmaking" that warrants a limitation on disclosure under the U.S. Steel analysis.

A number of district courts have applied the U.S. Steel / Brown Bag analysis in the context of patent cases. Two courts in this district have denied protective orders that would have prohibited revealing confidential and proprietary information to plaintiffs' in-house counsel. In both those cases, the courts based their decision on their factual determination that in-house counsel was not involved in competitive decisionmaking. See Amgen, Inc. v. Elanex Pharmaceuticals, Inc., 160 F.R.D. 134, 139 (W.D. Wash. 1994); Fluke Corp. v. Fine Instruments Corp., Case No. C94-573C, 1994 U.S. Dist. LEXIS 16286, at *14-16 (W.D. Wash. October 6, 1994). However, neither of these courts addressed the precise question of whether counsel who prosecutes patents on behalf of a client is a "competitive decisionmaker."

That question has been answered affirmatively by a number of courts. In Motorola, Inc. V. Interdigital Technology Corp., the District of Delaware issued a protective order that prohibited defendant's attorneys who received confidential information from plaintiff from prosecuting any patent application for defendant relating to the subject matter of the patents in suit during the pendency of the litigation and for one year after, including appeals. Case No. 93-488LON, 1994 U.S. Dist. LEXIS 20714, at *17-18 (D. Del. Dec. 19, 1994). The court noted that the risk of inadvertent disclosure was high and that imposition of the protective order would pose little hardship to defendants, because the affected law firm had not been prosecuting these patents for a long period of time. Id. at 14-16.

Likewise, in Mikohn Gaming Corp. v. Acres Gaming, Inc., CV-S-97-1383-HDM(LRL), 1998 U.S. Dist. LEXIS 22251 (D. Nev. April 23, 1998), the District of Nevada issued a protective order denying access to confidential information to one of plaintiff's law firms where that firm acted as plaintiff's patent prosecutor and patent litigator. Relying on U.S. Steel, Brown Bag, and Motorola, the court concluded that it would be impossible for counsel to compartmentalize the confidential information received: "The legal and factual components of [counsel's] advice regarding complex technology are so intertwined as to be inseparable . . . it is unrealistic to expect that his knowledge of [defendant's] secret technology would not or could not influence the nature of his advice to

[plaintiff].” Mikohn, 1998 U.S. Dist. LEXIS 22251, at * 12. After conducting factual inquiries, other courts have issued similar protective orders either denying access to confidential information to patent prosecutors or prohibiting those with access to that information from prosecuting patents related to the underlying suit for one to two years. See In re Papst Licensing, MDL No. 1298, 2000 U.S. Dist. LEXIS 6374 (E.D. La. May 4, 2000) (one year ban on prosecuting patents related to patent at issue in case); Interactive Coupon Mktg. Group, Inc. v. H.O.T! Coupons, LLC, No. 98-C-7408, 1999 U.S. Dist. LEXIS 12437 (N.D. Ill. August 9, 1999) (refusing to adopt per se rule regarding patent prosecutors, but inquiring “whether the firm’s involvement in developing a patent prosecution strategy will be informed by such information to the competitor’s detriment”).

In contrast, a number of district courts have rejected the Motorola approach and denied protective orders that would exclude outside patent counsel from accessing information. Courts have criticized Motorola for equating patent prosecution activities with competitive decisionmaking. See Sibia Neruosciences, Inc. v. Cadus Pharm. Corp., Case No. 96-1231-IEG, 1997 U.S. Dist. LEXIS 24130, at *19, 26 (S.D. Cal. July 15, 1997); see also AFP Advanced Food Prods. LLC v. Snyder’s of Hanover Mfg., Inc., No. 05-3006, 2006 U.S. Dist. LEXIS 426, *7 (E.D. Penn. 2006) (refusing to include provision in protective order because “[b]arring [plaintiff’s] attorneys from prosecuting similar patents for two years following this suit, without some tangible reason or good cause other than the general threat of inadvertent misuse of discovered materials, is the exact type of overly broad and generalized fear rejected in . . . U.S. Steel”); Pergo, Inc. v. Faus Group, Inc., No. 5:05-cv-50-FL(1), 2005 U.S. Dist. LEXIS 40601, *19-20 (E.D. N.C. Sept. 20, 2005) (where defendants presented no evidence in support of their assertion that attorney was key influence and involved in plaintiff’s decision making process, court refused to prohibit him from accessing information solely on basis that he has prosecuted patents for plaintiff).

U.S. Steel and Brown Bag require a case-by-case analysis of whether an attorney should be excluded from access to certain information. “[T]he factual circumstances surrounding each individual counsel’s activities, association, and relationship with a party, whether counsel be in-house

Case 2:06-cv-00619-JP Document 25 Filed 05/24/2007 Page 7 of 9

or retained, must govern any concern for inadvertent or accidental disclosure." U.S. Steel, 730 F.2d at 1468. Avocent is represented in this litigation by four attorneys from two different law firms. Attorneys James Berquist, J. Scott Davidson, and Donald Jackson, from the Virginia law firm of Davidson, Berquist, Jackson & Gowdey, have appeared on Avocent's behalf. Local counsel is John Knox from the law firm of Williams, Kastner, & Gibbs. The Davidson Berquist firm represented Avocent in the prosecution of its most recently issued asserted patent. (Moore Decl. ¶ 3, Ex. 2.) Defendants identify attorney Michael Casey as a patent prosecutor at Davidson Berquist who has represented Avocent in the prosecution of its most recently issued asserted patent. Mr. Casey has not appeared in this action. Avocent states in its briefing that the protective order would affect Mr. Davidson, who is a long-time patent prosecutor for Avocent and trial counsel in this action. (See Davidson Decl. ¶ 3.) He has submitted a declaration in which he states that he has handled, and continues to handle, dozens of patent applications directed to the field of KVM switches for Avocent. (Id.) He has also represented Avocent in three patent cases involving KVM switches. (Id.)

Defendants argue that patent prosecution activities are "competitive decisionmaking" activities because the "objective of such activities is the issuance of patents designed to enjoin Defendants' products from the marketplace." (Defs.' Reply at 4.) Defendants are particularly concerned that Avocent's attorneys will use knowledge of Defendants' technology when they prosecute a continuation patent. Claims on a continuation patent are retroactively dated to the date of the original patent. Avocent disputes the validity of this concern and points out that it is limited in its continuation applications to claimed subject matter disclosed in the original patent.[1] See 35 U.S.C. § 120.

---

[1] Avocent also moves to strike two arguments made by Defendants in their reply. These arguments relate to patent prosecutors' duty of candor in front of the Patent Office and whether Avocent could draft its patent claims to cover Defendants' products in the absence of detailed confidential information about those products. Because these arguments do not affect the Court's analysis on the question of whether the protective order should issue, the motion to strike is moot.

Case 2:06-cv-00197-JMP Document 29 Filed 05/24/2007 Page 8 of 14

Avocent raises several other arguments against the proposed prohibition. Avocent argues that Defendants have not shown good cause for the access prohibition. Indeed, Defendants only make the vague argument that "potentially devastating consequences to Defendants' businesses" would result without exclusion of patent prosecution counsel. Avocent also argues that exclusion of Avocent's patent prosecution counsel would work a substantial hardship on Avocent. It appears that lawyers at the Davidson Berquist firm have represented Avocent Corp. in both patent prosecution and litigation matters since the formation of Avocent in mid-2000. (Plf.'s Mot. at 8). As Avocent explains, "Avocent and its parent have invested significant amounts of time and money educating its patent counsel on the technology involved in the present case, the legal issues likely to be litigated here, the industry's use of the same or similar technology, and the evolution of the market for the patented KVM switches." (Id.) Mr. Davidson, who has appeared on behalf of Avocent here, has litigated on behalf of Avocent in related cases involving the same patent family and has prosecuted one of the patents at issue here. As he explains, he is intimately familiar with the issues to be presented in this litigation.

Based on the relevant case law, and the evidence offered here, the Court rejects Defendants' proposed provision in the protective order. Defendants have not met their burden of showing good cause for entry of this provision. Defendants have not offered any evidence that suggests that Mr. Casey, Mr. Davidson, or any other of Avocent's patent prosecutors advise Avocent in its "competitive decisionmaking." Even though a number of courts have stated that the work of a patent prosecutor inherently involves advising the client in it competitive decisionmaking, those courts are not binding here, and U.S. Steel counsels that status as a patent litigator alone is not enough to show advice and participation in competitive decisionmaking. In addition, it appears that the exclusion would work a substantial hardship on Avocent because its litigator in this case is familiar with litigating these patents and has previously prosecuted KVM switch patents for Avocent. (Davidson Decl. ¶ 3.) The Court is unwilling to preclude lawyers from litigating here or in front of the patent office on a vague and generalized threat of future inadvertent misuse of discovered materials. The

Court therefore denies Defendants' request that the Court enter a provision in the protective order precluding counsel that receives Attorneys Eyes Only information from any involvement in patent prosecution involving KVM switch technology.

**Conclusion**

The parties have reached agreement on the majority of a protective order, but disagree regarding three provisions. The Court GRANTS IN PART and DENIES IN PART Avocent's proposed protective order and DENIES Defendants' proposed protective order. The Court adopts Avocent's proposed definition of "Attorneys Eyes Only." The Court orders that a party or third party may make its designation within five days of receipt, either by mail or email, of the deposition transcript. And the Court rejects Defendants' proposal that the Court enter a provision in the protective order precluding counsel that receives Attorneys Eyes Only information from any involvement in patent prosecution involving KVM switch technology for two years after the conclusion of this case and all subsequent appeals. The parties shall file a revised proposed protective order that is consistent with this order no later than June 4, 2007, for the Court's signature.

The clerk is directed to send a copy of this order to all counsel of record.

Dated this 24th day of May, 2007.

Marsha J. Pechman
United States District Judge

# Exhibit 5

LEXSTAT JUDGMENTS SECOND 13

Restatement of the Law, Second, Judgments
Copyright (c) 1982, The American Law Institute

Case Citations

Rules and Principles

Chapter 3 - Former Adjudication: The Effects of a Judicial Judgment

Topic 1 - General Rules Applicable to Judgments

Restat 2d of Judgments, § 13

§ 13 Requirement of Finality

**The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), "final judgment" includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.**

**COMMENTS & ILLUSTRATIONS: Comment:**

*a. Rationale*. The rules of res judicata state when a judgment in one action is to be carried over to a second action and given a conclusive effect there, whether by way of bar, merger, or issue preclusion. This Section makes the general commonsense point that such conclusive carry-over effect should not be accorded a judgment which is considered merely tentative in the very action in which it was rendered. On the contrary, the judgment must ordinarily be a firm and stable one, the "last word" of the rendering court -- a "final" judgment.

*b. Comparison with finality for purposes of appellate review*. The question whether a judgment is "final" also arises in the context of statutes providing for appellate review of "final decisions" (as in *28 U.S.C. § 1291*, "Final decisions of district courts"), or "final judgments or decrees" (as in *28 U.S.C. § 1257*, "State courts; appeal, certiorari"). It has often been suggested that finality for appellate review is the same as finality for purposes of res judicata, but that has probably never been quite true, and it is surely not true at present when considerable liberties are being taken with finality in the context of appeal in order to take care of various exigent situations in which prompt review by the higher courts is thought necessary. The fact that a trial court order may be reviewable by interlocutory appeal, for example under *28 U.S.C. § 1292*(b), does not necessarily mean that the matter resolved in the order should be treated as final for purposes of res judicata. A general working description of finality in the field of former adjudication will, however, resemble the older, traditional, strict formulation of the concept of finality for appellate review. Thus when res judicata is in question a judgment will ordinarily be considered final in respect to a claim (or a separable part of a claim, see Comment *e* below) if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement that may be consequent upon the particular kind of adjudication. Finality will be lacking if an issue of law or fact essential to the adjudication of the claim has been reserved for future determination, or if the court has decided that the plaintiff should have relief against the defendant of the claim but the amount of the damages, or the form or scope of other relief, remains to be determined.

The fact that a judgment is treated as final for purposes of res judicata does not necessarily mean that it is final for other purposes, for example, priority among lienors on property.

As to the more pliant view of finality that is appropriate with respect to issue preclusion, see the second sentence of the text of this Section and Comment *g* below.

*c. Judgments granting or denying continuing relief*. A judgment concluding an action is not deprived of finality for purposes of res judicata by reason of the fact that it grants or denies continuing relief, that is, requires the defendant, or holds that the defendant may not be required, to perform acts over a period of time. Judgments of these types are

rendered typically in actions for injunctions, specific performance, alimony, separate maintenance, and child support and custody.

The res judicata consequences of such judgments follow normal lines while circumstances remain constant, but those consequences may be affected when a material change of the circumstances occurs after the judgment. Thus if the judgment denied on the merits the continuing relief sought, but there has been a later material change of conditions, a new claim may arise upon the later facts (to be considered sometimes in combination with the old), and that claim will be held not barred by the previous judgment. See § 24, Comment *f*. If the judgment was one granting continuing relief, and a change of circumstances makes the judgment too burdensome or otherwise inapposite as a regulation of ongoing conduct, it is ordinarily possible for the party concerned to apply to the rendering court for a modification of the terms of the judgment. See § 73. And in deciding whether a judgment granting or denying continuing relief should be given any preclusive effect in a later action on a different claim, the question arises whether the issues in the two actions are materially different because of events which occurred in the interim, in which case preclusion is to that extent to be denied. See § 27, Comment *c*.

As to the special problem that arises in determining whether or to what extent a judgment granting continuing relief is entitled to full faith and credit, see § 18, Comment *d*; *Restatement, Second, Conflict of Laws § 109*.

*d. Judgment final but not a bar*. A judgment may be final for purposes of res judicata although it embodies an adjudication that does not bar the plaintiff from maintaining another action against the defendant on the same claim. In such a case, there may be issue preclusion in another action between the parties on the same or a different claim as to issues that were decided as a basis for the judgment. See § 17(3) and Comments *c* and *d*; § 20 and Comment *b*. Examples of judgments that do not bar another action on the same claim are those resulting from a decision that the court lacks jurisdiction over the subject matter of the action or over the defendant, or from certain voluntary or involuntary dismissals of an action. See § 20. A judgment denying an application for intervention does not preclude assertion after intervenor's claim in a subsequent action unless the denial was on grounds having a preclusive effect, for example, that the intervenor's application failed to state a claim upon which relief might be granted.

*e. Judgment final as to a part of an action or claim*. A judgment may be final in a res judicata sense as to a part of an action although the litigation continues as to the rest. Thus in a bankruptcy or receivership proceeding the claim of a particular creditor may be finally adjudicated although the proceeding is not closed. So also in an action in which the plaintiff has joined a number of claims against the defendant, the rules of practice -- for example, Rule 54(b) of the Federal Rules of Civil Procedure -- may permit entry of judgment on particular claims as they are adjudicated, with the action continuing as to the remaining claims.

A judgment may be final as to part of a claim. Thus in an action upon a running account which is ordinarily taken to comprise but a single claim (see § 24, Comment *d*), the parties may agree or the court may direct that particular items be separately litigated and there may then be final judgments with respect to those items.

*f. Proceedings to set aside or reverse judgment*. A judgment otherwise final for purposes of the law of res judicata is not deprived of such finality by the fact that time still permits commencement of proceedings in the trial court to set aside the judgment and grant a new trial or the like; nor does the fact that a party has made such a motion render the judgment nonfinal. This is the case even when a statute or rule of court provides that the judgment cannot be executed upon or otherwise enforced during the period allowed for making such a motion and the further period until the motion if made is decided. The judgment ceases to be final if it is in fact set aside by the trial court, as it would be upon the granting of a motion for a new trial.

There have been differences of opinion about whether, or in what circumstances, a judgment can be considered final for purposes of res judicata when proceedings have been taken to reverse or modify it by appeal. The better view is thata judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo; finality is not affected by the fact that the taking of the appeal operates automatically as a stay or supersedeas of the judgment appealed from that prevents its execution or enforcement, or by the fact that the appellant has actually obtained a stay or supersedeas pending appeal.

The pendency of a motion for new trial or to set aside a judgment, or of an appeal from a judgment, is relevant in deciding whether the question of preclusion should be presently decided in the second action. It may be appropriate to postpone decision of that question until the proceedings addressed to the judgment are concluded.

Application of this Comment may give rise to a problem of inconsistent judgments when a judgment under appeal, relied on as a basis for a second judgment, is later reversed. This problem is considered at § 16.

*g. Criteria for determining finality in the application of issue preclusion*. The requirement of finality of judgment is interpreted strictly, as indicated in Comment *a*, when bar or merger is at stake. This is natural when it is considered that the effect of a judgment as bar or merger is to "extinguish" a claim, and, when there is merger, to create a new claim based on the judgment itself. See § 17(1),(2). Usually there is no occasion to interpret finality less strictly when the question is one of issue preclusion, that is, when the question is whether decision of a given issue in an action may be carried over to a second action in which it is again being litigated. (If the second action is on the same claim, preclusion is an instance of direct estoppel; if it is on a different claim, preclusion is an instance of collateral estoppel. See § 17, Comment *c*.) But to hold invariably that that kind of carry-over is not to be permitted until a final judgment in the strict sense has been reached in the first action can involve hardship -- either needless duplication of effort and expense in the second action to decide the same issue, or, alternatively, postponement of decision of the issue in the second action for a possibly lengthy period of time until the first action has gone to a complete finish. In particular circumstances the wisest course is to regard the prior decision of the issue as final for the purpose of issue preclusion without awaiting the end judgment. See Illustrations 1-3. Before doing so, the court should determine that the decision to be carried over was adequately deliberated and firm, even if not final in the sense of forming a basis for a judgment already entered. Thus preclusion should be refused if the decision was avowedly tentative. On the other hand, that the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal, are factors supporting the conclusion that the decision is final for the purpose of preclusion. The test of finality, however, is whether the conclusion in question is procedurally definite and not whether the court might have had doubts in reaching the decision.

Application of the present Comment, like application of Comment *f*, may result in inconsistent judgments; see § 16.

**Illustrations:**

1. A, owner, brings an action against B, builder, for fraudulently inducing A to enter a construction contract. A moves in that action to stay arbitration of B's claim against A for payments due under the contract, contending that the arbitration clause is ineffective because it was induced by fraud. After a thorough hearing, the court grants A a preliminary injunction against arbitration. B appeals under a statute permitting review of such an interlocutory order. The appellate court reverses on the facts, finding that A failed to show that there was even a substantial issue as to fraud. If the court in a separate action by B against A to compel arbitration determines that the negative finding as to fraud in the first action was adequately deliberated and firm, that finding should be accepted as conclusive even though the first action has not reached final judgment in the strict sense.

2. In the course of an interpleader action to determine the security interests of a number of claimants in property of a debtor, claimant A applies for a determination as to the validity of notes made by claimant B and endorsed to A, evidently secured by part of the interpleaded property. The interpleader court makes various findings upholding the validity of the notes, but an appeal is dismissed on the ground that a determination of liability without more is not an appealable final decision. If the court in a separate action by A against B to recover the amount of the notes determines that the findings as to the validity of the notes were adequately deliberated and firm, it should hold those findings conclusive in the separate action. The court as a discretionary matter may hold the issues as to the validity of the notes to be conclusively settled.

3. In a jurisdiction that permits "split" trials (a trial of liability followed, if liability is found, by a separate trial to ascertain the damages), the jury in a negligence case finds for the plaintiff A as to liability, the defendant B having denied his own negligence and pleaded contributory negligence on the part of A. Under the law of the jurisdiction, B cannot appeal at this point as there is no judgment that qualifies as final for that purpose; an appealable judgment would be reached later, when, in the second phase of trial, another jury assessed the damages. But prior to the second phase, the jury's verdict as to liability may be held conclusive as to the issues of A's and B's negligence in any other action between them in which the same issues appear.

**REPORTERS NOTES:** (§ 41, Tent. Draft No. 1.) *Comments a and b*. The general formulation of finality set forth here resembles the traditional definition of finality in regard to appellate review which appeared in such cases as *Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)* ("ends the litigation . . . and leaves nothing for the court to do but execute the judgment"). See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4432. See the first Restatement § 13, Comment *a*. For application of the rule with respect to issue preclusion, see, e.g., *Hassett Stor. Wrhse., Inc. v. Board of Elect. Comm'n, 69 Ill.App.3d 972, 25 Ill.Dec. 909, 387 N.E.2d 785 (1979).*

For the proposition that the policies shaping the concepts of finality in the two fields are not identical, see *Sherman v. Jacobson, 247 F.Supp. 261, 268 (S.D.N.Y.1965);* Note, The Finality of Judgments in the Conflict of Laws, *41 Colum.L.Rev. 878, 879 (1941).*

The following are examples of the breaches that have been made in the traditional rule of finality as expressed in the *Catlin* case to permit review of rulings that seemed to need prompt reexamination and settlement by the higher court: under *28 U.S.C. § 1291 -- Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949);* under § 1257 -- *Local No. 438, Construction & Gen. Laborers' Union v. Curry, 371 U.S. 542, 83 S.Ct. 531, 9 L.Ed.2d 514 (1963),* on remand, *219 Ga. 38, 131 S.E.2d 559 (1963); Mercantile Nat'l Bank at Dallas v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963),* on remand, *365 S.W.2d 783 (Tex.1963).* See generally Wright, Federal Courts § 101 (3d ed. 1976).

For illustration of difficulty in determining whether an order is final for purposes of claim preclusion, see *Gilbert v. Braniff Int'l Corp., 579 F.2d 411 (7th Cir. 1978).*

*Comment c*. This Comment is new and is intended chiefly to relate judgments granting continuing relief (sometimes called "modifiable" judgments) to notions of "finality". That the susceptibility of a continuing judgment to later modification by the rendering court does not itself interfere with the finality of the judgment, and that the judgment is to be treated as final until it is in fact modified, is assumed in many cases, e.g. *Colton v. Colton, 252 Ala. 442, 444, 41 So.2d 398, 399 (1949); Lyons v. Lyons, 240 Iowa 698, 699, 37 N.W.2d 309-310 (1949).*

Continuing judgments have been considered inherently subject to modification, not only when the factual, but when the legal situation has changed materially, see *System Federation No. 91 v. Wright, 364 U.S. 642, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961); Griffin v. State Bd. of Educ., 296 F.Supp. 1178 (E.D.Va.1969); Wagner v. Baron, 64 So.2d 267, 37 A.L.R.2d 831 (Fla.1953); Lander v. Siegel, 298 Pa. 487, 148 A. 699, 68 A.L.R. 1172 (1930); Pacific Tel. & Tel. Co. v. Henneford, 199 Wash. 462, 92 P.2d 214 (1939)* (dictum); and as well when the judgments were based on consent of the parties as when they resulted from contest. See *United States v. Swift & Co., 286 U.S. 106, 114-115, 52 S.Ct. 460, 462-463, 76 L.Ed. 999 (1932); United States v. Armour & Co., 402 U.S. 673, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971);* Handler, Twenty-fourth Annual Anti-Trust Review, 26 The Record of the Ass'n of the Bar of The City of New York 753, 762-70 (1971). These generalizations, however, must be taken with more than usual caution in the matrimonial field. Thus in the absence of a statute conferring the power, it is still occasionally held that the court may not modify the provisions for alimony unless the power to do so was reserved in the divorce judgment itself. See Annots., *127 A.L.R. 741 (1940);* 71 A.L.R.723 (1931). Assuming a general power exists to modify judgments for alimony, or for separate maintenance or support, there may still be problems as to whether it extends to such judgments based on agreements of the parties, see *Lay v. Lay, 162 Colo. 43, 425 P.2d 704 (1967);* Clark, Domestic Relations § 16.13 (1968); Annot., *166 A.L.R. 675 (1947),* or to the retroactive modification of obligations already due, see *Brandt v. Brandt, 276 F.2d 488 (D.C.Cir. 1960); Kuert v. Kuert, 60 N.M. 432, 292 P.2d 115 (1956);* Annot., *6 A.L.R.2d 1277 (1949).* In litigation over child custody it is evident that courts are peculiarly sensitive to the need for malleability of the judgments. See *New York ex. rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947)* (discussing Florida law); *Cone v. Righetti, 73 Ariz. 271, 240 P.2d 541 (1952);* Annot., *9 A.L.R.2d 623 (1950).*

*Comment d* accords with former § 13, Comment *b*.

*Comment e* accords with former § 13, Comment *c*. As to final disposition of a creditor's claim within an omnibus proceeding such as bankruptcy, see 1B Moore, Federal Practice para. 0.409[1], at 1003 (2d ed. 1965). Under Rule 54(b) of the Federal Rules of Civil Procedure the trial court, upon disposing of a claim or party in a multiclaim or multiparty action, may direct the entry of a final judgment as to the claim or party and the judgment becomes eligible for appeal under the statute providing for appeals from final decisions. A final judgment properly entered under such a rule will also qualify as final for application of the rules of res judicata, even though part of the action still remains for disposition in the trial court.

*Comment f* follows former § 13, Comment *d*, in stating that motions in the trial court to set aside a judgment should not affect its finality in respect to res judicata. See 1B Moore, Federal Practice para. 0.416[3] (2d ed. 1965).

The first Restatement dealt with the problem of finality for res judicata purposes of a judgment under appeal in terms of whether appeal "vacated" the judgment in the particular jurisdiction, a matter stated to depend largely on the statutes governing appellate review. This is consistent with the view adopted in the present Comment if "vacation" means that by reason of the appeal not only is the judgment rendered unenforceable but the action is opened for a trial

de novo; otherwise the judgment is considered not "vacated" and retains finality pending the appeal. The present view finds considerable support in the federal and other cases. The contrary position adopted in some jurisdictions is that appeal in and of itself renders the judgment nonfinal or does so when it operates as a stay or supersedeas or when the appellant in fact obtains a stay or supersedeas. (In any such jurisdiction the courts might be expected to hold also that a judgment is to be treated as nonfinal during the period provided for taking an appeal.) Finality of the judgment for res judicata purposes is then suspended until all review is completed and the ultimate judgment is rendered. The authorities are collected and classified in Annot., *9 A.L.R.2d 984 (1950);* see also Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4433; 1B Moore, Federal Practice para. 0.416[3] (2d ed. 1965); *United States v. Nysco Lab., Inc., 318 F.2d 817 (2d Cir. 1963); United States v. United Air Lines, Inc., 216 F.Supp. 709, 722-25 (D.Nev.1962),* aff'd, *335 F.2d 379 (9th Cir. 1964); Refior v. Lansing Drop Forge Co., 134 F.2d 894, 896 (6th Cir. 1943); Ron Tonkin Gran Turismo, Inc. v. Wakehouse Motors, Inc., 46 Or.App. 199, 611 P.2d 658 (1980).*

Postponing finality of a judgment for purposes of res judicata until appellate review is concluded tends toward duplication of litigation, or its protraction, with the second action marking time until the entire process of appeal is completed in the first action. A tactic of waiting until the appeal is disposed of may indeed be the best course if that disposition will not be long delayed and especially if there is real doubt about the outcome, but it may be frustrating under other conditions. Holding that a judgment is final despite pendency of an appeal and is thus available as res judicata in a second action, while recognizing that the court in the second action has discretion in proper circumstances to suspend proceedings and abide the conclusion of the appeal in the first (see § 16, Comment *b*), seems the best general solution. The solution seems advisable even though it may on occasion lead to the difficulty that the court in the second action will have relied on the judgment in the first which may subsequently be reversed (see § 16).

When the two actions involved are in the same jurisdiction, the problem of the present Comment will typically relate to collateral estoppel (the same issue arising in two different claims), for if the claim is the same in both actions, the second action may be dismissed ("abated") under the defense of "other action pending" (see § 16, Comment *b*).

When the actions are in different States, dismissal of the second action is evidently not a matter of right, so the question may relate as well to direct estoppel, merger, or bar. The judgment, if for the plaintiff and final despite the appeal, would merge the underlying claim and could be made the basis of an action in another jurisdiction. See Annots., *2 A.L.R.3d 1384 (1965); 5 A.L.R. 1269 (1920).* (When enforcement of the first judgment has been stayed or suspended during appeal, any judgment in the second action should be correspondingly stayed or suspended, see *Restatement, Second, Conflict of Laws § 112*, Comment *b*.) If an action was sought to be maintained on the underlying claim in another jurisdiction in the face of the judgment under appeal, the defendant could defend on the basis of direct estoppel, bar, or merger, depending on the particular circumstances. The principle is explained in *Bank of North America v. Wheeler, 28 Conn. 433 (1859); McGilvray v. Avery, 30 Vt. 538 (1857).*

On the effect of denial of intervention, compare, e.g., *Castro Convertible Corp. v. Castro, 596 F.2d 123 (5th Cir. 1979),* reh. denied, *600 F.2d 545 (1979)* with, e. g., *In re Physician's & Dentists Inv. Corp., 258 F.Supp. 793 (D.S.C.1966);* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4438.

*Comment g* is new and builds upon decisions in the Second Circuit: *Lummus Co. v. Common-wealth Oil Ref. Co., 297 F.2d 80, 87-90 (2d Cir. 1961),* cert. denied, *368 U.S. 986, 82 S.Ct. 601, 7 L.Ed. 2d 524 (1962)* (see authorities cited); *Zdanok v. Glidden Co., 327 F. 2d 944, 955 (2 Cir. 1964),* cert. denied, *377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964); Sherman v. Jacobson, 247 F.Supp. 261, 267-72 (S.D.N.Y.1965);* cf. *Bee Machine Co. v. Freeman, 131 F.2d 190 (1st Cir. 1942),* aff'd *319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943),* reh. denied, *320 U.S. 809, 64 S.Ct. 27, 88 L.Ed. 489 (1943).* The court says in *Lummus*: "'Finality' in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again," *297 F.2d at 89.* The court mentions, as matters to be considered in determining finality for purposes of direct or collateral estoppel "such factors as the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review." See *Miller Brewing Co. v. Jos. Schlitz Brewing Co., 605 F.2d 990 (7th Cir. 1979),* cert. denied, *444 U.S. 1102, 100 S. Ct. 1067, 62 L.Ed.2d 787 (1980);* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4434. See also § 27, Comment *h*.

Illustrations 1, 2, and 3 are suggested, respectively, by the *Lummus* and *Jacobson* cases and Note, Res Judicata and the Bifurcated Negligence Trial, *16 U.C.L.A.L.Rev. 203 (1968).*

**CROSS REFERENCES:** ALR Annotations:

Probate of copy of lost will as precluding later contest of will under doctrine of res judicata. *55 A.L.R.3d 755.*

Execution sale as affected by modification of judgment. *32 A.L.R.3d 1019.*
Judgments in favor of plaintiff for defendant's failure to appear, or to answer questions or interrogatories, in pretrial proceedings. *6 A.L.R.3d 713.*
Child custody provisions of divorce or separation decree as subject to modification on habeas corpus. *4 A.L.R.3d 1277.*
Consent as ground of vacating judgment, or granting new trial, in civil case, after expiration of term or time prescribed by statute or rules of court. *3 A.L.R.3d 1191.*
Judgment subject to appeal as entitled to full faith and credit. *2 A.L.R.3d 1384.*
Binding effect of order on motion for change of venue, where action is terminated otherwise than on merits and reinstituted. *85 A.L.R.2d 993.*
Collateral attack on domestic nunc pro tunc judgment. *70 A.L.R.2d 1131.*
Mere rendition, or formal entry or docketing, of judgment as prerequisite to issuance of valid execution thereon. *65 A.L.R.2d 1162.*
Judgment ambiguous or silent as to amount of recovery as defective for lack of certainty. *55 A.L.R.2d 723.*
Dismissal of civil action for want of prosecution as res judicata. *54 A.L.R.2d 473.*
Applicability of res judicata to decrees or judgments in adoption proceedings. *52 A.L.R.2d 406.*
Extent to which principles of res judicata are applicable to judgments in actions for declaratory relief. *10 A.L.R.2d 782.*
Judgment as res judicata pending appeal or motion for a new trial, or during the time allowed therefor. *9 A.L.R.2d 984.*
Outstanding acquiescence by commissioner of Internal Revenue in earlier tax court decision as bar to assessment of tax in contravention of rule stated therein. *42 A.L.R.Fed. 745.*
Res judicata as affected by fact that former judgment was entered by agreement or consent -- federal cases. *97 L.Ed. 1188.*

Digest System Key Numbers:

Judgment 564(1, 2), 650

**Legal Topics:**

For related research and practice materials, see the following legal topics:
Civil ProcedureJudgmentsPreclusion & Effect of JudgmentsEstoppelCollateral EstoppelCivil ProcedureJudgmentsPreclusion & Effect of JudgmentsRes Judicata

# Exhibit 6



CONTROLLER BOARD
BACK PLANE
VIDEO BOARD
CONTROLLER BOARD
Workstation Interface Connectors
Monitor
Keyboard
Mouse
U1 EL4332C
U6 74AHCT04
U10
U4 ALTERA EPF6016TC 144-3
U2 Atmel 89C51 Micro-Controller
(TXD) (RXD)
UX20 82C684C
Terminator Board
U2,U6 B
U1,U5 G
U3,U8 R
U11 ATMEL AT89C51 MICRO CONTROLLER
U4,U9 MT 8 8 1 6
HCT573
U20
CPU-1
CPU-2
CPU-3
CPU-4
80C451 PHILIPS MICRO CONTROLLER
CPU 1 INTERFACE CONNECTORS
CPU 2 INTERFACE CONNECTORS
CPU 3 INTERFACE CONNECTORS
CPU 4 INTERFACE CONNECTORS
Terminator board may be replaced with an expansion board
Page Size: B
Rose - UltraMatrix 4X, TOP BLOCK
Revision: -
November 2001
Page 1 of 4




Page Size: B

Rose - UltraMatrix 4X, VIDEO BOARD

Revision: - November 2001 Page 2 of 4




Page Size: B

Rose - UltraMatrix 4X, CONTROLLER BOARD

Revision: - November 2001 Page 3 of 4


U11
ATMEL AT89C51 MICROCONTROLLER
J1
J2
J3
J4
J5
TERMINATOR
U1
U2
U3
U5
U6
U8
MAX459
8 x 4 Switch Array
Digital Interface
U10
74HCT573
U4
U9
MT8816
8 x 16 Switch Array
7 to 128 Decoder Latches
U7 7702
C25
D1
Page Size: B
Rose - UltraMatrix 4X, BACK PLANE
Revision: -
November 2001
Page 4 of 4

# Exhibit 7


Workstation Interface Connectors
Monitor
Keyboard
Mouse
J6
J4
U9 EL4332C
2 to 1 MUX
R MUX
G MUX
B MUX
OSD Switch/Density
Video Output Board
VSync
HSync
Select
Density Switch
U4
- - OSD - -
Programmable Logic Array
86-79, 72, 71, 52, 51
KB Data
KB Clk
M Data
M Clk
TXD
RXD
P3.1
P3.0
U2
36-43, 8, 9, 14, 15
89C51
Micro Controller
Main Board
J3
Red MUX XU9
Green MUX XU10
Blue MUX XU11
XU27 4 to 1 MUX
XU26 Buffer
Select (2) & En/
Sync Gnd
J10 Typ.
Computer 1 Interface Connectors
Computer 2 Interface Connectors
Computer 3 Interface Connectors
Computer 4 Interface Connectors
Computer 5 Interface Connectors
Computer 6 Interface Connectors
Computer 7 Interface Connectors
Computer 8 Interface Connectors
Clk Data
KB M
Workstation
CPU 1
CPU 2
CPU 3
CPU 4
CPU 5
CPU 6
CPU 7
CPU 8
XU8 80C451 Micro Controller
XU20 82C684 QUART
7-15, & 35-31
10-17, 42, 68
27, 28, & 58
RXDD
TXDD
Reset
+5V
R20 1k
D3
Board 2
Sync Gnd - Enables Buffer if any Computer is Attached
Page Size: B
Rose Ultraview Pro - Top Block
Revision: -
September 2001
Page 1 of 5




Page Size: B

Rose Utraview Pro - Video, Main Board & Video Output Board

Revision: - September 2001 Page 2 of 5




Page Size: B

Rose Utraview Pro - Video, Board 2

Revision: - September 2001 Page 3 of 5


Workstation Keyboard Interface Connector
Workstation Mouse Interface Connector
J6
Data
CLK
XU8
Philips
89C451
Micro Controller
(Repeated from Video, Main Board page)
J3 Internal Board to Board Connector
P6.4
P6.5
P6.6
P6.7
Select for Mouse PS/2 Pin 2 (Normally Not Used)
XU6B
74LS139A
P2.2/A10
U7
PALCE16V8H
XU8-42
P2.3/A11
P2.4/A12
P2.5/A13
P2.6/A14
P2.7/A15
RN5 4.7k
RN2 4.7k
RN11 4.7k
RN9 4.7k
+5V
2N7000
J10
J8
J14
J12
Computer 1 Keyboard Interface Connectors
Computer 1 Mouse Interface Connectors
Computer 2 Keyboard Interface Connectors
Computer 2 Mouse Interface Connectors
Computer 3 Keyboard Interface Connectors
Computer 3 Mouse Interface Connectors
Computer 4 Keyboard Interface Connectors
Computer 4 Mouse Interface Connectors
U1
TL7705A
Power On Reset
J3 Internal Board to Board Connector
Reset/
Page Size: B
Rose Ultraview Pro 8 - Keyboard/Mouse Main Board
Revision: -
September 2001
Page 4 of 5


XU8
Philips
89C451
Micro Controller
(Repeated from Video, Board 2 page)
J3
Internal
Board to
Board
Connector
P6.4
P6.5
P6.6
P6.7
RN5
4.7k
RN2
4.7k
RN11
4.7k
RN9
4.7k
+5V
2N7000
Q8
Q6
Q12
Q10
Q3
Q2
Q5
Q4
Q20
Q19
Q22
Q21
Q16
Q15
Q18
Q17
J10
J8
J14
J12
Computer 5 Keyboard Interface Connectors
Computer 5 Mouse Interface Connectors
Computer 6 Keyboard Interface Connectors
Computer 6 Mouse Interface Connectors
Computer 7 Keyboard Interface Connectors
Computer 7 Mouse Interface Connectors
Computer 8 Keyboard Interface Connectors
Computer 8 Mouse Interface Connectors
Reset/
Page Size: B
Rose Ultraview Pro - Keyboard/Mouse, Board 2
Revision: -
September 2001
Page 5 of 5

# Exhibit 8

LEXSTAT JUDGMENTS SECOND 27

Restatement of the Law, Second, Judgments
Copyright (c) 1982, The American Law Institute

Case Citations

Rules and Principles

Chapter 3 - Former Adjudication: The Effects of a Judicial Judgment

Topic 2 - Personal Judgments

Title E - Issue Preclusion

Restat 2d of Judgments, § 27

§ 27 Issue Preclusion -- General Rule

**When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.**

**COMMENTS & ILLUSTRATIONS: Comment:**

*a. Subsequent action between the same parties*. The rule of issue preclusion is operative where the second action is between the same persons who were parties to the prior action, and who were adversaries (see § 38) with respect to the particular issue, whether the second action is brought by the plaintiff or by the defendant in the original action. It is operative whether the judgment in the first action is in favor of the plaintiff or of the defendant. The effect of a judgment for the defendant in the first action may be to require a judgment for the defendant in the second action. See Illustration 1. A judgment for the plaintiff in the first action may have the effect of enabling him to recover in the second action without proving his claim, provided that the controlling issues were litigated and determined in the prior action, but the defendant is not precluded from defending the second action on the basis of an issue not litigated and determined in the first action. See Illustration 2.

**Illustrations:**

1. A bring an action against B to recover interest due on a promissory note which A alleges was executed by B and was payable to A. B denies that he executed the note. After a trial on this issue there is a verdict and judgment for B. Thereafter A sues B for a second installment of interest. The determination that B did not execute the note is conclusive in the second action.

2. A brings an action against B for failure to deliver goods on January 1, 1972, in accordance with the terms of an installment contract. B defends on the basis that the contract should be rescinded because of A's fraud in obtaining it. After a trial on this issue, there is a verdict and judgment for A. Thereafter, A sues B for failure to deliver goods on June 1, 1972, in accordance with the same contract. B is precluded by the prior judgment from seeking rescission on the basis of fraud. B is not precluded, however, from setting up other defenses, for example, that he was discharged of the duty to deliver on June 1 because of occurrences beyond his control.

*b. Direct and collateral estoppel*. In some cases, a judgment does not preclude relitigation of all or part of the claim on which the action is brought. See §§ 20, 26. In such cases, the rule of this Section precludes relitigation of issues actually litigated and determined in the first action when a second action is brought on the same claim. See Illustration 3. Issue preclusion in a second action on the same claim is sometimes designated as direct estoppel. If, as more frequently happens, the second action is brought on a different claim, the rule of this Section also applies; in such cases, preclusion is sometimes designated as collateral estoppel.

**Illustration:**

3. A brings an action against B for personal injuries arising out of an automobile accident. Jurisdiction is asserted over B, a nonresident, on the basis that the automobile involved in the accident was being operated in the state by or on his behalf. After trial of this issue, the action is dismissed for lack of jurisdiction. In a subsequent action by A against B for the same injuries, brought in the state of B's residence, the prior determination that the automobile was not being operated by or on behalf of B is conclusive.

*c. Dimensions of an issue*. One of the most difficult problems in the application of the rule of this Section is to delineate the issue on which litigation is, or is not, foreclosed by the prior judgment. The problem involves a balancing of important interests: on the one hand, a desire not to deprive a litigant of an adequate day in court; on the other hand, a desire to prevent repetitious litigation of what is essentially the same dispute. When there is a lack of total identity between the particular matter presented in the second action and that presented in the first, there are several factors that should be considered in deciding whether for purposes of the rule of this Section the "issue" in the two proceedings is the same, for example: Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? Does the new evidence or argument involve application of the same rule of law as that involved in the prior proceeding? Could pretrial preparation and discovery relating to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second? How closely related are the claims involved in the two proceedings? For examples of cases in which such factors are relevant, see Illustrations 4, 5, and 6.

Sometimes, there is a lack of total identity between the matters involved in the two proceedings because the events in suit took place at different times. In some such instances, the overlap is so substantial that preclusion is plainly appropriate. See Illustration 8. Preclusion ordinarily is proper if the question is one of the legal effect of a document identical in all relevant respects to another document whose effect was adjudicated in a prior action. And, in the absence of a showing of changed circumstances, a determination that, for example, a person was disabled, or a nonresident of the state, in one year will be conclusive with respect to the next as well. In other instances the burden of showing changed or different circumstances should be placed on the party against whom the prior judgment is asserted. See Illustration 7. In still other instances, the bearing of the first determination is so marginal because of the separation in time and other factors negating any similarity that the first judgment may properly be given no effect. See Illustration 9.

An issue on which relitigation is foreclosed may be one of evidentiary fact, of "ultimate fact" (i.e., the application of law to fact), or of law. See also Comment *j* below. Thus, for example, if the party against whom preclusion is sought did in fact litigate an issue of ultimate fact and suffered an adverse determination, new evidentiary facts may not be brought forward to obtain a different determination of that ultimate fact. See Illustration 4. And similarly if the issue was one of law, new arguments may not be presented to obtain a different determination of that issue. See Illustration 6.

**Illustrations:**

4. A brings an action against B to recover for personal injuries in an automobile accident. A seeks to establish that B was negligent in driving at an excessive rate of speed. After trial, verdict and judgment are given for B. In a subsequent action by B against A for injuries in the same accident, A is precluded from setting up B's negligence as a defense, whether or not the alleged negligence is based on an assertion of excessive speed. It is reasonable to require A to bring forward all evidence in support of the alleged negligence in the initial proceeding. (It is assumed in this Illustration that the forum has no applicable compulsory counterclaim rule. See § 22.)

5. A brings an action against B to recover royalties due under an oil lease for oil produced from certain wells. After trial, judgment is given for A, the court finding that all the wells in question are covered by the lease. In a second action by A against B for later royalties under the lease with respect to the same wells, B seeks to assert for the first time that one of the wells was not covered by the lease because it was diagonally drilled into state-owned underwater land adjacent to the leased land. Whether B is precluded with respect to this assertion under the rule of this Section should turn on application of the factors described in this Comment, particularly the relation between the evidentiary presentation, the applicable rule of law, and the claim involved in each of the two proceedings.

6. A brings an action against B to recover an installment payment due under a contract. B's sole defense is that the contract is unenforceable under the statute of frauds. After trial, judgment is given for A, the court ruling that an oral contract of the kind sued upon is enforceable. In a subsequent action by A against B to recover a second installment falling due after the first action was brought, B is precluded from raising the statute of frauds as a defense, whether or

not on the basis of arguments made in the prior action, but is not precluded from asserting as a defense that the installment is not owing as a matter of law on any other ground.

7. A brings an action against B to set aside a conveyance of Blackacre by C to B on the ground that at the time of the conveyance C was mentally incompetent. After trial, verdict and judgment are given for A. A second action is brought by A against B to set aside a conveyance of Whiteacre by C to B which took place one week after the conveyance of Blackacre. Unless B can establish changed circumstances occurring in the time between the two conveyances, the prior judgment is conclusive that C was incompetent when Whiteacre was conveyed. (The result would be the same if the Whiteacre conveyance had occurred one week before the Blackacre conveyance.)

8. The facts are as stated in Illustration 7, except that the Whiteacre conveyance occurred immediately after the Blackacre conveyance. If the two actions are held to involve different claims, the prior judgment is conclusive that B was incompetent when Whiteacre was conveyed.

9. In an action brought by the A corporation against the taxing authorities with respect to taxes for the year 1940, judgment is based on a determination that A should have been taxed as a nonresident corporation because it had no office or place of business in the state. A similar action is brought by A with respect to taxes for the year 1970. If it is concluded that the separation in time between the two proceedings is so great that the first determination has little if any bearing on the question whether A had an office or place of business in the state in 1970, then the first judgment should be given no effect on that question and A should have the same burden of proof as that imposed on any other taxpayer.

*d. When an issue is actually litigated*. When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this Section. An issue may be submitted and determined on a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings, a motion for summary judgment (see Illustration 10), a motion for directed verdict, or their equivalents, as well as on a judgment entered on a verdict. A determination may be based on a failure of pleading or of proof as well as on the sustaining of the burden of proof.

The determination of an issue by a judge in a proceeding conducted without a jury is conclusive in a subsequent action whether or not there would have been a right to a jury in that subsequent action if collateral estoppel did not apply. See Illustrations 10 and 11.

**Illustrations:**

10. In January, B agrees to buy a horse from A, and in February B agrees to buy Blackacre from A. A brings a suit for specific performance of the February agreement; B alleges with supporting proof that he was an infant when the agreement was made, and the court enters summary judgment for B on that ground. Thereafter A brings an action against B for damages for breach of the January agreement and demands a jury. The judgment in the prior suit is conclusive that B was an infant when the contract was made.

11. The facts are as stated in Illustration 10, except that in the first proceeding the issue of infancy is decided for B after trial without a jury on the basis of conflicting evidence of B's age. The judgment in the prior suit is conclusive that B was an infant when the contract was made.

*e. Issues not actually litigated*. A judgment is not conclusive in a subsequent action as to issues which might have been but were not litigated and determined in the prior action. There are many reasons why a party may choose not to raise an issue, or to contest an assertion, in a particular action. The action may involve so small an amount that litigation of the issue may cost more than the value of the lawsuit. Or the forum may be an inconvenient one in which to produce the necessary evidence or in which to litigate at all. The interests of conserving judicial resources, of maintaining consistency, and of avoiding oppression or harassment of the adverse party are less compelling when the issue on which preclusion is sought has not actually been litigated before. And if preclusive effect were given to issues not litigated, the result might serve to discourage compromise, to decrease the likelihood that the issues in an action would be narrowed by stipulation, and thus to intensify litigation.

It is true that it is sometimes difficult to determine whether an issue was actually litigated; even if it was not litigated, the party's reasons for not litigating in the prior action may be such that preclusion would be appropriate. But the policy considerations outlined above weigh strongly in favor of nonpreclusion, and it is in the interest of predictability and simplicity for such a result to obtain uniformly.

Sometimes the party against whom preclusion is asserted is covered by an insurance policy and represented by insurance company counsel in the prior action but not in the subsequent action. In such instances, preclusion with respect to unlitigated issues seems particularly unfair.

An issue is not actually litigated if the defendant might have interposed it as an affirmative defense but failed to do so; nor is it actually litigated if it is raised by a material allegation of a party's pleading but is admitted (explicitly or by virtue of a failure to deny) in a responsive pleading; nor is it actually litigated if it is raised in an allegation by one party and is admitted by the other before evidence on the issue is adduced at trial; nor is it actually litigated if it is the subject of a stipulation between the parties. A stipulation may, however, be binding in a subsequent action between the parties if the parties have manifested an intention to that effect. Furthermore under the rules of evidence applicable in the jurisdiction, an admission by a party may be treated as conclusive or be admissible in evidence against that party in a subsequent action.

In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action. The judgment may be conclusive, however, with respect to one or more issues, if the parties have entered an agreement manifesting such an intention.

It should be noted that, although issue preclusion does not apply to issues not actually litigated, there is a concept of estoppel in pais, not dealt with in this Restatement, which may be applicable in appropriate cases. Under this concept, a person who makes a representation may be estopped to deny its truth if the person to whom it was made has changed his position in reliance.

*f. Extrinsic evidence to determine what issues were litigated*. If it cannot be determined from the pleadings and other materials of record in the prior action what issues, if any, were litigated and determined by the verdict and judgment, extrinsic evidence is admissible to aid in such a determination. Extrinsic evidence may also be admitted to show that the record in the prior action does not accurately indicate what issues, if any, were litigated and determined.

The party contending that an issue has been conclusively litigated and determined in a prior action has the burden of proving that contention.

*g. If several issues litigated*. If several issues are litigated in an action, and in a subsequent action between the parties, one of the parties relies on the judgment as conclusive of one of the issues, that party must show that the issue was determined by the judgment in the prior action.

If several issues are litigated in an action, and a judgment cannot properly be rendered in favor of one party unless all of the issues are decided in his favor, and judgment is given for him, the judgment is conclusive with respect to all the issues.

**Illustration:**

12. A brings an action against B to recover interest on a promissory note payable to A, the principal not yet being due. B alleges that he was induced by the fraud of A to execute the note, and further alleges that A gave him a release under seal of the obligation to pay interest. After a trial of these issues, verdict and judgment are given for A. After the note matures, A brings an action against B for the principal. The judgment in the prior suit is conclusive that B was not induced by the fraud of A to execute the note.

*h. Determinations not essential to the judgment*. If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded. Such determinations have the characteristics of dicta, and may not ordinarily be the subject of an appeal by the party against whom they were made. In these circumstances, the interest in providing an opportunity for a considered determination, which if adverse may be the subject of an appeal, outweighs the interest in avoiding the burden of relitigation.

**Illustrations:**

13. A brings an action against B to recover interest on a promissory note payable to A, the principal not yet being due. B alleges that he was induced by the fraud of A to execute the note, and further alleges that A gave him a release under seal of the obligation to pay interest. The court, sitting without a jury, finds that A had given such a release but that B was not induced by A's fraud to execute the note, and gives verdict for B on which judgment is entered. After the note matures A brings an action against B for the principal of the note. B is not precluded from defending this action on the ground that B was induced by A's fraud to execute the note.

14. A, as owner of a trademark, brings an action against B for infringement. B denies the validity of the trademark and denies infringement. The court finds that the trademark is valid, but that B had not infringed it, and gives judgment for B. Thereafter A brings an action against B alleging that since the rendition of the judgment B infringed the trademark. B is not precluded from defending this action on the ground that the trademark is invalid.

*i. Alternative determinations by court of first instance.* If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone. See Illustration 14. Cf. § 20, Comment *e*.

It might be argued that the judgment should be conclusive with respect to both issues. The matter has presumably been fully litigated and fairly decided; the determination does support, and is in itself sufficient to support, the judgment for the prevailing party; and the losing party is in a position to seek reversal of the determination from an appellate court. Moreover, a party who would otherwise urge several matters in support of a particular result may be deterred from doing so if a judgment resting on alternative determinations does not effectively preclude relitigation of particular issues.

There are, however, persuasive reasons for analogizing the case to that of the nonessential determination discussed in Comment *h*. First, a determination in the alternative may not have been as carefully or rigorously considered as it would have if it had been necessary to the result, and in that sense it has some of the characteristics of dicta. Second, and of critical importance, the losing party, although entitled to appeal from both determinations, might be dissuaded from doing so because of the likelihood that at least one of them would be upheld and the other not even reached. If he were to appeal solely for the purpose of avoiding the application of the rule of issue preclusion, then the rule might be responsible for increasing the burdens of litigation on the parties and the courts rather than lightening those burdens. Compare Comment *o,* dealing with the effect of an appellate decision based on alternative determinations.

There may be causes where, despite these considerations, the balancetips in favor of preclusion because of the fullness with which the issue was litigated and decided in the first action. But since the question of preclusion will almost always be a close one if each case is to rest on its own particular facts, it is in the interest of predictability and simplicity for the result of nonpreclusion to be uniform.

The case discussed, and exemplified by Illustration 15, is to be distinguished from a case in which there are alternative bases for a determination that is essential to the judgment. In such a case, failure to appeal from that determination cannot be attributed to the losing party's anticipation that the judgment will be affirmed on other grounds. Thus relitigation of the issue so determined is properly precluded under the rule of this Section. See Illustration 16.

**Illustrations:**

15. A brings an action against B to recover interest on a promissory note payable to A, the principal not yet being due. B alleges that he was induced by the fraud of A to execute the note, and further alleges that A gave him a binding release of the obligation to pay interest. The court, sitting without a jury, finds that B was induced by A's fraud to execute the note and also finds that A had given him a binding release of the obligation to pay interest. Judgment for B is not appealed. After the note matures, A brings an action against B for the principal of the note. The prior judgment is not a defense to the action, and the issue of fraud must be relitigated if B chooses to raise it.

16. The facts of the first action are as stated in Illustration 15, but in the second action A sues for another installment of interest before the principal becomes due. The determination that B is not liable for interest on the note is conclusive, even though there were alternative bases for that determination.

The distinction between Illustrations 15 and 16 is that the first action, even though decided on alternative grounds, necessarily adjudicated the issue as to liability for interest, but did not necessarily adjudicate the issue -- fraud -- relevant to recovery of the principal.

*j. Determinations essential to the judgment.* It is sometimes stated that even when a determination is a necessary step in the formulation of a decision and judgment, the determination will not be conclusive between the parties if it relates only to a "mediate datum" or "evidentiary fact" rather than to an "ultimate fact" or issue of law. It has also been stated than even a determination of "ultimate fact" will not be conclusive in a later action if it constitutes only an "evidentiary fact" or "mediate datum" in that action. Such a formulation is occasionally used to support a refusal to apply the rule of issue preclusion when the refusal could more appropriately be based on the lack of similarity between the issues in the two proceedings. If applied more broadly, the formulation causes great difficulty, and is at odds with the rationale on which the rule of issue preclusion is based. The line between ultimate and evidentiary facts is often impos-

sible to draw. Moreover, even if a fact is categorized as evidentiary, great effort may have been expended by both parties in seeking to persuade the adjudicator of its existence or nonexistence and it may well have been regarded as the key issue in the dispute. In these circumstances the determination of the issue should be conclusive whether or not other links in the chain had to be forged before the question of liability could be determined in the first or second action.

The appropriate question, then, is whether the issue was actually recognized by the parties as important and by the trier as necessary to the first judgment. If so, the determination is conclusive between the parties in a subsequent action, unless there is a basis for an exception under § 28 -- for example, that the significance of the issue for purposes of the subsequent action was not sufficiently foreseeable at the time of the first action.

**Illustrations:**

17. A brings an action against C to recover for personal injuries caused in an automobile accident involving a car driven by B and owned by C. A alleges that C is liable for B's negligence because B was driving with C's express or implied permission within the meaning of applicable state law making an owner liable in such circumstances. The action is defended by C's insurer; at the trial, the evidence is in conflict as to whether B was employed by C at the time of the accident and whether he was driving the car on C's business or on a frolic of his own. After trial, verdict and judgment are given for A, with explicit findings that B was C's employee and was driving the car within the scope of his employment at the time of the accident. When C fails to satisfy the judgment, A brings an action against C's insurer to collect the proceeds of the policy. C's insurer is precluded from defending on the basis of a clause in the policy limiting coverage to accidents caused by the owner or by persons acting within the scope of their employment by the owner. Although the "ultimate" question in the first action was one of express or implied permission to use the car, the finding as to scope of employment precludes relitigation of that issue in the second action. (Note: C's insurer, having defended the first action, is bound to the same extent as C. See § 57.)

18. A, an attorney, brings an action against B, an attorney, for a declaratory judgment as to the rights and interests of the parties in certain attorneys' fees collected by B. At trial, there is a conflict in the evidence with respect to the terms of an oral agreement between A and B, and in particular with respect to the date after which all fees received would be shared. After trial, judgment is given for B on the basis that A had no right or interest in the fees in question. There is an explicit finding that the fee-sharing agreement between A and B did not apply to sums collected before January 1971, and that the fees in question were collected before that date. In a subsequent action by A against B for a share of fees collected by B after the first action was instituted but before January 1971, A is precluded from showing that his agreement with B extended to these fees.

*k. Requirement of a valid, final judgment.* The requisites of a valid judgment are set forth in § 1, and the definition of a final judgment may be found in § 13. Particular reference is made to the distinction in § 13 between finality for purposes of merger and bar and finality for purposes of issue preclusion. Pursuant to this distinction, a litigation may have reached a stage at which issue preclusion is appropriate even though claim preclusion -- application of the rules of merger and bar -- is not.

*l. Effect on pending action*. If two actions which involve the same issue are pending between the same parties, it is the first final judgment rendered in one of the actions which becomes conclusive in the other action, regardless of which action was brought first. See § 14.

*m. Inconsistent judgments*. If in two successive actions between the same parties the same issue is actually litigated and determined, and that issue arises in a third action between the parties, the rules for determining which judgment is conclusive with respect to that issue are those set forth in § 15.

*n. Judgment not precluding another action on the same claim*. A judgment that does not preclude another action on the same claim -- one that is not a bar -- may have collateral as well as direct estoppel effects. See § 20, Comment *b*. If, however, a judgment of dismissal is wholly without prejudice, then it has no conclusive effect between the parties in a subsequent action on the same or a different claim.

*o. Effect of an appeal*. If a judgment rendered by a court of first instance is reversed by the appellate court and a final judgment is entered by the appellate court (or by the court of first instance in pursuance of the mandate of the appellate court), this latter judgment is conclusive between the parties.

If the judgment of the court of first instance was based on a determination of two issues, either of which standing independently would be sufficient to support the result, and the appellate court upholds both of these determinations as sufficient, and accordingly affirms the judgment, the judgment is conclusive as to both determinations. In contrast to

the case discussed in Comment *i*, the losing party has here obtained an appellate decision on the issue, and thus the balance weighs in favor of preclusion.

If the appellate court upholds one of these determinations as sufficient but not the other, and accordingly affirms the judgment, the judgment is conclusive as to the first determination.

If the appellate court upholds one of these determinations as sufficient and refuses to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive as to the first determination.

**REPORTERS NOTES:** (§ 68, Tent. Draft No. 4.) This Section sets forth the general rule of issue preclusion. It is similar to § 68 of the first Restatement, except that: (1) the text has been expanded to cover direct as well as collateral estoppel, thus embracing the entire subject of preclusion of relitigation of issues already litigated; (2) Subsection (2) of former § 68, providing for nonpreclusion as to issues not litigated has been deleted as unnecessary in the black letter, but the matter is still dealt with in commentary; and (3) the phrase "issue of fact or law" has been substituted for "question of fact" so that the Section is now applicable to questions of law and law application as well as questions of fact.

See generally, on the subject of issue preclusion, and especially collateral estoppel, James, Civil Procedure §§ 11.18-11.22, 11.35 (1965); 1B Moore, Federal Practice paras. 0.441-0.448 (2d ed. 1965); Polasky, Collateral Estoppel -- Effects of Prior Litigation, *39 Iowa L.Rev. 217 (1954);* Rosenberg, Collateral Estoppel in New York, *44 St.Johns L.Rev. 165 (1969);* Scott, Collateral Estoppel by Judgment, *56 Harv.L.Rev. 1 (1942);* Vestal, Preclusion/Res Judicata Variables: Nature of the Controversy, *1965 Wash.U.L.Q. 158;* Developments in the Law -- Res Judicata, *65 Harv.L.Rev. 818, 840-850 (1952).* A leading judicial formulation of the doctrine appears in *Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195 (1877).* A modern formulation is in *Montana v. United States, 99 S.Ct. 970, 440 U.S. 147, 59 L.Ed.2d 210 (1979).*

*Comment a* notes that the Section is in terms limited to subsequent actions between the same adversary parties; the text of the Comment is substantially the same as the last paragraph of Comment *a* in the first Restatement.

Illustration 1 is the same as Illustration 1 to § 68 in the first Restatement. Illustration 2 is new.

*Comment b* is new. It explains the difference between direct and collateral estoppel and notes that the latter is much more frequently encountered than the former. For illustrations of direct estoppel, see e.g., *Boone v. Kurtz, 617 F.2d 435 (5th Cir. 1980); Stewart Securities Corp. v. Guaranty Trust Co., 597 F.2d 240 (10th Cir. 1979); Pastewka v. Texaco, Inc., 565 F.2d 851 (3d Cir. 1977); Weston Funding Corp. v. Lafayette Towers, Inc., 550 F.2d 710 (2d Cir. 1977).* While there are many times when the rules applicable are the same whether the estoppel is collateral or direct, there are instances when it makes a difference whether the second action is on the same or a different claim. See, e.g., § 28 (b)(i).

*Comment c* is new, although based in part on Comment *g* to § 68 in the first Restatement. It deals with what is perhaps the most difficult problem in the area of issue preclusion: the dimensions of an "issue" for purposes of the rule. Without essaying a precise definition of the term, it attempts through text and illustration to set forth the relevant considerations and to suggest an analogy between the "splitting" of an issue and the splitting of a claim. Compare §§ 24-26. See *Starker v. United States, 602 F.2d 1341 (9th Cir. 1979); Jackson v. District of Columbia, 412 A.2d 948 (D.C.App.1980).* The Comment also makes the point that issue preclusion may apply even though the events involved in the two proceedings took place at different times (or the question was one of status or condition at different time periods) if the facts are sufficiently similar or identical for purposes of the applicable rule of law. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4417.

Finally, the Comment makes the point that preclusion applies to issues of law and law application as well as to issues of fact. See, e.g., *Buckeye Industries, Inc. v. Secretary of Labor, 587 F.2d 231 (5th Cir. 1979),* reh. denied, *591 F.2d 1343 (1979).* The question of the usefulness of distinguishing between "evidentiary" and "ultimate" facts is dealt with in Comment *j*, and the extent to which issues of law warrant special treatment is stated in § 28(b) and discussed in Comments *b* and *c* thereto.

It should be noted that in some fields -- for example, customs and especially taxation -- it is sometimes contended that total identity is a requisite to preclusion. Under this view in a tax case, for instance, preclusion would not be appropriate if the events in suit were similar in all respects to the events involved in a prior litigation but took place at a different time and related to a different tax year. See e.g., *Commissioner v. Sunnen, 333 U.S. 591, 602, 68 S.Ct. 715, 721, 92 L.Ed. 898 (1948); Moore v. United States, 246 F.Supp. 19 (N.D.Miss.1965); People ex rel. Watchtower Bible and Tract Society, Inc. v. Haring, 286 App.Div. 676, 146 N.Y.S.2d 151 (1955);* Griswold, Res Judicata in Federal Tax Cases,

*46 Yale L.J. 1320 (1937);* Branscomb, Collateral Estoppel in Tax Cases: Static and Separable Facts, *37 Texas L.Rev. 584 (1959).* But there is also persuasive support for the view that although special factors may be present in tax cases, mechanical application of the "separable facts" doctrine to deny preclusive effect is inappropriate. See e.g., *United States v. Russell Mfg. Co., 349 F.2d 13, 18 (2d Cir. 1965); Hercules Powder Co. v. United States, 337 F.2d 643 (Ct.Cl.1964);* cf. *Hadge v. Second Fed. Sav. and Loan Ass'n, 409 F.2d 1254 (1st Cir. 1969); J.E. Bernard & Co. v. United States, 324 F.Supp. 496 (Cust.Ct.1971),* noted in *85 Harv. L.Rev. 1478 (1972).* While Comment *c* does not deal specifically with the special problems of tax litigation, its approach is more consistent with this latter view.

Illustration 4 to this Comment is drawn from the discussion in Vestal, Preclusion/Res Judicata Variables: Nature of the Controversy, *1965 Wash.U.L.Q. 158, 162.* Illustration 5 is based on *Sutphin v. Speik, 15 Cal.2d 195, 99 P.2d 652 (1940),* reh. denied, *15 Cal.2d 195, 101 P.2d 497 (1940),* in which litigation of the issue was held to be precluded. With Illustration 6 compare *Whipple v. Dickey, Ind.App. , 401 N.E.2d 787 (1980).* Illustrations 7 and 8 were suggested by the facts of *Hanna v. Read, 102 Ill. 596 (1882).* Illustration 9 was suggested by the facts of *The Linen Thread Co., Ltd., 4 T.C. 802 (1945),* aff'd, *152 F.2d 625 (2d Cir. 1945).* (It should be noted, however, that in The Linen Thread case the years at issue in the second action were those immediately following those at issue in the first. In such circumstances, as noted above, it would seem appropriate to place the burden on the losing party in the first action to prove changed circumstances.)

In support of the view that issues need not be identical in all respects to invoke the rule of preclusion, see e.g., *United States v. Russell Mfg. Co., supra; Vanderveer v. Erie Malleable Iron Co., 238 F.2d 510 (3d Cir. 1956),* cert. denied, *353 U.S. 937, 77 S.Ct. 815, 1 L.Ed.2d 760 (1957); Radmacher v. Cardinal, 264 Minn. 72, 117 N.W.2d 738 (1962); Hanna v. Read, supra.* For cases carefully distinguishing between the issues in the two proceedings, see, e.g., *Miller v. Poretsky, 595 F.2d 780 (D.C.Cir. 1978); Memorex Corp. v. Int'l Bus. Mach. Corp., 555 F.2d 1379 (9th Cir. 1977); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 57-58 (2d Cir. 1971),* rev'd on other grounds, *409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973);* Berkaw v. Mayflower Congr. *Church, 378 Mich. 239, 144 N.W.2d 444 (1966),* cert. denied, *385 U.S. 1035, 87 S.Ct. 775, 17 L.Ed.2d 682 (1967); City Bank Farmers Trust Co. v. MacFadden, 13 A.D.2d 395, 216 N.Y.S.2d 215 (1961),* aff'd, *12 N.Y.2d 1035, 239 N.Y.S.2d 680, 190 N.E.2d 24 (1963),* cert. denied, *375 U.S. 823, 84 S.Ct. 63, 11 L.Ed.2d 56 (1963).*

For cases supporting the proposition that an issue, like a claim, may not be split, see, e.g., *Gillespie v. Commissioner, 151 F.2d 903 (10th Cir. 1945),* cert. denied, *328 U.S. 839, 66 S.Ct. 1014, 90 L.Ed. 1614 (1946),* reh. denied, *328 U.S. 880, 66 S.Ct. 1363, 90 L.Ed. 1648 (1946); Shore v. Shore, 43 Cal.2d 677, 277 P.2d 4 (1954); Krier v. Krier, 28 Cal.2d 841, 172 P.2d 681 (1946)* (alternative holding). But cf. *Pelham Hall Co. v. Hassett, 147 F.2d 63 (1st Cir. 1945).*

For cases dealing with closely related issues (usually distinguished only by the passage of time) and applying the rule of preclusion (or a "presumption" closely analogous to it) in the absence of changed circumstances, see e.g., *Cory v. Commissioner, 159 F.2d 391 (3d Cir. 1947); Anderson v. United States, 126 F.2d 169 (3d Cir. 1942); Wishnewsky v. Town of Saugus, 325 Mass. 191, 89 N.E.2d 783 (1950); In re of Fifth Madison Corp., 3 A.D.2d 430, 161 N.Y.S.2d 326 (1957),* aff'd, *4 N.Y.2d 932, 175 N.Y.S.2d 173, 151 N.E.2d 357 (1958);* cf. *St. Lo Const. Co. v. Koenigsberger, 174 F.2d 25 (D.C.Cir. 1949),* cert. denied, *338 U.S. 821, 70 S.Ct. 66, 94 L.Ed. 498 (1949).*

*Comment d* is based on Comment *c* to § 68 in the first Restatement. The text of Comment *d* has been amplified to state that an issue may be actually litigated and determined even though there has not been a trial. For example, an issue of law or of law application may be determined on the pleadings and such issues, or an issue of fact, may be decided on a motion for summary judgment. See, e.g., *Florasynth Labs, Inc. v. Goldberg, 191 F.2d 877 (7th Cir. 1951)* (motion to dismiss); *Exhibitors Poster Exch., Inc. v. National Screen Serv. Corp., 421 F.2d 1313 (5th Cir. 1970),* reh. denied, *427 F.2d 710 (1970),* cert. denied, *400 U.S. 991, 91 S.Ct. 454, 27 L.Ed.2d 439 (1971)* (motion for summary judgment); *Eidelberg v. Zellermayer, 5 A.D.2d 658, 174 N.Y.S.2d 300 (1958),* aff'd, *6 N.Y.2d 815, 188 N.Y.S.2d 204, 159 N.E.2d 691 (1959)* (same) (alternative holding). In addition, it is indicated in this Comment that an issue may be litigated and determined if the party with the burden of proof on that issue fails to introduce any evidence with respect to it or introduces evidence but fails to sustain his burden. See, e.g., *Nichols & Co. v. United States, 586 F.2d 826 (C.P.A.1978); Slater v. Skirving, 51 Neb. 108, 70 N.W. 493 (1897); Patterson v. Saunders, 194 Va. 607, 74 S.E.2d 204 (1953),* cert. denied, *345 U.S. 998, 73 S.Ct. 1132, 97 L.Ed. 1405 (1953),* reh. denied, *346 U.S. 842, 74 S.Ct. 15, 98 L.Ed. 362 (1953).*

The first Restatement took the position in § 68, Comment *j* and Illustration 4, that if a determination was made in a proceeding in equity, the rule of the Section was applicable in a subsequent action at law. A later decision, *Rachal v. Hill, 435 F.2d 59 (5th Cir. 1970),* cert. denied, *403 U.S. 904, 91 S.Ct. 2203, 29 L.Ed.2d 680 (1971),* declined to apply

collateral estoppel when the issue in the subsequent proceeding was one of fact for the jury and when the party seeking preclusion was not a party in the prior "equitable" proceeding. The decision may be criticized, see Shapiro & Coquillette, The Fetish of Jury Trial in Civil Cases: A Comment on Rachal v. Hill, *85 Harv.L.Rev. 442 (1971).* And as the court in Rachal recognized, there is substantial authority allowing the invocation of preclusion in such a case if the parties are the same in both proceedings. See, e.g., *Paramount Transport Systems v. Chauffeurs Local 150, 436 F.2d 1064 (9th Cir. 1971); Painters District Council No. 38 v. Edgewood Contracting Co., 416 F.2d 1081 (5th Cir. 1969).* The present Section, which deals only with cases where the parties are the same in both proceedings, adheres to the position taken in the first Restatement. Questions of the use of issue preclusion by nonparties are covered in Chapter 4.

Illustrations 10 and 11 are drawn from Illustration 4 to § 68 in the first Restatement.

*Comment e* combines Comments *d-i* to § 68 in the first Restatement. The position taken -- that the rule of this Section does not apply when the issue has not been contested in the prior action -- is in substantial conformity with that adopted in the first Restatement. The word "actually", though perhaps redundant, has been retained in the black letter and the commentary to underscore this position.

The decisions in this area reflect a wide diversity of views, and the problems have been fully canvassed by the commentators. See, e.g., James, Consent Judgments as Collateral Estoppel, *108 U.Pa.L.Rev. 173 (1959);* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4419. 1B Moore, supra at paras. 0.443, 0.444; Rosenberg, supra at 171-82; Vestal, supra at 164-69.

Some of the decisions that might be regarded as inconsistent with this Comment may be explained on the ground that the subject matter of the second action was so closely related to that of the first that the policy underlying merger or bar was applicable whether or not the claims were identical. Others may be explained as involving special circumstances under which the failure to interpose a counterclaim operates as a bar. See § 22(2), and Comment *f* thereon. See, e.g., *Lynch v. Lynch, 250 Iowa 407, 413, 94 N.W.2d 105, 109 (1959); Herl v. State Bank of Parsons, 195 Kan. 35, 403 P.2d 110 (1965); Statter v. Statter, 2 N.Y.2d 668, 163 N.Y.S.2d 13, 143 N.E.2d 10 (1957); In re DeChiaro's Estate, 35 Misc.2d 485, 230 N.Y.S.2d 604 (1962); McGrath v. McGrath, 109 N.H. 312, 251 A.2d 336 (1969).*

Other decisions involved an issue that was actually litigated and determined, though the determination was based in whole or in part on stipulated facts. See, e.g., *Fairmont Aluminum Co. v. Commissioner, 222 F.2d 622 (4th Cir. 1955),* cert. denied, *350 U.S. 838, 76 S.Ct. 76, 100 L.Ed. 748 (1955),* reh. denied, *350 U.S. 905, 76 S.Ct. 177, 100 L.Ed. 795 (1955),* reh. denied, *352 U.S. 913, 77 S.Ct. 144, 1 L.Ed.2d 120 (1956); Township of Washington v. Gould, 39 N.J. 527, 189 A.2d 697 (1963).* And a stipulation or admission in the prior action may be treated as a binding admission of fact. See, e.g., *Moore v. Allied Chem. Co., 480 F.Supp. 377 (E.D.Va.1979).*

Many decisions lend support to the position taken in this Comment. See, e.g., *United States v. International Bldg. Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182 (1953),* reh. denied, *345 U.S. 978, 73 S.Ct. 1120, 97 L.Ed. 1392 (1953); Tutt v. Doby, 459 F.2d 1195, 1199-1200 (D.C.Cir. 1972)* (emphasizing summary character of first proceeding); *Kaspar Wire Works, Inc. v. Leco Eng. & Mach., Inc., 575 F.2d 530 (5th Cir. 1978); Seaboard Air Line R.R. v. George F. McCourt Trucking, Inc., 277 F.2d 593 (5th Cir. 1960); Henderson v. Snider Bros., Inc., 409 A.2d 1083 (D.C.App.1979); Burgess v. Consider H. Willett, Inc., 311 Ky. 745, 225 S.W.2d 315 (1949); Hentschel v. Smith, 278 Minn. 86, 153 N.W.2d 199 (1967); Gwynn v. Wilhelm, 226 Or. 606, 360 P.2d 312 (1961).* But see, e.g., *Palma v. Powers, 295 F.Supp. 924, 934-37 (N.D.Ill.1969); Macheras v. Syrmopoulos, 319 Mass. 485, 66 N.E.2d 351 (1946); Goldfarb v. Cranin, 35 Misc.2d 126, 229 N.Y.S.2d 43 (1962).*

One minor change from the first Restatement should be noted. It was there stated that if a fact put in issue in the pleadings is admitted by the adversary at trial, and in consequence no proof is offered, the question is "actually litigated" within the meaning of § 27. The present Comment states that an issue is not "actually litigated" if an admission is made by the adversary before evidence is introduced. See, e.g., *Sekaquaptewa v. McDonald, 575 F.2d 239 (9th Cir. 1978).*

The text of this Comment deals with an additional matter: A stipulation or consent judgment may have preclusive effect in a subsequent action if the parties have so agreed. See, e.g., *Green v. Ancora-Citronelle Corp., 577 F.2d 1380 (9th Cir. 1978); Harrison v. Bloomfield Bldg. Industries, Inc., 435 F.2d 1192, 1195 (6th Cir. 1970)* (consent judgment, followed by release of "all claims" by defendant, precludes defense of fraud in subsequent action on promissory note). In such a case the effect results not from the rule of this Section but from an agreement manifesting an intention to be bound. Asthe court in *Hentschel v. Smith, supra,* points out, however, such an intention should not readily be inferred.

*Comment f* is substantially the same as Comment *k* to § 68 in the first Restatement. A sentence has been added, however, stating that extrinsic evidence may be received to show that the record does not accurately reflect what issues, if any, were actually litigated. Cf. *Seaboard Air Line R.R. v. George F. McCourt Trucking, Inc., 277 F.2d 593 (5th Cir. 1960).* See also Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4420.

*Comment g* combines Comments *l* and *m* to § 68 in the first Restatement. Illustration 12 is the same as Illustration 5 to § 68 in the first Restatement.

In support of the first paragraph of this Comment, see e.g., *Glass v. United States Rubber Co., 382 F.2d 378 (10th Cir. 1967); Stout v. Pearson, 180 Cal.App.2d 211, 4 Cal.Rptr. 313 (1960); Illinois Cent. R.R. v. Parks, Ind.App. , 390 N.E.2d 1078 (1979); In re Breuer's Income Tax, 354 Mo. 578, 190 S.W.2d 248 (1945);* cf. *Larsen v. Larsen, 392 Pa. 609, 141 A.2d 353 (1958).*

In support of the second paragraph of this Comment, see e.g., *Dobbins v. Title Guar. & Trust Co., 22 Cal.2d 64, 136 P.2d 572 (1943); Wishnewsky v. Town of Saugus, 325 Mass. 191, 89 N.E.2d 783 (1950); Eidelberg v. Zellermayer, 5 A.D.2d 658, 174 N.Y.S.2d 300 (1958),* aff'd, *6 N.Y.2d 815, 188 N.Y.S.2d 204, 159 N.E.2d 691 (1959).*

*Comment h* is substantially the same as Comment *o* to § 68 in the first Restatement. Illustrations 13 and 14 are drawn from Illustrations 9 and 11 to § 68 in the first Restatement.

In support of this Comment, see, e.g., *Association of Bituminous Contractors, Inc. v. Andrus, 581 F.2d 853 (D.C.Cir.1978); Fibreboard Paper Prods. Corp. v. East Bay Union of Machinists, 344 F.2d 300 (9th Cir. 1965),* cert. denied, *382 U.S. 826, 86 S.Ct. 61, 15 L.Ed.2d 71 (1965); Paine & Williams Co. v. Baldwin Rubber Co., 113 F.2d 840 (6th Cir. 1940); Colditz v. Eastern Airlines, Inc., 329 F.Supp. 691 (S.D.N.Y.1971); Estate of Simmons, 64 Cal.2d 217, 49 Cal.Rptr. 369, 411 P.2d 97 (1966); Rudow v. Fogel, 376 Mass. 587, 382 N.E.2d 1046 (1978); Wilson v. Wilson, Mont. , 607 P.2d 539 (1980); Thal v. Krawitz, 365 Pa. 110, 73 A.2d 376 (1950).* Contra: *Malloy v. Trombley, 50 N.Y.2d 46, 427 N.Y.S.2d 969, 405 N.E.2d 213 (1980); Choctaw Nation v. United States, 135 F.Supp. 536 (Ct.Cl.1955),* cert. denied, *352 U.S. 825, 77 S.Ct. 36, 1 L.Ed.2d 48 (1956); Home Owners Fed. Sav. & Loan Ass'n v. Northwestern Fire & Marine Ins. Co., 354 Mass. 448, 455, 238 N.E.2d 55, 59 (1968).* In the last cited decision, a divided court modified its prior rule, as stated in *Cambria v. Jeffery, 307 Mass. 49, 29 N.E.2d 555 (1940),* and held that a finding "not strictly essential" may be relied upon if the issue underlying it was "treated as essential to the prior case by the court and the party to be bound." The decision may also rest, however, on the doctrine of preclusion of inconsistent positions.

*Comment i* takes a position contrary to that taken in Comment *n* to § 68 in the first Restatement. The cases on this question of the effect of alternative determinations are not numerous, and some are unclear in their rationale. *Halpern v. Schwartz, 426 F.2d 102 (2d Cir. 1970),* after fully canvassing the authorities, concludes that preclusion should not apply in such a case. Although the question is a close and difficult one, the reasoning of the court is highly persuasive and is adopted as the basis of this Comment and of the result in Illustration 15. See also Developments in the Law -- Res Judicata, *65 Harv.L.Rev. 818, 845 (1952).* As the *Halpern* case indicates, only a few decisions seem squarely inconsistent with this position. But see, e.g. *Malloy v. Trombley, 50 N.Y.2d 46, 427 N.Y.S.2d 969, 405 N.E.2d 213 (1980).* See also Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4421.

*Comment j* deals primarily with the matter dealt with in Comment *p* to § 68 in the first Restatement, as amended in 1948 in light of *Evergreens v. Nunan, 141 F.2d 927 (2d Cir. 1944).* The approach taken in the present Comment, however, is different. Instead of emphasizing the distinction between ultimate facts on the one hand and evidentiary facts or mediate data on the other, the present text states that the question should be whether the issue was actually recognized by the parties as important and by the adjudicator as necessary to the first judgment.

Illustration 17 was suggested by *Hinchey v. Sellers, 7 N.Y.2d 287, 197 N.Y.S.2d 129, 165 N.E.2d 156 (1959),* noted, *74 Harv.L.Rev. 421 (1960).* Illustration 18 was suggested by *Zabriskie v. Zoloto, 22 A.D.2d 620, 257 N.Y.S.2d 965 (1965).*

In both Illustrations 17 and 18, and the cases from which they were drawn, it could perhaps be argued that even under the ultimate-mediate distinction, preclusive effect could properly have been given to the first finding. But this suggests the inherent vagueness of the distinction and its difficulty of application. This difficulty has been recognized, and the distinction criticized by a number of commentators, e.g., Developments in the Law -- Res Judicata, *65 Harv.L.Rev. 818, 842-43 (1952);* James, Civil Procedure § 11.20 (1965); 1B Moore, Federal Practice para. 0.442[2] (2d ed. 1965); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4424; Rosenberg, Collateral Estoppel in New York, *44 St.Johns L.Rev. 165, 184-85 (1969),* Vestal, Preclusion/Res Judicata Variables: Nature of the Controversy, *1965 Wash.U.L.Q. 158, 175-77.* The formulation stated here is in accord with that suggested in several of these com-

mentaries, and relies especially on that put forward by the Harvard Law Review case note on Hinchey v. Sellers and by Professor James. It recognizes that the real dangers in attaching preclusive effect to subsidiary findings are (1) that such effect will be given to determinations of issues that were not seriously contested and may have been barely relevant and (2) that determinations may have wholly unforeseeable consequences. The first of these dangers is sought to be avoided by the text of Comment *j* and the second by Subsection (e) (ii) of § 28.

There are a number of decisions, including some that purport to rest on the ultimate-mediate distinction, that are more readily harmonized with the present formulation than with that in the first Restatement. See, e.g., *Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)* (criminal case); *Laughlin v. United States, 344 F.2d 187 (D.C.Cir. 1965)* (criminal case); *United States v. Kramer, 289 F.2d 909 (2d Cir. 1961)* (criminal case); *Paine & Williams Co. v. Baldwin Rubber Co., 113 F.2d 840, 842 (6th Cir. 1940)* (dictum); *Palma v. Powers, 295 F.Supp. 924, 933-34 (N.D.Ill.1969)* (civil action in which collateral estoppel effect is given to determination in prior criminal proceeding); *United States v. Cathcard, 70 F.Supp. 653 (D.Neb. 1946)* (semble); *Zabriskie v. Zoloto, supra; Hinchey v. Sellers, supra; Township of Brick v. Vannell, 55 N.J.Super. 583, 151 A.2d 404 (1959);* cf. *Hyman v. Regenstein, 258 F.2d 502, 510-11 (5th Cir. 1958)*, cert. denied, *359 U.S. 913, 79 S.Ct. 589, 3 L.Ed.2d 575 (1959)* (stressing the significance of foreseeability); *Farmington Dowel Prods Co. v. Forster Mfg. Co., Inc., 421 F.2d 61, 79 (1st Cir. 1969)* (in analyzing several Supreme Court decisions involving the "prima facie" effect of judgments under the Clayton Act, *15 U.S.C. § 16*(a), the court states: "[W]hen two adversaries concentrate in attempting to resolve an issue importantly involved in a litigation, there is no unfairness in considering that issue settled for all time between the parties and those in their shoes. But . . . it is unfair to close the door to issues which have not been on stage center, for there is no knowing what the white light of controversy would have revealed.") But see, e.g., *Yates v. United States, 354 U.S. 298, 335-38, 77 S.Ct. 1064, 1085-1087, 1 L.Ed.2d 1356, 1384-86 (1957); Grandview Dairy, Inc. v. Jones, 157 F.2d 5 (2d Cir. 1946)*, cert. denied, *329 U.S. 787, 67 S.Ct. 355, 91 L.Ed. 675 (1946)* (alternative ground); *Moore v. United States, 246 F.Supp. 19 (N.D.Miss.1965); Abeles v. Wurdack, 285 S.W.2d 544 (Mo.1955); Mazzilli v. Accident & Cas. Ins. Co., 26 N.J. 307, 139 A.2d 741 (1958)*, reversing, *45 N.J.Super. 137, 131 A. 2d 546 (1957); Turner v. Bragg, 117 Vt. 9, 83 A.2d 511 (1951); Paulos v. Janetakos, 46 N.M. 390, 129 P.2d 636 (1942).*

*Comments k*, *l*, and *m* are drawn from Comments *b*, *s*, *t*, and *u* to § 68 in the first Restatement, but special reference is made to the rule that a judgment not final for purposes of merger and bar may be final for purposes of issue preclusion. See § 13.

*Comment n* is drawn from Comment *r* to § 68 in the first Restatement, but has been modified to make clear that a judgment may preclude relitigation of an issue even though it does not preclude relitigation of the claim. See cases cited in Reporter's Note to § 20, Comment *b*.

*Comment o* is drawn from § 69 (1) in the first Restatement, and from Comments *a* and *b* to that Subsection. See *Ezagui v. Dow Chemical Corp., 598 F.2d 727 (2d Cir. 1979); Barrett v. Transformer Service, Inc., 374 Mass. 704, 374 N.E.2d 1325 (1978).* (The effect of a judgment on appeal resting on alternative determinations is to be contrasted with the effect of a judgment of a court of first instance resting on alternative determinations, discussed in Comment *i*.) This material, relating to the effect of a judgment on appeal, may be considered as an aspect of the general rule of issue preclusion, not requiring discussion in a separate section.

There are sometimes special statutory provisions that modify the rules stated in this Section. For example, § 5(a) of the Clayton Act, *15 U.S.C. § 16*(a) (1976), provides that certain final judgments or decrees in favor of the United States in antitrust cases "shall be prima facie evidence against . . . [the] defendant in any action or proceeding brought by any other party against such defendant [under the antitrust laws] . . . or by the United States, . . . as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto." For a statute significantly modifying the rules of res judicata in certain matters relating to bankruptcy, see § 524(a) of the Bankruptcy Code, *11 U.S.C. § 524*(a) (1979). Its predecessor, § 14f of the Bankruptcy Act, *11 U.S.C. § 32*(f) (1976), is discussed in Countryman, The New Dischargeability Law, *45 American Bankruptcy L. J. 1, 44-50 (1971).* See also, e.g., New York City Civil Court Act,Ch. 693, § 157, 1962 N.Y.Laws 3241 (judgment obtained in small claims court, "may be pleaded as res adjudicata only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court").

**CROSS REFERENCES:** ALR Annotations:

Construction and application of Uniform Foreign Money-Judgments Recognition Act. *100 A.L.R.3d 792.*

Modern views of state courts as to whether consent judgment is entitled to res judicata or collateral estoppel effect. *91 A.L.R.3d 1170.*
Effect, in subsequent proceedings, of paternity findings or implications in divorce or annulment decree or in support or custody order made incidental thereto. *78 A.L.R.3d 846.*
Res judicata or collateral estoppel effect, in state where real property is located, of foreign decree dealing with such property. *32 A.L.R.3d 1330.*
Divorce or separation decree as res judicata or estoppel, or as evidence, in alienation of affections or criminal conversation action. *96 A.L.R.2d 903.*
Judgment in bastardy proceeding as conclusive of issues in subsequent bastardy proceeding. *37 A.L.R.2d 836.*
Judgment denying validity of will because of undue influence, lack of mental capacity, or the like, as res judicata as to validity of another will, deed, or other instrument. *25 A.L.R.2d 657.*
Judgment in action growing out of accident as res judicata, as to negligence or contributory negligence, in later action growing out of same accident by or against one not a party to earlier action. *23 A.L.R.2d 710.*
Default decree in divorce action as estoppel or res judicata with respect of marital property rights. *22 A.L.R.2d 724.*
Conviction or acquittal as evidence of the facts on which it was based in civil action. *18 A.L.R.2d 1287.*
Outstanding acquiescence by commissioner of Internal Revenue in earlier tax court decision as bar to assessment of tax in contravention of rule stated therein. *42 A.L.R.Fed. 745.*
Effect of prior state agency adjudication upon court action for unlawful employment practices under § 706 of the Civil Rights Act of 1964 *(42 U.S.C. § 2000e-5). 20 A.L.R.Fed. 963.*

Digest System Key Numbers:

Judgment 634 et seq., 660 1/2, 713(2), 720, 723-728

**Legal Topics:**

For related research and practice materials, see the following legal topics:
Civil ProcedureJudgmentsPreclusion & Effect of JudgmentsEstoppelCollateral Estoppel