IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AVOCENT REDMOND CORP., Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | No. 08-69C |
| Defendant, | ) | Judge Lawrence S. Margolis |
| and | ) | |
| ROSE ELECTRONICS, Proposed Defendant-Intervenor. | ) | |

DEFENDANT'S OPPOSITION TO AVOCENT REDMOND'S AMENDED MOTION TO STRIKE, AND DEFENDANT'S REPLY TO AVOCENT REDMOND'S OPPOSITION TO ROSE'S CROSS-MOTION FOR A PROTECTIVE ORDER

Defendant, the United States, hereby opposes Plaintiff's Amended Motion to Strike, and replies to Plaintiff's Amended Opposition to Rose's Cross Motion for a Protective Order, filed July 1, 2008.

## DISCUSSION

### A. ROSE HAS STANDING TO INTERVENE AND FILE AN OPPOSITION TO PLAINTIFF'S MOTION

In Plaintiff's Amended Brief at page 1, it is asserted that "Rose has no standing to file an opposition/cross-motion on the issue of the appropriate protective order." This is not correct. As stated at page 5 of Defendant's Response to Plaintiff's Original Motion, filed June 20, 2008, a trade secret owner's interest in protecting its business secrets, alone, is sufficient to allow

intervention under RCFC 24(a)(2). *Formulabs, Inc. v. Hartley Pen Co.*, 275 F.2d 52, 65 (9th Cir. 1960), *cert. denied*, 363 U.S. 830 (1960); *Northrop Grumman Information Technology, Inc. v. United States*, 74 Fed. Cl. 407, 408-09 (2006); *Armour of America v. United States*, 70 Fed. Cl. 240, 242 (2006).

Moreover, under RCFC 24(a)(2), a party may intervene “if the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.” Because of the nature of the supply schedule procurements, defendant is in no position to speak to, or to represent, Rose’s interest in Rose’s trade secrets. Thus, in view of Rose’s application to intervene, and in view of Rose’s interest in its trade secrets, under RCFC 24(a)(2), Rose must be allowed to intervene and represent its interest in its trade secrets before any motion relating to its trade secrets is acted upon. This is sufficient to give Rose standing. Therefore, the motion to strike Rose’s filings should be denied.

B. PLAINTIFF ITSELF SEEKS MULTIPLE LITIGATION

Defendant takes further issue with the assertion at page 17 of Plaintiff’s Amended Brief, which concludes: “Rose has no one to blame but itself for the multiple litigations.” There is sufficient responsibility on both sides for the proposed multiple litigations in this case. Defendant understands the need for plaintiff to file the present action in order to prevent the statute of limitations from lapsing in the case of the government sales, and has offered no criticism of plaintiff’s doing so.

However, as stated at pp. 3-4 of the Joint Preliminary Status Report (JPSR), filed on June 5, 2008, plaintiff intends in the present action to litigate mostly the same issues that are currently under consideration in the United States District Court for the Western District of Washington and in the United States Patent and Trademark Office (PTO). The Washington court has already considered the need for a stay pending the reexamination proceedings in the PTO, and it ruled in favor of such a stay. *See*, Washington Court Docket Entry No. 177, Exh. 3 to Plt. Amended Brief, p. 71-72 of Document 26-2, filed July 1, 2008. Thus, the proposed multiple litigation in this case can largely be attributed to plaintiff.

In the present cross motions, beyond advising the court that the law mandates Rose's entitlement to intervene, defendant has taken no position on the merits of the present protective order dispute. However, defendant expects to request the court to defer proceedings, for the reasons already set forth at pp. 4-6 of the JPSR, and in view of the implicit desire suggested in Plaintiff's Amended Brief at page 20, to avoid multiple litigations ("The Court can help Rose save money by denying its motion to intervene …").

## C. BECAUSE PLAINTIFF FAILED TO COMPLY WITH RCFC 26(c), IT SHOULD NOT BE AWARDED COSTS OR ATTORNEYS FEES

Finally, in view of plaintiff's failure to comply with the RCFC 26(c) requirement to, in good faith, confer or attempt to confer with Rose in an effort to resolve the dispute without court action, before filing its motion, the defendant submits that costs and attorneys fees in favor of plaintiff are not appropriate. Furthermore, Rose has a right to intervene when its trade secrets are involved. For that reason, too, costs and attorneys fees in favor of plaintiff are not appropriate.

CONCLUSION

For the reasons set forth above, and for the reasons set forth in defendant's response to Plaintiff's Motion for Entry of a Protective Order, the motion to strike Rose's filings should be denied.

Defendant does not object to those portions of the plaintiff's proposed protective order other than Paragraph 7.b. As for Paragraph 7.b, defendant defers to the sound judgment of the court, after it hears Rose's objections. Defendant suggests delaying entry of any protective order until the Paragraph 7.b dispute is resolved.

Finally, for the reasons set forth above, costs and attorneys fees in favor of plaintiff are not appropriate.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JOHN FARGO
Director

s/Robert G. Hilton
ROBERT G. HILTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0346
Telefax: (202) 307-0345

July 3, 2008