**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant,<br>and<br>ROSE ELECTRONICS, a Texas general partnership,<br>Defendant-Intervenor. | No. 08-69C<br>Judge Lawrence S. Margolis |

**AVOCENT REDMOND'S MOTION TO FILE A SUR-REPLY TO ROSE'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR A PROTECTIVE ORDER**

Plaintiff Avocent Redmond Corp. ("Avocent") moves the Court to allow it to file a sur-reply to Defendant-Intervenor Rose Electronics' ("Rose's") reply in support of its cross-motion for a protective order. Because Rose's reply (Docket No. 30) contains arguments not asserted in its cross-motion for a protective order (Dkt. No. 24), Avocent did not have the opportunity to address those arguments in its opposition. Avocent's proposed sur-reply is attached hereto as Exhibit 1.

Rose's reply contains the following new arguments. First, Rose argues that collateral estoppel does not apply because: (1) Judge Pechman's order refusing to include a "prosecution bar" provision in the Seattle action protective order was an interlocutory and unappealable ruling; and (2) because no judgment was entered in the Seattle action. (*See* Dkt. No. 30, p. 2). Rose's new argument mischaracterizes the correct legal standards for application of collateral estoppel.

Second, Rose argues that the "prosecution bar" it seeks is more necessary than ever because Avocent has asked Judge Pechman to modify the Seattle protective order to allow Avocent to submit evidence of commercial success to the U.S. Patent & Trademark Office ("PTO"). Rose's June 23, 2008 opening memorandum failed to raise this point even though Avocent had filed the motion to modify Judge Pechman's protective order *four days earlier* on June 19, 2008. (*Compare* filing date of Dkt. No. 24 *with* original filing date of Exhibit 1 to Casagrande Declaration).

Third, Rose argues that 35 U.S.C. § 120 allows Avocent to write (or re-write) patent claims to cover Rose's "later-developed technology." Rose, however, never argued that the limitations, or the lack thereof, in §120 allows Avocent to patent Rose's later-developed technology.

A proposed order granting the present motion is filed herewith.

DATED this 16th day of July, 2008.

Respectfully submitted,

PLAINTIFF AVOCENT REDMOND CORP.,
by and through its Attorneys

s/James D. Berquist

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

/s/ Donald L. Jackson________________
Donald L. Jackson