**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant,<br>and<br>ROSE ELECTRONICS, a Texas general partnership,<br>Defendant-Intervenor. | No. 08-69C<br>Judge Lawrence S. Margolis |

**AVOCENT REDMOND'S SUR-REPLY TO ROSE'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR A PROTECTIVE ORDER**

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

Defendant-Intervenor Rose Electronics ("Rose") makes three new arguments in its reply in support of its cross-motion for a protective order. First, Rose argues that 35 U.S.C. § 120 allows Plaintiff Avocent Redmond Corp. ("Avocent") to write (or re-write) patent claims to cover Rose's "later-developed technology." By labeling the information as Rose's technology, Rose is seeking to perpetuate the logical flaw at the core of all decisions that have implemented the "prosecution bar" Rose seeks here. *E.g.*, *Motorola, Inc. v. Interdigital Tech. Corp.*, 1994 U.S. Dist. LEXIS 20714 (D. Del. 1994). If Avocent can draft a valid patent claim from an earlier application that covers Rose's products, that patent claim is *Avocent's* technology – *not* Rose's "later-developed technology." That is the reason Avocent sued Rose to begin with – Rose is illegally using *Avocent's* patented technology. If Avocent's later-issued claims from an earlier-filed application also cover Rose's products, those claims prove the degree to which Rose is illegally profiting from Avocent's technology.

The Patent Act, through 35 U.S.C. §§ 120 and 112, very clearly requires that any claim that issues from a continuation patent application must be fully described, and enabled, by the original patent application. Thus, any claims that issue from Avocent's continuation application currently pending in the PTO must be fully supported and described *in the original patent application that Avocent filed in August 1995, years before Rose introduced its first infringing product*. The same is true for the reexamination proceedings. The claims that are "confirmed" by the PTO in the reexamination proceedings (whether modified or not) must be fully supported and described in Avocent's August 1995 patent application. If they are confirmed, they are Avocent's technology, not Rose's.

Second, Rose argues that collateral estoppel does not apply because: (1) Judge Pechman's order refusing to include a "prosecution bar" provision in the Seattle action protective

order was an interlocutory and unappealable ruling; and (2) because no judgment was entered in the Seattle action. (*See* Dkt. No. 30, p. 2). Rose's argument confuses the issue by purportedly identifying two reasons why collateral estoppel does not apply. But contrary to Rose's argument, the grounds Rose identifies are not separate elements of collateral estoppel. They are both encompassed within the final "judgment" element. *See In re Trans Texas Holdings Corp.*, 498 F.3d 1290, 1297 (Fed. Cir. 2007) (listing elements of collateral estoppel). For collateral estoppel to apply, Judge Pechman's "judgment" must be "sufficiently firm to be accorded conclusive effect." *Restatement (Second) of Judgments § 13* (Exh. 5); *RF Delaware, Inc. v. Pacific Keystone Techs., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003) (cited by Rose); *Luben Indus., Inc. v. United States*, 707 F.2d 1037, (9th Cir. 1983) (cited by Rose).

Judge Pechman's ruling on the "prosecution bar" issue was as final as such a ruling can be. Once entered, Rose produced its proprietary information to Avocent's counsel *under that protective order*. According to Rose, at that point, it became impossible for Avocent's counsel to "forget" Rose's information. (*See* Dkt. No. 30, p. 5). Thus, Rose's argument, that Judge Pechman's ruling is non-final and interlocutory (and thus subject to revision), contradicts its position that Avocent's counsel cannot divest themselves of the proprietary information produced by Rose. As a practical matter, that order became final as soon as Rose produced its proprietary information to Avocent. Rose's attempt to prevent that same proprietary information from being disclosed under the protective order in this case is an exercise in futility.[1]

Rose cites several cases for the proposition that an interlocutory order cannot give rise to collateral estoppel. (*See* Dkt. No. 30, pp. 2-3). But this proposition begs the real question: Is Judge Pechman's protective order ruling "sufficiently firm to be accorded conclusive effect?"

---

[1] If the Court adopts Rose's "prosecution bar" here, the result will be inconsistent protective orders that are sure to create further disputes among the parties.

Since it was the final word on that issue, it was "sufficiently firm" and can be the basis of collateral estoppel. In the cases cited by Rose, the rulings at issue were such things as claim construction rulings, partial summary judgment rulings, and true "interlocutory rulings" that necessarily can be modified prior to the end of the case. *See RF Delaware*, 326 F.3d at 1260-62 (partial summary judgment orders were not "sufficiently firm to have preclusive effect."); *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 (5th Cir. 1986) (no preclusion because district court had power to revise partial summary judgment order); *Yachts America, Inc. v. United States*; 230 Ct. Cl. 26, 35-36 (Ct. Cl. 1982) (interlocutory ruling was contrary to consent decree, and thus, no collateral estoppel effect); *Luben Indus.*, 707 F.2d at 1040 (interlocutory ruling was "subject to free revision by the court"). No one can modify the effect of Judge Pechman' order – the horse is already out of the barn.

Third, Rose asserts that a "prosecution bar" is even more necessary because Avocent asked Judge Pechman to modify the Seattle protective order to allow Avocent to submit evidence of commercial success to the U.S. Patent & Trademark Office ("PTO"). (*See* Dkt. No. 30, pp. 4-5). This argument is a red herring. Regardless of whether this Court issues a "prosecution bar," Avocent's counsel – whoever that is – would seek to modify Judge Pechman's protective order on behalf of Avocent to allow the evidence developed in that case to be submitted to the PTO. Rose's and the other defendants' sales of the accused products demonstrate the commercial success of Avocent's inventions. Avocent's lawsuit is founded on the fact that Rose and the other defendants are selling large amounts of Avocent's patented technology. It is only common sense for Avocent to seek to use that information in the PTO where the PTO is supposedly assessing whether Avocent's patents are valid.

DATED this 16th day of July, 2008.

Respectfully submitted,

PLAINTIFF AVOCENT REDMOND CORP.,
by and through its Attorneys

s/James D. Berquist

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

/s/ Donald L. Jackson_________________
Donald L. Jackson