**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant,<br>and<br>ROSE ELECTRONICS, a Texas general partnership,<br>Defendant-Intervenor. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

**AVOCENT REDMOND'S MOTION TO STRIKE ROSE'S ANSWER AND DEFENSES**

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

# TABLE OF CONTENTS

I. Synopsis ........................................................ 1

II. Statement of the Case ........................................................ 1

III. Argument ........................................................ 2

A. Rose's "First Additional Defense" is Improper because Avocent has not asserted, and cannot assert, that Rose Infringes ........................................................ 3

B. Rose's Seventh Additional Defense Under 28 U.S.C. § 1500 Should Be Stricken ........................................................ 4

C. Rose Improperly Included a "Reservation of Rights" in Its Answer ........................................................ 4

D. Rose's Prayer Should Be Stricken Because Rose Cannot Seek an Affirmative Judgment ........................................................ 5

IV. Conclusion ........................................................ 5

# TABLE OF AUTHORITIES

## CASES

*Bowser, Inc. v. United States*,
190 Ct. Cl. 441 (Ct. Cl. 1970)....2

*Catalina Marketing Int'l, Inc. v. Coolsavings.com, Inc.*,
2003 U.S. Dist. LEXIS 11487 (N.D. Ill. 2003) ....5

*Frantz Equipment Co. v. United States*,
120 Ct. Cl. 312 (Ct. Cl. 1951)....4

*Lemelson v. United States*,
8 Cl. Ct. 789 (Cl. Ct. 1985)....2, 3, 5

*Oliver-Finnie Co. v. United States*,
133 Ct. Cl. 555 (Ct. Cl. 1956)....2

*Spring Investments v. The Chicago Corp.*,
1989 U.S. Dist. LEXIS 4569 (N.D. Ill. 1989) ....5

*Sun Shipbuilding & Dry Dock Co. v. United States*,
204 Ct. Cl. 915 (Ct. Cl. 1974)....2, 5

*United States v. King*,
395 U.S. 1 (1968)....2

*United States v. Sherwood*,
312 U.S. 584 (1941)....2

## STATUTES

28 U.S.C. § 1498....1, 3, 4

28 U.S.C. § 1500....1, 3, 4

41 U.S.C. § 114(b) ....1, 2

## RULES

RCFC 12(f) ....1

## I. SYNOPSIS

Plaintiff Avocent Redmond Corp. ("Avocent") moves the Court for an order striking the proposed Answer and Defenses lodged by defendant-intervenor Rose Electronics ("Rose") on May 12, 2008. On July 10, 2008, this Court granted Rose's motion to intervene, and thus Rose's Answer and Defenses were effectively filed on that date. Avocent brings this motion pursuant to RCFC 12(f) and the subject matter jurisdictional limitations imposed by 41 U.S.C. § 114(b).

Rose's "Answer and Defenses" should be stricken because it: (1) includes affirmative requests for relief, including declaratory and monetary relief, contrary to the subject matter jurisdictional limitations imposed by 41 U.S.C. § 114(b); (2) asserts a defense under 28 U.S.C. § 1500 on behalf of Rose that is a defense available only to the United States or those acting under the authority of the United States; (3) asserts a defense that Rose has not infringed when Avocent has not accused Rose of infringement in this case; and (4) includes a "reservation of rights" which is an improper pleading.

## II. STATEMENT OF THE CASE

In November 2006, Avocent sued Rose and other defendants for infringement of three of the patents-in-suit here in the U.S. District Court for the Western District of Washington, Civil Action No. 2:06-cv-01711-MJP ("the Seattle action"). In the Seattle action, Rose asserted 28 U.S.C. § 1498 as an affirmative defense to limit Avocent's ability to recover damages against Rose and its two general partners. On October 30, 2007, the Seattle action was stayed pending resolution of reexamination requests filed by Rose. Avocent has now moved to lift the stay in the Seattle action, and that motion is ripe for consideration by Judge Pechman. (*See* Declaration of Donald L. Jackson in Support of Avocent's Motion to Strike filed herewith, Exhibits 1 and 2).

On January 31, 2008, Avocent filed this action against defendant, the United States, pursuant to 28 U.S.C. § 1498 for unauthorized use of Avocent's patented inventions. (Dkt. No.

1). After being notified of this action pursuant to 41 U.S.C. § 114(b), Rose filed an "Answer and Defenses" on May 12, 2008. (Dkt. No. 12). Rose also filed a motion to intervene on that same date. (Dkt. No. 13). On July 10, 2008, this Court granted Rose's motion to intervene, and thus, Rose was granted party status. (Dkt. No. 29).

## III. ARGUMENT

This court is a limited, subject matter jurisdiction court. *Lemelson v. United States,* 8 Cl. Ct. 789, 790 (Cl. Ct. 1985) ("It is a settled proposition that the Claims Court's jurisdiction to grant relief 'depends wholly upon the extent to which the United States has waived its sovereign immunity to suit and that such a waiver cannot be implied by must be unequivocally expressed.'") (*quoting United States v. King*, 395 U.S. 1, 4 (1968)). A third-party defendant allowed to intervene in an action is limited to "assist[ing] the United States in the defense of the case, or it may offer additional evidence on its own behalf and advance such legal contentions as it deems appropriate in the protection of its interest." *Bowser, Inc. v. United States*, 190 Ct. Cl. 441, 445-46 (Ct. Cl. 1970). "Although a noticed third party may present any *defense* to plaintiff's claims it wishes, it 'is not entitled to seek any affirmative judgment, either monetary or declaratory, against the plaintiff.'" *Lemelson,* 8 Cl. Ct. at 791 (emphasis in original) (*quoting Sun Shipbuilding & Dry Dock Co. v. United States*, 204 Ct. Cl. 915, 916 (Ct. Cl. 1974). "It is clear that this court has never had jurisdiction to decide a controversy between private parties." *Lemelson,* 8 Cl. Ct. at 791 (*citing United States v. Sherwood*, 312 U.S. 584, 588 (1941)); *see also Oliver-Finnie Co. v. United States*, 133 Ct. Cl. 555, 557 (Ct. Cl. 1956) ("We are of the opinion that the third party practice authorized in this court by the above statute [*i.e.*, 41 U.S.C. § 114(b)] is limited to those situations where any interest which the would-be third parties may have against the Government or the Government against them is derived through the contract or claim upon which the plaintiff instituted suit.").

There are four portions of Rose's Answer and Defenses that are the subject of the present motion. Specifically, in Rose's First Additional Defense, Rose alleges that Rose – *not* the United States – has not infringed and of the patents-in-suit. (Dkt. No. 12, p. 5). Second, Rose's Seventh Additional Defense asserts that this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1500. (Dkt. No. 12, p. 6). Third, Rose has included a "reservation of rights" section in its answer that purports to reserve Rose's ability to assert unspecified defenses. (Dkt. No. 12, p. 6). Finally, the entirety of Rose's "prayer for relief" affirmatively seeks a judgment, both monetary and declaratory.

### A. Rose's "First Additional Defense" is Improper because Avocent has not asserted, and cannot assert, that Rose Infringes

Avocent brought this action against the United States pursuant to 28 U.S.C. § 1498. As such, all of Avocent's allegations are against the United States and the products the United States purchased that allegedly infringe Avocent's patents-in-suit. (*See* Dkt. No. 1). Avocent did not, and could not, sue Rose for infringement of any of the patents-in-suit here.

Yet, Rose's First Additional Defense states that "[n]either the accused products nor Rose have infringed or infringe any of the asserted claims … ." (Dkt. No. 12, p. 5). Rose cannot assert a defense that it does not infringe Avocent's patents. Such a defense would have to be premised on an assertion by Avocent that Rose infringes. Avocent has made no such assertion here. Thus, this Court lacks subject matter jurisdiction to adjudicate Rose's defense that it has not infringed Avocent's patents. *See Lemelson*, 8 Cl. Ct. at 791 ("It is clear that this court has never had jurisdiction to decide a controversy between private parties."). This defense is improper and should be stricken.

**B. Rose's Seventh Additional Defense Under 28 U.S.C. § 1500 Should Be Stricken**

Rose's "Seventh Additional Defense" asserts that "[t]his court is without subject matter jurisdiction to adjudicate plaintiff's claims due to the provisions of 28 U.S.C. § 1500." Section 1500, however, has no application here. The purpose of section 1500 is "to prohibit the filing and prosecution of the same claims against the United States in two courts at the same time." *Frantz Equipment Co. v. United States*, 120 Ct. Cl. 312, 314 (Ct. Cl. 1951) (emphasis added). The only other case involving the same patents-in-suit here is the Seattle action. But neither the United States nor anyone acting or professing to act under the authority of the United States is a party to the Seattle action. The only parties to the Seattle action are private (*i.e.*, non-governmental) companies and Rose's two general partners.

Moreover, the products at issue in the Seattle action specifically exclude the products at issue in this case. When Rose asserted 28 U.S.C. § 1498 in the Seattle action, all sales of accused products to the United States were excluded from that action. On the other hand, the only products at issue in this case are the accused products sold to the United States that were excluded from the Seattle action by virtue of Rose's § 1498 defense. Thus, there is zero overlap in the specific products at issue in the two actions. Consequently, the "same claims" are not involved in this Court and the Seattle action. Rose's § 1500 defense is improper and should be stricken.

**C. Rose Improperly Included a "Reservation of Rights" in Its Answer**

Rose's Answer and Defenses includes a section titled "Reservation of Rights" in which Rose purports to reserve "the right to rely upon … other additional defenses" not asserted in the answer, and to "reserve the right to supplement or amend its answer and/or its defenses, and to assert counterclaims." This "reservation of rights" section is an improper pleading and should be

stricken. *See Catalina Marketing Int'l, Inc. v. Coolsavings.com, Inc*., 2003 U.S. Dist. LEXIS 11487, *7-8 (N.D. Ill. 2003) ("Catalina seeks to strike Coolsavings' sixth affirmative defense, which states that Coolsavings reserves the right to raise additional affirmative defenses as it becomes aware of additional information. This is an improper affirmative defense. It is not listed in Rule 8(c) as an affirmative defense; and, pursuant to Rule 15(a), only the court may grant leave to amend pleadings."); *Spring Investments v. The Chicago Corp*., 1989 U.S. Dist. LEXIS 4569, *2 (N.D. Ill. 1989) ("Under the heading 'Defenses,' Wilkinson purports to reserve the right to raise any defense that 'may come to light as a result of discovery.' That is both unnecessary and improper pleading.").

### D. Rose's Prayer Should Be Stricken Because Rose Cannot Seek an Affirmative Judgment

Rose's "prayer for relief" requests "a judgment in its favor providing the following relief" including: (1) a dismissal with prejudice, (2) a judgment that Rose does not infringe and that the patents are invalid and unenforceable, (3) a finding of an exceptional case and that Rose be awarded its costs and attorneys' fees, and (4) all other relief to which Rose is entitled. (Dkt. No. 12, p. 6). The entire prayer is improper and should be stricken.

Rose is a third party defendant, and thus, cannot "seek any affirmative judgment, either monetary or declaratory, against the plaintiff" Avocent. *Lemelson*, 8 Cl. Ct. at 791; *Sun Shipbuilding*, 204 Ct. Cl. at 916 (holding that a third party's affirmative relief against the plaintiff "is in any event not available here."). Thus, Rose's prayer for a judgment should be stricken in its entirety.

## IV. CONCLUSION

Avocent asks the Court to strike Rose's Answer and Defenses because it contains several improper defenses, requests, and reservations. Alternatively, Avocent asks the Court to strike

those specific portions of Rose's Answer and Defenses that are contrary to law as described above.

DATED this 18th day of July, 2008.

Respectfully submitted,

PLAINTIFF AVOCENT REDMOND CORP.,
by and through its Attorneys

s/James D. Berquist

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

/s/ Donald L. Jackson________________
Donald L. Jackson