IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AVOCENT REDMOND CORP., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | No. 08-69C |
| Defendant, | ) | Judge Lawrence S. Margolis |
| and | ) | |
| ROSE ELECTRONICS, | ) | |
| Defendant-Intervenor. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF AVOCENT REDMOND'S MOTION TO STRIKE ROSE'S ANSWER AND DEFENSES

Defendant, the United States, hereby opposes plaintiff's motion to strike Defendant-Intervenor Rose's entire Answer or, alternatively, to strike four portions of Rose's Answer, namely Rose's First Additional Defense, Rose's Seventh Additional Defense, Rose's Reservation of Rights, and Rose's entire Prayer for Relief.

## I. STATEMENT OF FACTS

In this lawsuit, Plaintiff seeks compensation for the alleged unauthorized use or manufacture by or for the United States of certain Keyboard Video Mouse (KVM) switching devices. KVM switching devices allow one computer workstation to control multiple computers. These uses and manufactures are alleged to infringe several claims in plaintiff's

United States Patent Nos. 5,884,096 (the '096 patent); 6,112,264 (the '264 patent); 6,345,323 (the '323 patent); and 7,113,978 (the '978 patent).

Paragraph 6 of the Complaint asserts that the Defendant United States has ordered accused KVM switches against GSA Supply Schedule Contract GS-35F-0345J, March 30, 1999 (the supply schedule contract), issued to Intervenor Rose Electronics. Clause C.1(h), page 22, of the supply schedule contract is a patent indemnity clause, which states that:

> [t]he Contractor shall indemnify the Government and its officers, employees and agents against liability, including costs, for actual or alleged direct or contributory infringement of, or inducement to infringe, any United States or foreign patent, trademark or copyright, arising out of the performance of this contract, provided the Contractor is reasonably notified of such claims and proceedings.

(Exh. 1, Clause C.1[h], appended to Def. Mot. To Notice Rose, filed Mar. 11, 2008) Based on this patent indemnity clause, a judgment against the Government adversely affects Rose as an indemnitor.

Federal Supply Schedule Contracts are used to obtain "commercial items," as defined by 48 C.F.R. (FAR) § 2.101. 48 C.F.R. (FAR) § 538.271. Section 2.101 generally defines "commercial items" as items which are sold, leased, licensed, or offered to the general public, and items which are readily derived from those which are sold, leased, licensed, or offered to the general public. Indeed, the Complaint further alleges that, under the supply schedule contract, defendant has purchased "products" that plaintiff has accused of infringement in *Avocent Redmond Corp. v. Rose Electronics*, No. C06-1711-MJP (W.D. Washington) (the Washington case). The present action seeks compensation for sales of those items within these accused product lines which are excluded from the Washington case under 28 U.S.C. § 1498(a) because they were sold to the United States under the supply schedule contract.

Paragraph 6 of the Complaint uses the term "product" to describe a quantity of identical items sold to a multiplicity of purchasers, rather than to describe a single unit. ("Those products include Rose's Ultra View, …") And in Paragraph 4(h) of the Joint Preliminary Status Report, filed June 5, 2008, plaintiff again uses the term "product" to describe a quantity of identical items sold to a multiplicity of purchasers. Thus, according to the vernacular of this case, a single "product" can be sold to both the government and a non-government purchaser; however, a single item could not be sold to two separate purchasers.

Notwithstanding plaintiff's previous statements, the present motion at page 4, asserts that "the *products* at issue in the Seattle action specifically exclude the *products* at issue in this case." (emphasis added) Given the definition of "product" used in the Complaint, that statement is not true. It is correct that the *items* at issue in the Seattle action specifically exclude the *items* at issue in this case. (emphasis added) However, because the Federal Supply Schedule Contracts are limited to "commercial items" that are also sold to non-government purchasers, the "products" at issue in the two cases are identical. Because the "products" in the two cases are identical, nearly all of the legal and factual issues in the two cases are also identical.

Rose's Answer, among other things, asserts the following four matters:

> <u>First Additional Defense</u>: Neither the accused products nor Rose have infringed or infringe any of the accused claims of the patents-in-suit, either directly, indirectly, literally, or under the doctrine of equivalents.
>
> <u>Seventh Additional Defense</u>: This court is without subject matter jurisdiction to adjudicate plaintiff's claims due to the provisions of 28 U.S.C. § 1500.
>
> <u>RESERVATION OF RIGHTS</u>: Discovery in this case has yet to begin, and Rose's investigation of its defenses is continuing. Therefore, Rose reserves the right to rely upon such other additional defenses as may become available or apparent during discovery and reserve[s] the right to supplement or amend its answer and/or its defenses, and to assert counterclaims.

> PRAYER FOR RELIEF: WHEREFORE, Rose requests a judgment in its favor providing the following relief:
>
> A. That plaintiff take nothing by way of its complaint and that its claims be dismissed with prejudice;
>
> B. Judgement in favor of Rose that the claims of the '096, '264, '323, and '978 patents are invalid and unenforceable and that Rose has not infringed, contributed to the infringement of, or induced infringement of the '096, '264, '323, and '978 patents and is not currently infringing, contributing to the infringement of, or inducing infringement of the '096, '264, '323, and '978 patents;
>
> C. That the Court find this to be an exceptional case and that Rose be awarded its costs and reasonable attorneys' fees incurred in having to defend against this action pursuant to 35 U.S.C. § 285 and as otherwise allowed; and
>
> D. That Rose be granted all other relief to which it is justly entitled.

Neither Rose's Reservation of Rights nor Rose's Prayer for Relief is listed under its "Additional Defenses."

Although the present motion requests to strike Rose's entire Answer, the substance of the supporting argument addresses only those four provisions. Plt. Brf. at page 3.

## II. DISCUSSION

RCFC 12(f) provides:

> **Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial impertinent, or scandalous matter.

Plaintiff's motion generally argues that a defendant-intervenor "may present any *defense* to plaintiff's claims it wishes, [but] it 'is not entitled to seek any affirmative judgment, either monetary or declaratory, against the plaintiff.'" *Lemelson v. United States*, 8 Cl. Ct. 789, 790

(1985) (emphasis in original), quoting, *Sun Shipbuilding & Dry Dock Co. v. United States*, 204 Ct. Cl. 915, 916 (1974). Plaintiff admits that defendant-intervenor "practice authorized by [41 U.S.C. § 114(b)] is limited to those situations where any interest which [defendant-intervenor] may have against the Government or the Government against them is derived through the contract or claim upon which the plaintiff instituted suit." *Oliver-Finnie Co. v. United States*, 157 F. Supp. 719, 720-21, 133 Ct. Cl. 555, 557 (1956). Plt. Brf. at page 2. Thus, plaintiff properly concedes at the outset that Rose may assert any issue or defense if it may affect Rose's liability under the above-quoted patent indemnity clause of the supply schedule contract.

A. Rose's First Additional Defense is Proper

Plaintiff's objection to Rose's First Additional Defense is the inclusion of the phrase "nor Rose" within the phrase "Neither the accused products nor Rose have infringed or infringe …" in Rose's Answer. Plt. Brf. at page 3.

Plaintiff's objection is not well taken. In the courts, references to a government contractor's "infringing" a patent is construed to mean that the government is taking a license under that patent under 28 U.S.C. § 1498(a) by authorizing, or consenting to, that contractor('s) manufacture or use of the patented invention. *Richmond Screw Anchor Co. v. United States*, 275 U.S. 331, 346 (1928); *Decca, Ltd. v. United States*, 640 F.2d 1156, 1166-67 (Ct. Cl. 1980), *cert. denied*, 454 U.S. 819 (1981). In *Richmond Screw Anchor*, 275 U.S. at 346 the Court stated:

> [S]ection 3477 does not apply to the assignment of a claim against the United States which is created by the [Patent] Act of 1918 in so far as the Act deprives the owner of the patent of a remedy against the infringing private contractor for infringements thereof and makes the Government indemnitor for its manufacturer or contractor in his infringements.

In *Decca*, the court reiterated that the government's infringement of a patent is not a tortious act but, rather, the taking of a license under the patent pursuant to 28 U.S.C. § 1498(a). The court then stated:

> Moreover, a contractor engaging in patent-infringing manufacture or use pursuant to an authorization thereof contained in a procurement contract with the Government cannot be enjoined from its patent-infringing activity.

*Decca*, 640 F.2d at 1166-67. In both cases, the courts referred to a government contractor's "infringing" a patent to signify that contractor's manufacture or use of a patented invention for the government and with the authorization or consent of the government. Rose's First Additional Defense uses the same language.

Rose's First Additional Defense is not insufficient, redundant, immaterial impertinent, or scandalous. It should *not* be stricken. RCFC 12(f).

B. Rose's Seventh Additional Defense is a Permissible Alternative Defense

Rose's Seventh Additional Defense asserts that the court is without subject matter jurisdiction to adjudicate plaintiff's claims due to the provisions of 28 U.S.C. § 1500. Section 1500 states:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under authority of the United States.

Plaintiff alleges that Rose is not "professing to act under the authority of the United States" in the Washington case, and that the "products" at issue in the present case have been excluded from the Washington case. Plt. Brf. at page 4.

In fact, Rose *does profess* to have acted under the authority of the United States by raising its 28 U.S.C. § 1498(a) defense in the Washington case. Furthermore, as stated above, the "products" at issue in the two cases are identical. The present case addresses *items* which would be excluded from the Washington case because they were sold to the government.

Rose's Seventh Additional Defense appears to be an alternative defense in the event that Section 1498(a) does not apply to some items in this case, or in the event that plaintiff attempts to recover for the same items in both cases. Defendant the United States did not raise such a defense in its Answer, simply because the chances of needing it are remote, and because Section 1500 is a jurisdictional statute, which may be invoked at a later time, in the highly unlikely event that it need be.

C. <u>Rose's Reservation of Rights is Not Styled as a "Defense" and is Proper</u>

The Reservation of Rights clause in Rose's Answer "reserves the right to rely upon such other additional defenses as may become available or apparent during discovery and reserve[s] the right to supplement or amend its answer and/or its defenses, and to assert counterclaims." Unlike the previously-discussed clauses in Rose's Answer, the Reservation of Rights clause is not listed under "Affirmative Defenses."

Plaintiff's objection assumes that this clause attempts to raise an affirmative defense. Plt. Brf. at pp. 4-5. Plaintiff' Brief cites in support of its motion two cases in which a reservation of rights clause *was* styled as a "defense." *Catalina Marketing Int'l, Inc. v. Coolsavings.com, Inc.*, 2003 U.S. Dist. LEXIS 11487 *7-8, 2003 WL 21542487 *2 (N.D. Ill. July 3, 2003) ("Catalina seeks to strike Coolsavings' sixth affirmative defense, …"); *Spring Investments v. Chicago*

*Corp.*, 1989 U.S. Dist. LEXIS 4569 *2; 1989 WL 44297 *1 (N.D. Ill. Apr. 27, 1989) ("Under the heading 'Defenses,' …").

RCFC 15(a) states in part:

> **Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it isserved. Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires. …

RCFC 15(b) states in part:

> **Amendments to Conform to the Evidence.** … If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. …

Unlike the two Illinois cases, Rose's Answer does not style its Reservation of Rights as an "affirmative defense." It appears that Rose's Answer merely indicates that it is not waiving any rights that it might have under RCFC 15(a) and (b).

D. <u>Rose's Prayer for Relief is Proper</u>

Plaintiff's objection to Rose's Prayer for relief is that a defendant-intervenor "cannot seek any affirmative judgment, either monetary or declarative against plaintiff." Plt. Brf. at page 5, *quoting*, *Lemelson*, 8 Ct. Cl. at 791, and, *citing*, Sun Shipbuilding, 204 Ct. Cl. at 916.

However, because of the patent indemnity clause in the supply schedule contract, Rose *is* entitled to request that the government not be found liable for infringement in connection with its purchase of Rose's products, and Rose *is* entitled to plead reasons why the government should

not be found liable, such as non-infringement and/or patent invalidity. As stated above, plaintiff has conceded as much in its brief at page 2, *citing*, *Oliver-Finnie*, 157 F. Supp. at 720-21, 133 Ct. Cl. at 557. Clauses A., B., and D. in Rose's Prayer for Relief request judgements that would absolve the government of liability in this case and, thereby, also absolve Rose of liability under the patent indemnity clause of the supply schedule contract. They are proper.

With reference to Clause C. in Rose's Prayer for Relief, while Rose may not be entitled to attorney's fees under 35 U.S.C. § 285, since that statute does not apply to a Section 1498(a) action, *Leesona v. United States*, 599 F.2d 958, 969 (Ct. Cl. 1979), *cert. denied*, 444 U.S. 991 (1979), there are other bases upon which it could conceivably be awarded attorney's fees. *See*, *Judin v. United States*, 110 F.3d 780, 785 (Fed. Cir. 1997). A motion to strike should not be used for mere editing of Rose's Answer where Rose's basic averments are sound.

III. CONCLUSION

For the reasons set forth above, defendant requests that plaintiff's motion be denied.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN FARGO
Director

s/Robert G. Hilton
ROBERT G. HILTON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0346
Telefax: (202) 307-0345

July 31, 2008