IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AVOCENT REDMOND CORP.<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES<br><br>Defendant,<br><br>and<br>ROSE ELECTRONICS,<br>Defendant-Intervenor. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

**ROSE ELECTRONICS' OPPOSITION TO**
**<u>AVOCENT'S MOTION TO STRIKE ROSE'S ANSWER AND DEFENSES</u>**

# TABLE OF CONTENTS


I. INTRODUCTION & SUMMARY OF ARGUMENT ..... 1

II. BACKGROUND ..... 2

III. ARGUMENT ..... 3

*A. Legal Standard for Motions to Strike* ..... 3

*B. Avocent's Motion to Strike Targets Four Discrete Parts of Rose's Answer, But None of Them Are Improper.* ..... 3

1. Rose's First Defense Is Proper. ..... 4

2. Rose Seventh Defense, Denying Jurisdiction Under 28 U.S.C. § 1500, Is Proper. ..... 4

3. Rose's Separate "Reservation of Rights" Is Proper. ..... 6

4. Rose's Prayer for Relief Seeks No "Affirmative Relief" and Is Proper. ..... 6

*C. Avocent's Motion is Barred Under RCFC 12(f)* ..... 8

IV. CONCLUSION ..... 8

# TABLE OF AUTHORITIES

## CASES

*Decca, Ltd. v. United States*,
640 F.2d 1156 (Ct. Cl. 1980) ........ 4

*Fisherman's Harvest, Inc. v. U.S.*,
74 Fed. Cl. 681 (2006) ........ 3

*Gail v. U.S.*,
58 F.3d 580 (10th Cir. 1995) ........ 4

*Keene Corp. v. United States*,
508 U.S. 200 (1993) ........ 5

*Lemelson v. United States*,
8 Cl. Ct. 789 (1985) ........ 7

*O'Brien v. Diversified Transport, Inc.*,
2006 WL 3191560 (N.D. Ind. Nov. 1, 2006) ........ 3

*Quantum Color Graphics, LLC v. Fan Ass'n Event Photo GmbH*,
185 F. Supp. 2d 897 (N.D. Ill. 2002) ........ 4

*Richmond Screw Anchor Co. v. United States*,
275 U.S. 331 (1928) ........ 4

*Shipbuilding & Dry Dock Co. v. United States*,
204 Ct. Cl. 915 (1974) ........ 7

*UNR Indus., Inc. v. United States*,
962 F.2d 1013 (Fed. Cir. 1992) ........ 6

## STATUTES

28 U.S.C. § 1498 ........ 2, 4

28 U.S.C. § 1500 ........ 1, 3, 4, 5

28 U.S.C. § 2412 ........ 7

35 U.S.C. § 285 ........ 6

## OTHER AUTHORITIES

2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.37[1],
at 12-99 (3d ed.2006) ........ 3

5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER,
FEDERAL PRACTICE AND PROCEDURE § 1381 ........ 3

## I. INTRODUCTION & SUMMARY OF ARGUMENT

Defendant Rose Electronics hereby opposes Avocent's Motion to Strike Rose's Answer and Defenses.

As a threshold matter, although Avocent asks the Court to strike Rose's *entire* pleading, its motion concerns only a few picayune sentences or phrases. (One objection concerns only two words in a sentence.) In the very last sentence of its brief, however, Avocent acknowledges that striking the entire pleading is overkill by "alternatively" challenging only "specific portions" of Rose's answer. But as explained below, even those portions are not improper.

First, the two words "nor Rose" appearing in Rose's first defense are permissible when a government supplier (like Rose) answers a charge that products it sold to the U.S. government infringe, and Avocent cites no authority saying that they are not.

Avocent's second objection—to Rose's defense under 28 U.S.C. § 1500—is premised on the outright falsehood that the parties' Seattle case "specifically exclude[s] the products at issue in this case." The truth is that Avocent has *never* agreed to exclude any accused Rose products from the Seattle case, and Avocent does not (nor could it) cite anything to the contrary. Until that happens, § 1500 applies.

Third, contrary to Avocent's argument, Rose's "reservation of rights" clause is *not* pled as a defense, and it is thus as unnecessary to strike that clause as it would be to strike the valediction "respectfully submitted."

Fourth, apparently believing that a private party intervenor/defendant in this Court cannot assert *any* prayer for relief without it amounting to impermissible "affirmative relief," Avocent seeks to strike Rose's *entire* prayer. But Rose asserts no counterclaim, seeks no damages, demands no injunction, and requests no declaratory judgment. Its prayer seeks only a specific rejection of Avocent's claims, as any defendant in any court is entitled to do.

Finally, Avocent's motion should be denied outright as untimely under the explicit language of RCFC 12(f).

In short, Avocent's motion lacks merit, both substantively and procedurally.

## II. BACKGROUND

In this case Avocent accuses the United States of infringing U.S. Patents Nos. 5,884,096 (the '096 patent), 6,112,264 (the '264 patent), 6,345,323 (the '323 patent), and 7,113,978 (the '978 patent) by procuring certain Rose products. Avocent's present motion typifies its long-running effort to grind down Rose, its much smaller competitor, through a series of unsuccessful lawsuits.

Avocent originally sued Rose 10 years ago after obtaining a first patent in the lineage of its now-asserted patents. After having a motion for summary judgment of invalidity filed against it, Avocent dropped its first suit. (*See* Doc. No. 24, at p.11 of 37.) Avocent then went back to the U.S. Patent Office to obtain additional related patents that might prove more "attack-proof" by filing a string of continuation applications that continues to this day, 13 years after filing its original application. During that period, Avocent lost interest in Rose for a while, instead suing and ultimately settling with another competitor (Raritan Computer). (*Id.*) Years later, with several more patents and settlement cash in hand, Avocent trained its sights back on Rose, suing Rose in Seattle in 2006, asserting several of its "new and improved" sibling patents—the '096, '264, and '978 patents. But invalidity issues have dogged these patents as well, and the Patent Office has found "substantial new question[s] of patentability" as to each. The Seattle court has stayed the case pending the Patent Office's reexamination of these patents.

In the Seattle case Rose asserted a partial defense that Avocent's "remedies are limited by 28 U.S.C. § 1498" as to Rose's sales of accused products to the U.S. government. Avocent, however, took no action to exclude such products from the Seattle case, nor has the Seattle Court excluded them.

A few months after the Seattle case was stayed over Avocent's objection, Avocent retaliated and sought to sidestep the stay, filing the present case and asserting the exact same patents being reexamined by the Patent Office (plus the '323 patent, yet another sibling from the same patent family). Rose moved to intervene as a defendant due primarily to its interest in the case as a potential indemnitor of the United States, and it filed an answer. The Court granted

Rose's motion to intervene, over Avocent's objection. Then, more than two months after Rose answered, Avocent filed this motion, seeking to strike everything in Rose's answer, based on its objection to four limited and discrete aspects of that pleading: the two words "nor Rose" in Rose's first defense; Rose's seventh defense under 28 U.S.C. § 1500; Rose's "Reservation of Rights" paragraph; and Rose's entire prayer for relief.

## III. ARGUMENT

Avocent's nitpicks with Rose's answer are not well taken. As explained below, it is a misuse of Rule 12(f) to "edit" the portions of an adversary's pleadings one does not like. But more fundamentally, the four things Avocent criticizes are entirely proper.

### *A. Legal Standard for Motions to Strike*

"Courts view motions to strike with disfavor and rarely grant them." *Fisherman's Harvest, Inc. v. U.S.*, 74 Fed. Cl. 681, 690 (2006) (citing 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.37[1], at 12-99 (3d ed. 2006)). The reason is "their dilatory and often harassing character." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381, at 421-22 (3d ed. 2004). "Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." *Id.* And as to Avocent's tack of moving to strike a word here and a sentence there, one court recently observed: "[A]sking a court to engage in an editing exercise via a motion to strike a sentence from a brief 'does nothing but squander time.'" *O'Brien v. Diversified Transport, Inc.*, 2006 WL 3191560, at *4 (N.D. Ind. Nov. 1, 2006) (citation omitted).

### *B. Avocent's Motion to Strike Targets Four Discrete Parts of Rose's Answer, But None of Them Are Improper.*

Avocent's motion does not suggest that Avocent is even marginally prejudiced by any of the words or sentences it challenges, beyond disagreeing with Rose's substantive positions. The motion does, however, illustrate why motions to strike are disfavored and rarely granted.

**1. Rose's First Defense Is Proper.**

Avocent objects that Rose's First Additional Defense includes the phrase "nor Rose" within the sentence "Neither the accused products nor Rose have infringed or infringe . . . ." (Avocent Br., p. 3.) As the United States' opposition brief points out, this is a perfectly appropriate way of wording Rose's denial that the United States' use of the accused Rose products (or Rose's manufacture of such products for the United States) violate Avocent's alleged patent rights. (U.S. Opp. Br., Doc. No. 35, pp. 5-6.) Even the United States Supreme Court and the former United States Court of Claims have spoken in terms of a private party's "infringement" in these circumstances. *See, e.g., Richmond Screw Anchor Co. v. United States*, 275 U.S. 331, 346 (1928); *Decca, Ltd. v. United States*, 640 F.2d 1156, 1166-67 (Ct. Cl. 1980). In light of these cases, and especially in view of RCFC 8(e)(1)'s admonition that "[n]o technical forms of pleadings or motions are required," Rose's first additional defense is appropriate and should not be stricken.[1]

**2. Rose Seventh Defense, Denying Jurisdiction Under 28 U.S.C. § 1500, Is Proper.**

Avocent's argument that Rose should not be permitted to defend itself pursuant to 28 U.S.C. § 1500 is premised on Avocent's incorrect reading of § 1500 and its misrepresentation that the sales at issue in this case have been "specifically exclude[d]" from the parties' Seattle case.

In the Seattle case Rose pleaded that "Plaintiff's remedies are limited by 28 U.S.C. § 1498." Section 1498 essentially provides that Avocent's remedy for any accused Rose product used or made by or for the United States can only be addressed in a case filed against the United States in the Court of Federal Claims. It goes without saying that Rose's mere assertion of its § 1498 defense in Seattle does not automatically exclude any of the accused items from that case,

[1] *See also Gail v. U.S.*, 58 F.3d 580, 583 (10th Cir. 1995) ("magic words" no longer required under federal rules' notice pleading standard); *Quantum Color Graphics, LLC v. Fan Ass'n Event Photo GmbH*, 185 F. Supp. 2d 897, 904 (N.D. Ill. 2002) ("The question is not the magic words or language of the complaint, but the substance of the allegations").

and Avocent has *never* agreed that such products were (or should be) so excluded. Avocent's repeated, present contention to the contrary is simply false, as confirmed by Avocent's failure to cite any supporting proof. (*See* Avocent Br., p. 4.) More critically, it demonstrates that the same accused items now are at issue in both this case and the Seattle case, giving rise to Rose's present defense under 28 U.S.C. § 1500.

Section 1500 provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States *or* any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States. (Emphasis added.)[2]

Thus, § 1500 provides that this Court does not have jurisdiction to adjudicate claims against items that are at issue in *both* this case and the Seattle case since – when making and selling the accused products overlapping in the two cases – Rose was "acting or professing to act, directly or indirectly under the authority of the United States" pursuant to its Government Services contract.

Avocent quotes from the *Frantz Equipment* case attempting to convince the Court that § 1500 only applies to "the same claims *against the United States* in two courts at the same time." (Avocent Br., p. 4 (emphasis original).) That argument ignores the express language of the statute, which plainly states that it applies to "the United States *or* any person who…". Thus, until certain accused Rose products sold to the United States are specifically excluded from the Seattle case, Avocent's concurrent and duplicative requests for damages on the *same* products in *both* lawsuits necessarily triggers the jurisdictional provisions of § 1500.[3] Rose's defense under § 1500 is entirely proper.

---

[2] Under section 1500, the two matters need only be "based on substantially the same operative facts, at least if there is some overlap in the relief requested." *Keene Corp. v. United States*, 508 U.S. 200, 212 (1993). Avocent does not contest that this case is based on the same operative facts that comprise a subset of facts within the Seattle action.

[3] It does not matter that the Seattle case is stayed pending reexamination of Avocent's patents by the U.S. Patent Office. As the Federal Circuit has stated: "[A] prior-filed, but stayed, district (cont.. . .)

**3. Rose's Separate "Reservation of Rights" Is Proper.**

Claiming only that it is an "improper pleading," Avocent complains about, yet identifies no prejudice flowing from, the separate "Reservation of Rights" paragraph in Rose's answer. This paragraph, however, does not have the legal effect of denying any of Avocent's allegations or providing a defense to Avocent's claims. In the cases Avocent cites, reservations of rights were asserted as affirmative defenses. That is not the case here since Rose's "Reservation of Rights" has not been pled as a defense. Instead, the pleading merely points out that Rose reserves the right to assert additional defenses that come to light during discovery so that Rose cannot later be accused of waiving all defenses not previously pled. This is simply careful pleading. It presents absolutely no prejudice to Avocent, which remains empowered to object to any requested amendment under whatever procedural rule, if any, supports it. There is therefore no good reason to strike this paragraph.

**4. Rose's Prayer for Relief Seeks No "Affirmative Relief" and Is Proper.**

Avocent seeks to strike Rose's *entire* prayer for relief on the basis that it seeks what Avocent labels "affirmative relief." But Rose asserts no counterclaims, does not ask for damages, and seeks no injunction or declaratory judgment. Its prayer for relief is simply a negation of Avocent's prayer. Specifically:

- Avocent alleges that it owns "duly issued" patents. (Compl. ¶¶ 10, 15, 20, 20 [sic].) Rose asks for a judgment rejecting this and holding them instead invalid and/or unenforceable.

- Avocent claims that the government's use of Rose products is contrary to (*i.e.*, infringes) Avocent's patent rights and prays for a judgment that the U.S. used those patents "without authority." (*Id.* ¶ A, at p. 6.) Rose asks for a judgment rejecting a finding of infringement.

- Avocent demands attorneys' fees under the two-way fee-shifting provisions of 35 U.S.C. § 285. (*Id.* ¶ E.) Rose asks for a rejection of Avocent's demand and that the Court instead apply the statute Avocent invoked in Rose's favor.

---

court action is 'pending' within the contemplation of section 1500." *UNR Indus., Inc. v. United States*, 962 F.2d 1013, 1020 (Fed. Cir. 1992).

In short, by protesting that Rose has specifically prayed for the opposite of what Avocent prayed for, Avocent takes the position that Rose, as a private party that has been permitted to intervene as a defendant, cannot tell the Court anything about what the judgment in the case should be. Avocent cites no authority for the proposition that a private intervening defendant in this Court may not tell the Court the judgment it seeks. To the extent the Court disagrees with any relief sought in Rose's prayer, it no doubt will deny such relief. It need not strike the prayer request.

Avocent's cited authorities have no bearing on whether a private party intervening as a defendant must stand mum about why the Court should reject a plaintiff's claims. Indeed, *Shipbuilding & Dry Dock Co. v. United States*, 204 Ct. Cl. 915 (1974), says just the opposite:

> . . . [A] third party, having been duly noticed in without objection and having become a party to the entire case, is free and competent to present any *defense* it wishes to both counts of the petition. At the same time, third party is not entitled to seek any affirmative judgment, either monetary or declaratory, against the plaintiff.

*Id.* *Shipbuilding* does make clear that Rose cannot assert a claim for money damages or declaratory relief against Avocent, but Rose does neither. Its prayer simply states that the judgment of the Court should rest on the basis of Rose's asserted *defenses*—as permitted by *Shipbuilding*—of invalidity and noninfringement. Plaintiff's citation of *Lemelson v. United States*, 8 Cl. Ct. 789 (1985), is even less apposite. In *Lemelson*, the plaintiff/patentee settled with the United States and moved for a voluntary dismissal. The private-party intervenor opposed the motion and requested that the dismissal be conditioned on an award of attorneys' fees under Rules 41 and 54, and 28 U.S.C. § 2412. *Id.* at 790. The Court thus had no occasion to say anything about what can or cannot be requested in a private-party, intervening defendant's prayer for relief.

In short, Rose asks for nothing other than the negative of Avocent's claims. It seeks no "affirmative relief," so there is no basis to strike Rose's prayer.

### C. *Avocent's Motion is Barred Under RCFC 12(f)*

Avocent's motion is made "pursuant to RCFC 12(f)," yet, it violates the express language of that Rule and should be denied for that reason alone. Specifically, RCFC 12(f) requires that Avocent file its motion "within 20 days after the service" of Rose's answer. Instead, Avocent waited 67 days after service. Avocent attempts to gloss over its untimeliness by not mentioning when Rose served its Answer and instead suggesting a date when it considers Rose to have "effectively filed" it. Avocent postulates that this occurred when the Court granted Rose's motion to intervene. (Avocent Br., p. 1.) The provisions of RCFC 12(f), however, are expressly keyed to "service," and say nothing about the date of filing, let alone Avocent's amorphous notion of an "effective" filing date. As one would expect in light of the Rule's express language, Avocent cites no supporting authority for its "effective filing" concept. Accordingly, Avocent's motion is barred under the express language of RCFC 12(f).

## IV. CONCLUSION

Apart from its apparent annoyance and disagreement with Rose's legal defenses, Avocent identifies no prejudice to it from the targeted snippets of Rose's answer. Moreover, there is nothing legally inappropriate with any of the challenged parts of Rose's answer. Rose respectfully requests that the Court reject Avocent's untimely attempt to use RCFC 12(f) to force Rose to edit its Answer to Avocent's satisfaction.

Respectfully submitted,

Dated: August 4, 2008

/s/ Bert C. Reiser
Bert C. Reiser
HOWREY LLP
1299 Pennsylvania Ave NW
Washington, DC 20004
Ph.: 202.783.0800
Fax: 202.383.6610
reiserb@howrey.com

*Attorney for Defendant-Intervenor*
Rose Electronics
10707 Stancliff Road
Houston, TX 77099

OF COUNSEL:

Michael S. Dowler
Thomas L. Casagrande
HOWREY LLP
1111 Louisiana, 25th floor
Houston, TX 77002-5242
713.787.1400 (phone)
713.787.1440 (fax)
dowlerm@howrey.com
casagrandet@howrey.com

Brian L. Jackson
LAW OFFICE OF BRIAN L. JACKSON
1302 Waugh Drive, # 582
Houston, TX 77019-3908
713.522.5766 (phone)
713.583.5785 (fax)
brian@brianjacksonlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served on this 4th day of August, 2008 with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace Obermann
DAVIDSON, BERQUIST JACKSON & GOWDEY LLP
4300 Wilson Blvd, Suite 700
Arlington, VA 22203

Jeffrey S. Bucholtz
Acting Assistant Attorney General
John Fargo
Director
Robert G. Hilton
Attorney
Commercial Litigation Branch
Civil Division
DEPARTMENT OF JUSTICE
Washington, DC 20530

/s/ Bert C. Reiser
Bert C. Reiser