# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AVOCENT REDMOND CORP., a Washington corporation,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

and

ROSE ELECTRONICS, a Texas general partnership,

Defendant-Intervenor.

No. 08-69C

Judge Lawrence S. Margolis

## AVOCENT REDMOND'S REPLY TO THE GOVERNMENT'S OPPOSITION TO THE MOTION TO STRIKE ROSE'S ANSWER AND DEFENSES

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

**TABLE OF CONTENTS**


I. ROSE'S ANSWER AND DEFENSES SHOULD BE STRICKEN ...................................... 1

A. Rose's Prayer is a Request for an Affirmative Judgment and Should Be Stricken ..........................................................................................................1

B. Rose's First Additional Defense is also Improper...........................................................2

C. Rose's Seventh Additional Defense Under 28 U.S.C. § 1500 Should Be Stricken Because the Claims in this Action Are Different from the Claims in the Seattle Action ..........................................................................................3

D. Rose's Reservation of Rights Is Improper and Should Be Stricken.................................4

II. CONCLUSION........................................................................................................... 5

# TABLE OF AUTHORITIES

## CASES

*Judin v. United States*,
110 F.3d 780 (Fed. Cir. 1997)....................2

*Lemelson v. United States*,
8 Cl. Ct. 789 (Cl. Ct. 1985)....................1, 2

*Sun Shipbuilding & Dry Dock Co. v. United States*,
204 Ct. Cl. 915 (Ct. Cl. 1974)....................1, 2

## STATUTES

28 U.S.C. § 1498....................2, 3, 4

28 U.S.C. § 1500....................3, 4

35 U.S.C. § 285....................2

## RULES

RCFC 8 ....................4, 5

RCFC 9 ....................4

RCFC 11 ....................2

RCFC 12(f) ....................1

Defendant United States' opposition to plaintiff Avocent Redmond Corp.'s ("Avocent's") motion to strike ignores one of the two legal bases for the motion – the subject matter limitations on this Court's jurisdiction. Defendant-Intervenor Rose Electronics ("Rose") cannot "seek any affirmative judgment, either monetary or declaratory, against the plaintiff." *Sun Shipbuilding & Dry Dock Co. v. United States*, 204 Ct. Cl. 915, 916 (Ct. Cl. 1974). This court is a limited jurisdiction court and "a grant of jurisdiction to this court must be narrowly interpreted and cannot be used to expand the court's powers." *Lemelson v. United States*, 8 Cl. Ct. 789, 790-91 (Cl. Ct. 1985). Instead of addressing the subject matter jurisdictional basis of Avocent's motion, the United States (and Rose) limits its brief to a discussion of RCFC 12(f), the <u>second</u> basis of Avocent's motion. By limiting the discussion to Rule 12(f), the United States implicitly concedes the correctness of Avocent's argument – Rose cannot seek affirmative judgment against Avocent in this tribunal.[1]

The bottom line is that Rose's Answer and Defenses is improper in several material respects. Rose could easily correct those apparent errors and Avocent's proposed order provided time to make those corrections and even identified the specific pleading errors made. Accordingly, Avocent respectfully requests entry of its proposed order.

## I. ROSE'S ANSWER AND DEFENSES SHOULD BE STRICKEN

### A. Rose's Prayer is a Request for an Affirmative Judgment and Should Be Stricken

As the plaint text of Rose's prayer makes clear, the entire prayer is a request that this Court enter an affirmative judgment in Rose's favor. (*See* Dkt. No. 12, p. 6). Rose's prayer states that "Rose requests a judgment in its favor providing the following relief." (*Id*.). Rose's

[1] In the paragraph bridging pages 4 and 5 of its opposition, the United States concludes that Avocent "concedes … that *Rose may assert any issue or defense* if it may affect Rose's liability" under the applicable indemnity clause. (*See* Docket No. 35, pp. 4-5 (emphasis added)). That, however, has never been Avocent's position. Avocent has consistently asserted that Rose cannot seek *any judgment* in this forum. Indeed, that is the basis upon which the present motion was filed.

prayer seeks both monetary and declaratory relief against Avocent. Rose seeks monetary relief in the form of its costs and reasonable attorneys' fees. (*Id*. at ¶ C). Rose also seeks a declaratory judgment that: (a) Avocent take nothing and Avocent's claims be dismissed with prejudice; (b) Avocent's patent claims are invalid, unenforceable, and that *Rose* has not infringed[2]; (c) the Court find this to be an exceptional case; and (d) Rose be granted all other relief to which it may be entitled. (*Id*. at ¶¶ A-D). Thus, Rose's entire prayer is improper and should be stricken. *See Lemelson*, 8 Cl. Ct. at 791; *Sun Shipbuilding*, 204 Ct. Cl. at 916 (holding that a third party's affirmative relief against the plaintiff "is in any event not available here.").

The United States concedes that Rose is not entitled to attorneys' fees under 35 U.S.C. § 285. (*See* Dkt. No. 35, p. 9). But the United States cites *Judin v. United States*, 110 F.3d 780 (Fed. Cir. 1997), for the proposition that Rose may be awarded attorneys' fees on "other bases." The *Judin* court awarded attorneys fees for a Rule 11 violation. *Id*. at 785. Rule 11 is always available to a court; it need not, and is not, plead as a counterclaim. Indeed, Rose has not pled any Rule 11 claim here. Rather, Rose has requested a monetary award asserting that this is an "exceptional case" under Section 285 of the Patent Act. Claims of that type have been expressly disallowed by this Court. *See Lemelson*, 8 Cl. Ct. at 791.

Accordingly, Rose's prayer should be stricken as an improper request for an affirmative judgment against Avocent.

### B. Rose's First Additional Defense is also Improper

Regardless of how the United States phrases it, Rose's First Additional Defense alleges that Rose does not infringe. (*See* Dkt. No. 12, p. 5). But Avocent did not, and cannot, allege that Rose infringes in this case because, under 28 U.S.C. § 1498(a), this Court's jurisdiction is limited

[2] As explained with respect to Rose's First Additional Defense, this court cannot adjudicate whether Rose is an infringer. That is outside the subject matter jurisdiction of this court.

to action against the United States. Thus, a defense alleging that Rose does not infringe is improper and outside this court's subject matter jurisdiction.[3]

The United States argues that because decisions from this court refer to a government contractor infringing a patent, Rose can allege that it does not infringe as a defense. This is incorrect. It is true that the decisions cited by the United States characterize a contractor as an infringer or as infringing another's patent. But the fact that the contractor may be an infringer does not confer jurisdiction on this court to adjudicate whether or not the contractor is an infringer. The same is true in the current dispute between Avocent and the United States. It is true that Rose is an infringer through the making and selling of several accused products. Avocent has made those allegations in the Seattle action before Judge Pechman. Nevertheless, in this case, Avocent cannot seek a judgment that Rose (or even the United States) infringes. Rather, Avocent is statutorily limited to alleging that the United States has made unauthorized uses of Avocent's patented inventions through the purchase of the accused products (*i.e.*, the items) sold by Rose.[4]

### C. Rose's Seventh Additional Defense Under 28 U.S.C. § 1500 Should Be Stricken Because the Claims in this Action Are Different from the Claims in the Seattle Action

In this case, Avocent accuses certain *items* sold by Rose to the United States of infringement. Because Rose asserted 28 U.S.C. § 1498 in the Seattle action, Avocent's claim of infringement against the *items* bought by the United States in this case is necessarily distinct from the *items* accused of infringement in the Seattle action. Avocent is entitled to compensation

[3] Avocent takes no issue with the portions of Rose's First Additional Defense relating to its products. Rose can assert as a defense that its accused products sold to the United States do not infringe.

[4] The United States goes to great length to explain the ways Avocent has used the term "product." (*See* Dkt. No. 35 (Def. Opp.), pp. 2-3). While Avocent submits that the context makes the meaning of "product" clear, Avocent will endeavor to use the term "product" to refer to a type of article (*i.e.*, a model or product line), and the terms "item" or "article" to refer to individual things or units.

for both, but there is *zero overlap* in the items accused of infringement in this case and the items accused of infringement in the Seattle action. Thus, the infringement claim that will be litigated in this case (*i.e.*, whether the items sold by Rose to the United States constitute an unauthorized use of Avocent's inventions) is *not* the same claim that is being litigated in the Seattle action (*i.e.*, whether other items sold by Rose infringe Avocent's patents). The United States agrees with Avocent on this very point. According to the United States, "[t]he present case addresses *items* which would be excluded from the Washington case because they were sold to the government." (Dkt. No. 35, p. 7 (emphasis in original)).

Despite having opted against raising this same argument in its pleadings, the Government argues that Rose's § 1500 defense is an "alternative defense" in the event that § 1498 does not apply to some items in this case, or in the event that Avocent attempts to recover for the same items in both cases.[5] (*See* Dkt. No. 35, p. 7). But again, this argument overlooks this court's jurisdictional limitations. The only items that can possibly be at issue in this case are those items that fall within the scope of § 1498. If the products do not fall within § 1498, those products are automatically excluded from this case and will be adjudicated in the Seattle action.

Because there is no chance of overlap between the infringement claims in this case and the infringement claims in the Seattle case, Rose's § 1500 defense is improper and should be stricken.

### D. Rose's Reservation of Rights Is Improper and Should Be Stricken

The United States argues that the reservation of rights is not a defense because it is not listed under the "defenses" section of Rose's answer. This argument exalts form over substance. It does not matter that Rose attempted to reserve defenses under a "reservation of rights" heading just as it did not matter in the cases cited by Avocent that the attempted reservation of rights were listed under a "defenses" heading. Neither RCFC 8 nor RCFC 9 includes "reservation of

[5] In its opposition, Rose did not argue that the § 1500 defense was an alternative defense.

rights" as an item that can be included in an answer. Indeed, RCFC 8(b) requires Rose to "state in short and plain terms the party's defenses to each claim asserted." An amorphous "reservation of rights" clause does not say anything about the potential defenses Rose *may* raise. Thus, Rose's reservation of rights section should be stricken.

## II. CONCLUSION

Avocent asks the Court to strike Rose's Answer and Defenses because it contains several improper defenses, requests, and reservations.

DATED this 13th day of August, 2008.

Respectfully submitted,

PLAINTIFF AVOCENT REDMOND CORP.,
by and through its Attorneys

s/James D. Berquist
James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

/s/ Donald L. Jackson_________________
Donald L. Jackson