**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant,<br>and<br>ROSE ELECTRONICS, a Texas general partnership,<br>Defendant-Intervenor. | No. 08-69C<br>Judge Lawrence S. Margolis |

**DECLARATION OF DONALD L. JACKSON IN SUPPORT OF AVOCENT'S REPLY TO ROSE'S OPPOSITION TO THE MOTION TO STRIKE ROSE'S ANSWER AND DEFENSES**

I, Donald L. Jackson, hereby declare as follows:

1. I am a member of Davidson Berquist Jackson & Gowdey, LLP, counsel to plaintiff Avocent Redmond Corp. in the above-captioned litigation. I am a member in good standing of the bar of this Court and of the Supreme Court of Virginia.

2. Attached hereto as Exhibit 3 is a true and correct copy of the "Stipulation and Agreed Order to Dismiss Without Prejudice" entered on February 22, 1999 in *Apex PC Solutions, Inc. v. Cybex Computer Products Corp.*, U.S. District Court for the Western District of Washington, No. C98-246Z.

3. Attached hereto as Exhibit 4 is a true and correct copy of the "Order of Dismissal Without Prejudice" entered on February 22, 1999 in *Apex PC Solutions, Inc. v. Rose Electronics*, U.S. District Court for the Western District of Washington, No. C98-245Z.

4. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 14th day of August, 2008.

Donald L. Jackson

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Donald L. Jackson_________________
Donald L. Jackson

# Exhibit 3

CC: TO JUDGE SS

FILED ENTERED
LODGED RECEIVED
FEB 16 1999 SS
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

THE HONORABLE THOMAS S. ZILLY

FILED ENTERED
LODGED RECEIVED
FEB 22 1999
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Docketing

| | |
|---|---|
| APEX PC SOLUTIONS, INC., a Washington corporation,<br>Plaintiff,<br>v.<br>CYBEX COMPUTER PRODUCTS CORPORATION, an Alabama corporation,<br>Defendant. | No. [redacted] and C98-245Z<br><br>**STIPULATION AND AGREED ORDER TO DISMISS WITHOUT PREJUDICE** |
| APEX PC SOLUTIONS, INC., a Washington corporation,<br>Plaintiff,<br>v.<br>ROSE ELECTRONICS, a Texas general partnership,<br>Defendant. | |

Through their respective counsel, Plaintiff/Counterclaim Defendant Apex PC Solutions, Inc. ("Apex") and Defendant/Counterclaimant Cybex Computer Products Corp. ("Cybex"), collectively "the Parties," stipulate and agree in Case No. C98-246Z as follows:



DAVIS WRIGHT TREMAINE LLP
1501 4TH AVENUE
SEATTLE, WA 98101-1688
(206) 622-3150

ORIGINAL

1. Cybex recently acquired United States Patent No. 5,732,212 ("'212 patent") and offered to surrender that patent to the United States Patent and Trademark Office with a request that the patent be reissued with new claims. Along with its application for reissue, Cybex requested that an interference be declared between the claims as reissued and the claims of United States Patent No. 5,721,842 ("'842 patent"), the claims which are at issue in this case. The request for declaration of an interference also applies with respect to any claims that are pending or may be issued by the PTO as part of any continuation of the '842 patent.

2. If an interference is declared pursuant to its request, Cybex intends to seek in the PTO a judgment (a) canceling the claims from the '842 patent and (b) holding that the claims in any continuation of the '842 patent involved in the interference are unpatentable.

3. The Parties expect that Cybex's request to have an interference proceeding commenced in the PTO will be granted. The Parties desire to have the issues to be raised in any interference proceeding resolved before proceeding with any further litigation (including discovery) of the issues in this lawsuit.

4. Accordingly, the Parties jointly request this Court to enter the subjoined order dismissing this lawsuit without prejudice, but with leave to reinstate the lawsuit, upon the following conditions.

a. Until the interference proceeding requested by Cybex is concluded in the PTO, neither Apex (including any successor, assignee, related party, or affiliate of Apex) nor Cybex (including any successor, assignee, related party, or affiliate of Cybex) shall commence litigation against the other (including any successor, assignee, related party, or affiliate of the other) on the basis of any patent claims arising from or claiming a priority date from Application No. 180,824 (the '212 patent) or Application No. 519,193 (the '842 patent) including without limitation the '212 patent, the '842 patent, and all continuations, continuations in part, reexaminations or reissues thereof.



DAVIS WRIGHT TREMAINE LLP
1501 4TH AVENUE
SEATTLE, WA 98101-1688
(206) 622-3150

CONFIDENTIAL
ATTORNEYS' EYES ONLY
APX 103490

b. At the conclusion in the PTO of the interference proceeding initiated by Cybex, this lawsuit shall be reinstated upon the request of either Party, and each Party shall be required to assert in the reinstated lawsuit such claims as it may have against the other on the basis of any patent claims arising from or claiming a priority date from Application No. 180,824 (the '212 patent) or Application No. 519,193 (the '842 patent) including without limitation the '212 patent, the '842 patent, and all continuations, continuations in part, reexaminations or reissues thereof. Notwithstanding the foregoing, in the event that (i) six months pass from the conclusion of the interference proceeding in the PTO and Apex has not requested that this lawsuit be reinstated or (ii) claims from the '212 patent (or its reissue) survive the interference and no claims from the '842 patent (or its continuations or reissue) survive the interference, then Cybex is free to file its lawsuit against Apex in any district court with jurisdiction over the Parties and the action (not necessarily in Seattle). By failing to request that this lawsuit be reinstated, neither Party shall be deemed to have waived its right to pursue claims against the other by filing a lawsuit in any district court with jurisdiction over the parties to that lawsuit and the action.

c. In the event that the interference requested by Cybex has not been declared and an interference proceeding commenced by the PTO within one year from the date of this Order, upon the request of either Party, a status conference will be scheduled with the Court to consider whether to modify this Order.

5. To assure a prompt resolution of the interference proceeding requested by Cybex, the Parties jointly request this Court to write to the PTO to urge accelerated consideration of Cybex's interference request. Such correspondence to the PTO should refer to the Request for Interference in Accordance with 37 CFR § 1.607 dated January 12, 1999, Attorney Docket 2540-6 (Reissue of



DAVIS WRIGHT TREMAINE LLP
1501 4TH AVENUE
SEATTLE, WA 98101-1688
(206) 622-3150

CONFIDENTIAL
ATTORNEYS' EYES ONLY
APX 103491

U.S. Patent 5,732,212) and may be addressed to the PTO as follows:

Honorable Bruce H. Stoner
Chief Administrative Patent Judge
Board of Patent Appeals and Interference
United States Patent and Trademark Office
Washington, D.C. 20439

Dated: February 16, 1999

By [signature]
Stuart R. Dunwoody
DAVIS WRIGHT TREMAINE LLP
2600 Century Square
1501 Fourth Avenue
Seattle, Washington 98101-1688

Attorneys for Plaintiff

By [signature]
John A. Knox
WILLIAMS, KASTNER & GIBBS
Two Union Street, Suite 4100
P.O. Box 21926
Seattle, Washington 98111-3922

Attorneys for Defendant Cybex Computer Corporation

**ORDER**

THIS MATTER having come before the Court on the foregoing Stipulation of the parties, and the Court finding good cause to dismiss Case No. C98-246Z without prejudice on the conditions agreed to by the parties, now therefore

IT IS HEREBY ORDERED, that Case No. C98-246Z is dismissed without prejudice upon the following conditions:

a. Until the interference proceeding requested by Cybex is concluded in the PTO, neither Apex (including any successor, assignee, related party, or affiliate of Apex) nor Cybex (including any successor, assignee, related party, or affiliate of Cybex) shall commence litigation against the other (including any successor, assignee, related party, or affiliate of the other) on the basis of any patent claims arising from or claiming a priority date from Application No. 180,824 (the '212 patent) or Application No. 519,193 (the '842 patent) including without limitation the '212



DAVIS WRIGHT TREMAINE LLP
1501 4TH AVENUE
SEATTLE, WA 98101-1688
(206) 622-3150

CONFIDENTIAL
ATTORNEYS' EYES ONLY
APX 103492

patent, the '842 patent, and all continuations, continuations in part, reexaminations or reissues thereof.

b. At the conclusion in the PTO of the interference proceeding initiated by Cybex, this lawsuit shall be reinstated upon the request of either Party, and each Party shall be required to assert in the reinstated lawsuit such claims as it may have against the other on the basis of any patent claims arising from or claiming a priority date from Application No. 180,824 (the '212 patent) or Application No. 519,193 (the '842 patent) including without limitation the '212 patent, the '842 patent, and all continuations, continuations in part, reexaminations or reissues thereof. Notwithstanding the foregoing, in the event that (i) six months pass from the conclusion of the interference proceeding in the PTO and Apex has not requested that this lawsuit be reinstated or (ii) claims from the '212 patent (or its reissue) survive the interference and no claims from the '842 patent (or its continuations or reissue) survive the interference, then Cybex is free to file its lawsuit against Apex in any district court with jurisdiction over the Parties and the action (not necessarily in Seattle). By failing to request that this lawsuit be reinstated, neither Party shall be deemed to have waived its right to pursue claims against the other by filing a lawsuit in any district court with jurisdiction over the parties to that lawsuit and the action.

c. In the event that the interference requested by Cybex has not been declared and an interference proceeding commenced by the PTO within one year from the date of this Order, upon the request of either Party, a status conference will be scheduled with the Court to consider whether to modify this Order.

The Clerk of the Court is directed to forward copies of this Order to counsel of record.

DATED this 22nd day of February, 1999.

Thomas S. Zilly

THOMAS S. ZILLY
UNITED STATES DISTRICT JUDGE



DAVIS WRIGHT TREMAINE LLP
1501 4TH AVENUE
SEATTLE, WA 98101-1688
(206) 622-3150

CONFIDENTIAL
ATTORNEYS' EYES ONLY
APX 103493

PRESENTED BY:

By [signature]
Stuart R. Dunwoody
DAVIS WRIGHT TREMAINE LLP
1501 Fourth Avenue, Suite 2600
Seattle, Washington 98101-1688
(206) 628-7649

ATTORNEYS FOR PLAINTIFF APEX PC SOLUTIONS, INC.

By [signature]
John A. Knox
WILLIAMS, KASTNER & GIBBS PLLC
Two Union Square, Suite 4100
P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

ATTORNEYS FOR DEFENDANT CYBEX COMPUTER PRODUCTS CORPORATION



DAVIS WRIGHT TREMAINE LLP
1501 4TH AVENUE
SEATTLE, WA 98101-1688
(206) 622-3150

CONFIDENTIAL
ATTORNEYS' EYES ONLY
APX 103494

# Exhibit 4

THE HONORABLE THOMAS S. ZILLY

FILED LODGED ENTERED RECEIVED

FEB 22 1999

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| APEX PC SOLUTIONS, INC., a Washington corporation,<br><br>Plaintiff.<br><br>v.<br><br>ROSE ELECTRONICS, a Texas general partnership,<br><br>Defendant. | No. C98-245Z<br><br>**[~~PROPOSED~~] ORDER OF DISMISSAL WITHOUT PREJUDICE** |

CONFIDENTIAL
ATTORNEYS' EYES ONLY
APX 103487

Upon the stipulation of the Parties and good cause appearing therefor, the Court orders as follows:

1. All claims and counterclaims pending in this litigation are dismissed without prejudice, each Party to bear its own attorney's fees and costs.

2. Neither Party (including the Parties' respective successors, assigns, related parties or affiliates) may initiate litigation in any court other than this Court on the basis of patent claims arising from or claiming a priority date from U.S. Patent Application Serial No. 519,193.

3. Until the interference proceeding requested by Cybex in the PTO (Attorney Docket No. 2540-6) is concluded, neither Party shall commence litigation against the other on the basis of



DAVIS WRIGHT TREMAINE LLP
1501 4TH AVENUE
SEATTLE, WA 98101-1688
(206) 622-3150

ORIGINAL

any patent claims arising from or claiming a priority date from U.S. Patent Application No. 519,193.

4. Nothing herein shall prevent the Parties from asserting any counterclaim, crossclaim, or third party complaint, or from raising any defense in any future litigation between the Parties.

SO ORDERED.

Done ~~in open Court~~ this date: 2/22/99

THOMAS S. ZILLY
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

By
Stuart R. Dunwoody
DAVIS WRIGHT TREMAINE LLP
1501 Fourth Avenue, Suite 2600
Seattle, Washington 98101-1688
(206) 628-7649

ATTORNEYS FOR PLAINTIFF APEX PC SOLUTIONS, INC.

By
David T. McDonald
PRESTON GATES & ELLIS LLP
701 Fifth Avenue
Suite 5000
Seattle, Washington 98104-7078
(206) 623-7580

ATTORNEYS FOR DEFENDANT ROSE ELECTRONICS

CONFIDENTIAL
ATTORNEYS' EYES ONLY
APX 103488