# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                                    *
AVOCENT REDMOND CORP., a Washington                 *
corporation,                                        *
                                                    *
                Plaintiff,                          *
                                                    *
        v.                                          *     No. 08-69C
                                                    *
THE UNITED STATES,                                  *     (Filed: February 5, 2009)
                                                    *
                Defendant,                          *     Patents, protective order,
and                                                 *     collateral estoppel, patent
                                                    *     prosecution provision.
ROSE ELECTRONICS,                                   *
                                                    *
                Defendant-Intervenor                *
                                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*James D. Berquist*, with whom were *J. Scott Davidson*, *Donald L. Jackson* and *Grace K. Obermann*, Davidson Berquist Jackson & Gowdey, LLP, Arlington, VA, for plaintiff.

*Robert G. Hilton*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom were *John Fargo*, Director and *Gregory G. Katsas*, Acting Assistant Attorney General, for defendant.

*Bert C. Reiser*, Howrey LLP, Washington, D.C., for defendant-intervenor. *Michael S. Dowler*, *Thomas L. Casagrande*, Howrey LLP, Houston, TX and *Brian L. Jackson*, Law Office of Brian L. Jackson, Houston, TX, of counsel.

## OPINION AND ORDER

MARGOLIS, *Senior Judge*.

      This matter comes before the Court on Avocent Redmond Corp.'s Motion for Entry of a Protective Order, filed on June 5, 2008, and Rose Electronics' Cross-Motion for Entry of a Protective Order, filed on June 23, 2008.  Upon consideration of the parties' briefs on this matter and oral argument held on November 25, 2008, Avocent Redmond Corp.'s Motion for Entry of a Protective Order is GRANTED.  Rose Electronics' Cross-Motion for Entry of a Protective Order is DENIED.

## **BACKGROUND**

This is a patent infringement case brought under 28 U.S.C. § 1498 regarding keyboard-video-mouse ("KVM") switch technology. Plaintiff, Avocent Redmond Corp. ("Avocent"), filed a complaint against the United States ("defendant") on January 31, 2008, alleging unauthorized use of its KVM switches. Prior to the commencement of this case, Avocent brought a similar infringement claim against Rose Electronics ("Rose") in the United States District Court for the Western District of Washington (Case No. C06-1711) on November 27, 2006 ("the Seattle action"). In that case, Rose asserted a 28 U.S.C. § 1498 defense limiting Avocent's right to recover any damages for sales of the KVM switches to the United States. Subsequently, Avocent filed the present action in this Court. Rose was admitted as a defendant-intervenor in this case on July 10, 2008.

On June 5, 2008, Avocent requested that this Court enter a protective order which is substantively identical to the protective order issued in the Seattle action, claiming that much of the discovery would be the same in both cases. Thereafter, on June 23, 2008, Rose filed a cross-motion for protective order. Rose's proposed protective order is substantially similar to that of Avocent with the exception of one significant point; Rose seeks to include a "patent prosecution" provision that would prevent any Avocent attorney who receives discovery information designated as "Attorneys eyes only" from prosecuting patent applications involving the KVM switch technology for one year after the conclusion of the current litigation.[1] Avocent opposes the patent prosecution provision, and asserts that Rose has not demonstrated good cause for its entry and that the provision would work a substantial hardship on Avocent. The United States defers to the judgment of the Court regarding the patent prosecution provision and agrees to all other portions of Avocent's proposed protective order.

---

[1] Rose's proposed prosecution provision reads as follows: Proprietary information designated as ATTORNEYS EYES ONLY can be disclosed to those persons designated in ¶¶ 7(a)-7(e) and 7(g)-7(k) only on the condition that any person who receives access to such information shall have no involvement whatsoever, from and after the date of first disclosure of any such information to such person, in the prosecution of any patent application that involves KVM switch technology for a period of one year after the conclusion of this litigation (including the exhaustion of all subsequent appeals). Patent prosecution shall include drafting, reviewing, editing, or supervising the drafting or preparation of patent applications, claims, specifications, amendments, responses to office actions and any other materials submitted to the United States Patent & Trademark Office or any other patent authority elsewhere in the world, as well as identifying or evaluating potential inventions, participating in the decision to file patent applications or consulting on any of the foregoing matters with others performing any of these activities. (Rose's Proposed Protective Order 6.)

**DISCUSSION**

There are two principal issues before the Court: 1) whether the doctrine of collateral estoppel precludes the relitigation of this issue and 2) whether Rose has demonstrated good cause for the issuance of a protective order that includes a patent prosecution provision.

### *1.    Collateral Estoppel*

The doctrine of collateral estoppel, or issue preclusion, precludes the relitigation of issues that were previously decided. The party seeking to invoke collateral estoppel bears the burden to prove the following: 1) the issue at stake is identical to the one involved in the prior litigation; 2) the issue was actually litigated in the prior suit; 3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that action; and 4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding. RF Delaware, Inc. v. Pacific Keystone Technologies, Inc., 326 F.3d 1255, 1261 (Fed. Cir. 2003).

As a preliminary matter, Avocent argues that Rose's cross-motion should be denied under the doctrine of collateral estoppel. In the Seattle action, U.S. District Judge Marsha J. Pechman denied Rose's request for a patent prosecution provision. The court held that Rose failed to show that Avocent's counsel was involved in "competitive decision-making," a shorthand for counsel's activities, association, and relationship with a client that involve counsel's participation in the client's decisions, as is required by relevant case law. Avocent Redmond Corp. v. Rose Elecs., Inc., 242 F.R.D. 574, 579 (W.D. Wash. 2007). Judge Pechman stated, "The Court is unwilling to preclude lawyers from litigating . . . on a vague and generalized threat of future inadvertent misuse of discovered materials." Id. Avocent argues that the decision by Judge Pechman in the Western District of Washington precludes a decision on the matter in this Court.

The ruling by Judge Pechman regarding the patent prosecution provision does not have a preclusive effect on this case. The doctrine of collateral estoppel requires a "firm" decision and that the parties were fully heard. "[F]or the purposes of issue preclusion . . . final judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." RESTATEMENT (SECOND) OF JUDGMENTS § 13 (1982) (emphasis added). A judgment is generally sufficiently firm where a final judgment has been issued, or where the court entering a decision fully considered evidence from all parties, held an evidentiary hearing, and put the parties on notice that the order would have preclusive effect. See RF Delaware, 326 F.3d at 1262 (finding that defendant had not met its burden of proof to invoke collateral estoppel because the judgment was not sufficiently firm to have preclusive effect: an evidentiary hearing was not held and the lower court did not put the parties on notice that the orders could have a preclusive effect); Dana III v. E.S. Originals, Inc., 342 F.3d 1320, 1323 (Fed. Cir. 2003) (citing Christo v. Padgett, 223 F.3d 1324, 1339 (11th Cir. 2000) ("[T]he court found

certain 'preliminary findings' to be sufficiently final for collateral estoppel purposes where the court that entered those findings considered evidence from all parties, issued a substantial order explaining its findings, and put the parties on notice of the potential preclusive effect of the findings."). In this case, there was no final judgment in the Seattle action; the case is currently stayed pending an investigation at the United States Patent and Trademark Office ("Patent Office"). Avocent Redmond Corp. v. Rose Elecs., No. C06-1711, Dkt. No. 191 (W.D. Wash. Aug. 18, 2008). Furthermore, Judge Pechman did not entertain oral argument on the issue, and there is no evidence that she put the parties on notice of the potential preclusive effect of her decision. To the contrary, the protective order issued specifically permitted amendment in paragraph 15.[2] Thus, Judge Pechman's decision was not sufficiently firm to be accorded preclusive effect.

Moreover, Avocent has not met its burden of proving that the "issue at stake is identical to the one in the prior litigation." Since the Western District of Washington district court considered this matter, three of the patents at issue underwent a reexamination proceeding in the Patent Office. Rose argues that because the lawyers representing Avocent in this lawsuit are also representing it before the Patent Office, Avocent could exploit information obtained in this litigation to amend its patents to encompass Rose's products. As a result of this change in circumstances, the "issue at stake" is not identical to the one in the Seattle action and requires an examination by this Court.

### *2. Patent Prosecution Provision*

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), the court may, for good cause, issue an order to protect a party from undue burden or expense, including requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way. RCFC 26(c)(1)(G) (Nov. 3, 2008) (previously RCFC 26(c)(7)). The party seeking the protective order bears the burden of showing good cause for its issuance. See id.

The analysis governing protective orders that limit a lawyer's access to confidential information was set out by the Federal Circuit in U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984) and expanded upon by the Ninth Circuit in Brown Bag Software v. Symantec Corp., 960 F.2d 1465 (9th Cir. 1992). In U.S. Steel, the court emphasized that such protective orders must be considered on a case-by-case basis to determine whether an "unacceptable opportunity for inadvertent disclosure" of confidential material learned during discovery exists. Id. at 1468. The factual circumstances surrounding each individual counsel's

---

[2] Paragraph 15 states: "Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order." Avocent Redmond Corp. v. Rose Elecs., No. C06-1711, Dkt. No. 112 (W.D. Wash. June 5, 2007).

activities, association, and relationship with his or her client, and in particular, any "competitive decision-making" by the counsel, should be examined.  See id.  The Federal Circuit used the term "competitive decision-making" as shorthand for "counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor."  Id.  The risks and safeguards surrounding inadvertent disclosure and the competing interest of any hardship to the opposing party must also be considered.  See id.; Brown Bag, 960 F.2d at 1470-71.

In cases specifically addressing the question of whether one party's patent prosecution lawyer should have access to an opposing party's confidential information, district courts have reached contradictory results.  Some courts have held that a company's patent prosecutor necessarily engages in competitive decision-making, and therefore, must have limited access to an opposing party's confidential information under U.S. Steel.  For example, in Motorola, Inc. v. Interdigital Tech. Corp., No. 93-488-LON, 1994 WL 16189689 (D. Del. Dec. 19, 1994), the court approved a patent prosecution provision for the reason that the defendant's litigation attorneys would later prosecute the same patents.  Id. at *4-5 (noting that it would be necessary for those attorneys to constantly challenge the origin of every idea and that "[t]he level of introspection that would be required [was] simply too much to expect, no matter how intelligent, dedicated, or ethical the . . . attorneys may be"); see also Mikohn Gaming Corp. v. Acres Gaming, Inc., No. CV-S-97-1383, 1998 U.S. Dist. LEXIS 22251 (D. Nev. Apr. 15, 1998) (denying a lawyer access to confidential information upon finding that there was a substantial risk that the lawyer would misuse information discovered in litigation in his role as patent prosecutor, whether deliberate or inadvertent); Commissariat a L'Energie Atomique v. Dell Computer Corp., No. 03-484-KAJ, 2004 WL 1196965 (D. Del. May 25, 2004) (holding that prosecuting patent applications involves decisions regarding scope and emphasis that implicate competitive decision-making); Presidio Components, Inc. v. American Technical Ceramics Corp., 546 F. Supp. 2d 951 (S.D. Cal. 2008) (denying lawyers access to confidential information, and emphasizing that plaintiff did not show that it would be prejudiced by receiving advice from other lawyers at the same firm and that lawyers' decisions regarding "scope and emphasis" of the products were competitive decision-making).

Other courts have reached contrary results.  In Sibia Neurosciences, Inc. v. Cadus Pharmaceutical Corp., No. 96-1231-IEG, 1997 U.S. Dist. LEXIS 24130 (S.D. Cal. July 15, 1997), the district court criticized the Motorola case as redefining the U.S. Steel "competitive decision-making" analysis by expanding it to include all activities which defined the "scope and emphasis" of a client's research and development efforts.  Id. at *26 (finding that defendant's attorney was not involved in competitive decision-making and the denial of access would cause the defendant an unnecessary hardship), aff'd, In re Sibia Neurosciences, Inc., No. 525, 1997 U.S. App. LEXIS 31828 (Fed. Cir. Oct. 22, 1997) (unpublished); see also Pergo, Inc. v. Faus Group, Inc., No. 5:05-CV-50-FL, 2005 U.S. Dist. LEXIS 40601 (E.D.N.C. Sept. 20, 2005)

(holding that defendants did not sufficiently demonstrate that the counsel for plaintiffs was involved in competitive decision-making under the U.S. Steel test); AFP Advanced Food Prods. LLC v. Snyder's of Hanover Mfg., Inc., No. 05-3006, 2006 WL 47374 (E.D. Pa. Jan. 6, 2006) (holding that there was no reason for the court to believe that the AFP lawyers would not strictly follow the adopted order and refrain from using, either inadvertently or intentionally, confidential information).

Rose argues that a patent prosecution provision is necessary in this case because there is an unavoidable risk that Avocent's attorneys will inadvertently use Rose's confidential information. (Rose's Cross-Mot. for Protective Order ("Rose's Mot.") 6.) Rose notes that Avocent's patent prosecution attorneys are currently working on reexamination proceedings at the Patent Office concerning three of the four patents at issue in this case. Rose believes that allowing Avocent's attorneys to gain access to highly confidential information regarding Rose's products could result in Avocent's lawyers rewriting the patent claims being litigated to specifically target Rose's products. (Rose's Mot. 10-11.) In response, Avocent argues that the patent prosecution provision would work a substantial hardship on Avocent and that Rose has not shown good cause for its issuance. (Avocent's Opp'n. 6-19.)

Rose has not met its burden of demonstrating good cause for a patent prosecution provision to be entered in this case. The U.S. Steel case mandates a determination of whether there is an "unacceptable opportunity for inadvertent disclosure" by considering whether Avocent's patent prosecution attorneys are engaged in competitive decision-making and the hardship such a provision would cause Avocent. See U.S. Steel, 730 F.2d at 1468. Rose has offered no evidence of competitive decision-making by any of the lawyers representing Avocent in this case. Indeed, at the hearing on this matter, counsel for Rose admitted that there is no evidence of any competitive decisions made by Avocent's counsel on issues such as pricing and product design. (Hr'g Tr. 20, Nov. 25, 2008.) Instead, Rose supports its position with evidence of the patent prosecution attorneys' "relationship" with Avocent, including that Avocent's counsel act as both patent prosecution and litigation counsel; have a more than 10-year relationship with Avocent; are currently involved in ongoing proceedings at the Patent Office regarding the patents at issue in this case; and tout that they work with their clients to achieve their client's business goals. (Rose's Mot. 9-11; Rose's Reply 6-7.) None of these facts support the conclusion that Avocent's lawyers are engaged in competitive decision-making for Avocent, as mandated by U.S. Steel. Most of the evidence offered merely establishes the value of the lawyers' long-standing relationship with Avocent. Moreover, the fact that Avocent's attorneys "tout" that they work closely with their clients to achieve their client's business goals merely states the obvious; this is not evidence of competitive decision-making. While the Motorola line of cases have held that patent prosecution counsel are competitive decision-makers in some instances, those cases are not binding on this Court, and this Court declines to follow that line of cases. Furthermore, the patent prosecution provision would work a hardship on Avocent. The

law firm Davidson Berquist Jackson & Gowdey LLP, and particularly J. Scott Davidson,[3] have represented Avocent for ten years in both prosecution and litigation matters and have significant knowledge of the facts of this particular case. Limiting Davidson's access to crucial information in this litigation would work an unnecessary hardship on Avocent.

Finally, Rose's allegation that the ongoing proceedings before the Patent Office concerning three of the four patents at issue in this case cause an "unacceptable opportunity for inadvertent disclosure" is without merit. See U.S. Steel, 730 F.2d at 1468. Rose's concern that Avocent's attorneys will have the opportunity to "re-write patent claims that they are actively litigating against Rose" ignores applicable patent law. (Rose's Mot. 11.); see 35 U.S.C. §§ 112, 120 (precluding Avocent from amending claims beyond that which was disclosed in the original patent application). While Rose retorts that "[t]he practice of attempting to incorporate a competitor's later-developed technology in an earlier-filed patent application is a well known ploy in patent practice," the Court finds no reason to believe that Avocent's lawyers will attempt to rewrite its claims beyond that which 35 U.S.C. § 120 allows. (Rose's Reply at 13.)

## **CONCLUSION**

In light of the foregoing, the Court finds that Rose has not met its burden of proof to sustain its cross-motion for a protective order. The patent prosecution provision at issue shall not be entered. Avocent's Motion for Entry of a Protective Order is GRANTED. Rose's Cross-Motion for Entry of a Protective Order is DENIED. The Clerk is directed to file the protective order in this case.

s/Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims

February 5, 2009

---

[3]Rose did not specify to which of Avocent's counsel the patent prosecution provision would apply. J. Scott Davidson of the firm Davidson Berquist Jackson & Gowdey, LLP appears to be the principal person that would be affected.