# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
AVOCENT REDMOND CORP., a Washington       *
corporation,                              *
                                          *
                Plaintiff,                *
                                          *
        v.                                *    No. 08-69C
                                          *
THE UNITED STATES,                        *    (Filed: February 5, 2009)
                                          *
                Defendant,                *    Patents, motion to strike
and                                       *    answer and defenses.
                                          *
ROSE ELECTRONICS,                         *
                                          *
                Defendant-Intervenor      *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## OPINION AND ORDER

On July 18, 2008, plaintiff filed a Motion to Strike Rose Electronics' ("Rose") Answer and Defenses pursuant to Rule 12(f) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, plaintiff's motion is GRANTED, in part, and DENIED, in part.

Plaintiff requests Rose's Answer and Defenses to be stricken *in its entirety*. Plaintiff offers no explanation for seeking to strike the pleading in its entirety, and the Court will not grant this request. The four sections for which plaintiff offers a detailed argument will be considered:

> <u>Rose's First Additional Defense</u>: "Neither the accused products nor Rose have infringed or infringe any of the asserted claims of the patents-in-suit, either directly, indirectly, literally, or under the doctrine of equivalents."

> <u>Rose's Seventh Additional Defense:</u> "This court is without subject matter jurisdiction to adjudicate plaintiff's claims due to the provisions of 28 U.S.C. § 1500."

> <u>Rose's Reservation of Rights</u>: "Discovery in this has yet to begin, and Rose's investigation of its defenses is continuing. Therefore, Rose reserves the right to rely upon such other additional defenses as may become available or apparent

during discovery and reserve the right to supplement or amend its answer and/or its defenses, and to assert counterclaims."

<u>Rose's Prayer for Relief:</u>  "Rose requests a judgment in its favor providing the following relief: A. That plaintiff['s] . . . claims be dismissed with prejudice; B. Judgment in favor of Rose that the claims of the [patents in question] are invalid and unenforceable and that Rose has not infringed . . . ; C. That the Court find this to be an exceptional case and that Rose be awarded its costs and reasonable attorneys' fees . . .; and D. That Rose be granted all other relief to which it is justly entitled."

RCFC 12(f) states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on its own; or on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." (amended Nov. 3, 2008).

With respect to Rose's First Additional Defense, plaintiff's Motion to Strike is denied. The first additional defense is not an "insufficient defense or any redundant, immaterial, impertinent or scandalous matter," and as such, RCFC 12(f) does not apply.  Plaintiff's Motion to Strike is also denied with respect to Rose's Seventh Additional Defense.  That defense depends on disputed questions of law or fact regarding this Court's jurisdiction, and for that reason, shall not be stricken.  <u>See</u> <u>System Fuels, Inc. v. United States</u>, 73 Fed. Cl. 206, 215-16 (2006) (citing 2 JAMES WM. MOORE, MOORE'S FED. PRACTICE 12.37[4] at 12-1005. (3d ed. 2006)).

Rose's Reservation of Rights is an improper pleading and shall be stricken.  The reservation of rights section is, in effect, an affirmative defense; however, it is not listed in RCFC 8(c) as a proper affirmative defense.  Furthermore, under RCFC 15(a)(2), "a party may amend its pleading *only* with the opposing party's written consent or the court's leave." (emphasis added).

The last disputed pleading, Rose's Prayer for Relief, requests affirmative judgments. While a third-party defendant is entitled to present any defense it desires to a plaintiff's complaint, it is not entitled to seek an affirmative judgment, either monetary or declaratory, against a plaintiff.  <u>S. Cal. Edison Co. v. United States</u>, 43 Fed. Cl. 107, 115 (1999); <u>Lemelson v. United States</u>, 8 Cl. Ct. 789, 790-91 (1985); <u>Sun Shipbuilding & Dry Dock Co. v. United States</u>, 204 Ct. Cl. 915, 915 (1974).  Thus, Rose's Prayer for Relief is not a proper pleading and shall be stricken.

Based on the foregoing, plaintiff's Motion to Strike is GRANTED inasmuch as it seeks to strike Rose's Prayer for Relief and Rose's Reservation of Rights, and is DENIED inasmuch as it seeks to strike any other portion of Rose's Answer and Defenses.

    s/Lawrence S. Margolis
    LAWRENCE S. MARGOLIS
    Senior Judge, U.S. Court of Federal Claims