IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AVOCENT REDMOND CORP.,

      Plaintiff,

v.

THE UNITED STATES,

      Defendant,

and

ROSE ELECTRONICS,

      Intervenor.

No. 08-69C

Judge Lawrence S. Margolis

## ROSE ELECTRONICS' REPLY RE: MOTION TO LIMIT CLAIMS

Avocent would require the Court and the parties to engage in claim construction of dozens of claims from four patents and discovery and experts reports on validity of all 63 claims and infringement of all 63 claims by 17 accused products, without specific justification for such a large number. Opp. at 4 and 5. *After* the Court and the parties undertake this massive effort, Avocent *may* (though not necessarily will) drop some claims, thereby wasting much effort. Opp. at 4 ("In all likelihood, Avocent will reduce the number of claims …"). In the event that Avocent actually did reduce the asserted claims to the reasonable number of 10, more than 80% of the claim construction effort would have been wasted. Unless Avocent is allowed to proceed in this fashion, Avocent contends that its due process rights will be violated (Opp. at 4) or that Avocent will repeatedly bring suit against the United States asserting the same patents against the same products until all 63 claims have been tried. Opp. at 12-14. There is no support for such a position and it is directly contrary to this Court's authority to control its docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). Consistent with the practice of other courts across the country, the claims

asserted in this case should be limited to the reasonable number of no more than 10 representative claims, including 1 from each asserted patent.

## DISCUSSION

### I.    The United States and Rose Motion Should be Granted

As set forth in the United States and Rose motion, 63 claims from four patents are asserted against 17 products in this case.  When faced with an extraordinary number of asserted claims, courts around the country have limited the patentee to 10 or fewer claims total.  *See, e.g., ReRoof America Inc. v. United Structures of America, Inc.*, C.A. No. 96-cv-388 (N.D. Okla.), *aff'd*, No. 98-1378, 1999 WL 674517 (Fed. Cir. Aug. 30, 1999) (unpublished); *Kearns v. General Motors Corp.*, C.V. No. 2:85-cv-70461 (E.D. Mich.), *aff'd*, 1994 WL 386857 (Fed. Cir. July 26, 1994) (unpublished); *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, 2005 WL 2304190 (D. Del. Sept. 20, 2005); *Verizon Cal., Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 326 F.Supp.2d 1060 (C.D. Cal. 2003).  Further, one Court has a policy of limiting the asserted claims to 10 per case, which Avocent does not attempt to address or distinguish.  *See* Ex. G.  Indeed, Avocent's opposition identifies nothing to detract from the fact that the unreasonable number of claims asserted against a large number of products results in hundreds of infringement cases and large numbers of claim construction and invalidity cases. Like the courts listed above, this Court should exercise its power to control its docket and order the claims in this case limited to no more than 10 representative claims, including 1 from each patent.

### II.    Avocent's Arguments Lack Merit

#### A.    Avocent's Alleged Facts Are Irrelevant To Whether The Number of Claims Asserted Is Unreasonable

With respect to the material in the "Factual Background" section of the Opposition (pages 1-5), most of it is irrelevant.  For example, that Avocent sued another company (Raritan) in 2001 (Opp at 2) is not relevant to whether it is reasonable to deal with 63 claims from four patents

DM_US:22171439_1

asserted against 17 products in this action. The litigation activity and delay detailed by Avocent appears to be relevant only to the issue of laches, which is not a subject of the present motion.[1]

Assuming that they are relevant to the present motion, Avocent's statements about the ongoing re-examinations of each of the asserted patents are not complete. Opp. at 3. In the ongoing re-examination of the '096 patent, the U.S. Patent Office finally rejected all the claims asserted in this litigation on April 24, 2009. In the ongoing re-examination of the '978 patent, the U.S. Patent Office finally rejected approximately half the asserted claims on April 24, 2009.

Again assuming relevance to the present motion, Avocent's comments regarding the conduct in the stayed Washington State case requires further elaboration. Opp. at 3. There, before Avocent provided Infringement Contentions identifying the asserted claims and accused products, the issue of the number of claim terms to be construed and the number of *Markman* hearings was addressed at the Case Management Conference. As set forth in the transcript (Ex. 9 to Avocent's opposition), the court elected to limit the number of terms that would be construed at the ***first*** *Markman* hearing but did not foreclose the possibility of multiple *Markman* hearings or confront the issue that the total number of claims asserted was unreasonable.

### B.    Avocent's Effort To Distinguish Cases Is Unavailing

In their opening papers, as examples, the United States and Rose cited four other cases where courts limited the patentee to 10 or fewer claims where an unreasonable number of claims were asserted. The United States and Rose also cited the standing policy from another court (Judge Folsom in the Eastern District of Texas) adopting such a practice in *every* patent case.

In its response, Avocent was silent as to the standing policy of Judge Folsom. With regard to the four cases cited, Avocent counters with a series of "Yes, but ..." responses. Yes, the court in *ReRoof* limited the plaintiff to a single claim from each asserted patent (from 18 claims), *but* ... that was because the plaintiff hadn't limited the asserted claims itself. Opp. at 9-

---

[1] This includes Avocent's statement that it knew of the allegedly infringing activity with respect the '096 patent at least as early as March 1999 but waited until January 2008 to bring this suit. Opp. at 2 and 3.

10.   Yes, the court in *Kearns* limited the plaintiff to a single claim from each asserted patent against 5 circuits (from 51 claims against 32 circuits), *but* … the case was ultimately dismissed as a sanction and, again, affirmed on appeal. Opp. at 10-11. Yes, the court in *Fenster* limited the plaintiff to 5 claims against 10 products (from 90 claims against 49 products), *but* … in accordance with the Scheduling Order, the plaintiff identified the claims five weeks before the close of fact discovery and eleven weeks before expert reports. Opp. at 11.[2] Yes, the court in *Katz* limited the plaintiff to 3 claims per asserted patent, *but* … the plaintiff did not appear to resist that. Opp. at 11-12. The facts of *Fenster* are instructive. There, in accordance with the Scheduling Order, the plaintiff identified 90 claims asserted against 49 products. The plaintiff then resisted the defendant's effort to limit the claims to a reasonable number and responded with the same "maybe after discovery" statement that Avocent makes here. The court agreed with the defendant that the number of asserted claims was unreasonable and limited the plaintiff to one claim per patent asserted against 5 products.

In short, for all of Avocent's arguments about how the facts of those cases were different, Avocent has failed to identify a single case calling into question the Court's power to limit the claims, that 63 claims against 17 products is unreasonable, or that 10 is a reasonable number. As the courts in *ReRoof*, *Kearns*, *Fenster*, and *Katz* did (and as is Judge Folsom's standing policy), this Court should limit the number of claims to a reasonable number.

---

[2] As noted in *Fenster*, Fenster fully complied with the Scheduling Order in the case. *Id.* at *3 ("In compliance with the Scheduling Order, on February 8, 2002, Fenster identified 90 patent claims and listed 49 accused products."). Moreover, Fenster made the same "maybe after discovery argument" that Avocent makes here. *Id.* at *3 ("In response, Fenster contends that the number of asserted claims should not be further limited because Fenster will likely limit them after full discovery. … The Court agrees with Siemens that Fenster's number of asserted claims is unreasonable.").

### C.     Avocent's Effort To Minimize the Burden Associated With Asserting 63 Claims Against 17 Products Do Not Withstand Scrutiny

Most of Avocent's remaining arguments are directed to trying to minimize the burden associated with the unreasonable number of claims asserted.

With regard to the number of products at issue, Avocent does not dispute that it has accused 17 Rose products of infringing 63 claims from four patents.  Nevertheless, seeking to minimize the burden of actually proving infringement, Avocent contends that there are really "only 7 or 8 different product groups."  Opp. at 6-7 (citing Exh. 10, pp 5-7).  Even as contended (erroneously) by Avocent, that would still require discovery and trial of more than 300 cases of infringement (and corresponding invalidity cases).[3]  Regardless of whether the number of infringement cases Avocent wants to try is 300 or 700, the number is unreasonable.

Avocent next argues that *some* terms/phrases appear in more than one of the 63 claims and that *some* claims "overlap substantially."  Opp. at 7-8.  Of course, none of the claims is identical to another and each claim requires proof of infringement and invalidity of all the claim elements.  That some terms/phrases appear in more than one of the 63 claims does not reduce the burden on the Court and parties to deal with claim construction on the large number of term combinations and non-common terms from 63 claims and try infringement and invalidity for those same claims.  Moreover, if the claims "overlap substantially" (as Avocent argues), such that there are no appreciable claim construction, infringement or invalidity differences, then there is no detriment to choosing a reasonable subset of those claims.

Avocent's comments regarding the numbers of independent and dependent claims asserted do not negate the unnecessary and undue burden of construing and trying 63 claims. Opp. at 8-9.  For each claim asserted, the Court will have to consider appropriate claim construction issues and whether Avocent meets its burden of proving infringement and whether

---

[3] Even Avocent's "grouping" appears to reflect a miscount of the information presented in Rose' interrogatory responses.  Rather than "7 or 8" an accurate count is 10, resulting in more than 430 cases of infringement and at least 63 invalidity cases.

the United States meets its burden of proving invalidity. The parties will be forced to take discovery corresponding to each of the claims. That some claims depend from others does not affect the burden on the Court or the parties from dealing with an unreasonable number of claims.

Avocent contends that some of the terms from the '096 and '264 claims were construed in the *Raritan* action. Opp. at 9. That some of the terms from the 63 claims were construed in *Raritan* will have no effect on the burden of dealing with 63 asserted claims. Neither the United States nor Rose were parties to the *Raritan* case, the Rose products were not accused there, and the prior art identified appears to be different than that which will be relevant in this case. Moreover, neither the '323 nor '978 patents were asserted in the *Raritan* case and the prosecution history of those patents (including in the re-examinations) will have to be considered in claim construction. Thus, it is to be expected that different claim construction issues will arise in this case and that the unreasonable number of asserted claims will needlessly increase the complexity of this case.[4]

Finally, Avocent contends that the *Raritan* court was "able to handle all the asserted claims" from three patents without limiting the claims. Avocent fails to inform the Court that that case involved 21 claims asserted against a five products (resulting in 105 infringement cases and corresponding invalidity cases). *See Apex, Inc. v. Raritan Computer, Inc.*, 187 F.Supp.2d 141, 146-47 (S.D. N.Y. 2002). By contrast, the present case involves 63 claims asserted against 17 products. While Rose does not believe that 21 claims asserted against 5 products would be reasonable, three times that many claims against more than 3 times that many products certainly is not.

---

[4] Of course, Avocent is estopped from challenging the construction of terms that Avocent previously litigated.

### D.     Avocent's Due Process Assertions And Threat of Multiple Suits Are Without Basis

Avocent's assertions regarding due process (Opp. at 12-13) are without merit. Parties have no property right in individual claims of patents. Instead, property rights are limited to the patent as a whole (see 35 U.S.C. § 261) and the patent statute creates a single cause of action for infringement of a patent (not a claim) (see 35 U.S.C § 281). *See, e.g., Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1465-66 (Fed. Cir. 1988) ("[S]ection 261 continues to provide that 'patent shall have the attributes of personal property.' This provision suggests that property rights, including ownership, attached to patents as a whole, not individual claims."). Thus, limiting the number of claims has no due process implications and, as in the cases cited by the United States and Rose, courts routinely exercise their authority to limit the number of asserted claims.

Avocent's threat of multiple suits (Opp. at 13-14) is likewise without merit. If Avocent has allegations that the accused products infringe any of the asserted patents, it must litigate those allegations in this case and will be barred from bringing future suits alleging infringement by those same products of the asserted patents. However, Avocent's causes of action are defined by the *patents* asserted (and not the claims within them) and Avocent has no right to force the Court to litigate every claim (or 63 of them) or to bring multiple suits asserting the same patents.

## CONCLUSION

Sixty-three claims from four patents asserted against 17 products is unreasonable. That Avocent has a large number of claims in the four patents does not mean that it can force this Court and the other parties to litigate each one in an endurance exercise. Like other courts that have faced this issue, 10 representative claims is a reasonable number and provides Avocent with more than sufficient opportunities to prove its case without engaging in a wasteful, burdensome, and unreasonable procedure. The United States and Rose motion should be granted.

Respectfully submitted,

7

Dated: _7/6/09_

Bert C. Reiser
HOWREY LLP
1299 Pennsylvania Avenue NW
Washington, DC 20004
Tel: 202.783.0800
Fax: 202.383.6610
reiserb@howrey.com

*Attorney for Intervenor*
Rose Electronics
10707 Stancliff Road
Houston, TX 77099

OF COUNSEL:

Michael S. Dowler
Jeffrey J. Phillips
HOWREY LLP
1111 Louisiana, 25th floor
Houston, TX 77002-5242
Tel: 713.787.1400
Fax: 713.787.1440
dowlerm@howrey.com
phillipsj@howrey.com

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served on this _____ day of May, 2009 with a copy of this document via the Court's CM/ECF system per RCFC 5.2.  Any other counsel of record will be served by electronic mail on this same date.

**James D. Berquist**
**J. Scott Davidson**
**Donald L. Jackson**
**Grace Obermann**
**DAVIDSON, BERQUIST JACKSON & GOWDEY LLP**
**4300 Wilson Blvd, Suite 700**
**Arlington, VA  22203**

*Attorneys for Plaintiff*
*AVOCENT REDMOND CORP.*

[signature]

1