IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AVOCENT REDMOND CORP., <br><br>  Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br>  Defendant, <br><br> and <br><br> ROSE ELECTRONICS, <br><br>  Intervenor. | No. 08-69C <br><br> Judge Lawrence S. Margolis |

**THE UNITED STATES AND ROSE ELECTRONICS' OPPOSITION TO AVOCENT REDMOND'S MOTION TO COMPEL AND FOR SANCTIONS**[1]

      The United States and Rose Electronics oppose Avocent Redmond Corp.'s ("Avocent") motion to compel, to modify the Scheduling Order, and/or for sanctions.[2]  In this litigation, Avocent has sought to assert 63 claims from four patents against 17 products and has refused to limit the asserted claims to a manageable number.  Avocent's approach would result in an unmanageable, wasteful, and inefficient process in which Avocent "hides the ball" on the actual case that it would try until just before (or after) the close of discovery.  Currently pending before this Court is the United States and Rose motion to limit the number of asserted claims to ten claims total.  Avocent's current motion would have the United States, Rose, and this Court engage in a burdensome effort on claims that are not going to be tried.  Such an approach is not consistent with the mandate of R.C.F.C 1 that the Rules should be "administered to secure the

---

    [1] In order to avoid burdening the record with separate responses to Plaintiff's motion, the government and Rose have jointly drafted, reviewed, and filed this opposition.

    [2] While not mentioned in the title of Avocent's motion, Avocent closes the motion with a request that the Court grant relief against the United States and Rose pursuant to R.C.F.C. 37. Mot. at 5.  There is no basis for sanctioning the United States or Rose for properly objecting to discovery requests.

just, speedy, and inexpensive determination" of this action. Moreover, Avocent's motion is inconsistent with the Court's Scheduling Order which provides a date for the exchange of claim construction briefs. For the reasons set forth below, Avocent's motion should be denied.

## BACKGROUND

In mid-June and mid-August, 2008, before identifying the claims asserted against each product and before the entry of a protective order, Avocent served interrogatories on the United States and Rose, respectively, seeking claim construction positions. Both the United States and Rose objected to the interrogatories as premature until Avocent identified the products/methods accused of infringing each asserted claim.

In September 2008, Rose served interrogatories on Avocent seeking an identification of which products/methods were accused of infringing which claims of each of the four patents-in-suit.

In October 2008, Avocent responded to Rose' interrogatory with a series of objections, including that the interrogatory was premature because, *inter alia*, no protective order was in place. However, Avocent identified (by incorporation), the Rose Quadravista and Xtensys products as allegedly infringing 42 claims and the Rose Ultraview and Ultramatrix products as allegedly infringing unidentified claims.

On February 5, 2009, this Court entered a protective order guiding discovery in this case.

On May 22, 2009, Avocent supplemented its answer to Rose's interrogatory and informed the United States and Rose that Avocent was actually asserting 63 claims against 17 Rose products. The incomplete charts attached to the supplemental response ran to more than 125 pages.

On June 1, 2009, this Court entered a Scheduling Order providing for the exchange of opening claim construction briefs on August 21, 2009.

On June 3, 2009, after meeting and conferring, the United States and Rose filed a motion seeking to limit the number of asserted claims. The United States and Rose pointed out that 63 claims was simply an unreasonable number and would result in an unreasonable number of

infringement cases (more than 700) and corresponding invalidity cases as well as claim construction briefing on claims that are simply not going to be tried. The United States and Rose asked the Court to limit to 10 the number of asserted claims (including 1 from each patent asserted). Briefing on that motion completed on July 6, 2009, and the parties are awaiting a ruling from the Court.

In discussions leading up the filing of the present motion, though not required to do so, the United States and Rose offered to exchange claim construction positions on any 10 claims Avocent identified. Modeling their offer on procedures used where Patent Local Rules are in effect, the United States and Rose offered to exchange an identification of terms along with preliminary claim constructions from the 10 claims. Avocent rejected the United States and Rose offer. Instead, Avocent held to the position that it may (or may not) reduce the number of asserted claims only after the parties and the Court engaged in claim construction on all 63 claims and after discovery and expert reports were completed on the more than 700 infringement cases it is attempting to assert in this action. During the discussions, Avocent only indicated its intention to move to compel. The first time the United States and Rose were informed of Avocent's request to modify the Scheduling Order in this case or sanction the United States and Rose was upon reading Avocent's motion.

## DISCUSSION

Having attempted to assert an excessive number of claims and refusing to compromise from that extreme position, Avocent now moves the Court to modify the Scheduling Order to accommodate its unreasonable demands and force the United States and Rose to incur at least part of the prejudice their June 3 motion is designed to avoid. Alternatively, Avocent requests the Court to sanction the United States and Rose for properly objecting to discovery requests. Neither position has any merit and Avocent's motion should be denied.

As an initial matter, the United States and Rose note that the Scheduling Order in this case provides a date for the exchange of both opening and responsive claim construction briefs (August 21 and September 11, 2009, respectively). Avocent cannot unilaterally advance the

dates set by the Court simply by serving interrogatories demanding claim construction positions prior to the dates set forth in the Scheduling Order. If Avocent wanted a procedure different from the procedure in the court's order, e.g., exchange of claim construction positions at least 30 days prior to the claim construction briefing (Mot. at 5), then Avocent should have requested modification of the Court's order.

While Avocent complains that the United States and Rose have objected to Avocent's interrogatory (Mot. at 3), Avocent itself caused the present situation. Even in the face of the Scheduling Order, both the United States and Rose remain willing to work with Avocent to identify and reduce claim construction positions and disputes prior to the August 21, 2009 date. However, Avocent has consistently refused the United States and Rose offers of a reasonable procedure to make this happen or to identify a manageable number of asserted claims.

Avocent's assertion that the August 21 date for claim construction briefing is a "virtual impossibility" (Mot. at 4) is without merit. Presumably, Avocent has some terms that it wants construed, but Avocent provides no explanation of why it cannot brief those terms on or before August 21. Pursuant to the Scheduling Order, Avocent will then have until September 11, 2009, to respond to the United States and Rose claim construction briefs. Avocent has failed to offer any reason to deviate from the schedule and procedure set forth in the Court's order.

Avocent's comments regarding the claim constructions adopted in the *Raritan* case (Mot. at 5) are of little relevance to this case. Of course, the United States and Rose were not parties to that case and are therefore not bound by the decisions of that case.[3] Moreover, only claim terms that are in controversy in a particular case need to be construed and "only to the extent necessary to resolve the controversy." *See Vivid Technologies, Inc. v. American Science & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999). Thus, the proper claim construction applicable to any case is the one that resolves the issues for that case (which necessarily depends, at least, on the

---

[3] By contrast, Avocent is estopped from re-litigating the claim constructions previously adopted. *See, e.g., Edberg v. CPI-The Alternative Supplier, Inc.*, 156 F.Supp.2d 190, 195-56 (D. Conn. 2001).

devices accused of infringement and the issues raised by the parties). In the present case, different products are accused of infringement and different issues have been raised.[4] Moreover, of course, the issues in the case are determined by the claims actually asserted and Avocent has refused to provide that information (other than its excessive identification of 63 claims against 17 products).

Avocent's alternative request that the Court sanction the United States and Rose is baseless (Mot. at 5). Unlike the parties in the cases relied upon by Avocent, neither the United States nor Rose has violated any Order of the Court or its Rules. See R.C.F.C. 37(b) and (d). Instead, the United States and Rose properly objected to Avocent's interrogatory both initially and later when the United States and Rose were forced to move the Court to have Avocent identify a manageable number of asserted claims.

Moreover, Avocent's request to limit the claim terms to those of the *first* identification in the Seattle case would be improper in any event.[5] The Seattle case involves Avocent and three defendants (Aten, Belkin, and Rose) and the terms selected for the *first* identification in Seattle had to accommodate all those parties. The United States was/is not a party to the Seattle case and in this case has consistently sought an identification of which claims are asserted against which products. Avocent's identification of an excessive number of claims (63 claims against 17 products) fails to properly put the United States (and Rose) on notice of which claims, and therefore claim elements, are actually in dispute. There is no basis for limiting the United States to claim elements which the United States had no participation in selecting, particularly when the United States and Rose have fully complied with the Rules.

---

[4] The United States and Rose ability to identify the appropriate issues in this case is limited by Avocent's failure to identify the asserted claims and incomplete discovery responses. Concurrent with the filing of this paper, Rose will be filing a motion to compel complete responses to interrogatories seeking an identification of what, exactly, is alleged to infringe any asserted claim.

[5] As the United States and Rose have noted elsewhere, the Court in Seattle contemplates multiple claim construction proceedings (though it hopes they will not be necessary).

**CONCLUSION**

Avocent's motion should be denied. In the event that the Court should rule on the United States and Rose' motion to limit the asserted claims prior to August 21, the United States and Rose remain willing to work with Avocent to try and reduce the number of claim disputes. In the event that there is no ruling by that date, then the United States and Rose will comply with the Scheduling Order and submit their claim construction briefing. As detailed above, there is simply no basis to modify the Scheduling Order in this case or to sanction the United States and Rose and Avocent's motion should be denied.

Respectfully submitted,

Dated: August 6, 2009

/s/Bert C. Reiser
Bert C. Reiser
HOWREY LLP
1299 Pennsylvania Avenue NW
Washington, DC  20004
Tel:  202.783.0800
Fax:  202.383.6610
reiserb@howrey.com

*Attorney for Intervenor*
Rose Electronics
10707 Stancliff Road
Houston, TX  77099

OF COUNSEL:

Michael S. Dowler
HOWREY LLP
1111 Louisiana, 25th floor
Houston, TX  77002-5242
Tel:  713.787.1400
Fax:  713.787.1440
dowlerm@howrey.com

Dated:  <u>August 6, 2009</u>              Tony West
                                          Assistant Attorney General

                                          John Fargo
                                           Director


                                          <u>/s/ Robert G. Hilton</u>
                                           Robert G. Hilton
                                              Attorney
                                          Commercial Litigation Branch
                                          Civil Division
                                          DEPARTMENT OF JUSTICE
                                          Washington, DC  20530

                                          *Attorneys for Defendant*
                                          *THE UNITED STATES*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served on this 6th day of August, 2009 with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail on this same date.

**James D. Berquist**
**J. Scott Davidson**
**Donald L. Jackson**
**Grace Obermann**
**DAVIDSON, BERQUIST JACKSON & GOWDEY LLP**
**4300 Wilson Blvd, Suite 700**
**Arlington, VA  22203**

*Attorneys for Plaintiff*
*AVOCENT REDMOND CORP.*

/s/ Michael S. Dowler
Michael S. Dowler

1