## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AVOCENT REDMOND CORP., a Washington corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>        Defendant,<br><br>and<br><br>ROSE ELECTRONICS, a Texas general partnership,<br><br>        Defendant-Intervenor. | No. 08-69C<br><br>Judge Lawrence S. Margolis |

### AVOCENT REDMOND'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM DEFENDANTS

Avocent's Interrogatory No. 2 seeks the disclosure of the defendants' claim construction contentions. Avocent's interrogatory is not directed to irrelevant matter, it is not improper, and it is not vague – and neither defendant objects on those grounds. The claim construction process has become central to every patent case and Opening Briefs on this issue are due August 21, 2009. Rather than simply providing a timely answer to this interrogatory, the defendants have taken the position that it is too burdensome to provide an answer given the fact that Avocent asserts 63 patent claims in this case. Under the defendants' rationalization, they need not answer this undeniably pertinent interrogatory unless and until Avocent first reduces the number of patent claims it is asserting, either voluntarily, or under court compulsion.

While the defendants can, and have, asked this Court for an Order limiting issues for trial, they are not free to unilaterally withhold discovery while that motion is pending. Incredibly, the defendants applaud their willingness to work out a limited mutual exchange of information, and

attempt to portray Avocent as the culprit, while ignoring the fact that this motion was filed because both defendants refused to fulfill their discovery obligations. The defendants refused to even include the requested discovery with their Opposition brief. Thus, given the *Markman* briefing schedule, Avocent must prepare its Opening *Markman* brief (and quite likely the responsive *Markman* briefing) without the benefit of an answer to this year-old interrogatory from either defendant.

Contrary to the position taken by the defendants, the mandate of RCFC 1 is not to reduce the number of substantive claims made by the plaintiff to make the litigation more manageable. (Opposition Memorandum ("Opp.") p. 1). Rather, it requires that the court rules be construed and administered to secure the just, speedy, and inexpensive determination of the claims being made. In this action, Avocent asserts that the United States has made, and is making, unlawful use of 63 patent claims of four patents. The rules must be construed and administered to secure the just, speedy, and inexpensive determination of Avocent's claims under these 63 patent claims. The rules do not provide a basis to preclude the assertion of any of these claims. Nor do the rules provide the defendants with the right to withhold relevant discovery until the number of claims asserted against them is reduced to a size more to their liking. If the defendants wanted to minimize cost, delay and disruption, they would have simply answered the interrogatory without delaying trial preparations, compounding costs and the necessity of court intervention.

Nor can the defendants excuse their failure to answer this interrogatory by wrongly accusing Avocent of "hiding the ball." (Opp. at 1). First, Avocent filed this motion to compel an interrogatory answer from the defendants. The question raised by this motion is whether <u>the defendants</u> have been "hiding the ball" by refusing yield appropriate discovery. Second, Avocent has been very clear in identifying which of the claims it asserts in this action – all 63 of

them.  Avocent has also been very clear in identifying the products it accuses of infringing those 63 claims.  As discovery progresses, after the disputed claim terms are construed, invalidity contentions developed, and dispositive motions decided, Avocent may, or may not, limit the number of infringement contentions that must be decided at trial.  This is normal case progression, not an effort to hide the ball.

In their Opposition, the defendants also applaud their willingness to exchange claim constructions with Avocent on any 10 claims Avocent identified.  (Opp., p. 3).  The proposed exchange the defendants refer to, however, was not made until July 31, 2009, a week <u>after</u> Avocent was forced to file the present motion.  Moreover, Rose's proposal was too little, too late, and had nothing to do with answering Avocent's Interrogatory No. 2.  Neither defendant has served an interrogatory seeking the disclosure of Avocent's proposed claim constructions, and, unlike Avocent's Interrogatory No. 2, Rose's proposed exchange did not include the disclosure of the factual and legal bases of the claim construction sought.[1]  Thus, Rose's proposed exchange was not a substitute for a response to Avocent's interrogatory, but a calculated move in which the defendants would not provide any discovery *unless* Avocent agreed to provide the same information despite the fact that the defendants had not propounded any discovery request for this information.  In addition, the defendants hoped that their discovery refusal would wrongly force Avocent to accept their approach to limiting the number of patent claims.

The defendants cannot unilaterally withhold relevant discovery in order to force Avocent to reduce the number of infringement claims presented.  While the defendants are right to note that they have not refused a prior order directing them to yield this specific discovery, the

---

[1] On August 6, 2009, the parties did exchange lists of claim terms and proposed definitions.  That exchange did not include the disclosure of the support for the proposed claim constructions and the defendants expressly reserved the right to supplement the list of the claim terms at issue.

Court's ability to police discovery abuse and protect its authority is not so limited. *Monsanto Co. v. Ralph,* 382 F.3d 1374, 1382 (Fed. Cir. 2004) (district court has inherent power to sanction abuse of the judicial process irrespective of the existence of a particular order). Nor can the defendants claim that their refusal to yield this discovery has not jeopardized Avocent's ability to brief the *Markman* claim construction issue.

The defendants cannot obstruct Avocent's legitimate discovery and use that refusal to claim the moral high ground. It is simply not credible to refuse to yield claim construction contentions because too many claims asserted and then move the Court for an Order compelling Avocent to *supplement their detailed, 135 page infringement claim chart as to all 63 claims the very next day*. This inconsistency is telling. Similarly, on August 12, 2009, defendant Rose filed a motion seeking leave to amend its pleadings in this action to insert literally dozens of inequitable conduct allegations at this late date. Like the defendants' motion to compel Avocent to supplement its already considerable infringement disclosures, the effort to add these allegations at this stage of the proceedings undermines Rose's stated goal of securing the just, speedy, and inexpensive resolution of this action.

Avocent respectfully submits that its motion to compel this discovery should be granted.

DATED this 14th day of August, 2009.    Respectfully submitted,

PLAINTIFF AVOCENT REDMOND CORP.,
by and through its Attorneys

s/James D. Berquist_____
James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann

-5-

                    DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
                    4300 Wilson Blvd, Suite 700
                    Arlington, Virginia 22203
                    Tel. 703-894-6400
                    Fax. 703-894-6430

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

/s/ Donald L. Jackson
Donald L. Jackson