IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AVOCENT REDMOND CORP.

Plaintiff,

v.

THE UNITED STATES

Defendant,

and

ROSE ELECTRONICS,

Intervenor.

No. 08-69C

Judge Lawrence S. Margolis

**MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED, OR ALTERNATIVELY, TO COMPEL PLAINTIFF AVOCENT REDMOND CORP. TO ANSWER ROSE ELECTRONICS' FIRST SET OF REQUESTS FOR ADMISSION**

# TABLE OF CONTENTS

Page(s)

I. Introduction ........................................................................ 1

II. Statement of Facts ........................................................................ 1

III. Governing Law ........................................................................ 3

A. The Discovery Rules Are Construed Liberally ........................................ 3

B. RCFC 36 Allows Parties To Narrow the Issues For Trial By Seeking the Admission of Relevant Facts ........................................ 4

C. Laches........................................................................ 4

IV. Rose's Requests For Admission Are Directly Relevant to the Laches Defense ................. 5

V. Conclusion........................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

Cases

*A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020 (Fed. Cir. 1992) .......... 4, 5, 8

*Int'l Paper Co. v. United States*, 36 Fed. Cl. 313 (1996) .......... 4

*Lakeland Ptnrs, L.L.C. v. United States*, 88 Fed. Cl. 124 (July 2, 2009) (2009 U.S. Claims LEXIS 239) .......... 3, 4, 5

*Pratt & Whitney Canada Inc. v. U.S.*, 12 Cl. Ct. 221 (1987) .......... 5

*S.A. Heally Co./Lodigiani USA v. United States*, 37 Fed. Cl. 204 (1997) .......... 1

*Sparton Corp. v. United States*, 77 Fed. Cl. 10 (2007) .......... 3

*Sys. Fuels, Inc. v. United States*, 73 Fed. Cl. 206 (2006) .......... 4

Statutes

28 U.S.C. Section 1498 .......... 7

35 U.S.C. Section 271 .......... 7

Rules

FRCP Rule 26(b) .......... 3, 4

RCFC 26(b)(1) .......... 3, 4

RCFC 36 .......... 4, 7

## I. INTRODUCTION

This motion to compel is necessary because Plaintiff Avocent Redmond Corporation ("Avocent") has refused to respond to basic discovery requests (Requests for Admission) directly relevant to the case. Pursuant to RCFC 36 and 37, Intervenor Rose Electronics ("Rose") respectfully moves the Court for an order deeming the unanswered Requests for Admission admitted[1], or alternatively, compelling Avocent to answer them.

This is a patent infringement case involving four patents – three of which issued many years before Avocent initiated this lawsuit. Both Defendant the United States and Intervenor Rose have pled an affirmative defense of laches / estoppel. To establish laches, a defendant must show an unreasonable delay from the time the patentee (Avocent) "knew or should have known" of the alleged infringing activity (*i.e.*, sales of Rose's accused products to the United States) to the time Avocent filed its Complaint. Rose's First Set of Requests for Admission are undeniably and transparently directed to that issue. Nonetheless, Avocent refuses to answer them - arguing that the Requests are "irrelevant" because, in Avocent's opinion, the asserted laches defense lacks merit.

Avocent's refusal to respond to Rose's Requests for Admission is improper. The 71 unanswered Requests for Admission do not seek Avocent's attorneys' theories or opinions regarding the merits of the asserted defenses. Rather, they seek the admission or denial of *facts* relevant to the case. Avocent's refusal to participate in this basic discovery is unacceptable and obstructionist. Rose respectfully requests that the Court deem all 71 of the unanswered Requests admitted, or alternatively, compel Avocent to serve proper responses.

## II. STATEMENT OF FACTS

In this case, Avocent has accused the United States of infringing four patents. Two of the asserted patents issued nearly 10 years before Avocent initiated this lawsuit. U.S. Patent No.

---

[1] A motion to determine the sufficiency of answers and objections to requests for admission is in effect a motion to deem the requests admitted. *S.A. Heally Co./Lodigiani USA v. United States*, 37 Fed. Cl. 204, 207 (1997).

5,884,096 ("the '096 patent") issued on March 16, 1999. U.S. Patent No. 6,112,264 ("the '264 patent") issued on August 29, 2000. Avocent did not file this case until January 31, 2008. (D.E. 1).

Based on the information currently available to the United States and Rose, it appears that Avocent knew or should have known that Rose was selling at least some of the accused products to the United States long before it decided to file this case. Accordingly, in their respective Answers to Avocent's Complaint, both the United States and Rose asserted the affirmative defense of laches (D.E. 10 at 5; D.E. 12 at 5) – an equitable defense barring the patentee from recovering pre-suit damages as a result of its unfair and prejudicial delay in filing suit.

On August 7, 2009, Rose served Avocent with its First Set of Requests for Admission, consisting of 75 Requests. (Storey Dec, Ex. A). The purpose of each Request is transparent. Each Request is directed to establishing the laches defense. (*Id.*)

On September 9, 2009, Avocent served its responses to Rose's First Set of Requests for Admission. (Storey Dec, Ex. B). Therein, Avocent provided a substantive response *to only 4 of the 75 Requests*.[2] For the remaining 71 Requests, Avocent refused to respond – stating the following:

> Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under § 1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the § 1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance. (*Id.*)[3]

On September 15, 2009, Rose contacted Avocent's counsel to request a "meet and confer" telephone conference to address Avocent's objection to the Requests for Admission and

---

[2] Avocent admitted Request Nos. 45, 51, 52, and 75. (Storey Dec., Ex. B).

[3] As the Court is aware, Avocent and Rose are parties to a pending case before the United States District Court for the Western District of Washington (Seattle) involving three of the same four patents asserted here - captioned *Avocent Redmond Corp. v. Rose Electronics, et al.*, Case No. C06-1711MJP (currently stayed). It is the Seattle case to which Avocent refers when stating that Rose plead an affirmative defense under 28 U.S.C. § 1498.

Avocent's refusal to respond to 71 of the 75 Requests. (Storey Dec, Ex. C). Rose explained that its Requests are not "irrelevant" simply because Avocent or Avocent's counsel believes that the asserted laches defense ultimately lacks merit. (*Id.*) Rose's letter stated:

> The Requests for Admission ask Avocent to admit or deny facts. They do not seek Avocent's attorneys' opinions or theories as to whether a laches defense does or does not have merit. Although couched as a relevance objection, what you essentially argue is that, although directly relevant to the case, the RFAs pertain to a legal defense that you believe ultimately lacks merit. Therefore, you have unilaterally decided not to answer the RFAs. The response is plainly improper and does not comply with Fed. R. Civ. Proc. 36. (*Id.*)

On September 17, 2009, the parties' counsel met and conferred regarding Avocent's failure to answer 71 of the 75 Requests. (Storey Dec, ¶ 6). Rose again explained that, on their face, the Requests seek the admission of facts directly relevant to the asserted laches defense. (*Id.*) Avocent's counsel's only response was to repeat Avocent's original objection – *i.e.*, that the Requests are "irrelevant" because, in Avocent's counsel's opinion, the laches defense lacks merit. (*Id.*) Avocent's counsel stated that Avocent would not provide a substantive response to the 71 unanswered Requests absent a court order – leaving Rose with no option but to file the present motion to compel. (*Id.*)

## III. GOVERNING LAW

### A. The Discovery Rules Are Construed Liberally

RCFC 26(b)(1) is "the general provision governing the scope of discovery." *Lakeland Ptnrs, L.L.C. v. United States*, 88 Fed. Cl. 124 (July 2, 2009) (2009 U.S. Claims LEXIS 239 at *13-15) (Storey Dec, Ex. D); *Sparton Corp. v. United States,* 77 Fed. Cl. 10, 21 n.14 (2007). It permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . ." (RCFC 26(b)(1)). RCFC 26(b) mirrors Rule 26(b) of the Federal Rules of Civil Procedure. *Sys. Fuels, Inc. v. United States,* 73 Fed. Cl. 206, 215 (2006). The 1946 amendment to FRCP 26(b) "ma[de] clear the broad scope of examination, which included not only evidence for use at the trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to the discovery of such evidence. The purpose of discovery is to allow a broad search for facts . . . or any other matters which may aid a party in the preparation or

presentation of his case." *Id*; *see also Int'l Paper Co. v. United States,* 36 Fed. Cl. 313, 317 (1996) ("we are similarly mindful of the generally broad scope of discovery in this court").

**B. RCFC 36 Allows Parties To Narrow the Issues For Trial By Seeking the Admission of Relevant Facts**

RCFC 36 allows parties to "serve on any other party a written request to admit . . . the truth of any matters within the scope of RCFC 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either . . .". (RCFC 36(a)(1)(A)). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." (RCFC 36(a)(4)). Requests for admission are "intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry." *Lakeland Ptnrs, L.L.C. v. United States*, 2009 U.S. Claims LEXIS 239 at *18-19. Thus, RCFC 36 "serves two vital purposes, both of which are designed to reduce trial time. (*Id.*) Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly to narrow the issues by eliminating those that can be." (*Id.*) (citing the 1970 Amendment to FRCP 36's Advisory Committee Note).

**C. Laches**

Laches is an equitable defense that bars the patentee from recovering pre-filing damages due to the patentee's delay in filing suit. *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992). The two elements of laches are unreasonable delay and prejudice. *Id.* at 1032. Unreasonably delay is presumed after six years. *Id*. at 1035. The length of time that is "unreasonable" for purposes of laches has no fixed boundaries and depends on the circumstances. *Id.* at 1032. Delay is measured from the time the patentee either learned or should have learned of the alleged infringer's activity. *Id*. at 1032-3. Laches is a recognized defense in patent infringement cases filed in the Court of Federal Claims as well as in federal district courts. *Pratt & Whitney Canada Inc. v. U.S.*, 12 Cl. Ct. 221, 221-23 (Cl. Ct. 1987).

## IV. ROSE'S REQUESTS FOR ADMISSION ARE DIRECTLY RELEVANT TO THE LACHES DEFENSE

Each of Rose's 71 unanswered Requests for Admission are directly and indisputably relevant to the asserted laches defense – which both the United States and Rose have plead as an affirmative defense. (D.E. 10 at 5; D.E. 12 at 5; *Lakeland Ptnrs, L.L.C. v. United States*, 2009 U.S. Claims LEXIS 239 at *16) ("[T]his does not mean that a fact must be alleged in a pleading for a party to be entitled to discovery of information concerning that fact. It means that the fact must be germane to a specific claim or defense asserted in the pleadings for information concerning it to be a proper subject of discovery.").

- Request Nos. 1-5 seek Avocent's admission that Avocent knew, many years before it filed its Complaint, that Rose was selling at least one of the accused KVM switches to the United States. ***(Relevance: Shows that Avocent knew or should have known of the alleged infringing activity long before filing suit)***
- Request No. 6 seeks Avocent's admission that Avocent believed, more than 6 years before it filed its Complaint, that the United States infringed its patent(s). ***(Relevance: Shows that Avocent knew or should have known of the alleged infringing activity long before filing suit)***
- Request Nos. 7-8 seek Avocent's admission that Avocent never contacted the United States to place the United States on notice of alleged infringement prior to filing the 2008 Complaint. ***(Relevance: Shows prejudice to the United States as a result of Avocent's delay)***
- Request Nos. 9-17 seek Avocent's admission that Avocent was aware of Rose's GSA contracts (contracts with the U.S. government indicating sales to the United States) many years before Avocent filed its Complaint. ***(Relevance: Shows that Avocent knew or should have known of the alleged infringing activity long before filing suit)***
- Request Nos. 18-33 seek Avocent's admission that Avocent knew, long before it filed its Complaint, that Rose was selling KVM switches to the United States. ***(Relevance:***

***Shows that Avocent knew or should have known of the alleged infringing activity long before filing suit)***

- Request Nos. 34-41 seek Avocent's admission that Avocent possessed and/or read Rose's product catalog(s) (which advertised Rose's sales to the United States) many years before filing its Complaint. ***(Relevance: Shows that Avocent knew or should have known of the alleged infringing activity long before filing suit)***
- Request Nos. 42-49 seek Avocent's admission that Avocent viewed Rose's website (which advertised Rose's sales to the United States) many years before filing its Complaint. ***(Relevance: Shows that Avocent knew or should have known of the alleged infringing activity long before filing suit)***
- Request Nos. 50 seeks Avocent's admission that Avocent believed that Rose's products would infringe Avocent's patent claims even before the claims issued. ***(Relevance: Shows that Avocent knew or should have known of the alleged infringing activity many years before filing suit)***
- Request Nos. 53-68 seek Avocent's admission that Avocent attended FOSE expositions (government trade shows attended by Rose and other companies selling products to the United States) many years before filing its Complaint. ***(Relevance: Shows that Avocent knew or should have known of the alleged infringing activity long before filing suit)***
- Request Nos. 69-74 seek Avocent's admission that Avocent attended Defense Intelligence Agency (DIA) Chief Information Officer (CIO) ("DoDIIS") conferences (conferences attended by Rose and other companies selling products to the United States) many years before filing its Complaint. ***(Relevance: Shows that Avocent knew or should have known of the alleged infringing activity long before filing suit)*** (Storey Dec, Ex. A).

Avocent argues that it has no obligation to respond to Rose's Requests for Admission because (a) each Request pertains to the asserted laches defense; and (b) in Avocent's opinion, the laches defense lacks merit (*i.e.*, it would be a waste of time to respond to discovery requests

directed to an unmeritorious defense.) (*See* Storey Dec, Ex. B) (Avocent arguing that "Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under Section 1498. Prior to that time, it would have been improper to pursue a claim against the United States . . .", and concluding that "the detailed factual investigation required by [Rose's Requests for Admission] is thus overly burdensome given this lack of relevance."). This argument lacks merit.

Neither RCFC 36 nor any of its interpreting case law authorize a litigant to refuse to respond to a Request for Admission on the grounds that it pertains to a legal defense that the responding party (or the responding party's attorney) believes ultimately will not prevail at the time of trial. The argument also makes no practical sense. If litigants could obstruct discovery in this manner, parties could refuse to respond to virtually any Request for Admission on the grounds that the Request, in the responding party's opinion, is directed to an unmeritorious claim or defense. Avocent has identified no authority supporting its argument – and there is none. During the parties' September 17 meet and confer telephone conference, Rose's counsel requested that Avocent identify any authority of which Avocent is aware that even arguably supports Avocent's objection. Avocent's counsel identified none – instead, simply re-stating his opinion that the United States' and Rose's laches defense will not prevail. Avocent's position appears designed only to thwart Rose's efforts to conduct basic discovery and prepare for trial.

Equally baseless is Avocent's suggestion that it could not have sued the United States before February 8, 2007 (the date that Rose plead an affirmative defense under 28 U.S.C. § 1498 in the related Seattle proceeding). Avocent could have sued the United States long before 2008 based on the United States' purchase and use of Rose's alleged infringing products – regardless whether Avocent ever sued Rose in federal district court. 35 U.S.C. § 271 ("Whoever . . . uses. . . any patented invention . . . infringes the patent"). The evidence will show that Avocent knew or should have known of the United States' alleged infringing activity *nearly 10 years* before it filed this case. Laches is *presumed* after 6 years. *A.C. Aukerman*, 960 F.2d at 1035. But more

importantly, whether or not the Court ultimately finds that laches applies is not relevant to this discovery motion. The merits of the laches defense will be determined *after* the United States and Rose have obtained the relevant discovery – not beforehand. Avocent seeks to block discovery by unilaterally declaring that the United States' and Rose's affirmative defenses ultimately will not prevail. At this point in the case, even a judicial adjudication of the laches defense would be premature because Avocent has refused discovery regarding that very issue. Further, Avocent apparently has not even attempted to obtain the information needed to admit or deny Rose's Requests. Instead, Avocent waited thirty days without conducting any investigation whatsoever – only to assert the present objections. Avocent's refusal to respond is contrary to the law and prejudices the United States' and Rose's ability to prepare for trial.

## V. CONCLUSION

For the foregoing reasons, Rose respectfully requests a Court order either deeming admitted each of the 71 Requests for Admission to which Avocent has refused to respond, or ordering Avocent to provide proper responses within 10 days of the Court's order.

By: /s/ Bert C. Reiser
Bert C. Reiser
HOWREY LLP
1299 Pennsylvania Ave NW
Washington, DC 2004
Tel: (202)783–0800
Fax: (202)383–6610
reiserb@howrey.com

*Attorney for Intervenor*
Rose Electronics
10707 Stancliff Road
Houston, TX 77099

OF COUNSEL:

Michael S. Dowler
dowlerm@howrey.com
HOWREY LLP
1111 Louisiana St. 25th Floor
Houston, TX 77002–5242
Tel: (713) 787–1400
Fax: (713) 787–1400

## CERTIFICATE OF CONFERENCE

As required by RCFC 26(c) of the Rules of the Court of Federal Claims, counsel for Intervenor, Rose Electronics ("Rose") conferred with counsel for Plaintiff Avocent Redmond Corp. ("Avocent") in an attempt to resolve this dispute without Court action. The parties met and conferred on September 17, 2009 and discussed Avocent's refusal to provide a substantive response to 71 of the 75 Requests in Rose's First Set of Requests for Admission. Avocent has refused to provide any further response, asserting a relevance objection. Therefore, the parties are at an impasse that requires the Court's attention. The undersigned hereby certifies that the parties are unable to reach an agreement leaving an open issue for the Court to resolve and that this motion to compel is opposed.

Dated: September 28, 2009

/s/ *Michael Dowler*
Michael S. Dowler

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2009, I caused a true and correct copy of MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED, OR ALTERNATIVELY, TO COMPEL PLAINTIFF AVOCENT REDMOND CORP. TO ANSWER ROSE ELECTRONICS' FIRST SET OF REQUESTS FOR ADMISSION to be sent to the following by first class mail and by electronic mail as indicated:

Counsel for Avocent Redmond Corp.:

James D. Berquist (jay.berquist@davidsonberquist.com)
J. Scott Davidson (scott.davidson@davidsonberquist.com)
Donald L. Jackson (dlj@dbjg.com)
DAVIDSON, BERQUIST JACKSON & GOWDEY LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203

Counsel for the United States:

Tony West
Assistant Attorney General
Robert G. Hilton (robert.hilton@usdoj.gov)
Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

Dated: September 28, 2009

/s/ Michael S. Dowler
Michael S. Dowler