# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AVOCENT REDMOND CORP., a Washington corporation,

        Plaintiff,

    v.

THE UNITED STATES,

        Defendant,

and

ROSE ELECTRONICS, a Texas general partnership,

        Defendant-Intervenor.

No. 08-69C

Judge Lawrence S. Margolis

## DECLARATION OF JAMES D. BERQUIST IN SUPPORT OF AVOCENT'S OPPOSITION TO ROSE'S MOTION TO DEEM REQUESTS ADMITTED OR TO COMPEL AVOCENT TO FURTHER ANSWER

I, James D. Berquist, hereby declare as follows:

1.     I am a member of Davidson Berquist Jackson & Gowdey, LLP, counsel to plaintiff Avocent Redmond Corp.("Avocent") in the above-captioned litigation.

2.     Attached hereto at Tab A is a true and correct copy of the Answer Rose Electronics and its individual partners filed on July 14, 1998 in the United States District Court for the Western District of Washington (Seattle).

3.     Attached hereto at Tab B is a true and correct copy of Avocent's Responses to Defendant Rose Electronics' ("Rose's") First Set of Requests for Admission to Avocent in this action.

4.     Avocent had originally scheduled a met and confer for September 17, 2009 to discuss the shortcomings in Rose's identification of sales subject to §1498 and production of cost

and profit information. Mr. Pistorino later asked if Avocent's responses to Rose's Requests to Admit could also be discussed.

5. On September 17, 2009, I met and conferred with counsel for Rose Michael Dowler, Jeffery Phillips and James Pistorino. Because Mr. Pistorino had a scheduling conflict, Rose asked that we discuss its Requests to Admit first.

6. In response to Rose's complaints about Avocent's responses, Avocent explained how these Requests are burdensome and irrelevant. Specifically, I advised Rose that Avocent did not know that it needed to bring an action against the United States until 2007 when Rose first asserted 28 U.S.C. § 1498 as an affirmative defense in the district court litigation between these parties. In Avocent's view, any alleged delay in bringing this action should be measured from the date of Rose's 2007 pleading, not the date that Rose first delivered the accused products to the United States. Thus, Avocent's awareness, or lack of awareness, of the delivery of Rose products to the United States prior to 2007 is not relevant. Rose expressed its disagreement with that analysis and attempted to terminate the discussion at that point.

7. For the sake of argument, I asked Rose to explain how its Requests were relevant under its legal analysis. Specifically, even under Rose's analysis, why would Avocent employee's review of the Rose website in 1995, or possession of a 1995 Rose product catalog in 2002, be relevant to any issue in this case? Despite knowing the burden associated with attempting to find an answer to these questions, Rose's counsel flatly refused to explain why those facts, even if true, were relevant. Rose's counsel provided no explanation other that stating that he disagreed with my analysis on the issue.

8. I declare under penalty of perjury that the foregoing is true and correct.


DATED: October 15, 2009        _James D. Berquist_

# TAB A

THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| APEX PC SOLUTIONS, INC., a Washington corporation,<br><br>                                   Plaintiff,<br><br>vs.<br><br>ROSE ELECTRONICS, a Texas general partnership; PETER MACOUREK and JANE DOE MACOUREK, husband and wife, and their marital community; and DARIOUSH "DAVID" RAHVAR and JANE DOE RAHVAR, husband and wife, and their marital community,<br><br>                                   Defendants. | CAUSE NO. C98-245Z<br><br>**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND FIRST COUNTERCLAIM** |

Defendant Rose Electronics ("Rose"), through its undersigned counsel, answers the allegations of the First Amended Complaint For Patent Infringement of Plaintiff Apex PC Solutions, Inc. ("Apex"), and sets forth its affirmative defenses and counterclaims. Except as expressly admitted hereunder, Rose denies each allegation contained in the First Amended Complaint. In answer to the correspondingly numbered paragraphs of the First Amended Complaint, Rose responds as follows:

## I. PARTIES

1.      Rose admits that Apex is a corporation organized and existing under the laws of the state of Washington. Rose is without sufficient knowledge or information to form a belief as to the remaining allegations contained in this paragraph and therefore denies the same.

2.      Rose is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph and therefore denies the same.

3.      Admitted.

DEFENDANT'S ANSWER, AFFIRMATIVE
DEFENSES & COUNTERCLAIM ---1

ARNOLD, WHITE & DURKEE, P.C.
750 BERING DRIVE, HOUSTON, TX 77057
TEL: (713) 787-1400  FAX: (713) 787-1440

4.    Admitted.

5.    Admitted.

6.    Rose admits that it manufactures, markets, and distributes devices for connecting one or more keyboards, video monitors, and mice to one or more computers. Rose denies all of the remaining allegations of this paragraph.

## II. JURISDICTION AND VENUE

7.    Admitted.

8.    Denied. Rose filed a motion to dismiss or transfer for improper venue, because Rose does not meet the requirements specified in 28 U.S.C. § 1400(b) for venue in a patent infringement suit. However, the Court has denied Rose's motion to dismiss or transfer.

## III. PATENT INFRINGEMENT

9.    Rose admits that a copy of U.S. Patent No. 5,721,842 ("the '842 Patent") was attached to the Complaint. Rose is without sufficient knowledge or information to form a belief as to the remaining allegations contained in this paragraph and therefore denies the same, including the allegation that the '842 Patent was duly issued.

10.    Rose admits that it makes, uses, offers for sale, and sells devices for connecting one or more keyboards, video monitors, and mice to one or more computers within the United States but outside of the Western District of Washington. Rose admits that it has offered for sale and sold such devices within the Western District of Washington. Rose denies the remaining allegations in this paragraph.

11.    Denied.

12.    Denied.

## IV. PRAYER FOR RELIEF

Although no answer is required, Rose denies all allegations in the Prayer for Relief and further denies that any relief should be granted to Apex.

## V. JURY DEMAND

Rose admits that Apex has requested a trial by jury on all issues triable by jury.

DEFENDANT'S ANSWER, AFFIRMATIVE
DEFENSES & COUNTERCLAIM ---2

ARNOLD, WHITE & DURKEE, P.C.
750 BERING DRIVE, HOUSTON, TX 77057
TEL: (713) 787-1400 FAX: (713) 787-1440

JUL 14 '98 12:09   FROM:MCDONALD QUACKENBUSH          2062247095                T-462  P.04/07  F-217

# VI. AFFIRMATIVE DEFENSES

**1.     First Affirmative Defense:**

The '842 Patent has not been (i) directly infringed, (ii) contributorily infringed, or (iii) infringed by inducement, by Rose's making, having made, using, offering for sale, and/or selling in the United States any products.

**2.     Second Affirmative Defense:**

The '842 Patent, and each claim in suit of the '842 Patent, is invalid for failure to comply with the grounds specified in Part II of Title 35 United States Code as a condition for patentability, and, in particular, Sections 102 and 103.

**3.     Third Affirmative Defense:**

The '842 Patent, and each claim in suit of the '842 Patent, is invalid for failure to comply with Title 35 United States Code, Section 112.

**4.     Fourth Affirmative Defense:**

To the extent that Rose has made, used and/or sold any products that perform the functions of the system recited in the claims of the '842 Patent, infringement cannot be found because -- in addition to not meeting the limitations of the claims in the '842 Patent -- any such products are so far changed in principle from the claimed subject matter that they perform the same function in a substantially different way.

## VII. FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT

1.     Counterclaimant, Rose, is a general partnership of the State of Texas and has its principal place of business in Houston, Texas.

2.     Counterclaim Defendant, Apex, is a corporation existing under the laws of the State of Washington.

3.     This is a declaratory judgment action seeking a judgment that the '842 Patent is invalid and/or not infringed by Rose.

4.     Subject matter jurisdiction in this Court is based upon 28 U.S.C. §§ 2201(a), 1338 and 1331.

DEFENDANT'S ANSWER, AFFIRMATIVE
DEFENSES & COUNTERCLAIM ---3

**ARNOLD, WHITE & DURKEE, P.C.**
750 BERING DRIVE, HOUSTON, TX 77057
TEL: (713) 787-1400 FAX: (713) 787-1440

JUL 14 '98 12:09   FROM:MCDONALD QUACKENBUSH                2062247095                    T-462  P 05/07  F-217

5.       Counterclaim Defendant, Apex, has charged Rose with committing acts of infringement of the '842 Patent.  A justiciable controversy exists between Apex and Rose concerning the validity and scope of the '842 Patent, and with respect to liability for the alleged infringement thereof by Rose.

6.       No product made, used, sold, imported, or offered for sale by Rose is covered by or falls within the scope of any of claims 1-7 of the '842 Patent.

7.       No product made, used, sold, imported, or offered for sale by Rose is covered by or falls within the scope of any of claims 8-10 of the '842 Patent.

8.       No product made, used, sold, imported, or offered for sale by Rose is covered by or falls within the scope of any of claim 11 of the '842 Patent.

9.       No product made, used, sold, imported, or offered for sale by Rose is covered by or falls within the scope of any of claim 12 of the '842 Patent.

10.      No product made, used, sold, imported, or offered for sale by Rose is covered by or falls within the scope of any of claims 13-15 of the '842 Patent.

11.      No product made, used, sold, imported, or offered for sale by Rose is covered by or falls within the scope of any of claim 16 of the '842 Patent.

12.      No product made, used, sold, imported, or offered for sale by Rose is covered by or falls within the scope of any of claim 17 of the '842 Patent.

13.      The '842 Patent, and each claim in suit thereof, is invalid for failure to comply with the grounds specified in Part II of Title 35 of United States Code, and, in particular, Sections 102 and 103.

14.      The '842 Patent, and each claim in suit thereof, is invalid for failure to comply with Title 35 of United States Code, Section 112.

**WHEREFORE**, Defendant Rose respectfully requests that:

A.       The Court enter judgment that Plaintiff Apex take nothing on its claims against Defendant Rose;

DEFENDANT'S ANSWER, AFFIRMATIVE
DEFENSES & COUNTERCLAIM ---4

**ARNOLD, WHITE & DURKEE, P.C.**
750 BERING DRIVE, HOUSTON, TX 77057
TEL: (713) 787-1400 FAX: (713) 787-1440

B.     The Court enter judgment declaring that Rose has not infringed and is not presently infringing any claim of the '842 Patent;

C.     The Court enter judgment declaring that the claims of '842 Patent are invalid;

D.     The Court declare this case exceptional under 35 U.S.C. § 285 and award Rose its costs and reasonable attorney's fees;

E.     The Court grant Rose such other and further relief to which it may show itself to be justly entitled.

Respectfully Submitted this ____ day of July, 1998.

Robert J. McAughan, Jr.
David P. Owen
ARNOLD, WHITE & DURKEE
750 BERING DRIVE
HOUSTON, TEXAS 77057-2198
(713) 787-1400

By _____
David T. McDonald
MCDONALD & QUACKENBUSH
3300 FIRST INTERSTATE CENTER
999 THIRD AVENUE
SEATTLE, WASHINGTON  98104
(206) 224-7099

ATTORNEYS FOR DEFENDANTS

DEFENDANT'S ANSWER, AFFIRMATIVE
DEFENSES & COUNTERCLAIM --- **5**

ARNOLD, WHITE & DURKEE, P.C.
750 BERING DRIVE, HOUSTON, TX 77057
TEL: (713) 787-1400 FAX: (713) 787-1440

JUL 14 '98 12:10   FROM:MCDONALD QUACKENBUSH          2062247095          T-462  P.07/07  F-217

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM was served on the following on July 14, 1998, via fax with confirmation via first class mail:

> Alan H. Blankenheimer, Esq.
> Chad S. Campbell, Esq.
> BROWN & BAIN, P.A.
> 2901 North Central Avenue
> P. O. Box 400
> Phoenix, Arizona 85001-0400
> Tel: (602) 351-8000

_____

DEFENDANT'S ANSWER, AFFIRMATIVE
DEFENSES & COUNTERCLAIM ---6

**ARNOLD, WHITE & DURKEE, P.C.**
750 BERING DRIVE, HOUSTON, TX 77057
TEL: (713) 787-1400  FAX: (713) 787-1440

# TAB B

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AVOCENT REDMOND CORP.,
        Plaintiff,

    v.

THE UNITED STATES,
        Defendant,

and

ROSE ELECTRONICS,
        Defendant-Intervenor.

No. 08-69C

Judge Lawrence S. Margolis

### AVOCENT REDMOND'S RESPONSE TO ROSE ELECTRONICS' FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-75)

Pursuant to RCFC 36, Plaintiff Avocent Redmond Corp. ("Avocent") responds to Defendant-Intervenor Rose Electronics' ("Rose's") First Set of Requests of Admission (Nos. 1-75) to Avocent as follows:

### GENERAL OBJECTIONS

Avocent objects to each Definition and Instruction that seeks to impose an obligation beyond that required of the Rules of the U.S. Court of Federal Claims, or seeks to define a term in manner different from its use in the Rules of the U.S. Court of Federal Claims.

Avocent objects to the definition of "Avocent," "you," and "your" to the extent that Rose's definition purports to go beyond Avocent Redmond. Avocent will construe "Avocent," "you," and "your" to include Avocent Redmond and its officers, directors, employees, and agents.

### REQUEST NO. 1:

Admit you knew, in 1999, that Rose was selling at least one of the accused KVM switches to the United States.

-1-

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 2:**

Admit you knew, in 2000, that Rose was selling at least one of the accused KVM switches to the United States.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 3:**

Admit you knew, in 2001, that Rose was selling at least one of the accused KVM switches to the United States.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

-2-

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 4:**

    Admit you knew, in 2002, that Rose was selling at least one of the accused KVM

switches to the United States.

**RESPONSE:**

    Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 5:**

    Admit you believed, more than six years before you filed your Complaint, that the

United States infringed the '096 patent.

**RESPONSE:**

    Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 6:**

Admit you believed, more than six years before you filed your Complaint, that the United States infringed the '264 patent.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 7:**

Admit that prior to filing your Complaint, you never contacted the United States to inform the United States of your belief that it infringes any of the patents-in-suit.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 8:**

Admit that prior to filing your Complaint, you never contacted the United States to inform the United States of any litigation involving any of the patents-in-suit.

**RESPONSE:**

-4-

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 9:**

Admit you have been aware of Rose's GSA contract(s) since at least 1995.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 10:**

Admit you have been aware of Rose's GSA contract(s) since at least 1996.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 11:**

Admit you have been aware of Rose's GSA contract(s) since at least 1997.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 12:**

Admit you have been aware of Rose's GSA contract(s) since at least 1998.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 13:**

Admit you have been aware of Rose's GSA contract(s) since at least 1999.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 14:**

    Admit you have been aware of Rose's GSA contract(s) since at least 2000.

**RESPONSE:**

    Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 15:**

    Admit you have been aware of Rose's GSA contract(s) since at least 2001.

**RESPONSE:**

    Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 16:**

    Admit you have been aware of Rose's GSA contract(s) since at least 2002.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 17:**

Admit you have been aware of Rose's GSA contract(s) since at least 2003.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 18:**

Admit you have been aware of Rose selling KVM switches to the United States since at least 1995.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 19:**

Admit you have been aware of Rose selling KVM switches to the United States since at least 1996.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 20:**

Admit you have been aware of Rose selling KVM switches to the United States since at least 1997.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 21:**

Admit you have been aware of Rose selling KVM switches to the United States since

at least 1998.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 22:**

Admit you have been aware of Rose selling KVM switches to the United States since

at least 1999.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 23:**

Admit you have been aware of Rose selling KVM switches to the United States since

at least 2000.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 24:**

Admit you have been aware of Rose selling KVM switches to the United States since

at least 2001.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 25:**

Admit you have been aware of Rose selling KVM switches to the United States since

at least 2002.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 26:**

Admit you have been aware of Rose selling KVM switches with on-screen display to the United States since at least 1995.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 27:**

Admit you have been aware of Rose selling KVM switches with on-screen display to the United States since at least 1996.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 28:**

Admit you have been aware of Rose selling KVM switches with on-screen display to the United States since at least 1997.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 29:**

Admit you have been aware of Rose selling KVM switches with on-screen display to the United States since at least 1998.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 30:**

Admit you have been aware of Rose selling KVM switches with on-screen display to the United States since at least 1999.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498

-13-

defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 31:**

      Admit you have been aware of Rose selling KVM switches with on-screen display to the United States since at least 2000.

**RESPONSE:**

      Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 32:**

      Admit you have been aware of Rose selling KVM switches with on-screen display to the United States since at least 2001.

**RESPONSE:**

      Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 33:**

      Admit you have been aware of Rose selling KVM switches with on-screen display to

the United States since at least 2002.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 34:**

Admit that before 2002, you had a copy of a 1995 Rose product catalog.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 35:**

Admit that before 2002, you had a copy of a 1996 Rose product catalog.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 36:**

Admit that before 2002, you had a copy of a 1997 Rose product catalog.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 37:**

Admit that before 2002, you had a copy of a 1998 Rose product catalog.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 38:**

Admit that before 2002, you had a copy of a 1999 Rose product catalog.

**RESPONSE:**

-16-

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 39:**

Admit that before 2002, you had a copy of a 2000 Rose product catalog.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 40:**

Admit that before 2002, you had a copy of a 2001 Rose product catalog.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

-17-

**REQUEST NO. 41:**

Admit that you were aware, before 2002, of Rose's product catalog(s).

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 42:**

Admit you viewed Rose's website in 1995.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 43:**

Admit you viewed Rose's website in 1996.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales.  Rose did not plead the §1498

defense until February 8, 2007.  The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 44:**

Admit you viewed Rose's website in 1997.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498.  Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales.  Rose did not plead the §1498

defense until February 8, 2007.  The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 45:**

Admit you viewed Rose's website in 1998.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498.  Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales.  Rose did not plead the §1498

defense until February 8, 2007.  Subject to these objections, Avocent admits to this request.

**REQUEST NO. 46:**

Admit you viewed Rose's website in 1999.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 47:**

Admit you viewed Rose's website in 2000.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 48:**

Admit you viewed Rose's website in 2001.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 49:**

Admit you viewed Rose's website in 2002.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 50:**

Admit that before the '096 patent issued, you compared at least one of Rose's KVM switches to the claims set forth in the application that led to the '096 patent.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 51:**

Admit that before the '096 patent issued, you drafted claim charts comparing at least one of Rose's KVM switches to the claims set forth in the application that led to the '096 patent.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. Subject to these objections, Avocent admits to this request

**REQUEST NO. 52:**

Admit that before the '096 patent issued, you sent claim charts to Rose, alleging that at least one of Rose's KVM switches practiced the claims set forth in the application that led to the '096 patent.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. Subject to these objections, Avocent admits to this request

**REQUEST NO. 53:**

Admit that you attended one or more FOSE expositions in 1995.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

-22-

**REQUEST NO. 54:**

Admit that you attended one or more FOSE expositions in 1996.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 55:**

Admit that you attended one or more FOSE expositions in 1997.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 56:**

Admit that you attended one or more FOSE expositions in 1998.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 57:**

Admit that you attended one or more FOSE expositions in 1999.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 58:**

Admit that you attended one or more FOSE expositions in 2000.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 59:**

Admit that you attended one or more FOSE expositions in 2001.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 60:**

Admit that you attended one or more FOSE expositions in 2002.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 61:**

Admit you were aware in 1995 that Rose attended a FOSE exposition that year.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 62:**

Admit you were aware in 1996 that Rose attended a FOSE exposition that year.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 63:**

Admit you were aware in 1997 that Rose attended a FOSE exposition that year.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 64:**

Admit you were aware in 1998 that Rose attended a FOSE exposition that year.

**RESPONSE:**

-26-

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 65:**

Admit you were aware in 1999 that Rose attended a FOSE exposition that year.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 66:**

Admit you were aware in 2000 that Rose attended a FOSE exposition that year.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

-27-

**REQUEST NO. 67:**

　　Admit you were aware in 2001 that Rose attended a FOSE exposition that year.

**RESPONSE:**

　　Avocent objects to this request as being directed to an irrelevant subject matter.
Avocent's infringement claim against the United States did not mature until after Rose plead an
affirmative defense under §1498. Prior to that time, it would have been improper to pursue a
claim against the United States and Rose for the same sales. Rose did not plead the §1498
defense until February 8, 2007. The detailed factual investigation required by this request is thus
overly burdensome given this lack of relevance.

**REQUEST NO. 68:**

　　Admit you were aware in 2002 that Rose attended a FOSE exposition that year.

**RESPONSE:**

　　Avocent objects to this request as being directed to an irrelevant subject matter.
Avocent's infringement claim against the United States did not mature until after Rose plead an
affirmative defense under §1498. Prior to that time, it would have been improper to pursue a
claim against the United States and Rose for the same sales. Rose did not plead the §1498
defense until February 8, 2007. The detailed factual investigation required by this request is thus
overly burdensome given this lack of relevance.

**REQUEST NO. 69:**

　　Admit you attended one or more of the Defense Intelligence Agency (DIA) Chief
Information Officer (CIO) ("DoDIIS") conferences in 2003.

**RESPONSE:**

　　Avocent objects to this request as being directed to an irrelevant subject matter.
Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 70:**

Admit you were aware, in 2003, that Rose attended one or more of the Defense Intelligence Agency (DIA) Chief Information Officer (CIO) ("DoDIIS") conferences that year.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 71:**

Admit you attended one or more of the Defense Intelligence Agency (DIA) Chief Information Officer (CIO) ("DoDIIS") conferences in 2004.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 72:**

Admit you were aware, in 2004, that Rose attended one or more of the Defense Intelligence Agency (DIA) Chief Information Officer (CIO) ("DoDIIS") conferences that year.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 73:**

Admit you attended one or more of the Defense Intelligence Agency (DIA) Chief Information Officer (CIO) ("DoDIIS") conferences in 2005.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter. Avocent's infringement claim against the United States did not mature until after Rose plead an affirmative defense under §1498. Prior to that time, it would have been improper to pursue a claim against the United States and Rose for the same sales. Rose did not plead the §1498 defense until February 8, 2007. The detailed factual investigation required by this request is thus overly burdensome given this lack of relevance.

**REQUEST NO. 74:**

Admit you were aware, in 2005, that Rose attended one or more of the Defense

Intelligence Agency (DIA) Chief Information Officer (CIO) ("DoDIIS") conferences that

year.

**RESPONSE:**

Avocent objects to this request as being directed to an irrelevant subject matter.

Avocent's infringement claim against the United States did not mature until after Rose plead an

affirmative defense under §1498. Prior to that time, it would have been improper to pursue a

claim against the United States and Rose for the same sales. Rose did not plead the §1498

defense until February 8, 2007. The detailed factual investigation required by this request is thus

overly burdensome given this lack of relevance.

**REQUEST NO. 75:**

Admit that in 2005, you licensed Raritan Computer, Inc. to all of the patents-in-suit.

**RESPONSE:**

Avocent admits that it entered a settlement agreement with Raritan Computer, Inc. in

2005 that included a license under the patents-in-suit.

DATED this 9 th day of September, 2009.    Respectfully submitted,

PLAINTIFF AVOCENT REDMOND CORP.,
by and through its Attorneys

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann

-31-

DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 9, 2009, the foregoing "AVOCENT REDMOND'S RESPONSE TO ROSE ELECTRONICS' FIRST SET OF REQUESTS FOR ADMISSION (NO. 1-75)" was served on each of the following by first-class mail, postage prepaid:

*Counsel for defendant the United States:*

    Robert G. Hilton
    Attorney
    Commercial Litigation Branch
    Civil Division
    Department of Justice
    Washington, D.C. 20530
    robert.hilton@usdoj.gov

*Counsel for defendant-intervenor Rose Electronics:*

| | |
|---|---|
| Michael S. Dowler | Bert C. Rieser |
| Howrey, LLP | Howrey, LLP |
| 1111 Louisiana St., 25th Floor | 1299 Pennsylvania Ave. NW |
| Houston, Texas 77002 | Washington, DC 20004 |
| Ph.: 713-787-1400 | Ph.: 202-783-0800 |
| Fax.: 713-787-1443 | Fax: 202-383-6610 |
| dowlerm@howrey.com | reiserb@howrey.com |

Donald L. Jackson