# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                            *
AVOCENT REDMOND CORP., a Washington         *
corporation,                                *
                                            *
            Plaintiff,                      *
                                            *
    v.                                      *    No. 08-69C
                                            *
THE UNITED STATES,                          *    (Filed: October 22, 2009)
                                            *
            Defendant,                      *
                                            *
and                                         *
                                            *
ROSE ELECTRONICS,                           *
                                            *
            Defendant-Intervenor.           *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## **O R D E R**

On June 3, 2009, the United States and Rose Electronics (collectively, "defendants") filed a joint Motion to Limit Claims. For the reasons set forth below, the motion is DENIED without prejudice.

There is a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This power, however, requires an "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55. (citations omitted). The Court finds that it would be premature and unfair to require the plaintiff to limit the number of claims it has asserted, particularly in light of the defendants' contention that the doctrine of claim preclusion would prevent Avocent from raising those claims in the future. (Rose Reply at 7.) Due process of the law and the interest of justice require cautious restraint on the part of the court before a litigant is denied a day in court on his or her potential claims. Although the Court trusts that the plaintiff will reduce the number of claims at a future

1

date, at this time, the defendants' motion is DENIED without prejudice.

                                                  s/Lawrence S. Margolis
                                                  LAWRENCE S. MARGOLIS
                                                  Senior Judge, U.S. Court of Federal Claims