# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                              *
AVOCENT REDMOND CORP., a Washington           *
corporation,                                  *
                                              *
              Plaintiff,                      *
                                              *
       v.                                     *      No. 08-69C
                                              *
THE UNITED STATES,                            *      (Filed: November 12, 2009)
                                              *
              Defendant,                      *
                                              *
and                                           *
                                              *
ROSE ELECTRONICS,                             *
                                              *
              Defendant-Intervenor.           *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**ORDER**

      This action is before the Court on plaintiff Avocent Redmond Corp.'s ("Avocent") Motion for Entry of a Protective Order and to Limit the Number of Requests to Admit that can be Served, filed on September 30, 2009. Avocent contends that defendant-intervenor Rose Electronics ("Rose") has propounded an unreasonable number of admission requests and has used those requests improperly and seeks a protective order to relieve it of the responsibility of responding to Rose's 331 Requests for Admission ("RFAs") and an order limiting the number of RFAs that can be served by each side. Upon consideration of the parties' written arguments and the RFAs at issue, the Court concludes that Avocent has not met its burden of demonstrating good cause for a protective order, and accordingly, Avocent's request for a protective order is **DENIED.**

      A party from whom discovery is sought may move for a protective order, and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" RCFC 26(c). In order to establish "good cause," the moving party "must show that the discovery request is considered likely to oppress an adversary or might otherwise impose an undue burden." *Lakeland Partners, L.L.C. v. United States*, 88 Fed. Cl. 124, 133 (2009) (internal quotations omitted). This includes "a particularized factual showing of the harm that would be sustained if the court did not grant a protective order." *Id*.

Thus, "broad allegations of harm, unsubstantiated by specific examples are insufficient to justify issuance of a protective order." *Id*.

Avocent has not shown good cause for the protective order. As an initial matter, although the RFAs are numerous, this is a complex case where Avocent has elected to assert 63 claims from four separate patents against 17 different Rose products. Further, each request is directed at information relating to laches, the validity of the patents in question, damages, and witnesses – all subjects that are relevant to the claims and defenses in this action. *See* RCFC 26(b)(1); *Lakeland*, 88 Fed. Cl. at 131 (parties entitled to discovery concerning a fact that is germane to a specific claim or defense asserted in the pleadings). Because these are proper topics for RFAs under RCFC 36, Avocent's complaints that the requests are irrelevant or for an improper purpose are without merit. Moreover, Avocent's contention that the RFAs are overly burdensome is a conclusory allegation of harm and lacks the necessary detail to show how each request would lead to harm in the absence of a protective order. *See Lakeland*, 88 Fed. Cl. at 133.

In light of the foregoing, Avocent's Motion for Entry of a Protective Order and to Limit the Number of Requests to Admit that Can be Served is **DENIED,** and Avocent is hereby **ORDERED** to provide proper responses to the unanswered RFAs by December 4, 2009.

        s/Lawrence S. Margolis
        LAWRENCE S. MARGOLIS
        Senior Judge, U.S. Court of Federal Claims