# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                            *
AVOCENT REDMOND CORP., a Washington         *
corporation,                                *
                                            *
              Plaintiff,                    *
                                            *
       v.                                   *      No. 08-69C
                                            *
THE UNITED STATES,                          *      (Filed: November 12, 2009)
                                            *
              Defendant,                    *
                                            *
and                                         *
                                            *
ROSE ELECTRONICS,                           *
                                            *
              Defendant-Intervenor.         *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

      The above-captioned matter comes before this Court on defendant-intervenor Rose Electronics' ("Rose") Motion to Deem Requests for Admission Admitted, or Alternatively, to Compel Plaintiff Avocent Redmond Corp. to Answer Rose Electronics' First Set of Requests for Admission. In that motion, filed September 28, 2009, Rose argues that Avocent Redmond Corp. ("Avocent") has improperly refused to answer Rose's first set of Requests for Admission ("RFAs") and seeks an order deeming each of the unanswered RFAs admitted or compelling Avocent to provide proper responses within 10 days. Avocent filed an opposition on October 15, 2009, contending that the Rose's requests are aimed at irrelevant subjects and are being used to oppress and burden Avocent.

      Under the Rules of the Court of Federal Claims ("RCFC"), the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" RCFC 26(b)(1). RCFC 36 governs RFAs and allows a party to "serve on any other party a written request to admit . . . the truth of any matters within the scope of RCFC 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either[.]" RCFC 36(a)(1)(A); *see Lakeland Partners, L.L.C. v. United States*, 88 Fed. Cl. 124, 132 (2009) ("Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.").

Rose's first set of RFAs consists of 75 RFAs, of which Avocent has answered only four. Each of the proffered RFAs, however, is relevant to the asserted laches defense. As such, the RFAs seek information that is within the appropriate scope of discovery. Rule 26(b)(1); *see Lakeland*, 88 Fed. Cl. at 131 (party entitled to discovery concerning a fact that is germane to a specific claim or defense asserted in the pleadings). Thus, under RCFC 36, Rose is entitled to request Avocent admit the truth of those facts, and Avocent may not refuse to answer based upon its belief that laches does not apply in this case. *See* RCFC 26(b)(1); RCFC 36(a)(5) ("A party must not object solely on the ground that the request presents a genuine issue for trial.").

Accordingly, Rose's motion is **GRANTED,** and Avocent is hereby **ORDERED** to provide proper responses to the unanswered RFAs by December 4, 2009.

s/Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims