IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AVOCENT REDMOND CORP.

   Plaintiff,

v.

THE UNITED STATES

   Defendant,

and

ROSE ELECTRONICS,

   Intervenor.

No. 08-69C

Judge Lawrence S. Margolis

## ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS OF CLAIMS 27-32, 34, 38, AND 41-42 OF U.S. PATENT 7,113,978

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)

i

DM_US:22960649_1

# **Table of Contents**

Table of Authorities ................................................................................................. iii

List of Exhibits ..................................................................................................... iv

I.     SUMMARY OF THE ARGUMENT ............................................................1

II.    ISSUES TO BE RULED ON AND STANDARD OF REVIEW.....................2

III.   STATEMENT OF MATERIAL FACTS.........................................................2

     A.    Nature and Stage of the Proceeding....................................................2

     B.    Technology of the '978 Patent.............................................................3

     C.    Claims 27 and 41 of the '978 Patent...................................................4

     D.    The '978 Patent Reexamination Proceedings ......................................7

IV.   STATEMENT OF THE LAW.........................................................................8

     A.    Summary Judgment Standard ..............................................................8

     B.    Legal Standard for Invalidity Under 35 U.S.C. § 305 due to Claim Broadening During Reexamination ......................................................9

     C.    Legal Standard Under 35 U.S.C. § 252 for Absolute Intervening Rights ................................................................................................10

V.    ARGUMENT ...............................................................................................11

     A.    Claims 27-32, 34, 38, and 41-42 of the reexamined '978 Patent are invalid because they were impermissibly broadened during reexamination in violation of 35 U.S.C. § 305. ....................................11

          i.    The scope of the original and reexamined claims of the '978 patent is defined by the terms "receives" and "transmits," which are construed by their plain and ordinary meanings...................................................................11

          ii.   Claims 27-32, 34, 38 and 41-42 of the reexamined '978 patent were broadened during reexamination because they encompass subject matter not encompassed by the original claims. .....................................................................................12

     B.    The United States is entitled to absolute intervening rights on claims 27-32, 34, 38, and 41-42 of the reexamined '978 patent under 35 U.S.C. § 252.....................................................................................13

VI.   CONCLUSION.............................................................................................15

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)

ii

DM_US:22960649_1

1

<u>**Table of Authorities**</u>

2

**Cases**

3

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986)...........................................................................................9

4

*BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.,*
    1 F.3d 1214 (Fed. Cir. 1993)........................................................................13, 14

5

*Bloom Engineering Co., Inc. v. North American Mfg. Co., Inc.,*
    129 F.3d 1247 (Fed. Cir. 1997)...........................................................................14

6

7

*Celotex Corp v. Catrett,*
    477 U.S. 317 (1986).............................................................................................8

8

*Conroy v. Reebok Int'l Ltd.,*
    14 F.3d 1570 (Fed. Cir. 1994)...............................................................................8

9

10

*Freeman, In re,*
    30 F.3d 1459 (Fed. Cir. 1994)...............................................................................9

11

*Jaster v. United States,*
    86 Fed. Cl. 731 (Fed. Cl. 2009).............................................................................8

12

13

*Laitram Corp. v. NEC Corp.,*
    163 F.3d 1342 (Fed. Cir. 1998)......................................................................10, 14

14

*Matsushita Elec. Indus. v. Zenith Radio Corp.,*
    475 U.S. 574 (1986).............................................................................................8

15

16

*Quantum Corp. v. Rodime, PLC,*
    65 F.3d 1577 (Fed. Cir. 1995)......................................................................passim

17

*Rockwell Int'l Corp. v. United States,*
    37 Fed. Cl. 478 (Fed. Cl. 1997),
    *rev'd on other grounds,* 147 F.3d 1358 (Fed. Cir. 1998)......................................8

18

19

*Seattle Box Co. v. Indus. Crating & Packaging,*
    731 F.2d 818 (Fed. Cir. 1984)..................................................................10, 13, 14

20

21

*Shockley v. Arcan, Inc.,*
    248 F.3d 1349 (Fed. Cir. 2001).............................................................................10

22

*Sweats Fashions, Inc. v. Pannill Knitting Co.,*
    833 F.2d 1560 (Fed. Cir. 1987)...........................................................................8, 9

23

24

*Tennant Co. v. Hako Minuteman, Inc.,*
    878 F.2d 1413 (Fed. Cir. 1989).............................................................................10

25

*Thermalloy, Inc. v. Aavid Engineering, Inc.,*
    121 F.3d 691 (Fed. Cir. 1997)......................................................................9, 11, 13

26

27

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)

iii

DM_US:22960649_1

*Tritek Techs., Inc. v. United States*,
    67 Fed. Cl. 735 (Fed. Cl. 2005) ........................................................................ 8

*Westvaco Corp. v. Int'l Paper Co.*,
    991 F.2d 735 (Fed. Cir. 1993)............................................................. 2, 6, 14

## Statutes

35 U.S.C. § 252 ................................................................................................ passim

35 U.S.C. § 305 ................................................................................................ passim

35 U.S.C. § 307 ....................................................................................................... 9

35 U.S.C. § 307(b) ................................................................................................. 9

## **List of Exhibits[1]**

Exh. A    '978 Patent

Exh. B    '978 Reexamination File History, Replacement Request for Ex Parte Reexamination of U.S. Patent No. 7,113,978

Exh. C    '978 Reexamination File History, Order Granting Request for Ex Parte Reexamination

Exh. D    '978 Reexamination File History, September 23, 2008 Office Action

Exh. E    '978 Reexamination File History, October 30, 2008 Response to Office Action

Exh. F    '978 Reexamination File History, Notice of Intent to Issue Reexamination Certificate

Exh. G    '978 Reexamination Certificate

Exh. H    WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1894, 2429 (Philip Babcock Gove ed., 3rd ed. 2002)

---

[1] All exhibits are attached to the accompanying declaration of Michael S. Dowler.

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)          iv

DM_US:22960649_1

Intervenor Rose Electronics ("Rose") respectfully requests summary judgment that claims 27-32, 34, 38, and 41-42 of reexamined U.S. Patent No. 7,113,978 ("the reexamined '978 patent") are invalid under 35 U.S.C. § 305 for being impermissibly broadened during reexamination and for absolute intervening rights as to those claims pursuant to 35 U.S.C. § 252.

## I.    SUMMARY OF THE ARGUMENT

Plaintiff Avocent Redmond Corp. ("Avocent") has refused to materially reduce the number of individual patent claims asserted in this case, even in instances such as this where its infringement allegations are premised on patent claims that are clearly invalid and on which it cannot collect damages.  This motion will reduce the number of asserted claims by 10, which will reduce by approximately 20% the total number of patent claims Avocent would otherwise force to trial.

Avocent has asserted claims 27-32, 34, 38, and 41-42 of the '978 patent against the United States.  Indisputable evidence shows that the scope of these claims was broadened during a recent reexamination proceeding at the U.S. Patent Office involving that patent.  Specifically, Avocent changed the language of these claims from being directed to (1) a circuit that "receives" signals to (2) a circuit that "transmits" signals.  This 180° change in the claim language obviously broadened the claims' scope since the reexamined claims are no longer limited to "receiving" signals.  Those claims are likewise broader because they now cover circuits that they did not previously cover, i.e., they now cover circuits that transmit instead of circuits that receive.  The Patent Statute is clear on this pure question of law—claims that have been broadened during reexamination are invalid.  35 U.S.C. § 305.

Avocent's change to these claims during reexamination also supports an award of absolute intervening rights to the United States.  Absolute intervening rights is a doctrine that precludes an award of damages for the period of time before the U.S. Patent Office issued a certificate of reexamination for a patent.  The doctrine applies when reexamined claims in the patent are not "substantially identical" to the original claims in the patent.  35 U.S.C. § 252.  The

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
 OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)

1

DM_US:22960649_1

reexamined claims clearly are not substantially identical to the original claims because "receives" was changed to "transmits" during reexamination, thereby completely changing the operational nature of the claimed device.  Accordingly, by statute, the United States is not liable for damages on claims 27-32, 34, 38, and 41-42 of the '978 patent for any time prior to issuance of the '978 reexamination certificate.

## II.    ISSUES TO BE RULED ON AND STANDARD OF REVIEW

1.  Whether Rose has shown that no genuine issue of material fact exists with respect to whether claims 27-32, 34, 38, and 41-42 of the reexamined '978 patent were broadened during reexamination such that the United States is entitled to judgment as a matter of law that those claims are invalid under 35 U.S.C. § 305.  The question of whether the claims' scope has been enlarged is a question of law that the Federal Circuit reviews de novo.  *Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1580 (Fed. Cir. 1995).

2.  Whether Rose has shown that no genuine issue of material fact exists with respect to whether claims 27-32, 34, 38, and 41-42 of the reexamined '978 patent are substantially identical to the original claims in that patent such that the United States is entitled to intervening rights pursuant to 35 U.S.C. § 252.  The determination of whether intervening rights applies to the reexamined claims is a question of law that the Federal Circuit reviews de novo.  *Westvaco Corp. v. Int'l Paper Co.*, 991 F.2d 735, 741 (Fed. Cir. 1993).

## III.    STATEMENT OF MATERIAL FACTS

### A.    Nature and Stage of the Proceeding

Avocent filed suit against the United States on January 31, 2008 alleging infringement of, among others, the '978 patent.  (*See* Complaint, Docket Entry 1 ("D.E. 1").)  Rose intervened on May 12, 2008.  (D.E. 12.)  Avocent has asserted claims 27-32, 34, 38, and 41-42 of the reexamined '978 patent against the United States.

Discovery is proceeding pursuant to the Court's Scheduling Order of June 1, 2009.  All discovery closes on December 23, 2009, and the deadline for filing dispositive motions is

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)

2

DM_US:22960649_1

1    January 27, 2010.  (D.E. 50.)   Nothing in this brief presents an issue on which discovery is

2    pending or necessary.  It presents a pure question of law ripe for summary adjudication.

3    **B.**      **Technology of the '978 Patent**

4                The '978 patent describes a switching system for connecting a user workstation to one or

5    more remotely located computers.  (*See* Exh. A, '978 Patent, Abstract.)  The "user workstation"

6    consists of a keyboard, a video display, and a mouse.  (*Id.*)  In the industry, these switches are

7    commonly referred to as KVM switches, where KVM stands for **K**eyboard, **V**ideo, and **M**ouse.

8    With the use of a KVM switch, a user can sit at a single workstation and use the keyboard, video,

9    and mouse of that workstation to interact with and control any of the remotely connected

10   computers.  A typical KVM switch arrangement is depicted in the figure below:



20               In this figure, the KVM switch is the box that sits between the four separate computers on

21   the right and the user workstation on the left.   In this arrangement, a person sitting at a

22   workstation (the keyboard, monitor, and mouse) can use the switching system to connect to any

23   one of the four computers that are connected to the workstation through the switch.   This is

24   useful where the separate computer systems perform different functions, such as accounting,

25   engineering, or human resources.   For example, if the user wants to perform accounting

26   functions, he or she would use the KVM switch to connect the workstation to the computer that

27

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
 OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)                                                        3

DM_US:22960649_1

handles accounting; and, if the user then wanted to switch to human resource tasks, he or she would use the KVM switch to switch the workstation to the computer that handles human resources.

In order to use the KVM switch, the user indicates to the switch which of the separate computers he or she wants to control or, in other words, which computer will receive the input from the keyboard and mouse, and will in turn provide video to the user's video monitor.  The user can choose which of the multiple computers will be controlled in a number of different ways, including choosing the selected computer from a menu on the video display screen, by pushing a button on the KVM switch itself, or by pressing a defined set of keystrokes or key combinations on the keyboard, which effectively "tells" the switch which computer to connect to.

**C.     Claims 27 and 41 of the '978 Patent**

Claims 27 and 41 are directed to a system where a workstation (consisting of a keyboard, mouse, and video monitor) is connected to a KVM switch, which is in turn connected to a number of remote computers.  In particular, claims 27 and 41 begin by calling for "a system for connecting a workstation of the type that includes a user-input device and a video monitor to plural remote computer systems."  (Exh. A at col. 16, lines 52-54, col. 18, lines 14-16.)  Figure 1 of the '978 patent, shown below, depicts three workstations on the left (labeled 63, 64, 66) and three remote computer systems on the right (labeled 52, 54, 56).

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)

4

DM_US:22960649_1



Fig. 1.

Claims 27 and 41 continue by generally describing the system components and flow of signals from the left to the right in Figure 1. For example, the next element of the claims requires "a first signal conditioning device coupled to the workstation user-input device for receiving a first set of electronic signals produced by the user-input device." (*Id.* at col. 16, lines 55-57, col. 18, lines 18-20.) In this element, the user of the workstation uses the keyboard or mouse (the "user-input device") to send a set of electronic signals to a "first signal conditioning device" connected to the workstation. The first signal conditioning device is marked as "70" in figure 1 above.

The next claim element requires "a first communication link coupled to the first signal conditioning device for carrying information corresponding to the received first set of electronic signals." (*Id.* at col. 16, lines 58-60, col. 18, lines 21-23.) In this element, the first signal conditioning device (70) connects to a first communication link (72), which then carries the electronic signals forward to the switch (60).

The next claim element refers to the switch itself: "a crosspoint switch including a number of outputs, said crosspoint switch transferring information corresponding to the received first set of electronic signals from the first communication link to at least one of the outputs." (*Id.* at col. 16, lines 61-65, col. 18, lines 24-29.) In this element, the switch (60) receives the

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)

5

DM_US:22960649_1

1    electronic signals at an input on its left from the first communication link (72).  The crosspoint

2    switch then directs the electronic signals to an output on the right side of the switch.

3         The next two elements in claims 27 and 41 provide the part of the system for connecting

4    the switch to the remote computers and for transmitting signals between the switch and the

5    remote computers.    Specifically, the fourth element requires: "a plurality of second

6    communication links coupled to the outputs of the crosspoint switch."  (*Id.* at col. 16, lines 66-

7    67, col. 18, lines 30-31.)  The "second communication link" is marked as "74" in figure 1 above.

8    The fifth claim element requires: "a plurality of second signal conditioning devices coupled to

9    the remote computer systems, at least one of the second signal conditioning devices for receiving

10   information corresponding to the received first set of electronic signals transmitted on one of the

11   plurality of second communication links and for supplying the information corresponding to the

12   received first set of electronic signals to a user-input device input of a corresponding remote

13   computer."  (*Id.* at col. 17, lines 1-9, col. 18, lines 32-40.)  Although wordy, what happens here

14   is that the electronic signals are transmitted from the switch (60), over a second communication

15   link (74), through a second signal conditioning unit (76), and to an input of a remote computer

16   system (52, 54, 56).

17        The claims next require: "the plurality of second signal conditioning devices receiving

18   analog video signals produced by the remote computer systems and transmitting the analog video

19   signals to the crosspoint switch."  (*Id.* at col. 17, lines 9-13, col. 18, lines 40-44.)  Here, the

20   remote computers (52, 54, 56) produce video signals and those video signals are then transmitted

21   to the switch (60) via the second signal conditioning unit (76) and second communication link

22   (74).  In addition (and unlike claim 42), claim 27 also requires "an analog video link for coupling

23   the crosspoint switch to a computer monitor associated with the user-input device."  (*Id.* at col.

24   17, lines 14-16.)  This simply means that there is a link between the switch (60) and the monitor

25   (63, 64, 66) at the user workstation through which video signals can be conveyed.

26

27

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)                                                                      6

DM_US:22960649_1

1    At the time the '978 patent was first issued by the U.S. Patent Office on September 26,

2   2006, the last part of claims 27 and 41 required that "the first signal conditioning device further

3   receives a second set of electronic signals, produced by the user-input device, via the first

4   communications link for controlling the crosspoint switch." (*Id.* at col. 17, lines 16-19, col. 18,

5   lines 45-48.)   In this part of the claims, a second set of electronic signals (different from the

6   claimed first set) is received by the first signal conditioning device (70) over the first

7   communications link (72).[2]

8   **D.    The '978 Patent Reexamination Proceedings**

9    On November 8, 2007, Rose Electronics requested that the U.S. Patent Office reexamine

10   the '978 patent. (Exh. B, Replacement Request for *Ex Parte* Reexamination of U.S. Patent No.

11   7,113,978.) That request was granted on December 17, 2007. (Exh. C, Order Granting Request

12   for *Ex Parte* Reexamination, at 2.) The Patent Office then issued an office action on September

13   23, 2008 rejecting several claims, including claims 27-32, 34, 38, and 41-42, as obvious in light

14   of several prior art references. (Exh. D, September 23, 2008 Office Action, at 2.) On October

15   30, 2008, Avocent responded to the rejections. (Exh. E, October 30, 2008 Response to Office

16   Action.) In its response, Avocent changed claims 27 and 41 of the '978 patent by replacing

17   "receives" with "transmits" in the following claim element:

18       the first signal conditioning device further ~~receives~~ ***transmits*** a second set of
         electronic signals, produced by the user-input device, via the first communication
19       link for controlling the crosspoint switch

20   (*Id.* at 2-3 (emphasis added).) Avocent argued that claims 27 and 41 "have been amended to

21   correct the same typographical error. …" (*Id.* at 4.)

22    The patent examiner issued an intent to issue an *ex parte* reexamination certificate on

23   July 15, 2009. (Exh. F, Notice of Intent to Issue Reexamination Certificate, at 2.) The

24
25
26
27

---

[2] Claims 28-32, 34, and 38 depend either directly or indirectly from claim 27. Likewise, claim 42 depends directly from claim 41. As dependent claims, they include all of the limitations of the claims from which they depend. Thus, claims 28-32, 34, 38, and 42 stand or fall depending on the determination with respect to claims 27 and 41, respectively. *Westvaco*, 991 F.2d at 742.

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)                              7

DM_US:22960649_1

reexamination certificate for the '978 patent issued on October 20, 2009.   (Exh. G, '978 Reexamination Certificate.)   The difference in the original and reexamined claims of the '978 patent is shown below in Figures 2 and 3 with the bolded arrow representing the directional flow of the claimed second set of electronic signals across the first communications link.   As can be seen, Avocent reversed the signal flow between the crosspoint switch and the first signal conditioning device, thereby completely changing its operational nature and, therefore, the claims' scope.



**Figure 2 (original claims)**        **Figure 3 (reexamined claims)**

## IV.   STATEMENT OF THE LAW

**A.   Summary Judgment Standard**

Rule 56 of the United States Court of Federal Claims states that summary judgment "should be granted if…there is no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law."  *See also Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Tritek Techs., Inc. v. United States*, 67 Fed. Cl. 735, 741 (Fed. Cl. 2005).   Summary judgment in patent cases is appropriate.  *Conroy v. Reebok Int'l Ltd.*, 14 F.3d 1570, 1575 (Fed. Cir. 1994); *see also Rockwell Int'l Corp. v. United States*, 37 Fed. Cl. 478 (Fed. Cl. 1997), *rev'd on other grounds*, 147 F.3d 1358 (Fed. Cir. 1998).

The party seeking summary judgment bears the burden of proving that no material issue of fact is in dispute.  *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574 (1986);

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)

8

DM_US:22960649_1

*Tritek*, 67 Fed. Cl. at 741.  Once the moving party has carried its initial burden, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)); *see also Jaster v. United States*, 86 Fed. Cl. 731, 733 (Fed. Cl. 2009).

The nonmoving party cannot demonstrate the existence of a genuine issue for trial by mere denials or assertions that a fact is challenged.  *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562 (Fed. Cir. 1987); *Jaster*, 86 Fed. Cl. at 733 (Fed. Cl. 2009) ("Mere denials, conclusory statements, or evidence that is only colorable and not significantly probative is not sufficient to preclude summary judgment.").  Rather, the nonmoving party must come forward with countering evidence sufficient to justify submitting the issue to a fact finder for a factual determination.  *Sweats Fashions*, 833 F.2d at 1562.  The mere existence of some evidence in support of the nonmoving party's claims will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a fact finder reasonably to find for the nonmoving party on that factual issue.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Jaster*, 86 Fed. Cl. at 733.

**B.    Legal Standard for Invalidity Under 35 U.S.C. § 305 due to Claim Broadening During Reexamination**

Pursuant to 35 U.S.C. § 305, "[n]o proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding."  According to the Federal Circuit, "[a]n amended or new claim has been enlarged if it includes within its scope any subject matter that would not have infringed the original patent."  *Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1580 (Fed. Cir. 1995).  "'A claim that is broader in any respect is considered to be broader than the original claims even though it may be narrower in other respects.'"  *Id.* (citing *In re Freeman*, 30 F.3d 1459, 1464 (Fed. Cir. 1994)).

If a patentee violates § 305 and broadens the scope of a patent claim during reexamination, that claim is invalid.  *Id.* at 1584 (a "violation of 35 U.S.C. § 305 is an invalidity

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)

9

DM_US:22960649_1

defense in a patent infringement action"). In order to determine whether the claims have been impermissibly broadened, the court should construe both the original and reexamined claims. *Thermalloy, Inc. v. Aavid Engineering, Inc.*, 121 F.3d 691, 692 (Fed. Cir. 1997). Then, the court compares the claims to "discern any change in claim scope." *Id.* If the claims have been broadened, they are invalid. *Id.*

**C.    Legal Standard Under 35 U.S.C. § 252 for Absolute Intervening Rights**

According to 35 U.S.C. § 307, a reexamined patent has the same effect as a reissued patent under 35 U.S.C. § 252. 35 U.S.C. § 307(b). Section 252 provides that a reissued patent, "to the extent that its claims are substantially identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent." 35 U.S.C. § 252. However, if the new/reexamined claims are not "substantially identical" to the claims in the original patent, the alleged infringer can assert intervening rights as a patent infringement defense. *See Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998). "Reexamined claims are 'identical' to their original counterparts if they are 'without substantive change.'" *Id.* (citing *Seattle Box Co. v. Indus. Crating & Packaging*, 731 F.2d 818, 827-28 (Fed. Cir. 1984)).

The second paragraph of § 252 provides two separate intervening rights defenses – absolute and equitable. *Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1359 (Fed. Cir. 2001). The first, absolute intervening rights, comes from the first sentence of the second paragraph of § 252:

> A reissued patent shall not abridge or affect the right of any person…who, prior to the grant of a reissue, made, purchased, offered to sell, or used within the United States, or imported into the United States, anything patented by the reissued patent, to continue the use of, to offer to sell, or to sell to others to be used, offered for sale, or sold, the specific thing so made, purchased, offered for sale, used or imported unless the making, using offering for sale, or selling of such thing infringes a valid claim of the reissued patent which was in the original patent.

35 U.S.C. § 252. Accordingly, an accused infringer cannot be held liable for infringement of any new claims in a reexamined patent (i.e., claims not identical to the original claims) based on

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)

10

DM_US:22960649_1

products that were physically in existence prior to the date that the certificate of reexamination issued. *Shockley*, 248 F.3d at 1360.  This absolute bar applies not only to products sold prior to the date the reexamination certificate issued, but also to products made and offered for sale before the date the reexamination certificate issued.  *Id.*; *see also Tennant Co. v. Hako Minuteman, Inc.*, 878 F.2d 1413, 1417 (Fed. Cir. 1989) ("the patentee has no right to recover infringement damages for periods prior to the date that the reexamination certificate issued").

## V.   ARGUMENT

**A.   Claims 27-32, 34, 38, and 41-42 of the reexamined '978 Patent are invalid because they were impermissibly broadened during reexamination in violation of 35 U.S.C. § 305.**

As noted, 35 U.S.C. § 305 provides that "[n]o proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding."  A comparison of the reexamined claims of the '978 patent to the original claims shows that the scope of the '978 patent was impermissibly enlarged during reexamination.  *See Quantum*, 65 F.3d at 1580.  Since the scope of the claims has been broadened, they are invalid.  *Id.* at 1584.

**i.   The scope of the original and reexamined claims of the '978 patent is defined by the terms "receives" and "transmits," which are construed by their plain and ordinary meanings.**

The first step in determining whether the claims have been broadened is to construe both the original and reexamined claims.  *Thermalloy*, 121 F.3d at 692.  The claim language in question originally required that "the first signal conditioning device further *receives* a second set of electronic signals, produced by the user-input device, via the first communication link for controlling the crosspoint switch."  (Exh. A, '978 patent, col. 17, lines 16-19; col. 18, lines 46-49.)  The language in the reexamined patent, however, requires that "the first signal conditioning device further *transmits* a second set of electronic signals, produced by the user-input device, via the first communication link for controlling the crosspoint switch."  (Exh. G, '978 Reexamination Certification, col. 2, lines 7-10, 44-47.)  Since the words "transmits" and

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)

11

DM_US:22960649_1

"receives" comprise the sole difference between the claims, the difference in the scope of the claims rests on the construction of these two terms.

In construing the claims, "the words of a claim will be given their ordinary meaning to one of skill in the art unless the inventor appeared to use them differently." *Quantum*, 65 F.3d at 1580. Both terms are unambiguous and should be given their ordinary meaning. *Id.* at 1581. Clearly, "transmits" and "receives" do not have the same plain and ordinary meaning. They are opposites. "Transmits" means sending out, whereas "receives" means accepted, or taken in. Nothing in the '978 patent specification suggests a different meaning of these two simple, every-day words.[3]

### ii. Claims 27-32, 34, 38 and 41-42 of the reexamined '978 patent were broadened during reexamination because they encompass subject matter not encompassed by the original claims.

A reexamined claim is broader in scope if it includes within its scope any subject matter or device that would not have infringed the original claim. *Quantum Corp.*, 65 F.3d at 1580. Indisputable evidence shows that is the case here.

The difference between the scope of the original and reexamined claims is again illustrated below in Figures 2 and 3. Figure 2 shows the "second set of electronic signals" as originally claimed, represented by the bolded arrow. In the original patent, the second set of electronic signals is *received* by the first signal conditioning device via the first communications link. In contrast, Figure 3 represents the "second set of electronic signals" as amended in the claims of the reexamined '978 patent. In that figure, the "second set of electronic signals" (also shown by the bolded arrow) is *transmitted* by the first signal conditioning device via the first communications link.

---

[3] Extrinsic evidence confirms these non-controversial meanings. The Federal Circuit approves of the use of dictionary definitions "to ascertain the ordinary meaning of the relevant claim limitation." *Quantum*, 65 F.3d at 1581. According to Webster's Third New International Dictionary, "*receive*" is defined as "to take in" while "*transmit*" is "to cause to go or be conveyed to another person or place" or "send." (Exh. H, Webster's Third New International Dictionary 1894, 2429 (Philip Babcock Gove ed., 3rd ed. 2002).)

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)

12

DM_US:22960649_1





Figure 2 (original claims)          Figure 3 (reexamined claims)

Thus, if an accused device operates as illustrated in Figure 2, it will be covered by the original claims but not by the reexamined claims.  Likewise, if an accused device operates as illustrated in Figure 3, it will be covered by the reexamined claims but not the original claims.  This is the definition of broadening, i.e., a device such as the one in Figure 3 being covered after the claim change but not before.  *Quantum Corp.,* 65 F.3d at 1580; *Westvaco Corp.*, 991 F.2d at 742 (Fed. Cir. 1993) ("A claim of a reissue application is broader in scope than the original claims if it contains within its scope any conceivable apparatus or process which would not have infringed the original patent.").  Hence, claims 27-32, 34, 38 and 41-42 of the reexamined '978 patent were impermissibly broadened during reexamination and are invalid.[4]

**B.    The United States is entitled to absolute intervening rights on claims 27-32, 34, 38, and 41-42 of the reexamined '978 patent under 35 U.S.C. § 252.**

Irrespective of the validity of claims 27-32, 34, 38, and 41-42 of the reexamined '978 patent under 35 U.S.C. § 305, the United States is entitled to absolute intervening rights with respect to those claims.  Absolute intervening rights provide "an accused infringer with the absolute right to use or sell a product that was made, used, or purchased before the grant of the [reexamination certificate]."  *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214,

---

[4] Avocent is precluded from arguing that such a system would be included within the original claims under the doctrine of equivalents. *Thermalloy, Inc. v. Aavid Engineering, Inc.*, 121 F.3d 691, 694 (Fed. Cir. 1997) ("[T]he doctrine of equivalents, while alive and well in the infringement context, has no place in a challenge to validity under section 305.").

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
  OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT          13
  (NO. 08-69C)

DM_US:22960649_1

1   1220-21 (Fed. Cir. 1993).  It covers all products already made at the time the reexamination

2   certificate issued.  *Id.* at 1221.

3       Absolute intervening rights apply because the reexamined claims at issue are not

4   "substantially identical" to the claims in the original '978 patent, as required by 35 U.S.C. § 252.

5   *Seattle Box*, 731 F.2d at 827 (Fed. Cir. 1984) ("The statue permits, however, the claims of the

6   [reexamined] patent to reach back to the date the original patent issued, *but only if* those claims

7   are identical with claims in the original patent."); *see also Laitram*, 163 F.3d at 1346 ("If

8   substantive changes have been made to the original claims, the patentee is entitled to

9   infringement damages only for the period following the issuance of the reexamination

10  certificate."); *Bloom Engineering Co., Inc. v. North American Mfg. Co., Inc.*, 129 F.3d 1247,

11  1250 (Fed. Cir. 1997) ("Unless a claim granted or confirmed upon reexamination is identical to

12  an original claim, the patent can not be enforced against infringing activity that occurred before

13  issuance of the reexamination certificate.").  According to the Federal Circuit, "'identical'

14  means, *at most*, 'without substantive change.'"  *Seattle Box*, 731 F.2d at 827-828 (emphasis in

15  original); *see also Laitram*, 163 F.3d at 1346; *Bloom Engineering*, 129 F.3d at 1250.

16      It simply cannot be said that the original and reexamined '978 patent claims are

17  "substantially identical".  The entire nature of the transmission of signals between the first signal

18  conditioning unit and the crosspoint switch has been reversed by Avocent's amendment to the

19  claims during reexamination.  Stated another way, the two claimed devices now operate nothing

20  alike; they operate opposite one another.  And, as pointed out about, the scope of the claims is

21  completely different, where the amended/reexamined claims cover things that the original claims

22  did not.

23      The Federal Circuit has repeatedly applied absolute intervening rights in like

24  circumstances.   In *Westvaco*, the Federal Circuit found that an amendment changing the

25  placement of material layers within the claimed structure constituted a change to the scope of the

26  original claim and refused to award damages for the time period prior to the date of reissue.

27

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)                                               14

DM_US:22960649_1

*Westvaco*, 991 F.2d at 742; *see also BIC*, 1 F.3d at 1222; *Seattle Box*, 731 F.2d at 828 (holding that the addition of the words "substantially equal to" was a substantive change and, thus, the reexamined claims were not identical to the original claims); *Laitram*, 163 F.3d at 1346; *Bloom Engineering*, 129 F.3d at 1250 (finding the addition of the words "separate from the combustion air stream" narrowed the claims and holding the patentee was not entitled to damages for infringement for the period before the reexamination certificate issued).   Accordingly, based on the foregoing showing, there is no genuine issue of material fact that reexamined claims 27 and 41 (and their dependent claims) are not substantially identical to original claims 27 and 41 (and their dependent claims).   Consequently, the United States is entitled to absolute intervening rights, and it cannot be held liable for any alleged infringement of those claims for the time period before issuance of the '978 patent reexamination certificate.

## VI.   CONCLUSION

For the foregoing reasons, Rose respectfully requests that this Court grant Rose's motion for partial summary judgment under 35 U.S.C. § 305 holding claims 27-32, 34, 38, and 41-42 of the reexamined '978 patent invalid for broadening during reexamination, and for absolute intervening rights to the United States under 35 U.S.C. § 252 on claims 27-32, 34, 38, and 41-42 of the reexamined '978 patent.

Dated:  December 3, 2009

By:  /s/  Bert C. Reiser
     Bert C. Reiser
     HOWREY LLP
     1299 Pennsylvania Ave NW
     Washington, DC 2004
     Tel:  (202)783–0800
     Fax: (202)383–6610
     reiserb@howrey.com

*Attorney for Intervenor*
Rose Electronics
10707 Stancliff Road
Houston, TX  77099

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT (NO. 08-69C)

15

DM_US:22960649_1

OF COUNSEL:

Michael S. Dowler
    dowlerm@howrey.com
HOWREY LLP
1111 Louisiana St. 25th Floor
Houston, TX 77002–5242
Tel:  (713) 787–1400
Fax: (713) 787–1400

ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY
JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS
OF CLAIMS 27-32, 34, 38, AND 41-42 OF THE '978 PATENT
(NO. 08-69C)

16

DM_US:22960649_1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2009, I caused a true and correct copy of ROSE ELECTRONICS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY AND INTERVENING RIGHTS OF CLAIMS 27-32, 34, 38, AND 41-42 OF U.S. PATENT 7,113,978 to be sent to the following by first class mail and by electronic mail as indicated:

Counsel for Avocent Redmond Corp.:

> James D. Berquist (jay.berquist@davidsonberquist.com)
> J. Scott Davidson (scott.davidson@davidsonberquist.com)
> Donald L. Jackson (dlj@dbjg.com)
> DAVIDSON, BERQUIST JACKSON & GOWDEY LLP
> 4300 Wilson Blvd, Suite 700
> Arlington, Virginia 22203

Counsel for the United States:

> Tony West
>     Assistant Attorney General
> Robert G. Hilton (robert.hilton@usdoj.gov)
>     Attorney, Commercial Litigation Branch
> Civil Division
> Department of Justice
> Washington, D.C. 20530

Dated:  December 3, 2009      /s/    *Michael S. Dowler*
         Michael S. Dowler