**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

AVOCENT REDMOND CORP.,
          Plaintiff,

    v.

THE UNITED STATES,
          Defendant,
and

ROSE ELECTRONICS,
          Defendant-Intervenor.

No. 08-69C

Judge Lawrence S. Margolis


**AVOCENT REDMOND'S REPLY IN SUPPORT OF ITS MOTION FOR
PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY AND NO
<u>INTERVENING RIGHTS REGARDING THE '978 PATENT</u>**

James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

# TABLE OF CONTENTS

I.   SYNOPSIS ...................................................................................................... 1

II.  ARGUMENT.................................................................................................... 1

     A.   Pertinent Legal Standards for the Summary Judgment Motions...................................... 1

     B.   Rose Fails to Apply the Pertinent Legal Standards ........................................................ 2

     C.   The United States is Not Entitled to Intervening Rights .................................................. 8

     D.   Rose Offered No Evidence of Any Material Fact Contradicting Avocent....................... 8

     E.   Rose is Wrong When It Argues that This Court Cannot Construe the
          Original Version of Claims 27 and 41 to Correct an Error ............................................... 9

     F.   Rose Did Not Disclose Its Claim Construction Contentions as Required
          by This Court's October 27, 2009 Order........................................................................ 12

III. CONCLUSION................................................................................................ 12

# TABLE OF AUTHORITIES

## CASES

*Akamai Techs., Inc. v. Cable & Wireless Internet Services, Inc.*,
344 F.3d 1186 (Fed. Cir. 2003)...........................................................................3

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)..........................................................................................1, 2

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)..........................................................................................1, 2

*Chef America, Inc. v. Lamb-Weston, Inc.*,
358 F.3d 1371 (Fed. Cir. 2004).....................................................................9, 10

*Comaper Corp. v. Antec, Inc.*,
2008 U.S. Dist. LEXIS 67779 (E.D. Penn. 2008) .............................................3

*Demarini Sports, Inc. v. Worth, Inc.*,
239 F.3d 1314 (Fed. Cir. 2001)...........................................................................5

*I.T.S. Rubber Co. v. Essex Rubber Co.*,
272 U.S. 429 (1926)..........................................................................................5, 9

*Laitram Corp. v. NEC Corp.*,
163 F.3d 1342 (Fed. Cir. 1998)...........................................................................8

*Lucent Techs., Inc. v. Gateway, Inc.*,
525 F.3d 1200 (Fed. Cir. 2008).....................................................................9, 10

*Medrad, Inc. v. MRI Devices Corp.*,
401 F.3d 1313 (Fed. Cir. 2005)...........................................................................4

*Novo Industries, L.P. v. Micro Molds Corp.*,
350 F.3d 1348 (Fed. Cir. 2003)........................................................................5, 9

*Omega Eng., Inc. v. Raytek Corp.*,
334 F.3d 1314 (Fed. Cir. 2003)...........................................................................3

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005) (*en banc*) .............................................3, 4, 5

*Pioneer Labs, Inc. v. Stryker Corp.*,
395 F. Supp. 2d 612 (W.D. Mich. 2005) ...........................................................3

*Sibia Neurosciences, Inc. v. Cadus Pharm. Corp.*,
    225 F.3d 1349 (Fed. Cir. 2000)...........................................................................3

*WMS Gaming Inc. v. Int'l Game Techs.*,
    184 F.3d 1339 (Fed. Cir. 1999)...........................................................................2

## STATUTES

35 U.S.C. § 305..............................................................................................3, 7, 12

## I.      SYNOPSIS

Rose's opposition to Avocent's cross-motion for partial summary judgment of no invalidity and no intervening rights for the '978 patent is based on a purely superficial analysis of the claims of the '978 patent to determine whether they were broadened during reexamination. According to Rose, the Court need not consider any facts other than the fact that the word "receives" was changed to "transmits" during reexamination.  Rose asserts that it is irrelevant whether the claims originally contained an obvious mistake, whether the correction to that mistake was equally clear from the specification of the patent and the remainder of the amended claims, whether Avocent's amendments corrected the obvious mistake, and whether one skilled in the art at the time of the inventions would have recognized that the claims contained an obvious mistake.  Perhaps more importantly, Rose argues that the Court need not look at any claim language other than the two words that constitute the amendments to decide this issue.

Rose's arguments are contrary to the Federal Circuit's law on determining whether amendments during reexamination improperly broadened the claims.  Under the correct legal standards, Avocent's claim amendments did not broaden the claims.  Therefore, claims 27 and 41 of the '978 patent (and their dependent claims) are not invalid, and the United States does not have intervening rights as to those claims.

## II.     ARGUMENT

### A.      Pertinent Legal Standards for the Summary Judgment Motions

When the nonmoving party (*i.e.*, Rose) bears the burden of proof on an issue, that party is required to "make a showing sufficient to establish the existence of an element essential to that party's case . . . ."  *Celotex, Inc. v. Catrett*, 477 U.S. 317, 322 (1986).  "There is no genuine issue if the evidence presented in the opposing affidavits is of *insufficient caliber* or quantity to allow a

rational finder of fact to find [invalidity] by clear and convincing evidence." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 254 (1986) (emphasis added).  "Thus, in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of *the substantive evidentiary burden*." *Id*. (emphasis added).  If the nonmoving party fails to adduce sufficient evidence, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 322-323.  To establish invalidity, Rose must establish the supporting facts by clear and convincing evidence.  *WMS Gaming Inc. v. Int'l Game Techs*., 184 F.3d 1339, 1355 (Fed. Cir. 1999).

In *Anderson v. Liberty Lobby*, the Supreme Court explained that a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id*. at 249 (internal citations omitted).  Because Rose must prove invalidity by clear and convincing evidence, Rose was obligated to identify evidence that the claims of the '978 patent were broadened during reexamination from which a reasonable fact-finder could find invalidity by the clear and convincing evidence standard.

### B.      Rose Fails to Apply the Pertinent Legal Standards

At its core, Rose's sole argument in opposing Avocent's cross-motion is strictly a legal argument.  Rose argues that resolution of its motion and Avocent's cross-motion hinge *solely* on whether the word "receives" has a different meaning than the word "transmits" that was substituted in its place in the claims.  Rose argues that it is "irrelevant" whether the claims contained an obvious error, and whether Avocent's amendments corrected that obvious error.  (*See* Rose Opp. (D.E. 200), p. 1 ("There is only one fact that is material to this summary

judgment motion – did Avocent amend its claims during reexamination to change 'receives' to 'transmits'?  … All of Avocent's other argument concerning 'error' and the like are immaterial.")).  Rose's opposition ignores the correct legal standards.

It is black-letter law that "[t]he first step in any invalidity analysis is claim construction, …." *Akamai Techs., Inc. v. Cable & Wireless Internet Services, Inc*., 344 F.3d 1186, 1192 (Fed. Cir. 2003); *see Sibia Neurosciences, Inc. v. Cadus Pharm. Corp*., 225 F.3d 1349, 1355 (Fed. Cir. 2000) ("The first step in any invalidity analysis is claim construction, …."); *Omega Eng., Inc. v. Raytek Corp*., 334 F.3d 1314, 1335 (Fed. Cir. 2003) ("As with all infringement and invalidity analyses, we commence our inquiry with the construction of the claims in suit."); *Pioneer Labs, Inc. v. Stryker Corp.*, 395 F. Supp. 2d 612, 617 (W.D. Mich. 2005) (claims must be construed as first step in resolving invalidity summary judgment motion); *Comaper Corp. v. Antec, Inc*., 2008 U.S. Dist. LEXIS 67779, *19 (E.D. Penn. 2008) ("The first step in any invalidity analysis is claim construction.").

Section 305 of the Patent Act provides that "[n]o proposed amended or new claim *enlarging the <u>scope of a claim</u>* of the patent will be permitted in a reexamination proceeding under this chapter." *See* 35 U.S.C. § 305 (emphasis added).  By prohibiting the "scope of a claim" to be broadened, the statute requires a court to construe the claims to ascertain whether the claim was impermissibly broadened.  Claim construction is the way in which a court determines the scope of the claims.  *See Phillips v. AWH Corp*., 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*) ("The principal question that this case presents to us is the extent to which we should resort to and rely on a patent's specification in seeking to ascertain *the proper scope of its claims*.") (emphasis added).

Moreover, it is a fundamental principle of claim construction that the claim terms in dispute must be construed in the context of the claim as a whole and in the context of the patent specification.  In determining the scope of the claims, "the person of ordinary skill in the art is deemed to read the claim term no only in the context of the particular claim in which the disputed term appears, but in the contest of the entire patent, including the specification." *Phillips*, 415 F.3d at 1313.

Rose argues that the Court should ignore whether there was an obvious mistake in the original claims.  (*See* Rose's Opp. (D.E. 200), p. 1).  In other words, Rose urges the Court to ignore whether one skilled in the art would have recognized that the original claims were inconsistent with the specification.  Rose also argues that the Court should ignore whether the correction of that obvious error was also obvious from the embodiments disclosed in the specification.  Thus, Rose argues that the original scope of the claims, as viewed through the eyes of one skilled in the art, is irrelevant and should be ignored by the Court in determining whether the amended claim is broader than the original claim.  (*See* Rose Opp. (D.E. 200), p. 5 ("The sole issue to be decided by the Court is whether Avocent broadened the '978 patent claims during reexamination by changing 'receives' to 'transmits'. … All of the other issues that Avocent raises are irrelevant, such as the reason for the change, whether the change was necessitated due to an error, whether the Court has the authority to make the change itself, ….")).

Instead, Rose implores the Court to only look at the words "receives" and "transmits" to determine whether those two words have different meanings.  But it is legally improper to look at the disputed claim terms in a vacuum.  *See Phillips*, 415 F.3d at 1313 (claim term must be examined in context of the whole claim and the specification); *Medrad, Inc. v. MRI Devices Corp.*, 401 F.3d 1313, 1319 (Fed. Cir. 2005) ("Medrad would have us look at the words of the

claims with no context of what an RF coil does and how it works.  We have repeatedly rejected that approach.  'We cannot look at the ordinary meaning of the term … in a vacuum.  Rather, we must look at the ordinary meaning in the context of the written description and the prosecution history."); *Demarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1324 (Fed. Cir. 2001) ("We cannot look at the ordinary meaning of the term 'frame' in a vacuum.  Rather, we must look at the ordinary meaning in the context of the written description and the prosecution history of the '398 patent to determine the proper construction of that term as modified by the claim term 'bat' and as used in the claims of the '398 patent.").  The claim terms must be viewed in the larger context of the claim as a whole and in the context of the patent's specification.  *See Phillips*, 415 F.3d at 1313.

Furthermore, the Federal Circuit has followed the Supreme Court in holding that a district court can correct an error in a patent by interpretation of the patent.  *See Novo Industries, L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1354 (Fed. Cir. 2003) (*citing I.T.S. Rubber Co. v. Essex Rubber Co.*, 272 U.S. 429 (1926)).  The Federal Circuit allows correction through interpretation if "(1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims."  *Novo Industries*, 350 F.3d at 1354 (emphasis added).

Thus, the Court must construe the original versions of claims 27 and 41 of the '978 patent to determine whether the scope of those claims was broadened when the word "receives" was changed to "transmits."  In this case, the claim construction process must consider whether the original version of the claims contained an obvious error, and whether the amendments during reexamination only corrected that obvious error.

The original version of the claims read, in part:

> *a first signal conditioning device* coupled to the workstation user-input device for receiving a first set of electronic signals produced by the user-input device;
>
>          *    *    *
>
> *wherein* the first signal conditioning device further <u>receives a second set of electronic signals, produced by the user-input device, via the first communication link</u> for controlling the crosspoint switch

As shown in Figure 1 of the '978 patent, the electronic signals produced by the user-input device (e.g., the keyboard or the mouse) are not received by the pod 70 via the communication link 72. Instead, they are received via the signal lines connecting the keyboard or mouse to the pod 70.



*Fig. 1.*

(*See* Exh. 1 (the '978 patent)).[1] Thus, the original version of the wherein clause was incorrect. The pod 70 (*i.e.*, the "first signal conditioning device") never receives electronic signals

---

[1] Avocent's Exhibits 1-6 are attached to its opposition and cross-motion.  (*See* D.E. 165).

produced by the user-input device (*i.e.*, the keyboard or mouse) via the communication link 72. Indeed, the communication link 72 is not between the user-input devices and the pod 70. Rose has not explained how an electronic signal produced by the user-input device could be transmitted to the pod 70 from the switch-side of the pod rather than from the user-input device-side that is actually connected to the user-input device. The original version of the "wherein" clause contained an obvious error. Moreover, based on the specification and the claims, the correction for that error was obvious. The word "receives" should have been "transmits" in the wherein clause. Such a correction makes the claim language comport with the specification, and also gives meaning to the phrase "for controlling the crosspoint switch" at the end of the wherein clause. The original version of the wherein clause had the first signal conditioning unit receiving user-input device signals via the first communication link "for controlling the crosspoint switch." But the "first signal conditioning device" cannot control the crosspoint switch by receiving signals from the crosspoint switch. The "first signal conditioning device" transmits signals via the first communication link for controlling the crosspoint switch.

Thus, the original versions of the wherein clauses in claims 27 and 41 should be construed under the Federal Circuit's *Novo Industries* decision and the Supreme Court's *I.T.S. Rubber* decision to read "transmits" instead of "receives." During reexamination, Avocent inserted the word "transmits" in place of "receives." (*See* Exh. 2, pp. 2-3). Consequently, claims 27 and 41 of the '978 patent were not broadened during reexamination. The original and amended versions of those claims have exactly the same scope. *See* 35 U.S.C. § 305 ("No proposed amended or new claim enlarging the _scope_ of a claim of the patent will be permitted in a reexamination proceeding ….").

C.     **The United States is Not Entitled to Intervening Rights**

Intervening rights are <u>not</u> available if the scope of the original and reexamined claims are "identical." *See Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998). Claims are identical if they are without substantive change. *Id.* "[I]n determining whether substantive changes have been made, we must discern whether the scope of the claims are identical, not merely whether different words are used. *Id.* Because there has been no change in the scope of the claims, the United States is not entitled to any intervening rights.

D.     **Rose Offered No Evidence of Any Material Fact Contradicting Avocent**

In opposing Avocent's cross-motion, Rose has offered *no evidence whatsoever* outside of the patents themselves and the portion of the reexamination proceeding in which a one-word claim amendment was made to claims 27 and 41 of the '978 patent. Rose did <u>*not*</u> put forward any evidence in the form of a declaration or an affidavit that one skilled in the art at the time of the invention would <u>*not*</u> have recognized the claims to include an obvious error. Instead, Rose's entire opposition is based on attorney argument about the law *and the facts*. For example, Rose argues that one skilled in the art would recognize that *other* claim amendments would correct the error Avocent identified in the original claims, but Rose cites to no evidence supporting its alternative claim amendment, or whether one skilled in the art would have recognized that amendment as appropriate. (*See* Rose Opp. (D.E. 200), p. 8).

Rose also argues that the '978 patent specification shows that signals generated by a user-input device (*e.g.*, a keyboard or mouse) may be received by the first signal conditioning unit (*i.e.*, pod 70) either directly from the user-input device or over the first communication link 72. (*See* Rose Opp. (D.E. 200), p. 10). This statement is also strictly attorney argument – no evidence was cited. Indeed, this statement is false. No signals <u>*produced by a user-input device*</u>

are ever received by the pod 70 over communication link 72.  (*See* McAlexander Decl. (D.E. 165-8), ¶ 6).  This is the reason why one skilled in art would recognize that the claims contained an obvious error in the first place.

Attorney argument does not constitute evidence that can be used to defeat a motion for summary judgment.  This is particularly true where, as here, the motion is directed to an issue on which Rose and the United States bear the burden of proof.

> **E.     Rose is Wrong When It Argues that This Court Cannot Construe the Original Version of Claims 27 and 41 to Correct an Error**

Rose argues that this Court lacks the authority to correct the original version of claims 27 and 41 through claim construction.  (*See* Rose Opp. (D.E. 200), p. 7).  Rose is incorrect for several reasons.  First, Rose's argument is directly contrary to the Federal Circuit's and the Supreme Court's decisions in *Novo Industries, L.P. v. Micro Molds Corp.*, 350 F.3d 1348 (Fed. Cir. 2003), and *I.T.S. Rubber Co. v. Essex Rubber Co.*, 272 U.S. 429 (1926), respectively.  Those cases hold that a court can correct an obvious error through construction.

Second, Avocent is not asking the Court to correct the original versions of claims 27 and 41.  Those claims were corrected during the reexamination proceedings.  But the Court must use proper claim construction principles to determine whether the changes made to those claims constitute "substantive changes" – *i.e.*, whether the claims have the same or different scope.  In making that determination, the Court must assess the proper scope of the original version of those claims which included an obvious error.

Finally, Rose cites *Lucent Techs., Inc. v. Gateway, Inc.*, 525 F.3d 1200 (Fed. Cir. 2008), and *Chef America, Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371 (Fed. Cir. 2004), to support its argument that the Court lacks the authority to correct errors in claims.  But, as stated above, Avocent is not asking the Court to correct claims.  Moreover, in the cases cited by Rose, there

was no internal inconsistency in the claims.  In *Lucent Techs.* and *Chef America*, the court held that the claims meant what was unambiguously stated.  *See Lucent Techs.*, 525 F.3d at 1216; *Chef America*, 358 F.3d at 1374.  Here, claims 27 and 41 not only disagreed with the specification, they were also internally inconsistent.  Claim 27 reads, in part:

> *a first signal conditioning device* coupled to the workstation user-input device for receiving a first set of electronic signals produced by the user-input device;
>
> *   *   *
>
> *wherein* the first signal conditioning device further <u>receives a second set of electronic signals, produced by the user-input device, via the first communication link</u> for controlling the crosspoint switch

As admitted by Rose in its motion for partial summary judgment, the first paragraph of the claims quoted above refers to electronic signals produced by the user-input device (*i.e.*, keyboard or mouse) that are received by the "first signal conditioning device" (*i.e.*, pod 70).  (*See* Rose Motion (D.E. 139), p. 5 ("In this element, the user of the workstation uses the keyboard or mouse (the 'user-input device') to send a set of electronic signals to a 'first signal conditioning device' connected to the workstation.  The first signal conditioning device is marked as '70' in figure 1 above.")).  Referring to Figure 1 of the patent, the signals flow from the workstation on the left to the pod 70.



*Fig. 1.*

The "wherein" clause describes a second set of electronic signals produced by the user-input device. But, as originally written, the second set of the same electronic signals produced by the user-input device are *received* by the first signal conditioning device via "the first communication link," which corresponds to communication link 72 in Figure 1. Referring to Figure 1 of the patent, the wherein clause required the second set of electronic signals produced by the user-input device to flow from the *right* – not from the left – of pod 70 over communication link 72. That requirement was inconsistent with the first quoted paragraph of the claim which stated that the signals flowed from the left side of the pod 70 from the keyboard or mouse. Thus, original claims 27 and 41 had an internal inconsistency. In *Lucent Techs.* and *Chef America*, the claims did not have a similar inconsistency. Thus, the *Lucent Techs.* and *Chef America* cases are inapposite.

**F.   Rose Did Not Disclose Its Claim Construction Contentions as Required by This Court's October 27, 2009 Order**

Rose tepidly argues that its motion and Avocent's cross-motion do "not raise any claim construction issues."  (*See* Rose Opp. (D.E. 200), p. 10).  But, in the next breath, Rose asserts that "the plain meaning of these terms applies."  (*See id*., p. 11).  An argument that a term has a plain meaning, as opposed to any other meaning, is itself a claim construction argument. Second, the statute upon which Rose bases its motion requires the Court to engage in claim construction.  Section 305 of the Patent Act reads, in part, "[n]o proposed or new claim enlarging *the scope of a claim* of the patent will be permitted in a reexamination proceeding under this chapter."  35 U.S.C. § 305 (emphasis added).  Claim construction is required to determine whether the "scope of a claim" has been enlarged.

The simple fact is that Rose failed to disclose all of its claim construction contentions as required by this Court's October 27, 2009 Order.  Thus, the Court should deny Rose's summary judgment motion, and grant Avocent's cross-motion as a consequence of Rose's failure to follow the Court's Order.

**III.   CONCLUSION**

Claims 27 and 41 of the '978 patent were not substantively modified during reexamination.  Avocent made a one-word amendment to each claim to correct what those skilled in the art would recognize as an obvious error.  Rose's opposition is based on a superficial and incomplete legal analysis of the claim amendments made during reexamination. Consequently, Rose's motion for partial summary judgment should be denied, and Avocent's cross-motion for partial summary judgment of no invalidity should be granted.

DATED this 22nd day of February, 2010.     Respectfully submitted,

PLAINTIFF AVOCENT REDMOND CORP.,
by and through its Attorneys

/s/James D. Berquist_____
James D. Berquist
J. Scott Davidson
Donald L. Jackson
Grace K. Obermann
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd, Suite 700
Arlington, Virginia 22203
Tel. 703-894-6400
Fax. 703-894-6430

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per RCFC 5.2.  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

/s/ Donald L. Jackson_____
Donald L. Jackson