# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                        *
AVOCENT REDMOND CORP., a Washington     *
corporation,                            *
                                        *
              Plaintiff,                *
       v.                               *        No. 08-69C
                                        *
THE UNITED STATES,                      *        (Filed: June 29, 2010)
                                        *
              Defendant,                *
                                        *
and                                     *
                                        *
ROSE ELECTRONICS,                       *
                                        *
              Defendant-Intervenor.     *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**ORDER**

     Defendant-intervenor Rose Electronics ("Rose") filed a Motion for Partial Summary Judgment of Invalidity and Intervening Rights of Claims 27-32, 34, 38, and 41-42 of U.S. Patent 7,113,978 on December 3, 2009. Plaintiff Avocent Redmond Corp. ("Avocent") filed its opposition and a Cross-Motion for Partial Summary Judgment on the same issue on January 4, 2010. Briefing of these cross-motions was completed on March 25, 2010. At issue is whether an amendment made during a reexamination proceeding impermissibly broadened the scope of U.S. Patent No. 7,113,978 ("the '978 patent") in violation of 35 U.S.C. § 305, and if so, the legal effect thereof. Upon consideration of the pleadings and after oral argument held in court on May 26, 2010, the Court finds that the amendment does impermissibly broaden the scope of the patent in violation of 35 U.S.C. § 305. Accordingly, Rose's Motion for Partial Summary Judgment is GRANTED, and Avocent's Cross-Motion for Partial Summary Judgment is DENIED.

Factual Background

     The '978 patent discloses keyboard-video-mouse switch ("KVM switch") technology for use in connecting a user workstation to one or more remotely-located computers. The patent contains 42 claims, and this motion, as originally filed, was directed at Claims 27-32, 34, 38, and 41-42 of the '978 patent. Following Avocent's election of claims to assert at trial, the motion is

now directed solely at Claim 42, a claim that is dependent upon independent Claim 41.  Thus, in order to determine whether Claim 42 is valid, this Court must first construe Claim 41 and determine its validity.

      Claim 41 of the original patent read (relevant portion emphasized):

      41. A system for connecting a workstation of the type that includes a user-input device and a video monitor to plural remote computer systems, comprising:
      a first signal conditioning device coupled to the workstation user-input device for
          receiving a first set of electronic signals produced by the user-input device;
      a first communication link coupled to the first signal condition device for carrying
          information corresponding to the received first set of electronic signals;
      a crosspoint switch including a number of outputs, said crosspoint switch transferring
          information corresponding to the received first set of electronic signals from
          the first communication link to at least one of the outputs,
      a plurality of second communication links coupled to the outputs of the crosspoint switch;
          and
      a plurality of second signal conditioning devices coupled to the remote computer systems,
          at least one of the second signal conditioning devices for receiving information corresponding to the received first set of electronic signals transmitted on one of the plurality of second communication links and for supplying the information corresponding to the received first set of electronic signals to a user-input device input of a corresponding remote computer, the plurality of second signal conditioning devices receiving analog video signals produced by the remote computer systems and transmitting the analog video signals to the crosspoint switch;
      *wherein the first signal conditioning device further receives a second set of electronic*
          *signals, produced by the user-input device, via the first communication link for controlling the crosspoint switch to select one of the remote computer systems to receive information corresponding to the third set of electronic signals from the user-input device.*

['978, col. 18.]

      Claim 42 of the original patent read:

      42. The system of claim 41, wherein the first signal conditioning device further comprises an onscreen programming circuit, the onscreen programming circuit producing video signals that are displayed on at least a portion of the video monitor.

['978, col. 18.]

      On November 8, 2007, Rose requested reexamination of the '978 patent.  Finding a substantial new question of patentability for claims 1-23, 25-32, 34, 38, 41, and 42, the United

States Patent and Trademark Office (PTO) granted the request. In an office action dated September 23, 2008, the PTO rejected several claims as obvious in light of the prior art. On October 30, 2008, Avocent responded to the rejections and proposed amending Claim 41 as follows (deletions in strike out, additions in italics):

> wherein the first signal conditioning device further ~~receives~~ *transmits* a second set of electronic signals, produced by the user-input device, via the first communication link for controlling the crosspoint switch to select one of the remote computer systems to receive information corresponding to the third set of electronic signals from the user-input device.

[Rose Ex. E at 3.] Avocent contended that the proposed amendment corrected a "typographical error." [*Id*. at 4.]

In a "Notice of Intent to Issue Ex Parte Reexamination Certificate" dated July 15, 2009, the examiner allowed Claim 41 to be amended in accordance with Avocent's proposal. [Rose Ex. F.] The PTO examiner determined that the amendment did not broaden the scope of the claim because "[i]n order to transmit the signals produced by the user-input device the signal conditioning device must first receive the signals as described[.]" [*Id.* at 5-6.] The reexamination certificate issued on October 20, 2009, with independent Claim 41 reciting a device that "transmits" signals instead of a device that "receives" signals. Dependent Claim 42 incorporates the amendment through its dependency.

In its motion, Rose argues that this change broadened the scope of the claim, because the reexamined claim is no longer limited only to a device that receives signals, but now covers a device that it did not previously claim, *i.e.*, a device that transmits. Rose contends that the amended claim is therefore invalid under 35 U.S.C. § 305, and the defense of intervening rights applies.

In its opposition and cross-motion, Avocent argues that the amendment in question was made to "correct a clear error in the claims, and thus, did not change the scope of the claims." [Avocent Opp. at 1.] Avocent also points out that the PTO examiner determined that the amendment did not broaden the claims because the change corrected an error in the original claims. Because the claim was not substantively changed, Avocent argues, the United States is not entitled to intervening rights. Avocent also contends that Rose should have revealed its arguments regarding the claim amendment when this Court ordered Rose to disclose its claim construction contentions by December 2, 2009. Because Rose did not assert its current argument at that time, Avocent argues that this Court should deny Rose's motion because of Rose's failure to abide by the Court's order.

Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *See* RCFC 56(c); *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has carried its initial burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." RCFC 56(e)(2).

Scope of Claim 41

Pursuant to 35 U.S.C. § 305, "[n]o proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding[.]" "Whether amendments made during reexamination enlarge the scope of a claim is a matter of claim construction[.]" *Predicate Logic, Inc. v. Distributive Software, Inc.*, 544 F.3d 1298, 1302 (Fed. Cir. 2008). Thus, the court must analyze the scope of the claim prior to reexamination and compare it with the scope of the claim subsequent to reexamination. *Creo Products, Inc. v. Presstek, Inc.*, 305 F.3d 1337, 1344 (Fed. Cir. 2002); *see Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1581 (Fed. Cir. 1995). In doing so, the court looks to the claims, specification, and prosecution history. *Id.* at 1580. A reexamined claim is broader in scope if any conceivable apparatus or process would infringe the amended claim but not infringe the original claim. *See Predicate Logic*, 544 F.3d at 1303 (citations omitted). Claims that are impermissibly broadened during reexamination are invalid. *Predicate Logic*, 544 F.3d at 1302; *Quantum Corp.*, 65 F.3d at 1584.

Here, the only amendment to claim language is the substitution of the word "transmits" for "receives," and thus, any potential difference in the scope of the claims rests on the claim construction of these two terms. *See Creo Products*, 305 F.3d at 1344.

Under the original claim, the first signal conditioning device was required to receive electronic signals produced by the user-input device via the first communication link. Nothing in the patent indicates that the term "receives" is ambiguous or has a special meaning, so the term is given its ordinary meaning. *Quantum*, 65 F.3d at 1580. According to the dictionary, "receive" is defined as "to come into possession of: acquire." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1038 (11th ed. 2003). Thus, in the original Claim 41, the system came into possession of electronic signals produced by the user-input device via the first communication link.

In the amended claim, the first signal conditioning device is required to transmit electronic signals produced by the user-input device via the first communication link. This Court has previously construed the claim term "transmit" to mean "to cause signals to be transferred or communicated from one location to another." *See* April 14, 2010 *Markman* Op. at *11. Accordingly, under the amended claim, the device causes signals produced by the user-input device to be transferred via the first communication link.

A comparison of these two claim constructions reveals that the scope of the claim in question was enlarged during the reexamination proceeding. The original claim taught a device that receives signals, but the amended claim covers a device that transmits signals. For example, a system could include a form of error-checking where signals are first sent through the system and then sent back to the signal conditioning device, via the first communication link, to double check for accuracy during the transmission. Therefore, there is a device that would infringe the

amended claim but not infringe the original claim, and the scope of Claim 41 has been broadened. *See Predicate Logic*, 544 F.3d at 1303.

Avocent argues the amendment did not broaden the claims because it corrected an error to make explicit in the claims what was already implicitly required in the patent. Thus, Avocent contends the scope of the claim was not changed. Avocent is correct that a mere change in the words used does not automatically yield a substantive change to the scope of the claims, *see Predicate Logic*, 544 F.3d at 1303, but "[i]t is a bedrock principle of patent law that the claims of a patent define the invention[.]" *Phillips v. AWH Corp.*, 415 F.2d 1303, 1312 (Fed. Cir. 2005) (internal quotations omitted). So while claims are interpreted within the context of the entire patent, including the specification, *id.* at 1313, the specification is not imported into the claims. *See id.* at 1323; *Markman v. Westview Instruments, Inc*. 52 F.3d 967, 980 (Fed. Cir. 1995) ("[T]he specification itself does not delimit the right to exclude. That is the function and purpose of the claims.").

To support its argument that the claim was not broadened, Avocent also relies upon the reasoning of the PTO. Specifically, that "implicit in claim as originally written was the idea that the signal conditioning device had to receive the signals from the work station before they could be transmitted." [5/26/10 Tr. at 17.] Even if true, that reasoning is inapposite. The inquiry is not only whether the amended claim also covers the device originally claimed; the inquiry is whether the original claim must necessarily have also encompassed the device claimed in the amended claim. Here, the originally-claimed device received signals. For the amended claim to also read on the originally-claimed device, the device would also, implicitly, have had to transmit. It does not follow that a device that receives also implicitly transmits. Thus, the idea made explicit in the amended claim was not already implicit in the original claim, and therefore, the scope of the claim was broadened.

Even if it is true that Avocent sought only to correct an error, it cannot change the outcome of the Court's analysis in this case. Avocent never sought to amend the claims through judicial intervention or with a certificate of correction under 35 U.S.C. § 254 (for mistake by PTO) or 35 U.S.C. § 255 (for mistake by patentee). Instead, Avocent made the change during a reexamination proceeding. Section 305 expressly prohibits any amendment that enlarges the scope of the claims and does not contain any exceptions that would permit broadening the scope of the claims to correct an error. 35 U.S.C. § 305. "[C]laims that do not comply with Section 305 cannot stand," and "no matter how great the temptations of fairness and policy making, courts do not redraft claims." *Quantum Corp*., 65 F.3d at 1584. Accordingly, this Court finds that the amendment to the claim language renders the claims invalid under 35 U.S.C. § 305.

Intervening Rights

A reexamined patent constitutes a continuation of the original patent "to the extent that its claims are substantially identical with the original patent." 35 U.S.C. §§ 252; 307(b). However, if the amended claims are not substantially identical with the original patent, intervening rights apply, and the patent cannot be enforced against infringing activity that occurred before the issuance of the reexamination certificate. *Bloom Engineering Co., Inc. v. North American Mfg.*

*Co.,* 129 F.3d 1247, 1250 (Fed. Cir. 1997). "Reexamined claims are 'identical' to their original counterparts if they are 'without substantive change.'" *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998). To determine whether substantive changes have been made, the Court "must discern whether the *scope* of the claims are identical, not merely whether different words are used." *Id.* "If substantive changes have been made to the original claims, the patentee is entitled to infringement damages only for the period following the issuance of the reexamination certificate." *Id.* (citing *Bloom Eng'g*, 129 F.3d at 1249-50).

As discussed above, the scope of the claim was broadened during the reexamination process. Therefore, the scope of the original and amended claims are not identical, and a substantive change has been made. Accordingly, the claims are not substantially identical, and intervening rights apply. Thus, if infringement is shown, Avocent will be entitled to damages only for the period since October 20, 2009, the date the reexamination certificate issued.

Rose's Disclosure of Claim Construction Positions

Avocent complains that Rose failed to disclose its claim construction contentions as related to this motion. Although the Court has necessarily had to construe the claim at issue, both in its original form and amended form, the motion is not directed mainly at claim construction. Instead, it is a motion relating to the validity of a claim following a reexamination proceeding. Even if claim construction contentions needed to be disclosed, the parties already exchanged claim construction contentions relating to the term "transmit," which this Court ruled upon in its *Markman* opinion dated April 14, 2010. As to the term "receives," the Court has adopted its plain meaning, and neither party has asked for any other construction. Accordingly, Avocent's complaint is without merit.

Conclusion

In light of the foregoing, the Court finds that Rose has met its burden of showing there is no genuine issue of material fact and that Claims 41 and 42 were impermissibly broadened during the reexamination proceeding. Thus, Rose is entitled to judgment as a matter of law that Claims 41 and 42 are invalid, and intervening rights apply. *See* RCFC 56(c). Accordingly, Rose's Motion for Partial Summary Judgment is GRANTED, and Avocent's Cross-Motion for Partial Summary Judgment is DENIED.

s/Lawrence S. Margolis  
LAWRENCE S. MARGOLIS  
Senior Judge, U.S. Court of Federal Claims