# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
AVOCENT REDMOND CORP.,              *
                                    *
              Plaintiff,             *
                                    *   No. 08-69C
     v.                             *
                                    *
THE UNITED STATES,                  *
                                    *   (Filed: November 2, 2010)
              Defendant,             *
                                    *
and                                 *
                                    *
ROSE ELECTRONICS,                   *
                                    *
              Defendant-Intervenor.  *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## OPINION

This matter comes before the Court on plaintiff Avocent Redmond Corp.'s motion for partial summary judgment that the Switchback Product is not prior art to the claimed inventions, filed April 28, 2010. Defendant-intervenor Rose Electronics ("Rose") opposes the motion. Because there is a genuine issue of fact as to whether the Switchback Product was "on sale" more than one year before the "priority date" of the patents-in-suit, plaintiff's motion for summary judgment is denied with respect to 35 U.S.C. § 102(b). Plaintiff's motion for summary judgment is denied with respect to 35 U.S.C. § 102(a) because there is a genuine issue of material fact as to whether plaintiff invented the subject matter of the patents-in-suit before the Switchback Product was known or used by others.

### I. BACKGROUND

Plaintiff claims that Rose's products infringe on the invention claimed in U.S. Patent No. 6,345,323 ("the '323 patent"), which describes the pod-switch-pod invention. The '323 patent issued from an application that claims priority to U.S. Patent No. 5,721,842 ("the '842 patent"), which was filed on August 25, 1995. Rose claims that plaintiff's predecessor-in-interest (Apex) sold products that qualify as invalidating prior art to the '842 patent, including the "Apex SwitchBack" (referred to by the parties as the "Switchback Product").

## II. ANALYSIS

A.     The 35 U.S.C. § 102(b) "On-Sale" Bar

Plaintiff argues that the Switchback Product is not prior art under 35 U.S.C. § 102(b) because the Switchback Product was not on sale in the United States more than one year before the August 25, 1995 priority date of the patents-in-suit. Rose argues that a triable issue of fact exists with respect to the Switchback Product's status as prior art.

35 U.S.C. § 102(b) provides:

A person shall be entitled to a patent unless --

\*\*\*\*

> the invention was patented or described in a printed publication in this or a foreign country or *in public use or on sale in this country*, more than one year prior to the date of the application for patent in the United States . . . .

(emphasis added). "To prove invalidity by the on-sale bar," therefore, "a challenger must show by clear and convincing evidence that the claimed invention was 'on sale in this country, more than one year prior to the date of the application for patent in the United States.'" *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 847 (Fed. Cir. 2010) (quoting 35 U.S.C. § 102(b)). An alleged infringer can survive summary judgment only if "[t]he record . . . contains evidence on which a reasonable jury could . . . [find] an on-sale bar." *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc*., 246 F.3d 1336, 1352 (Fed. Cir. 2001).

In support of its position that the Switchback Product was sold more than a year before the '842 patent was filed, Rose relies on: (1) the deposition testimony of Danny Beasley, the inventor of the '842 patent; (2) the deposition testimony of Sean Ford, an employee of Avocent; and (3) plaintiff's alleged spoliation of Switchback sales records from 1994. These exhibits present a question of material fact as to whether the Switchback Product was sold more than a year before the patent was filed. Accordingly, plaintiff's motion for summary judgment is denied with respect to the § 102(b) on-sale bar.

B.     The 35 U.S.C. § 102(a) First-Inventor Rule

Plaintiff concedes, at least for purpose of summary judgment, that the Switchback Product covers the relevant claim in the '323 patent, and was "known or used by others" before the priority date of the '842 patent. Plaintiff attempts to circumvent 35 U.S.C. § 102(a), however, by arguing that "Avocent conceived of the pod-switch-pod invention no later than January 14, 1993 and reduced [it] to practice no later than November 1, 1994"—several months before plaintiff started selling the Switchback Product. (Mot. at 4.) Rose argues that, based on the evidence submitted by plaintiff, "the Court cannot possibly determine, especially on summary judgment, that Avocent has proven an earlier invention date." (Opp. at 6.)

35 U.S.C. § 102(a) provides:

A person shall be entitled to a patent unless—

the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, *before the invention thereof* by the applicant for patent . . . .

(emphasis added). The priority of invention "goes to the first party to reduce an invention to practice unless the other party can show that it was the first to conceive the invention and that it exercised reasonable diligence in later reducing that invention to practice." *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577 (Fed. Cir. 1996) (quoting *Price v. Symsek*, 988 F.2d 1187, 1190 (Fed. Cir. 1993)). Assuming that the infringer has established the existence of prior art, "[t]he patentee has the burden of producing evidence showing an earlier invention date." *Lucent Techs., Inc. v. Microsoft Corp.*, 544 F. Supp. 2d 1080, 1094 (S.D. Cal. 2008) (citing *Mahurkar*, 79 F.3d at 1576-77).

In support of its position, plaintiff offers three exhibits: (1) a design specification for a scaleable switch; (2) an email regarding the installation of a scaleable switch; and (3) a set of interrogatory responses. These exhibits demonstrate that there is a question of material fact as to whether plaintiff invented the pod-switch-pod invention before the Switchback Product was known or used by others. Accordingly, plaintiff's motion for summary judgment on defendant's § 102(a) defense is denied.

### III. CONCLUSION

For the reasons set forth above, plaintiff's motion for summary judgment on the Switchback Product as prior art is denied as to both 35 U.S.C. § 102(b) and § 102(a).

s/Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims